UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005 AHL3, MERS, FRANKLYN CREDIT MANAGEMENT CORP and AXIOM FINANCIAL SERVICES<br><br>Plaintiffs,<br><br>v.<br><br>MACK WELLS and MAURICE SYMONETTE<br><br>Defendants. | CASE NO: 2010-61928-CA01<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Eleventh Circuit District Court of Dade County Florida<br><br>FILED BY ____ D.C.<br>JUL 14 2023<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - FT. LAUD. |

**TO:** Clerk of the U.S. District Court for the Southern District of Florida:

**PLEASE TAKE NOTICE THAT** Defendants MACK WELLS, MAURICE SYMONETTE and, collectively with the other named Defendants, "Defendants"), hereby removes to this Court the state court action described herein, And the Dade County Court's Local Rules because WE HAVE FOUND WITH PROOF THAT ALL EIGHT OF THE JUDGES AND PUBLIC OFFICIALS HAVE HORRIBLE MONEY CONFLICTS OF INTEREST SO THAT WE CAN'T GET JUSTICE FROM THE TOP TO THE BOTTOM Judge Sarah Zabel had already Dismissed this Case with PREJUDICE April 6th 2009 but out of nowhere a Judge we never met or had a Hearing in front of exactly one year later April 6th 2010 put in the same Order as our real Judge Sarah Zabel of Dismissal with Prejudice as a trick to avoid the presidence of a Judge in the same Circuit Court cannot change the Orders of another Judge it must be Appealed to a higher Court Ford Vs. Calloway so she waited three months and put in a new Order of Dismissal without Prejudice in an Illegal Exparte Hearing in Violation of Fl. Stat.702.07 which says Defendants must be present this was done without any notice to us which gave Judge Schlesinger six months later the right to have a new Case Heard **2010-61928-CA01** the Case that this notice of removal is about and Judge Schlesinger foreclosed us Illegally even though he also had a horrific Conflict of

Interest of $28million from US Bank two years in a row while ruling on our Case Exh.(1) (2). The fraudulent Judge Valerie Manno Shurr after getting caught in Court and shown that she according to her Form 6 Financial Affidavits made over Eleven million dollars from 2009 to 2022 from GMAC / US Bank Exh.(3) while ruling in their favor which is a horrible Conflict of Interest and RECUSED Herself Exh.(4) and Reverted and Voided out all of Her Judgements in accordance with my Motion to Recuse and Revert and Void out all Judgements back to Judge Sara Zabel's Dismissal with Prejudice Exh.(5) she Recused herself in Writing May 25, 2023 which was already automatically Recused because our Motion to Recuse and Revert and Void out all Judgements was already Automatically Granted according to Florida Rule 2.160 (H) (I) and (J) by January 24th, 2022 of which she did not respond within the 30 days automatically granting our Motion according Rules 2.160 (H)-(J) and all the seven Judges who ruled in US Bank's favor against us had the same large Bankster Money Conflict of Interest including Judge John Schlesinger and were all asked to RECUSE Themselves but they never answered the Motion to Recuse and Revert Exh.(6) back to the Original Judge Sara Zabel's Order of Dismissal with Prejudice April 6th, 2009 and when they didn't answer within 30 days of the Motions to Recuse Revert and Void which then became automatically granted according to Fl. Rule 2.160 (H)(I)(J) so therefore when the last Judge Vivianne Del Rio was caught with the same Conflict of Interest of $943,000 etc. Exh.(7) who was going to give a Sale date she Recused herself Exh.(8) and ReClosed the Case in accordance with my Motion to Dismiss the Case and Revert back to Dismissal with Prejudice from Judge Sara Zabel's Order Reopened the Case and then the Administrative Judge Jennifer Bailey who has the same Conflict of Interest Exh.(9) along with the Clerk of the Court who also has the same Conflicts of Interest Assigned a new Judge who also has over a $2 million Money Conflict of Interest, Exh.(10) and More Conflict of Interest are being discovered So therefore copies of this Notice of Removal are being served on all parties at the addresses listed in Plaintiffs' State Court complaint and are being filed in the Dade County Eleventh Circuit Court Case # 2010-61928-CA01 of the State of Florida Dade County.

## INTRODUCTION

1. On April 30, 2007 as Plaintiffs US Bank NA filed a Lis Pendens but without the

actual Complaint the Promissory note, the Allonge, the Mortgage, the Assignment in Violation of Fl. Stat. 715 , and Exhibits of Affidavits of Amounts Due and Owning and never notified the Defendants On June 30, 2005, Plaintiffs US Bank (collectively, "Plaintiffs") filed the complaint (the "Complaint") in the Eleventh Circuit District Court of Dade County Florida, U.S. BANK, NATIONAL ASSOCIATION *v.* MACK WELLS and LEROY WILLIAMS (the "State Court Action").

2. The State Court Action concerns a home loan made in the initial amount of $448,000 to LEROY WILLIAMS in June 30 of 2005 (the "Loan"), evidenced by a promissory note and other documents and secured by a mortgage on property owned by Leroy Williams in Miami Fl. 33167 (the "Property"). Compl. ¶ 1; exhibits thereto. Plaintiffs have raised a series of allegations against the named Defendants in connection with the Loan, including that Defendants name in the Counter Claim for Removal Plaintiffs further claim that Defendants have breached the terms of the documents governing the Loan and the covenants of good faith and fair dealing, have frustrated the purpose of the Loan, and that "the doctrine of impossibility prevents Defendants from declaring us in default. The reason that we are Appealing this Order is because Judge Bailey has a Conflict of Interest, Exh.9. and because Judge Vivianne Del Rio Recused herself from the Case, Exh.8 and because Judge Valerie Manno Shurr also Recused herself from OUR Case, Exh.4. From my Motions to Recuse themselves Exh.6. And Vacate her Orders so because of Rule 2.160 (H)-(J) says if a Judge Recuses herself or failed to Recuse herself after 30 days the Case is automatically Recused and the Motion to Recuse and Vacate her Orders is automatically granted and the Judge wrote up a Recusal and closed the Case (Exh.8 last paragraph in red on the first page of the Recusal and because case is closed the Lawyers had to pay a refiling fee to reopen the closed Case therefore I am doing a Counter Claim Complaint from the appellate Court wherein I'm appealing that administrative Judges Order and the Judge Del Rio's Order for a Sale date. And because the Case was already dismissed with Prejudice and because Valerie Manno Schurr Recused herself

from the Case Valerie Manno Schurr signed an Order to Dismiss her Case With Prejudice April 6th, 2010 who was a Judge that we had never met never had a hearing in front of Exh.5. Then Judge Bailey said she never assigned Valerie Manno Schurr to our Case According to our Affidavits Exhs. 15,16 and 17. And so she couldn't interfere Exh.18. (Judge Bailey's Order) and then 3 months later Judge Valerie Manno Schurr had an Illegal Ex-Parte Hearing and Dismissed her Order but without Prejudice Exh.19. as a way to Dismiss the Original Order of Judge Sara Zabel the actual and Original Judge Exh.5. of the Case who we did the hearing in front of because the Bank would not follow orders from Judge to bring in a Complaint, Note, Allonge, Mortgage, Assignment And the Exhibit list of showing where we missed payments EXH.21 Affidavits of the Witnesses who saw her sign the Dismissal with Prejudice in her Chamber's who signed and gave us a copy, Exh.22 before putting them into her florida Docket Records, Exh.23 2007-12407-CA01 and by the way Valerie Manno Shurr said she did not sign those Dismissals with and without Prejudice, Exhs.19 gods2.com vid. #C. So therefore when Valerie Manno Shurr Recused herself off the Case in accordance to fl. Rule 2.160(H)-(J) the Motion for Recusal and Vacation of the Law is automatically granted and we really believe that when Judge Valerie Manno Shurr said she did not sign those Orders because when you look at the Order of Recusal by Valerie Manno Schurr that she obviously signed, Exh.4. you will see that those signatures on the Dismissal with Prejudice and the Dismissal without Prejudice are totally different from the Recusal Exh. 19. And after the Hearing where she said she did not sign those Orders after the zoom meeting ended we saw and heard her say I don't believe you! She was very upset Exh.23, 24 and 25. But nevertheless she Recused herself so according to rule 2.160 (A)(H)-(J), Federal Rule 60 Fl. Rule 1.160 (D) (1) Fl. Code Jud. Conduct, Canon 3E(1) A Judge shall disqualify himself where impartiality might reasonably be questioned Rule 2.160 (D) (1) grounds to disqualify is party fears Judge is Biased Fl. Statue 112.312(8) Judge can't have a Conflict of Interest! 28 U.S.C. subsection 455(a) some of these are Federal Rules which gives the Federal Court Jurisdiction 28

U.S.C §2071-2077 you subject matter and Jurisdiction this is why were removing this Case to Federal Court because of §1292 says we can remove the case to Federal court and the district Court no longer has any Jurisdiction. Because of our Counter Claim Federal Rule 13., for trying to sell Plaintiffs property At a Foreclosure sale to and seeking to evict us at a hearing Oct. 14 2015 until now to Deprive Plaintiff of his Residence without any lawful claim to the Property and for using RACISM and DISCRIMINATION by US Bank lying to the Police saying we are not allowed in the house and evicted us out of the house without a Court Order, before it was foreclosed on and while we were in Bankruptcy because we are BLACK Violation of the 14th Amendment, and Foreclosing without and Interest in the Note with Fake documents doing Fraud on us the Bank and Federal Government (SEC) CLAIM FOR RELIEF for US Bank Plaintiffs Brings this action against US Bank. And has sold Plaintiff's property at a Foreclosure sale to Deprive plaintiff of his Residence without any lawful claim to the Property Turning off Electrical Power because the closing for their Mortgage Note was never signed nor did any Warranty Deed, Mortgage or Note at all get signed with Plaintiffs or Defendants. Because from now seen as DEUTSCHE BANK NATIONAL TRUST so therefore this is fraud and thievery of a homes using money conflicted Judges like the 131 fed. Judges found guilty, Exh.26. the FBI calls Home Title theft as seen on T.V. (hometitleblock.com) which has now been handed over to the FBI therefore were asking for the quiet Title and money as relief. Plaintiffs also seek injunctive, declaratory, and equitable relief against Defendants, including an order "enjoining Defendants from continuing this fake Foreclosure after the Case has already been closed and Reverted back to Dismissal with Prejudice assessing interest at the default rate, together with fees, penalties and associated costs and from commencing foreclosure, judicially or non-judicially, proceedings as threatened by Defendants." *Id.* ¶ 83.

3. On January 4, 2021, the state court conducted an initial conference and entered an order "temporarily restrain[ing] and enjoin[ing]" Defendants "from assessing any further interest at

the default rate, together with fees, penalties, and associated costs and from commencing foreclosure proceedings, judicial or non-judicial, against the Property," pending a hearing on Plaintiffs' request for a preliminary injunction. No further proceedings have occurred in the State Court Action.

4. Plaintiffs' US Bank in Dade County Court Eleventh Judicial Circuit Case# 2010-61928-CA01 allegations are denied, and it is further denied that the Plaintiff's are properly named as parties, with the exception of those facts necessary for removal of this action on diversity of citizenship grounds, as discussed herein.

5. Pursuant to Local Rule 81(a)(1), a completed civil cover sheet is attached hereto as Exhibit 1. Pursuant to Local Rule 81(a)(3), an index of all documents filed in the State Court Action is attached hereto as Exhibit 2, and separately tabbed copies of all documents and proceedings to date in the State Court Action are attached hereto as Exhibits 3-26.

## BASIS FOR REMOVAL

**I. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different Countries and that US Bank is Licensed in a Foreign Country according FARA of which US Bank is listed and are not Permitted to own a Mortgage Company that deals in violation of Foreign Banking Laws, and the amount in controversy is greater than $75,000, exclusive of interest and costs. RACISM and DISCRIMINATION Petitioners seek to bring Federal charges of Discrimination, Bankruptcy Violations, judges and public officials Conflict of Interest as to Judges being paid off by the Bank that's against us we have newly found evidence of Fraud in the Case with other Federal charges listed in up above Title to Quite Title as to this Federal Fannie Mae Loan and to Quiet Title to Petitioners Property. And the amount in controversy exceeds $75,000.00. So therefore Federal Courts have Subject matters Jurisdiction over this Case to be Removed to this Federal Court.

6. VIOLATION OF THE 14TH AMDT, RESPA, TILA, Violation of GAAP, FASB, FAS, SEC FEDERAL LAWS from newly found EVIDENCE Therefore, this action could be filed in this Court and is now properly removed to this Dade County Court.

### *a. There is Complete Diversity of Citizenship Among the Parties.*

Plaintiffs Leroy Williams, Maurice Symonette and Mack Wells are all citizens of the State of Florida. Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted). Here, the Complaint specifically alleges that MACK WELLS "was and is at all times herein relevant . . . a resident of the County Dade." Compl. ¶ 5. Defendants are a limited liability company Eleventh Circuit District Court of Dade County Florida which is named as U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005 AHL3 in the Complaint ("U.S. BANK, N.A."), US Bank N.A. ("US Bank"), Defendant Mortgage Electronic Registration Systems, INC., aka MERS ("MERS") citizenship is the same as that of its members. Defendant MERS is the purported Beneficiary under the Deed or Trust and/or is a purported participant int the imperfect securitization of the Note and/or the Deed of Trust and is a company organized under the laws of DADE.

In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that, for federal diversity purposes, a national banking association is a citizen of the state where its main office is located as set forth in its articles of association. *See Wachovia Bank*, 546 U.S. at 307 (citing 28

---

[1] Citations herein to the "Decl." refer to the Declaration of Gregory A. Cross in Support of Notice of Removal filed contemporaneously with this Notice and Exhibits A-G thereto.

[2] Undersigned counsel are not aware of any entity named "U.S. BANK, N.A, N.A." and assume, for purposes of this removal, that Plaintiffs intend to sue U.S. BANK, N.A Bank, N.A.

U.S.C. § 1348). U.S. BANK, N.A designates in its Articles of Association that the City of Miami,

County of Dade, State of Florida is the location of its main office. *See* Decl. ¶ 7 and Exhibit E thereto. U.S. BANK, N.A, therefore, is a citizen of Florida for federal diversity purposes.

1. Defendant US Bank designates in its Amended and Restated Articles of Association that the City of Miami, County of Dade, State of Florida is the location of its main office. *See* Decl. ¶ 8 and Exhibit F thereto. US Bank, therefore, is a citizen of Florida for federal diversity purposes.

2. Defendant Bank of America designates in its Articles of Association that the City of Miami, County of Dade, State of North Florida is the location of its main office. *See* Decl. ¶ 9 and Exhibit G thereto. Bank of America, therefore, is a citizen of Florida for federal diversity purposes.

3. Hence, there is complete diversity between the Plaintiffs and the Defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. In addition, no defendant is a citizen of the state in which this action is brought.

**b.  *The Amount in Controversy Requirement is Satisfied.***

4. To determine the amount in controversy, courts look first to the plaintiff's state court petition. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003). There is a rebuttable presumption that the face of the complaint is a good-faith representation of the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Id.* (internal quotation marks and citations omitted).

5.  The amount in controversy meets the jurisdictional requirements, as Plaintiffs are seeking to permanently enjoin Defendants from recovering at least $800,000 in interest and fees, plus unstated other amounts. For example, Plaintiffs allege that U.S. BANK, N.A's September 11, 2020 statement to Ellicott Lofts listed $448,000 owed and with fees and that "[t]he default interest

combined with the other fees and late charges totaled $823,376.92." Compl. ¶ 55. Plaintiffs allege that MERS requested payment of "outstanding alleged fees, penalties and default interest totaling over $800,000." *Id.* ¶ 57. Plaintiffs of the Dade County Case are owed nothing because they do not own the Mortgage, Assignment, Note, or Allonge.

6. also contend that "on November 20, 2020 MERS's counsel sent Plaintiffs' counsel a 'Demand Notice,' along with a 'Bring Current Statement' seeking $818,740.09 in default interest, penalties, and fees." *Id.* ¶ 65. Plaintiffs claim that, "[i]f Defendants' egregious conduct is not enjoined immediately and permanently, they will be unjustly enriched by seeking nearly $1,000,000 (and continuing to accrue) . . . ." *Id.* ¶ 72.

7. While Plaintiffs' Complaint does not expressly seek a money judgment against the Plaintiffs for stated sum of money damages, it is apparent from the face of the Complaint that the amount in controversy is well in excess of $75,000, exclusive of interest and costs. "Where no amount is specified, this fact alone does not bar a finding that the jurisdictional amount has been met." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 390 (S.D.N.Y. 2009) (quoting *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 438 (S.D.N.Y. 2006)). "[I]n such a case, a defendant asserting removability must show 'that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *Id.* at 391 (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). As the Plaintiffs seek a judgment that they not be required to pay Defendants sums owed in excess of $800,000, and seek an injunction preventing the collection of those sums, it is clear from the Complaint the amount in controversy is in excess of the statutory amount.

## II. Defendants Have Satisfied the Procedural Requirements for Removal.

8. Plaintiff filed the Complaint in the Eleventh Circuit District Court of Dade County

Florida on December 06, 2010. As far as undersigned counsel are aware, and as of the filing of this Notice of Removal, Plaintiffs have not served any of the Defendants. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

9. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the SOUTHERN DISTRICT of Florida embraces Dade County, Florida. 28 U.S.C. § 112(d).

10. Additionally, Plaintiffs and Defendants are subject to personal jurisdiction in Florida. As set forth above, all Plaintiffs are citizens of the State of Florida. All Defendants conduct business and maintain offices in the State of Florida.

11. No previous application has been made for the removal requested herein.

### Preservation of Rights and Defenses

12. All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, *e.g.*, failure to state a claim for relief and failure to sue the appropriate parties. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

13. MERS also reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant MERS respectfully gives notice that the above-captioned civil action pending in the Eleventh Circuit District Court of Dade County Florida is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

Dated: Miami, Florida
June 22, 2023

*[signature]*
MACK WELLS
15020 S. RIVER DR.
MIAMI, FL 33167

*[signature]*
MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI, FL 33167

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2023, the foregoing Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon all parties via overnight mail at the addresses listed in the Complaint:

BROCK & SCOTT, PLLC
Attorney for Plaintiff
2001 NW 64th St, Suite 130Ft. Lauderdale, FL 33309
Phone: (954) 618-6955, ext. 6133
Fax: (954) 618-6954
FLCourtDocs@.brockandscott.com

By  /s/ Mehwish Yousuf
Mehwish Yousuf, Esq.
Florida Bar No. 92171

## SERVICE LIST

The following persons were served by e-mail:

Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust Series Ic/o Jessica F. Watts, Esq.
19321 US Highway 19, Suite 512
Clearwater, FL 33764
eservice@quinnlegal.com; Kmiller@quinnlegal.com

Miami-Dade
County, Florida
c/o Altanese
Phenelus, Esq.
111 NW 1st
Street
Miami, FL 33128
yvaldes@miamida
de.gov

City of North
Miami (City)
Jennifer L.
Warren
776 N.E
125th Street
North

Miami, FL
33161
cityattorney@northmiamifl.gov

U.S. Bank, National Association, as Trustee for RASC 2005AHL3
% Michael L. Eisenband, Esq. & Nicole R. Topper, Esq. 500 E. Broward Blvd., Suite 2100
Fort Lauderdale, FL 33394

BRFLeservice@BlankRome.com; MEisenband@BlankRome.com; NTopper@BlankRome.com