UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 23-22640-CIV-MARTINEZ**

MACK    WELLS    and    MAURICE
SYMONETTE,

      Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
*et al.*,

      Defendants.

_____/

### ORDER REQUIRING BRIEFING CONCERNING THIS COURT'S JURISDICTION

    **THIS MATTER** came before this Court on a *sua sponte* review of the record. It appears on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Amended Complaint to Quiet Title and Fannie Mae Quite [sic] Title Constructive Fraud with No Nf.ed [sic] to Prove Intent (Axiomatic) and Violations of Federal and State Laws and Rules to Takeproperty [sic] Because tue [sic] Banks Paid Officials for it and Complaint for FL. Rule 9.130 to Add Claim for Punitive Damages (the "Amended Complaint"),* (ECF No. 6), that this Court lacks subject matter jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") This Court, therefore, orders Plaintiff to provide this Court with a memorandum concerning its

---

    * Generally, *pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But the lower pleading standard does not permit a court to "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

subject matter jurisdiction as outlined in this Order. This Court also provides the following brief overview:

"Federal courts are courts of limited subject matter jurisdiction." *Thermoset Corp. v. Building Mats. Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). This Court may only hear a case if it has "at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Id.* If, at any time, this Court determines that it lacks subject matter jurisdiction, it "must dismiss the case." Fed. R. Civ. P. 12(h)(3). This Court's jurisdiction is further limited by the *Rooker-Feldman* doctrine, which "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

Under the *Younger* abstention doctrine, "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Under *Younger*, this Court should abstain from hearing an issue where (1) the proceedings "constitute an ongoing state judicial proceeding[;]" (2) "the proceedings implicate important state interests; and" (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (quoting *Middlesex Cnty.*, 457 U.S. at 432.

The *Rooker-Feldman* doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine precludes district courts "from exercising appellate jurisdiction over final state-

2

court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009). Specifically, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The task of reviewing a state court final judgment is "*reserved for state appellate courts*, or as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment . . . or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale*, 558 F.3d at 1260.

Here, the Amended Complaint is a 123-page document that stems from a post-judgment state court case (identified in the 279-page exhibit attached to the Amended Complaint) bearing case number 2007-012407-CA-01 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Case"). (*See, e.g.*, Am. Compl. Ex. 1, ECF No. 1-12 at 1.) The State Court Case concerns the foreclosure of real property in Miami, Florida, located at 15020 S. River Dr., Miami, FL 33167 (the "Property"). (*See id.* at 7.) From what this Court was able to discern by the incoherent and rambling allegations in the Amended Complaint, each Defendant was—as Plaintiffs allege—involved in some way in an elaborate scheme to defraud Plaintiffs or otherwise wrongfully take the Property from Plaintiffs through the State Court Case.

Therefore, after perusing the Amended Complaint and its attachment, it appears this Court does not have jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both because any form of relief this Court could grant Plaintiffs would require this

3

Court to (1) disturb an ongoing state court proceeding—in which Plaintiffs are afforded an adequate opportunity to raise their constitutional challenges—involving the foreclosure of real property, which implicates an important state interest, *Williams v. Am. Home Mortg. Servs., Inc.*, No. 13-23240-CIV-ZLOCH, 2013 WL 1238472, at *2–3 (S.D. Fla. Nov. 20, 2013); (2) make a finding that the foreclosure action at issue was incorrectly decided, *see Casale*, 558 F.3d at 1260; or (3) both.

This Court notes that this is not the first time Mr. Wells or Mr. Symonette have attempted to seek a federal court's review of a foreclosure action in Florida state court. *See, e.g.*, *Williams*, 2013 WL 1238472, at *1 (S.D. Fla. Nov. 20, 2013) (recommending that Mr. Symonette's complaint seeking a stay of a foreclosure action be dismissed under *Younger* abstention doctrine); Order 2, *Symonette v. Deutsche Bank Nat'l Tr. Co.*, No. 19-cv-62132-MOORE (S.D. Fla. Aug. 27, 2019) (dismissing Mr. Symonette's complaint challenging foreclosure action under *Rooker-Feldman* doctrine); Order Dismissing Case 1–2, *McNeal v. U.S. Bank Nat'l Ass'n*, No. 19-22503-CIV (S.D. Fla. July 2, 2019), ECF No. 8 (dismissing Mr. Symonette's complaint seeking review of a foreclosure action as an impermissible shotgun pleading and under *Rooker-Feldman* doctrine); Order 2–3, *Symonette v. Indy Mac Bank*, No. 18-23615-CIV-ALTONAGA (S.D. Fla. Sept. 9, 2018), ECF No. 4 (dismissing Mr. Wells and Mr. Symonette's complaint challenging a foreclosure action as a rambling shotgun pleading); Order Dismissing Case 1–2, *Marin v. Wash. Mutual Bank F.A.*, No. 17-22478-CIV-MORENO (S.D. Fla. Aug. 14, 2017), ECF No. 8 (dismissing Mr. Symonette's complaint challenging a foreclosure action under *Rooker-Feldman* doctrine); Order Granting Defendants' Motion to Dismiss 1–2, *Symonette v. Aurora Loan Servs., LLC*, No. 13-CV-23142-HUCK (S.D. Fla. July 1, 2014), ECF No. 25; Order of Dismissal 1–2, *Ward v. JP Morgan Chase Bank*, No. 13-cv-60834 (S.D. Fla. Apr. 11, 2013), ECF No. 5 (dismissing Mr. Symonette's

4

complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine). This Court also notes that Mr. Wells and Mr. Symonette have attempted to seek federal review over the State Court Case via a separate removal action, which is also before this Court. *See generally* Notice of Removal, *U.S. Bank Nat'l Ass'n v. Wells*, No. 23-22848-CIV-MARTINEZ (S.D. Fla. July 31, 2023), ECF No. 1. This Court will address that action by separate appropriate order. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. **On or before Monday, August 7, 2023, at 1:00 p.m.**, Plaintiffs **SHALL** file with the Clerk of this Court a memorandum **of no more than ten pages** that addresses why this Court should not dismiss this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. The memorandum must be type in 12 pt. Times New Roman font, double spaced, and have one-inch margins. The memorandum must bear **Case Number: 23-22640-CIV-MARTINEZ**, so that it is filed in this action.

2. **Plaintiffs' failure to comply with this Order will result in appropriate sanctions, including dismissal of this case without prejudice, without further warning.**

3. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only pending this Court's determination concerning its subject matter jurisdiction. This administrative closure will not affect the Parties' substantive rights; rather, it is an administrative tool routinely used by this Court according to its inherent authority to manage its docket.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of August, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*