IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
GENERAL JURISDICTION DIVISION

FILED BY_____D.C.

AUG 07 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MAURICE SYMONETTE and MACK WELLS,
     Plaintiffs,

v.                          CASE NO.: 23-22640-Civ-MARTINEZ

U.S. BANK NATIONAL, Trustee, et. al.
     Defendants.
_____/

## JURISDICTIONAL MEMORANDUM

COMES, Plaintiffs, MAURICE SYMONETTE and MACK WELLS, pro se litigants, to enter their timely memorandum and response to this Court's order of August 3, 2023 to answer the question posed by the Court as to why this Court should not dismiss this case under the Younger abstention doctrine, Rooker-Feldman doctrine, or both. The Plaintiffs respond in the negative to that question as to it should not as pointed out below.

Summary Of The Matter

This action stems from a case in the State Circuit Court of Florida which originates from the foreclosure initiated by Defendant U.S. Bank National, who serves as trustee of the REMIC which allegedly holds the note and mortgage that the foreclosure below is based upon. The initial matter commenced against the subject property in 2010 and has since seen a final judgment of foreclosure entered which has become final under Florida law. the Plaintiffs, who are the title holders of the property currently, have filed an appeal which has affirmed the final judgment, and at various points sought post judgment relief under Fla. R. Civ. P. 1.540 which gives the State courts of Florida limited jurisdiction to entertain post judgement claims and is modeled after the Federal Rule of Civil Procedure 60(b), all to no avail. So the relief which may be available under

state law has long passed with the exception of asserting certain equities of redemption in this matter. It is well established that the entry of a final judgment in Florida divests the courts of the ability to amend a complaint or enter a counterclaims at that point as leave of the courts below would be necessary and the court in question no longer maintains jurisdiction except for the enforcement of the final judgment and its various other orders. The Plaintiffs commenced this action under the principles to seek redress and relief from players related to the foreclosure, but not necessarily named in the foreclosure. More specifically, without addressing any affirmative defenses that the Defendants may raise on it own, the court should take the pro se plead and construe it liberally and remain within its "four corners" and accept the allegations as true in its examination of the question it has posed to the Plaintiffs regarding the jurisdiction.

The Plaintiff seeks redress of certain state actors below for their conduct in the official capacities as employees or arms of the State of Florida pursuant to 28 U.S.C. §1943 or its federal equivalent. In addition, the Amended complaint also presents federal questions which are raised against remaining the defending parties which could not be added to the action below due in a counterclaim due to the entry of the final judgment divesting the court there of jurisdiction. Simply put, the Plaintiffs has exercised their choice of forum in the federal court to seek redress of the claims made.

JURISDICTIONAL QUESTION

As presented by the Court, the question seeking response is rephrased as follows:

> WHETHER THIS COURT SHOULD DISMISS THIS CASE UNDER THE YOUNGER ABSTENTION DOCTRINE, ROOKER-FELDMAN DOCTRINE, OR BOTH?

The Plaintiff responds that this matter should not be dismissed in under these doctrines as they are not implicated nor are applicable in the instant matter when a more fulsome analysis is completed.

YOUNGER ABSTENATION DOCTRINE

In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter. *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 373, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989)("NOPSI)("[T]here is no doctrine that . . . pendency of state judicial proceedings excludes the federal courts."). The U.S. Supreme Court has recognized, however, certain instances in which the prospect of undue interference with state proceedings counsels against federal relief. See *id.*, at 368, 109 S. Ct. 2506, 105 L. Ed. 2d 298. *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) exemplifies one class of cases in which federal-court abstention is required, when there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. The High Court has extended Younger abstention to particular state civil proceedings that are akin to criminal prosecutions, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975), or that implicate a State's interest in enforcing the orders and judgments of its courts, see Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987). We have cautioned, however, that federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not "refus[e] to decide a case in deference to the States." *NOPSI*, 491 U.S., at 368, 109 S. Ct. 2506, 105 L. Ed. 2d 298.

Circumstances fitting within the Younger doctrine, the Supreme Court has stressed, are "exceptional"; they include, as catalogued in NOPSI, "state criminal prosecutions," "civil

enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.*, at 367-368, 109 S. Ct. 2506, 105 L. Ed. 2d 298. In the absence of these circumstances that Court has ranked as "exceptional," the general rule governs, "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S. Ct. 501, 54 L. Ed. 762 (1910)). Younger abstention is appropriate only when the parallel state proceedings are "coercive," rather than "remedial," in nature. 690 F. 3d 864, 868 (2012); cf. *Guillemard-Ginorio v. Contreras-Gomez*, 585 F. 3d 508, 522 (CA1 2009) ("[P]roceedings must be coercive, and in most cases, state-initiated, in order to warrant abstention."). One Circuit Court, the Eighth Circuit read this Court's precedent to require Younger abstention whenever "an ongoing state judicial proceeding . . . implicates important state interests, and . . . the state proceedings provide adequate opportunity to raise [federal] challenges." 690 F. 3d, at 867 (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)). The Supreme Court's dominant instruction is that, even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the "exception, not the rule." *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 236, 104 S. Ct. 2321, 81 L. Ed. 2d 186 (1984) (quoting Colorado River, 424 U.S., at 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483).

Here, the non-applicability of the first two prongs are evident. The proceeding below is not a criminal proceeding implemented by the state nor is akin to a state criminal proceeding. The only rule which may be applicable here is the third extraordinary exception under Younger, "an ongoing state judicial proceeding . . . implicates important state interests, and . . . the state

proceedings provide adequate opportunity to raise [federal] challenges." There is no doubt that the state proceeding is ongoing to the extent that the final judgment is seeking to be enforced and the enforcement of the judgment does potential implicate some compelling state interest. Where the doctrine fails is in the adequate opportunity to raise federal challenges. As previously stated, the ability to add the counterclaim ceases at the entry of the final judgment. As such, there was not an adequate opportunity to raise the federal questions at the time they were discovered with the reasonable diligence that was required below. as the exhibits to the complaint show, the financial disclosure forms of the various presiding judges were not made available until 2021 in which the conflicts existed and that constitutes new evidence which did not exist at the time of the foreclosure final judgment entry on December 19, 2017. It is also beyond the one (1) year period under Fla. R. Civ. P. 1.540(b) to bring a limited challenge to a final order which was affirmed on appeal Nov. 9, 2018. Accordingly, the Younger Abstention Doctrine is not applicable here.

ROCKER FELDMAN DOCTRINE

The Rooker-Feldman doctrine bars parties that have lost in state court from filing suit in federal district courts for the purpose of obtaining review of the adverse state-court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994) (Rooker-Feldman prevents an unsuccessful state-court party "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Assertions of injury *that do not implicate state-court judgments* are beyond the purview of the Rooker-

Feldman doctrine. See *McCormick v. Braverman*, 451 F.3d 382, 392-93 (6th Cir. 2006) (holding Rooker-Feldman inapplicable because the plaintiff did not attack the state-court judgments but "assert[ed] independent claims that those state court judgments were [improperly] procured by" the defendants); *Todd v. Weltman, Weinberg, & Reis Co., L.P.A.*, 434 F.3d 432, 436-37 (6th Cir. 2006) (holding Rooker-Feldman not triggered because the plaintiff did not allege that he was injured by the state-court judgment, but instead filed an independent federal claim that he was injured by the defendant's filing of a false affidavit in the state-court proceeding).

The answer to dismissal under this doctrine is very simplistic indeed. The Plaintiffs, albeit through a voluminous complaint, sought to obtain redress and relief from the CONDUCT of the players in obtaining the judgment. They did not attack the judgment directly. The allegations of conflicts of interest and violations of the federal laws, which are superior to the state laws in the hierarchy of the American legal scheme, goes to the heart of how the final judgement was obtained in the State court and thus goes to the heart of the matter. The collateral attack which was launched here defines the conflicts and unlawful conduct which those players resorted in order to obtain the judgement and deprive the Plaintiffs of their property under the color of law and without due process of law which is required under the United States Constitution's 14th amendment. So, it is without question that the claims made, which are properly directed at the conduct of the Defendants, are precluded from the purview of the Rocker-Feldman Doctrine here.

## CONCLUSION

As stated above, the instant action should be allowed to be maintained in this Court as the Younger Abstention Doctrine is not applicable because the first two extraordinary exceptions do not apply and the third exception did not afford the adequate opportunity to raise the challenges

due to the evidence of the conflict not being discovered until disclosures were completed in 2021. Likewise, Rocker-Feldman doesn't apply due to the claim being relief directed at the conduct of the Defendants in how the final judgement of foreclosure was procured, and not at the judgment itself. Accordingly, the action should be maintained and not dismissed.

Respectfully Submitted,

/s/ _____
            Mack Wells

/s/ _____
            Maurice Symonette