IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
GENERAL JURISDICTION DIVISION

FILED BY_____D.C.

NOV 13 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MAURICE SYMONETTE and MACK WELLS,
          Plaintiffs,

CASE NO.: 23-22640-Civ-MARTINEZ

v.

U.S. BANK NATIONAL, Trustee, et. al.
          Defendants.

_____/  *Amended*

## PLAINTIFF'S MOTION FOR EXPANSION OF TIME TO PERFECT SERVICE

COMES, Plaintiffs, MAURICE SYMONETTE and MACK WELLS, pro se litigants, to move this Court for an expansion of time, pursuant to Federal Rule of Civil Procedure 4(m) to extend the amount of time in which the defendant may perfect service on the Defendants.

"If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. ***But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.***" Fed. R. Civ. P. 4(m). [emphasis added]. While courts liberally construe the pleadings and the complaints of pro se plaintiffs, see *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citations omitted), pro se plaintiffs must follow the rules of procedure and the substantive law, see *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993)("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse the mistakes of those who proceed without counsel"); *Faretta v. California*, 422

U.S. 806, 834 n.46, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (stating that pro se status is not a license to disregard procedural rules or substantive law). Therefore, plaintiff's pro se status does not excuse his failure to obtain a proper summons or effectuate service in accordance with the Federal Rules.

The determination of whether to extend the time for service pursuant to Rule 4(m) is a two-part inquiry. First, a court must determine whether good cause exists for the plaintiff's failure to properly serve defendant. See *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). If the court finds a good cause, it must grant an extension of time. See *Id.* Second, if good cause is not shown, a court has the discretion to grant the plaintiff an extension of time. See *Id.* Courts generally consider three factors in determining whether good cause exists: (1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effecting service. See *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988) (citations omitted). When evaluating good cause, courts should focus primarily on the plaintiff's reasons for not complying with the time limits of Rule 4. See *MCI Telecoms Corp. v. Teleconcepts*, 71 F.3d 1086, 1097 (3d Cir. 1995).

Here, the Plaintiff has properly moved for any extension of time to serve the Defendants outside the 90 days proscribed by the rule. The initial complaint was filed in this matter on July 14, 2023. Accordingly, the 90-day period for service expired on Oct. 12, 2023. This court has not sua sponte dismissed this action nor has any party move for a dismissal of the action. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow

additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); see also *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 U.S. Dist. LEXIS 136411, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, on motion or sua sponte. Fed. R. Civ. P. 4(m); see also *Byrd v. Stone*, 94 F.3d 217, 219 &n.3 (6th Cir. 1996).

Out of an abundance of caution, the Plaintiffs seek an extension of time to perfect service on the removal of this action from the state court in accordance with Fed. R. Civ. P. 4(m). Plaintiff has performed service in accordance with Rule 4(e)(1) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made". As this Court sits in the state of Florida, Fla. R. Civ. P. 1.070(j), 1.080(a) and Fla. Stat. §48.031. As the removal was filed after the initial complaint below, the removal constitutes a "pleading" requiring service in accord with Rule 1.080(a) which states, "[e]very pleading subsequent to the initial pleading, all orders, and every other document filed or required by statute or rule to be served in the action must be served in conformity with the requirements of Florida Rule of General Practice and Judicial Administration 2.516." That rule further states that, "[a]ll documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides. ***A filer of an electronic document has complied with this subdivision if the Florida Courts e-filing Portal ("Portal") or other authorized electronic filing system with a supreme court approved electronic service system ("e-Service system") served the***

**_document by e-mail or provided a link by e-mail to the document on a website_**

**_maintained by a clerk ("e-Service")_**. The filer of an electronic document must verify that

the Portal or other e-Service system uses the names and e-mail addresses provided by

the parties pursuant to subdivision (b)(1)(A)." The notice of removal was served on the

Defendants at the time of filing by Florida's e-filing portal of the Notice on Oct. 13, 2023,

within the 90-day period which is required after the filing of the initial complaint in this

action on July 14, 2023.

Plaintiff believes that they have complied with the service requirements by service

of the notice of removal upon the Defendants in this action via state law of Florida. As to

Defendant U.S.Bank. However, as the remaining Defendants are members of Florida's

judiciary, their emails and service by Florida's efiling portal are not available. Plaintiff relied

on the efiling portal for service of the members of the judiciary, however this did not occur.

Plaintiff obtained the services of a legal service to assist with the service on the remaining

parties who were not properly served after discovery by the Plaintiffs that the members of

the judiciary in Florida were not served through the efiling portal. Accordingly, the Plaintiffs

seek, out of an abundance of caution, a expansion of time in order to serve the remaining

parties in accordance with Fed. R. Civ. P. 4 as this matter is now governed by federal

rules. It is well-settled that, after removal, federal rather that state law governs the course

of proceedings. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (citing

*Granny Goose Foods, Inc. v. Teamsters Local 70*, 415 U.S. 423, 437, 94 S. Ct. 1113, 39

L. Ed. 2d 435 (1974)). Nonetheless, "federal courts in removed cases look to the law of

the forum state . . . to determine whether service of process was perfected prior to

removal." *Id.* (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)).

WHEREFORE, Plaintiffs seek an expansion of time, out of an abundance of caution, to serve the remaining parties who are members of the Florida judiciary, having shown good cause or, alternatively, seeking the discretion of the Court to allow additional time to perfect service in this matter.

Respectfully Submitted,


/s/_____ MACK WELLS _____          /s/_____ MAURICE SYMONETTE _____
            Mack Wells                              Maurice Symonette