**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-CV-22640-JEM**

**MACK WELLS and**
**MAURICE SYMONETTE,**

      Plaintiffs,

  v.

**U.S. BANK, et al.,**

      Defendants.

_____ /

**DEFENDANT MIAMI-DADE COUNTY CLERK OF COURT AND COMPTROLLER'S**
**MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant Juan Fernandez-Barquin, Clerk of the Court of the Eleventh Judicial Circuit and Comptroller of Miami-Dade County, Florida ("Defendant Clerk"),[1] by and through his undersigned counsel, and pursuant to Rule 12(b), Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Plaintiffs' Amended Complaint. This Court lacks subject-matter jurisdiction over this action under both the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. Additionally, the Amended Complaint fails to meet the pleading requirements set forth in Rule 8(a) and 10(b), Federal Rules of Civil Procedure, and is an impermissible shotgun pleading. Accordingly, the Amended Complaint should be dismissed with prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.  Procedural History of Underlying State Court Foreclosure Litigation**

Plaintiffs' claims arise out of state foreclosure proceedings of real property located at 15020 S. River Dr., Miami, Florida 33167 (the "Property"). The 16 year litigation concerning the

---

[1] Defendant Clerk is the successor to the late Harvey Ruvin.

Property commenced upon Defendant U.S. Bank's filing of a foreclosure action in the Circuit Court of the 11th Judicial Circuit, Miami-Dade County, Florida, on April 26, 2007 (the "2007 State Court Case"), following a default on the subject note and mortgage of the Property. *See* 2007 State Court Docket, attached as Exhibit A (hereinafter "Ex. A").[2] Circuit Court Judge Zabel granted summary judgment in favor of then-plaintiff, Defendant U.S. Bank, on August 9, 2007. *Id.* On April 7, 2010, however, Circuit Court Judge Manno Schurr dismissed the foreclosure action for lack of prosecution with prejudice. *Id.* On June 25, 2010, Judge Manno Schurr issued another order dismissing the case *without prejudice.*[3] *Id.*

On December 6, 2010, following the dismissal without prejudice in the 2007 State Court case, Defendant U.S. Bank filed a new mortgage foreclosure complaint for the Property (the "2010 State Court Case"). *See* 2010 State Court Docket, attached as Exhibit B (hereinafter "Ex. B"). After holding a nonjury trial, Circuit Court Judge Schlesinger entered a final judgment of foreclosure in favor of then-plaintiff, Defendant U.S. Bank, on December 19, 2017. *Id.* The final judgment of foreclosure found that $991,297.25 was owed to then-plaintiff, Defendant U.S. Bank, and if not paid, the Property would be set for public sale on January 30, 2018. *Id.* On appeal, Florida's Third District Court of Appeal affirmed the final judgment of foreclosure and a Mandate was issued on November 9, 2018. *Id.*

---

[2] Pursuant to Rule 201, Federal Rule of Evidence, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Under this rule, federal courts may take judicial notice of court records because those records can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Paez v. Sec'y. Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). Additionally, federal courts may take judicial notice of court dockets and the filings therein when deciding a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *See Universal Express Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006). Defendant Clerk respectfully requests that this Court take judicial notice of the 2007 State Court Case, *U.S. Bank v. Williams*, No. 2007-012407-CA-01 (Fla. 11th Cir. Ct. Apr. 26, 2007), the 2010 State Court Case, *U.S. Bank v. Williams*, No. 2010-061928-CA-01 (Fla. 11th Cir. Ct. Dec. 6, 2010), and the contents of both court files.

[3] A dismissal for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e) is "not final—that is, without prejudice—so as to be *res judicata.*" *Murphy White Dairy, Inc. v. Simmons*, 405 So. 2d 298, 299 n.2 (Fla. Dist. Ct. App. 1981).

#235153265_v2

Despite affirmance of the final judgment of foreclosure, Plaintiffs filed numerous post judgment motions, including motions to dismiss, motions to cancel the sale, and motions to recuse various judges. *See id.* Plaintiffs also filed various additional appeals, all of which were ultimately dismissed. *Id.* Additionally, multiple bankruptcy petitions were filed by different debtors in another attempt to stop the foreclosure sale. *See id.* In response to these delay tactics, U.S. Bankruptcy Judge Mindy A. Mora entered an order terminating the automatic bankruptcy stay of the foreclosure judgment for the Property. *See* Order Granting Relief from Automatic Stay in Favor of U.S. Bank, *In re Wells*, No. 23-12048 (Bankr. S.D. Fla. May, 2, 2023). In her order, Judge Mora also enjoined the debtor, Plaintiff Wells, from seeking a bankruptcy stay on the Property for two years from the entry of the order. *Id.* Notably, Judge Mora made the following finding in support of her order: "[Plaintiff Mack Well]'s multiple bankruptcy cases were part of a scheme to hinder, delay, and defraud [Defendant US Bank] from completing its foreclosure action." *Id.*

Following the bankruptcy court's order, Plaintiffs continued to make numerous filings in the state court docket to delay the foreclosure sale, including the filing of a counterclaim without leave of court, repeated motions for recusal of Judge Lopez, motions for temporary restraining orders and preliminary injunction to enjoin the foreclosure sale, and notices of removal of the 2010 State Court Case to federal court. *See* Ex. B. Despite these tactics, the Property was finally sold at a public sale on October 16, 2023. *See id.* Plaintiffs have since filed objections to the sale in state court and also filed a writ of prohibition in the state appellate court. *Id.*

## II. Allegations Set Forth in the Amended Complaint[4]

---

[4] This statement of facts is derived from the factual allegations set forth in the Amended Complaint. Defendant Clerk disputes these allegations. For purposes of this Motion, however, Defendant Clerk points to the Amended Complaint's own recitation of facts and events to demonstrate why dismissal is warranted. Further, as discussed below and as identified by this Court (Order Requiring Jurisdictional Briefing, ECF No. 7 at 3), the Amended Complaint consists of "incoherent and rambling allegations." As such, this section is the undersigned's best attempt at formulating the factual background of the Amended Complaint.

#235153265_v2

The Amended Complaint centers on alleged fraudulent conduct undertaken by Defendant U.S. Bank and various state actors, including Defendant Clerk, to wrongfully obtain the Property through a foreclosure sale. *See* ECF No. 16, Am. Compl. at 96–97. Specifically as to Defendant Clerk, the Complaint alleges that during the foreclosure proceedings, the "Clerks help hide the documents by Destroying Dockets and allowing unsigned fraudulent and blacked out Signatures onto documents onto the Record." *Id.* at 16. Plaintiffs allege that they filed an emergency motion to cancel the foreclosure sale in response to being evicted from their home without any warrant or court order due to the "help of the Constructive Conspiring paid off Apellate [sic] Judges, CircuitCourt [sic] Judges, Bankruptcy Judges, Clerks of the Courts, Police[.]" *Id.* at 17, 20. According to the Complaint, Judge Zabel realized that there was no mortgage and note with her final judgment of foreclosure thus prompting her to cancel the foreclosure sale until the original note and mortgage were presented. *Id.* at 20. However, the Plaintiffs allege that "somehow those tricky Lawyers got the Clerk to do the SALE anyway against Judge ZABEL's Order." *Id.* The Complaint then alleges that Judge Zabel dismissed the 2007 State Court Case with prejudice on April 7, 2009, because U.S. Bank's attorneys failed to provide the court with the original note. *Id.* at 21. According to the Amended Complaint, three months later, in response to bribery from U.S. Bank "JUDGE VALERIE MANNO SCHURR CHANGES IT TO DISMISSAL WITHOUT PREJUDICE IN AN ILLEGAL EXPARTE [sic] HEARING WITHOUT US KNO,WING [sic] SO THAT US BANK COULD COME BACK AND START THE SAME CASE QVER [sic] WITHOUT US[.]" *Id.* at 22. The Plaintiffs then allege that the clerks who were "all in on the Conspiracy destroyed the Docket" to conceal Judge Zabel's prior dismissal with prejudice and allow Judge Manno Shurr's dismissal without prejudice to stand. *Id.* at 67.

#235153265_v2

Additionally, the Amended Complaint alleges that another sale date was ordered by Judge Carlos Lopez who was "appointed by two Conflicted people, THE clerk and the administrative Judge Jennifer Baily[.]" *Id.* at 63. It further alleges that "the Clerk of Courts took page 2 out [Plaintiffs'] Motion to Recuse" thereby prompting Judge Lopez to conclude that it was legally insufficient. *Id.* Legal insufficiency of the Motion was impossible, according to the Amended Complaint, as "[Judge Lopez] got $2,077,949 cash and CD from lberia Bank which is US Bank. So in [his] Financial lnterqsts d [sic] Pr0 erty [sic] bisclosuress [sic] onfi toxin [sic] (steeling) our Pro erty [sic] mile [sic] acting as the Judge[.]" *Id.* In support of their assertion that "Clerk of Courts Harvey Ruvin is also helping the Steal of Property," Plaintiffs allege that Harvey Ruvin's Full and Fair Public Disclosure Forms indicate that he had "$315,000 with Wells Fargo Bank … Which is U5 [sic] Bank." *Id.* at 65.

Though the Amended Complaint cites to various rules of procedure and ethical codes, it appears that the Plaintiffs are asserting claims of fraud, constructive fraud, and racketeering against Defendant Clerk for his alleged involvement in this fraudulent scheme. *See id.* In its prayer for relief, the Amended Complaint seeks compensatory and exemplary damages, costs of litigation fees, and "[d]eclatory relief, including permanent injunctive relief." *Id.* at 122. Additionally, the Amended Complaint asks this Court "to close this case with the original Dismissal with Prejudice in our THE PLAWTIFFS [sic] Favor." *Id.* at 123.

III. **Plaintiffs' History of Frivolous Lawsuits Challenging State Foreclosure Proceedings and Recently Remanded Federal Action Arising from the Same Set of Facts**

As this Court noted, the instant suit is not Plaintiffs' first attempt at seeking federal court review of a state foreclosure action. *See* Order Requiring Jurisdictional Briefing, ECF No. 7 at 4 (collecting cases). Indeed, recognizing that Plaintiff Symonette "ha[d] filed at least 15 cases [from 2012 to 2019], most of which s[ought] to challenge state court foreclosure proceedings," courts

5

have regarded him as a "serial filer who consistently seeks the same relief in multiple court proceedings." Order Dismissing Case 1–2, *McNeal v. U.S. Bank Nat'l Ass'n*, No. 19-22503-CIV (S.D. Fla. July 2, 2019), ECF No. 8 (dismissing complaint under *Rooker-Feldman* doctrine and because the complaint was "deficient, even under the relaxed pleading standard afforded to *pro se* litigants").

After filing the instant suit, Plaintiffs again sought review of the state foreclosure proceedings by filing a separate removal action in this Court. *See* Notice of Removal, *U.S. Bank Nat'l Ass'n v. Wells*, No. 23-22848-CIV-MARTINEZ (S.D. Fla. July 31, 2023), ECF. No. 1. This Court remanded the case to state court on the grounds that:

> this Court d[id] not have jurisdiction over th[e] case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both because any form of relief this Court could grant Plaintiffs would require this Court to (1) disturb an ongoing state court proceeding—in which Plaintiffs are afforded an adequate opportunity to raise their constitutional challenges—involving the foreclosure of real property, which implicates an important state interest . . . ; (2) make a finding that the foreclosure at issue was incorrectly decided . . . ; or (3) both.

*Id.* ECF No. 7 at 4 (internal citations omitted). As discussed below, this Court should dismiss this suit on the same grounds. Additionally, in light of Plaintiffs' history of filing numerous frivolous lawsuits and the fact that such jurisdictional defects cannot be cured, Plaintiffs' Amended Complaint should be dismissed with prejudice. Allowing Plaintiffs to continue litigating frivolous suits relating to their endless foreclosure saga is a waste of this Court's valuable resources, as well as the resources of the parties.

## LEGAL ARGUMENTS

I. **The Amended Complaint Should be Dismissed as this Court Lacks Subject-Matter Jurisdiction Pursuant to the *Rooker-Feldman* Doctrine.**

The *Rooker-Feldman* doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation."

#235153265_v2

*Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgements rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1004 (11th Cir. 2017). Pertinent here, "[t]he Eleventh Circuit and many district courts have applied the *Rooker-Feldman* doctrine to dismiss actions where a plaintiff was seeking to challenge a state court foreclosure judgment under the guise of federal claims." *Dixon v. Abruzzo*, No. 22-CIV-81501, 2023 WL 4373227, at *9 (S.D. Fla. June 21, 2023).

Further, the *Rooker-Feldman* applies to "federal claims raised in state court and to those inextricably intertwined with the state court's judgment." *Nash v. Fifth Dist. Ct. of Appeals*, 806 F. App'x 870, 872 (11th Cir. 2020). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, or if it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (quoting May, 878 F.3d at 1005). The doctrine "does not preclude an independent damages claim where such claim 'does not necessarily seek appellate review and reversal of the state court judgment.'" *Dixon*, 2023 WL 4373227, at *9. Yet, "where a plaintiff's *true* intent is to attack a state-court judgement, the *Rooker-Feldman* doctrine applies." *Id.* In addition, the doctrine "does not apply where a party did not have a reasonable opportunity to raise [the] federal claim in state proceedings." *Nash*, 806 F. App'x at 872.

As an initial matter, there is no procedural bar to the application of the *Rooker-Feldman* doctrine to the instant case. *See Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1321 (S.D. Fla. 2011) (explaining that the *Rooker-Feldman* doctrine was not procedurally barred where the state court judgment became final before the federal court proceedings began). Florida's Third District Court of Appeal affirmed the final judgment of foreclosure and issued its Mandate on November

7

9, 2018. *See* Ex. B. Although Plaintiffs filed numerous appeals, the last appeal was dismissed on January 24, 2023. *See id.* This case was filed on July 14, 2023. *See* Compl., ECF No. 1. As such, the state court judgment became final before the proceedings began here. Similarly, Plaintiffs had a reasonable opportunity to raise the present federal claims in the state proceedings. In fact, Plaintiffs exercised that opportunity by filing multiple appeals before the state appellate court. *See* Ex. B. Accordingly, neither of the *Rooker-Feldman* exceptions are present, thus permitting the doctrine's applicability.

Furthermore, Plaintiffs' claims are, without question, inextricably intertwined with the state court's final judgment of foreclosure. The causes of action set forth in the Amended Complaint and all the underlying allegations stem from Plaintiffs' contention that the state foreclosure judgment was improper due to the alleged fraudulent scheme involving the Defendants in this case. Plaintiffs' clear attempt to attack the state court's final ruling is plainly evident by reference to the prayer for relief in the Amended Complaint. Plaintiffs asked the Court to "close this case" with the original dismissal with prejudice in the 2007 State Court Case—i.e., asking the Court to invalidate the entire 2010 State Court Case and overturn the final judgment of foreclosure. *See* Am. Compl. at 123. This requested relief runs afoul to the *Rooker-Feldman* doctrine, as it invites the Court to reject the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine precludes district courts from reviewing and rejecting final state court judgments).

Additionally, to the extent Plaintiffs seek to circumvent the *Rooker-Feldman* doctrine by arguing that they are seeking relief from the actions of the Defendants in this case and not the judgment itself, such argument would not hold water. The crux of Plaintiffs' claims is that the final

8

judgment was procured by the fraudulent actions of the Defendants in this case.[5] *See e.g.,* Am. Compl. at 123–24. Those allegations are "inextricably intertwined" with the state court's final judgment. This is because, if the Court accepted Plaintiffs' allegations as true, "it would effectively declare the state court judgment fraudulently procured and thus void." *Figueroa*, 766 F. Supp. 2d at 1324 (quoting *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 166 (E.D.N.Y. 2010)). Further, Plaintiffs' request for monetary relief does not change this result, as "it is abundantly clear that the whole purpose of this action is to stop and undo the foreclosure judgment." *Swiatkowski*, 745 F. Supp. 2d at 165.

Put simply, this suit is barred by the *Rooker-Feldman* doctrine because Plaintiffs' claims can only succeed if this Court implicitly or explicitly determines that the foreclosure judgment was wrongly decided.

**II.   The Amended Complaint Should be Dismissed Because this Court Lacks Subject Matter Jurisdiction Pursuant to the *Younger* Abstention Doctrine.**

As discussed above, the entry of the final judgement of foreclosure and affirmance of that judgment on appeal make clear that the foreclosure judgment is final. However, to the extent this Court finds that the state proceedings are still ongoing, the *Younger* abstention doctrine applies.

Pursuant to the *Younger* abstention doctrine, "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interpositions of the constitutional claims." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). If the following factors are present, the federal court must abstain and allow the state proceeding to go forward: "(1) the

---

[5] Though Plaintiffs' Amended Complaint is replete with allegations of fraud in connection with the foreclosure judgment, the Eleventh Circuit has not recognized an extrinsic fraud exception to the *Rooker-Feldman* doctrine. *See Renfroe v. Nationstar Mortg., LLC.*, No. 19-CV-521, 2019 WL 5456495, at *4 (M.D. Fla. Oct. 24, 2019) (citing *Scott v. Frankel*, 606 F. App'x 529, 532 (11th Cir. 2015)).

federal proceedings would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the plaintiffs have an adequate state remedy available." *Deme v. Prokhorov*, No. 20-62582-CIV, 2021 WL 4973044, at *1 (S.D. Fla. Sept. 20, 2021) (citing *Shepherd v. U.S. Bank Nat'l Ass'n*, 839 F. App'x 304, 306 (11th Cir. 2020)). Federal courts should refuse to abstain only if certain extraordinary circumstances are present: evidence that the state court proceedings are motivated by bad faith, irreparable injury would occur, or no adequate alternative state forum exists where the constitutional issues can be raised. *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023).

To the extent the state foreclosure action is still ongoing, abstention is warranted, as all three *Younger* factors are met. As to the first factor, following the final foreclosure judgment's affirmance on appeal and following its filing of this federal action, Plaintiffs have filed objections to the foreclosure sale with the state court and filed an emergency petition for writ of prohibition with the appellate court. *See* Ex. B. By either implicitly or explicitly determining that the foreclosure judgment was wrongly decided, this Court would be interfering with the pending state court proceedings—the exact result the *Younger* doctrine seeks to prevent. As such, the first *Younger* prong is satisfied.

Second, the Eleventh Circuit has established that "[t]he state has a legitimate interest in the validity of its judgments as well as an important state interest in determining disputes that affect title to Florida property." *Deme*, 2021 WL 4973044, at *1 (quoting *Shepherd*, 839 F. App'x at 306); *see also Sergeon v. Home Loan Center*, No. 09-CV-01113, 2010 WL 5662930, at *2 (M.D. Fla. Oct. 26, 2010) ("Florida has an important state interest in determining disputes that affect title to Florida real estate, and in resolving such controversies unimpeded by federal interference.").

10

Therefore, Plaintiffs' foreclosure proceedings implicate important state interests and as a result, the second *Younger* prong is satisfied.

Third, Plaintiffs have neither asserted nor shown that the pending "state proceedings do not provide an adequate remedy for [its] federal claims." *See 31 Foster Children*, 329 F.3d at 1279. "[A]n adverse ruling in state court proceedings does not mean a lack of an adequate state remedy." *Deme*, 2021 WL 4973044, at *1 (internal quotation marks omitted). And further, courts "must assume that the Florida court provides an adequate forum and can provide adequate remedies for any federal claims [p]laintiff[s] may have." *Sergeon*, 2010 WL 5662930, at *2; *Williams v. Am. Home Mortg. Servs.*, No. 13-23240, 2013 WL 12383472, at *2 (S.D. Fla. Nov. 20, 2013) (recognizing presumption that Florida courts provide an adequate forum and noting that "[p]laintiffs have the burden of showing that their state court action denies them adequate opportunity to raise such arguments"). "Adequacy in this context is not about the quality of the state court proceedings, but rather 'whether the challenge *can be raised* in the pending state proceedings' at all." *Leonard*, 61 F.4th at 908 (quoting *Moore v. Sims*, 442 U.S. 415, 425 (1979)). Plaintiffs can—and have—raised the challenges present in this case in the *proper* forum, the state appellate court. *See* Ex. B. Therefore, the third *Younger* prong is satisfied. In sum, this Court should abstain and allow the state proceedings to go forward, as all three requirements for *Younger* abstention are met.

### III. <u>The Amended Complaint Should be Dismissed as it Violates Federal Rules of Civil Procedure 8(a) and 10(b)'s Pleading Requirements and Constitutes an Impermissible Shotgun Pleading.</u>

Plaintiffs' Amended Complaint violates the pleading requirements set forth in Rules 8(a) and 10(b), Federal Rules of Civil Procedure, and fails to provide Defendant Clerk with "adequate notice of the claims against [him] and the grounds upon which each claim rests." *See Yeyille v.*

*Miami-Dade Cnty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016). Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Sanchez v. Team Health, Inc.*, No 18-21174-CIV, 2019 WL 13084448, at *2 (S.D. Fla. May 30, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[6] Rule 10(b) further requires a party to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) also provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" *Id.* Although courts liberally construe *pro se* pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Fla.*, 599 F. App'x 362, 363 (11th Cir. 2015). Plaintiffs unequivocally fail to meet the procedural rules set forth above.

As this Court noted, the Amended Complaint is comprised of "incoherent and rambling allegations." Order Requiring Jurisdictional Briefing, ECF No. 7 at 3. It is mostly written in a narrative format, contains multiple paragraphs that appear to be copied from other sources, repeats the same information in various places, and jumps from one topic to another without any sort of transition—all of which make it extremely difficult to understand. *See e.g.,* Am. Compl. at 18–20, 63, 74, 97, 105.  As a result, Defendant Clerk is unable to discern which allegations of fact support each claim and which claims are brought against Defendant Clerk, thus depriving him of adequate notice of the claims to which he should defend. An "incomprehensible [c]omplaint" of this sort is a "quintessential shotgun pleading." *See* Order of Dismissal, *Symonette v. Indy Mac Bank, et al.*,

---

[6] Given that the Complaint raises allegations of fraud, Plaintiffs should be held to the higher pleading standard set forth in Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). As discussed further below, the Complaint does not meet the pleading requirements of Rule 8(a) and thus also fails to meet the heightened requirements of Rule 9(b).

No. 18-23615-CIV (S.D. Fla. Sept. 5, 2018), ECF No. 4 (dismissing Plaintiffs' complaint in another action challenging a similar state court foreclosure on the grounds that the complaint was a rambling shotgun pleading).

More specifically, the Amended Complaint falls into two categories of shotgun pleadings. First, it is the type of shotgun pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Alonso v. Regions Bank*, No. 22-cv-1057, 2022 WL 1555434, at *1 (M.D. Fla. May 17, 2022) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)). Second, the Amended Complaint also falls under the type of shotgun pleading that "asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission." *See id.* The third cause of action is illustrative of the entire Amended Complaint and plainly demonstrates both of above-mentioned categories. The third cause of action is listed as follows:

> 3rd CAUSE OF ACTION JUDGES AND OFFICIAL'S CONFLICTS OF INTEREST IN VIOLATION OF FEDERAL RULE OF CIVIL PROC RULE 60, FLORIDA RULE 2.160 (A) (D) (H) (1) (4), FL. CODE JUD. CONDUCT CANON 3E (1) FL. STAT. 112.312 (8). IN VIOLATION OF FEDERAL CONSTRUCTIVE FRAUD CODE 18 U.S. CODE SS 1961 (A)…

Am. Compl. at 44. The thirty-four pages under this count consist of ambiguous and largely immaterial allegations concerning alleged conflicts of interests of government officials in connection with the state foreclosure proceedings. *See e.g., id.* at 64 ("Clerk of Courts Harvey Ruvin is also helping the Steal of Property In his Form 6, from Tallahassee called FULL AND PUBLIC DISCLOSURE OF FINANCIAL, … he got $315,000 with Wells Fargo Bank … Which is US Bank."); *id.* ("I have found that our case was directed to other Judges in the sess [sic] Pool from the Conflicted of Interests Clerk of the Court HARVEY RUVIN[.]"). Additionally, as with all other counts, it is entirely unclear whether Plaintiffs are asserting this claim against Defendant

13

Clerk. *See id.* at 43–76. This lack of clarity is in direct violation of Rule 8(a) and as a result, Defendant Clerk is forced to defend himself of all the claims where the Clerk of Courts is mentioned at any point in the underlying factual allegations.

Further, with the exception of a handful of inconsistently numbered paragraphs (*see e.g., id.* at 43–60), the Amended Complaint fails to number its paragraphs as required under Rule 10(b). *See generally id.*; *see also* Fed. R. Civ. P. 10(b). The Amended Complaint also fails to comply with Rule 10(b)'s requirement that plaintiffs state "each claim founded on a separate transaction or occurrence … in a separate count" if "doing so would promote clarity." Fed. R. Civ. P. 10(b). And, as demonstrated above, clarity is desperately needed here.

In sum, Plaintiffs' 125-page Amended Complaint is neither short nor plain, fails to include numbered paragraphs, and falls squarely within the definition of an impermissible shotgun pleading. Accordingly, the Amended Complaint should be dismissed. *See Burgess v. Royal Caribbean Cruises Ltd.*, No. 20-CV-20687, 2020 WL 13349026, at *3 (S.D. Fla. Oct. 9, 2020) (dismissing complaint as shotgun pleading where the complaint contained conclusory long-winded paragraphs and immaterial statements); *Gilroy v. City of Fort Pierce*, No. 16-14521-CIV, 2018 WL 11605617, at *3 (S.D. Fla. Mar. 16, 2018) (dismissing complaint as shotgun pleading where it was impossible to discern the plaintiff's specific claims against the defendant); *Brennan v. Royal Caribbean Cruises, Ltd.*, No. 19-21478-CIV, 2020 WL 13348667, at *1–2 (S.D. Fla. Jan. 31, 2020) (dismissing count on shotgun pleading grounds and discussing the ramifications of cases proceeding on the basis of shotgun pleadings).

## IV.  Dismissal of this Suit Should be With Prejudice.

*Pro se* litigants are generally afforded an opportunity to amend their complaint in an attempt to cure pleading deficiencies before dismissal. *See Kennedy v. Key West Police Dep't*, No.

#235153265_v2

18-CV-10286, 2018 WL 11257403, at *3 (S.D. Fla. Dec. 13, 2018), *report and recommendation adopted*, 2019 WL 11553690 (S.D. Fla. Feb. 26, 2019). "However, 'denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'" *Id.* (quoting *Burger King Corp. v. Weaver*, 169 F. 3d 1310, 1320 (11th Cir. 1999). The instant suit falls within this exception.

Plaintiffs cannot restate their allegations in a manner that would bypass this Court's lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine because no amendment can overcome these jurisdictional defects. *See id.* at *4 (dismissing complaint with prejudice because "[n]o amendment would overcome the [*Younger*] abstention doctrine"); *Cavero v. One West Bank FSB*, 617 F. App'x 928, 931 (11th Cir. 2015) (affirming dismissal with prejudice because "amendment would have been futile in light of *Rooker-Feldman*"). Accordingly, dismissal with prejudice is warranted.

## CONCLUSION

Plaintiffs cannot avoid the state court's final judgment of foreclosure. Plaintiffs made numerous attempts to challenge the judgment to no avail. Dissatisfied with the outcome of those attempts, they now improperly seek to re-litigate issues already raised, or that should have been raised, in the state foreclosure proceedings. The instant suit is just another attempt by Plaintiffs to inhibit the administration of justice. In light of the Amended Complaint's jurisdictional and pleading deficiencies and Plaintiffs' repeated abuse of the judicial system by filing frivolous claims, Defendant Clerk respectfully requests that this Court dismiss the Amended Complaint with prejudice.

#235153265_v2

Dated: January 2, 2024

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Tel. 305.374.8500
Fax: 305.789.7799

By: */s/Jose A. Casal*
Jose A. Casal (FBN 767522)
Email: jose.casal@hklaw.com
Secondary email: josie.vila@hklaw.com

*Attorneys for Defendant Juan Fernandez-Barquin, Clerk of the Court of the Eleventh Judicial Circuit and Comptroller of Miami-Dade County, Florida*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served on this date on all counsel of record or pro se parties identified below in the manner specified:

Maurice Symonette
Mack Wells
15020 S. River Drive
Miami, FL 33167
*Via U.S. Mail*

By:/s/ Jose A. Casal
Jose A. Casal

16

#235153265_v2