IN THE UNITED STATES DISTRICT OF FLORIDA General Jurisdiction
Southern District of FLORIDA General Jurisdiction
Division

~~IN THE CIRCUIT COURT OF THE EVENTH JUDICIAL CIRCUIT~~
~~IN AND FOR MIAMI DADE COUNTY, FLORIDA GENERAL~~
~~CIVIL JURISDICTION DIVISION~~

U.S. Bank National, N.A.
    Plaintiff,

v.

Mack Wells, et. al.,
    Defendants.

_____/

CASE NO.: 23-CV-22640-JEM
~~2010-061928-CA-01~~

FILED BY _____ D.C.

APR 26 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. FLA. - MIAMI

Emergency Motion

MOTION TO VOID FORECLOSURE SALE IN VIOLATION FOR SANCTIONS AGAINST
U.S. BANK FOR VIOLATING FEDERAL STAY AND WILLFULL CONTEMPT IN VIOLATION
OF 28 U.S.CODE SS 1446 (d)

COMESNOW, Defendant, MACK LEWIS WELLS, JR., and MAURICE SYMONETTE,:

The foreclosure sale was scheduled for Oct. 16, 2023.

1. Prior to the conduct of the sale, the Defendants entered into the record here, on two

occasions, a notice of removal of this action to the federal court which was previously

filed in the federal court on July 14, 2023. Material to the notice was that it was filed

under federal action 23-CV-22640-JEM.

2. What is significant here is that the Defendants had two (2) actions pending in federal

court based on the removal of this instant action. One that was filed in However, the

federal court with the wrong case number that reads 23-CV-22848 of which the Judge's

Secretary for JUDGE JOSE E. MARTINEZ would have never given that wrong Case

number and we clearly see that the signature is totally different from all the orders

signed by Judge JOSE E. MARTINEZ, see Remand with the wrong case number that

reads 23-CV-22848 of which the Judge's Secretary for JUDGE JOSE E. MARTINEZ

would have never have put the wrong Case no. we askthatthe JUDGE'S signature be

which gives the State Courts of Florida limited jurisdiction to entertain post judgement claims and is modeled after the Federal Rule of Civil procedure 60(b), all to no avail. So the relief which may be available under state law has long passed with exception of asserting certain equities of redemption in this matter. It is well established that the entry of a Final judgement in Florida divests the Courts of the ability to amend a complaint or enter a courter claims at that point as leave of the courts below would be necessary and the court in question no longer maintains jurisdiction except for the enforcement of the final judgement and its various other orders. The Plaintiffs commenced this action under the principles to seek redress and relief from players related to the Foreclosure, but not necessarily named in the Foreclosure. More specifically, without addressing any affirmative defenses that the Defendants may raise on it's own, the court should take the pro se plead and construe it liberally and remain within its "four corners" and accept the allegations as true in its examination of the question it has posed to the Plaintffs regarding the jurisdicition.

The Plaintiff seeds redress of certain state actors below for their conduct in the offvcial capacities as employees or arms of the State of Florida pursuant to 28 U.S.C. §1943 or its federal equivalent. In addition, the Amended complaint also presents federal questions which are raised against remaining the defending parties which could not be added to the action below due in a counterclaim due to the entry of the Final judgment divesting the court there of jurisdiction. Simply put, the Plaintiffs has exercised their choice of forum in the federal court to seed redress of the claims made.

JURISDICTIONAL QUESTION

As presented by the Court, the question seeking response is rephrased as follows:

WHETHER THIS COURT SHOULD DISMISS THIS CASE
UNDER THE YOUNGER ABSTENTION DOCTRINE,
ROOKER-FELDERMAN DOCTRINE, OR BOTH?

The Plaintiff responds that this matter should not be dismissed in under these doctrines as they are not implicated nor are applicable in the instant matter when a more fulsome analysis is complete.

## YOUNGER ABSTENATION DOCTRINE ON PAGE 14 THE DEFENDANTS CONTEND THAT THE PLAINTIFFS CASE MUST BE DISMISSED BECAUSE OF THE YOUNGER ABSTENTION DOCTRINE

In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter. New Orleans Public service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 373, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989)("NOPSI)("[T]here is no doctrine that ... pendency of state of judicial proceeding s excludes the federal courts."). The U.S. Supreme Court has recognized, however, certain instances in which the prospect of undue interference with state proceedings counsels against federal relief. See id., at 368, 109 S. Ct. 2506, 105 L. Ed 2d 298. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) exemplifies one class of cases in which federal-court abstention is required, when there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. The High Court has extended Younger abstention to particular real estate civil proceeding that are akin to criminal prosecutions, see Huffman v Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed.2d 482 (1975, or that implicate a State's interest in enforcing the orders and judgments of its courts, see Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d (1987). We have cautioned, however, that federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not "refus[e] to decide a case in deference to the States. "NOPSI, 491 U.S., at 368, 109 S. Ct. 2506, 105 L. Ed.2d 298.

Circumstances fitting within the younger doctrine, the Supreme Court has stressed, are "exceptional"; they include, as catalogued in NOPSI, "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Id., at 367-368, 109 S. Ct. 2506, 105 L. Ed. 2d 298. In the absence of these circumstances that the Court has ranked as "exceptional," the general rule governs, "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having

jurisdiction. " Colorado River Water Conservation Dis. V. United States, 424 U.S. 800,817 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (quoting McClellan v. Carland, 217 U.S. 268, 282, 30 S. Ct. 501, 54 L. Ed. 762 (1910)). Younger abstention is appropriate only when the parallel state proceedings are "coercive, " rather than "remedial," in nature. 690 F. 3d 864, 868 (2012); cf. Guillemard-Ginorio v. Contreras-Gomez, 585 F. 3d 508, 522 (CA 2009) ("[P]roceedings must coercive, and in most cases, state-initiated, in order to warrant abstention."). One Circuit Court, the Eighth Circuit read this Court's precedent to require Younger abstention whenever "an ongoing state judicial proceeding... implicates important state interest, and ... the state proceedings provide adequate opportunity to raise [federal] challenges." 690 F. 3d, at 867 (citing Middlesex Country Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423,432, 102 S. Ct. 2515, 73 L. Ed. 2d 186 (1984) (quoting Colorado River, 424 U.S., at 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483).

Here, the non-applicability of the first two prongs are evident. The proceeding below is not a criminal proceeding implemented by the state nor is akin to a state criminal proceeding. The only rule which may be applicable here is the third extraordinary exception under Younger, "an ongoing state judicial proceeding ... implicates important state interests, and ... the state
Proceedings provide adequate opportunity to rase [federal] challenges. " There is no doubt that the state proceeding is on going to the extent that the final judgment is seeking to be enforced and the enforcement of the judgment does potential implicate some compelling state interest. Where the doctrine fails is in the adequate opportunity to raise federal challenges. As previously stated, the ability to add the counterclaim ceases at the entry of the final judgment. As such, there was not an adequate opportunity to raise the federal questions at the time they were discovered with the reasonable diligence that was required below as the exhibits to the complaint show, the financial disclosure forms of the various presiding judges were not made available until 2021 in which the conflicts existed and that constitutes new evidence which did not exist at the time of the Foreclosure Final judgment entry on December 19, 2017. It is also beyond the one (1) year

period under Fla. R. Civ. P. 1.540(b) to bring a limited challenge to a final order which was affirmed on

appeal Nov. 9, 2018. Accordingly, the Younger Abstention Doctrine is not applicable here.

## ON PAGE 16 OF DEFENDANTS MOTION TO DISMISS BECAUSE OF THE ROCKER FELDMAN DOCTRINE THIS IS OUR RESPONSE TO THAT.

The Rooker-Feldman doctrine bars parties that have lost in state court from filling suit in Rooker v.

Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); D.C. court of Appeals v. Feldman, 460

U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Johnson v. De Grandy, 512 U.S. 597, 1005-06, 114 S.

Ct. 2647, 129 L. Ed. 2d 775 (1994) (Rooker-Feldman prevents an unsuccessful state-court judgments are

beyond the purview of the Rooker-Feldman doctrine. See McCormick v. Braverman, 451 F.3d 382, 392-93

(6th Cir. 2006) (holding Rooker-Feldman inapplicable because the Plaintiff did not attack the stat-court

judgments but "assert[ed] independent claims that those state court judgments were [improperly] procured

by" the defendants); Todd v. Weltman, Weinberg, & Reis Co., L.P,A.., 434 F.3d 432, 436-37 (6th Cir. 2006)

(holding Rooker-Feldman not triggered because the plaintiff did not allege that he was injured by the state-

court judgment, but instead filed an independent fedral claim that he was injured by the defendant's filling of

a false affidavit in the state-court proceeding).

The answer to dismissal under this doctrine is very simplistic indeed. The Plaintiffs, albeit through a

voluminous complaint, sought to obtain redress and relief from CONDUCT of the players in obtaining the

judgment, They did not attack the judgment directly. The state laws in the hierarchy of the American legal

scheme, goes to the heart of how the final judgment was obtained in the State court and thus goes to the heart

of the matter. The Collateral attack which was launched here defines the conflicts and unlawful conduct

which those players resorted in order to obtain the judgment and deprive the Plaintiffs of their property under

the color of law and without due process of law which is required under the United States Constitution's 14th

amendment. So, it is without question that the claims made, which are properly directed at the conduct of the Defendants, are precluded from the preview of the Rocker-Feldman Doctrine here.

### *AND ON PAGE 19 OF 20 OUR ANSWER TO PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND*

Our answer to that is our Case has Federal Jurisdiction Foreclosure was procured, and not at the judgment itself. Accordingly the action should be maintained and not dismissed.

CONCLUSION

As stated above, the instant action should be allowed to be maintained in this Court s the Younger Abstention Doctrine is not applicable because the first two extraordinary exceptions do not apply and the third exception did not afford the adequate opportunity to raise the challenges due to the evidence of the conflict not being discovered until disclosures were completed in 2021. Likewise, Rocker-Feldman doesn't apply due to the claim being relief directed at the conduct of the Defendants in how the final Judgment of Foreclosure was procured, and not at the judgment itself. Accordingly the action should be maintained and not dismissed.

WE DEMAND THAT THE FEDERAL JUDGE TO VOID FORECLOSURE SALE IN VIOLATION FOR SANCTIONS AGAINST U.S. BANK FOR VIOLATING FEDERAL STAY AND WILLFULL CONTEMPT IN VIOLATION OF 28 U.S.CODE SS 1446 (d)

The foreclosure sale was scheduled for Oct. 16, 2023.

1. Prior to the conduct of the sale, the Defendants entered into the record here, on two occasions, a notice of removal of this action to the federal court which was previously filed in the federal court on July 14, 2023. Material to the notice was that it was filed under federal action 23-CV-22640-JEM.

2. What is significant here is that the Defendants had two (2) actions pending in federal court based on the removal of this instant action. One that was filed in However, the federal court with the wrong case number that reads 23-CV-22848 of which the Judge's Secretary for JUDGE JOSE E. MARTINEZ would have never given that wrong Case number and we clearly see that the signature is totally different from all the orders signed

by Judge JOSE E. MARTINEZ, see Remand with the wrong case number that reads 23-CV-22848 of which the Judge's Secretary for JUDGE JOSE E. MARTINEZ would have never have put the wrong Case no. we ask that the JUDGE'S signature be checked with a hand writing Expert, Exh. AA. And see: JUDGE JOSE E. MARTINEZ'S signature in correct case number 23-CV-22640-JEM wherein he asked for our proof of our Federal Jurisdiction. His signature is totally different, Exh. BB. Exh. CC and Exh. DD. So you can see that JUDGE JOSE E. MARTINEZ

in the Correct Division with the Correct Notice of Removal where in case no. 23-CV-22640-JEM dated 08/03/23 no. 7. the JUDGE asked us to show our Jurisdictional rights to do this Case and on that Federal Docket dated 08/07/23 we answered with an Amended Complaint with the Notice of Removal which becomes a full-blown Federal Complaint and proved Jurisdiction and the Judge did not Remand our Notice of Removal in the correct Federal Division case no. 23-CV-22640-JEM.  Then the Defendants with (US BANK) asked for an extension of time to answer the Complaint and **NOTICE OF REMOVAL** which proves that US BANK Lawyers were knowingly lying when they said that this was only a Complaint and not a **Notice of Removal** and must be punished for deliberately misleading the Court to steal our property!

3.  The action filed \under under 23-CV-22640-JEM is still pending before the federal court awaiting determination on its jurisdiction in which the Judge has been fully briefed in that matter. *See Federal Court Docket for Action 23-CV-22640-JEM attached as Exhibit "A".*

4.  At no time did the federal court remand the case which was filed July 14, 2023 filed under 23-CV-22640-JEM as a result of the notice of removal. Accordingly, the jurisdiction of the State Civil Court Case# 2010-61928-CA01 MACK WELLS V. U.S. BANK  is not proper at this juncture due to this case not being remanded. And now JUDGE MARTINEZ ordered us to use a. MAGISTRATE again with another strange forged signature of JUDGE Martinez. But during the interim they have had an objection to Sale hearing even though we told them the Case has been Removed to Federal Court Exh.MM and they have clouded the Title with a Certificate of Title with incorrect information such as saying that we never Objected to the Sale within 10

days after the Certificate of Sale was issued on 10/19/23. In Case# 2010-61928-CA01 but the facts are we did object to the Sale to say we have a Notice of Removal 10/23/23,10/26/23,10/27/23 and 10/28/23 and that the Case should not move forward on the Docket because of the Federal Notice of Removal 2010-61928-CA01 so the Certificate of Title is Void and in Violation of 28 U.S.Code SS 1446,  Exh. NN. They along with the Conflict of Interest Judges are breaking every rule and law to cheat and just take our property in violation of the Stay so that the Rick Scott and Fl. Bill 87 can be enacted which says that if wrongfully Foreclosed and the Title changes you can no longer get the Property you can only get Money Damages this is so that they can get the property for Developers to build on the water on our land that we are not allowed to own by using the **_RACIST_** Jim Crow law and the Black Code Law which says **_SLAVES ARE NOT ALLOWED TO OWN PROPERTY._** This is why we demand an Order from the Federal Courts to Reverse the Sale that was done October 16th after the Notice of Removal was put in and on the Docket October 13th,14,15th and 16th on Case #2010-61928-CA01 and given to the Judge by Maurice Symonette hand delivered on Camera  30 mins. Before the before the Sale on video see gods2.com video 1g-18.

5. No order by the federal court in action 23-CV-22640-JEM the correct case#. and signature has been entered for remand   that was filed 07/14/23, but somehow the case filed under the wrong case# 23-CV-22848 with the forged signature of JUDGE MARTINEZ put in was fraudulently Remanded from the never activated Case# because when that Case was filed it was immediately on the same day with right case no. from the U.S. District Florida Southern-Ft. Lauderdale the wrong Division but had the right Case# filed under 23-CV-22640-JEM but was fraudulently remanded with a forged JUDGE JOSE E. MARTINEZ'S, See Forged signatured Order, of JUDGE MARTINEZ'S under the wrong Case# filed under 23-CV-22648- line#. 4, Exh. AA. Now look at the Correct Case under JUDGE JOSE E. MARTINEZ filed under under 23-CV-22640-JEM with the correct signature, Exh. BB. And looks like 5 cases with the same Judge Martinez's cases like Amanda v. Joby, see" signature, Exh. HH, II, Samuel v. Miami, Exh. JJ and the U.S. V. Alfred Davis, Exh. KK. all have the same JUDGE MARTINEZ's signature and looks like the same signature of JUDGE MARTINEZ on the case filed under

case# 23-CV-22640-JEM which is the correct case and correct signature. This is what we Sueing U.S. BANK about in our Federal RICO case against the Conspiring Lawyers and Judges one of the counts is for forging JUDGE'S ORDERS. Exh. LL. and Case was never Remanded in filed under case# 23-CV-22640-JEM Despite the entry of the notice of removal entered by MACK WELLS and MAURICE SYMONETTE on Oct.13th , 14th and Oct. 15th , the Dade County Court still proceeded with the sale of the property in031 in Violation of the Notice of Removal Stay, 28 U.S. CODE SS 1446 (d) of the Notice of Removal.

6. On Oct. 16, 2023, the property was sold to the Plaintiff Illegally as the successful bidder for a startling grossly inadequate sales price of $77,800.00 in Violation of the Notice Stay so therefore the Sale is VOID so the Lawyers must be punished and sanctioned and the SALE removed now by the U.S. MARSHALS

7. , *See Real Foreclose Data Sheet attached as Exhibit "B"*, when compared to the actual assessed value as determined by the Miami Dade Property Appraiser. *See Miami Dade Property Appraiser Profile Attached as Exhibit "C".*

8. The Clerk entered the certificate of sale on Oct. 19, 2023 stating that the Plaintiff was the successful bidder at the sale triggering the ten (10) day period under which the sale may be objected pursuant to Fla. Stat. §45.031 in Violation of the Notice of Removal Stay, 28 U.S. CODE SS 1446 (d) so therefore the Sale is VOID

4. Contained in the omnibus pleading filed on July 2, 2023 was also notice of removal of the action to federal court, the effect of which suspended the jurisdiction of this court until such time the case is remanded by the federal court.

5. Ultimately, the Court entered its order dated Aug. 3, 2023 which cancelled the sale scheduled for Aug. 7, 2023 due to two (2) grounds that were found by the Court. The first being that the action had been previously removed to the federal court and the other being a judicial disqualification was pending and had not been properly disposed by the Court.

]

11. This Court previously cancelled the sale based on removal for lack of jurisdiction based on the federal action filed under 23-CV-22848-JEM. At no time did the federal court remand the second case which was filed July 14, 2023 as a result of the removal. Accordingly, the jurisdiction of this Court is still not proper at this juncture due to the second case not being remanded.

12. Despite the entry of the notice of removal entered by the Defendants on Oct. 13th , 14th and Oct. 15th, this Court still proceeded with the sale of the property.

13. On Oct. 16, 2023, the property was sold to the Plaintiff as the successful bidder for a startling grossly inadequate sales price of $77,800.00,

14. The Clerk entered the certificate of sale on Oct. 19, 2023 stating that the Plaintiff was the successful bidder at the sale triggering the ten (10) day period under which the sale may be objected pursuant to Fla. Stat. §45.031.

<u>Judicial Sale Conducted Without Jurisdiction</u>

The federal removal statute provides that once a copy of the notice of removal is filed in state court, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); see *General Electric Credit Corp. v. Smith*, 484 So. 2d 75, 76 (Fla. 2d DCA 1986); *Weiser v. Bierbrouwerij, B.V.*, 430 So. 2d 986, 987 (Fla. 3d DCA 1983); *Rutas Aereas Nacionales, S.A. v. Cauley & Martin, Inc.*, 160 So. 2d 168, 169 (Fla. 3d DCA), cert. denied, 166 So. 2d 753 (Fla. 1964). The federal removal statute provides that upon entry of an order of Remand, "the State court may thereupon proceed with such case." 28 U.S.C § 1447(c). See generally *Wilson v. Sandstrom*, 317 So. 2d 732, 740-41 (Fla. 1975) (effect on state court jurisdiction where case is remanded), cert. denied sub nom. *Alder v. Sandstrom*, 423 U.S. 1053, 46 L. Ed. 2d 642, 96 S. Ct. 782 (1976). From the viewpoint of the state court, the removal statute gives the state court a clear demarcation of when state

court jurisdiction ceases, and when (if ever) the state court may resume jurisdiction. Under the statute, state

court jurisdiction *ceases* when a copy of the notice of removal is filed in the state court. 28 U.S.C. § 1446(d),

or at best is suspended.

It is abundantly clear that the face of the pleading filed into the record of the Court five

(5)   separate times on Oct. 13, 2023, [D.E. 387, 389, 390, 391 and 392], and again on Oct. 15, 2023 on two (2)

more occasions, [D.E. 395 and 397], gave clear notice of the removal of the instant action to the federal court

previously back on July 14, 2023, albeit never being filed in the instant action at that time. Because they

Deliberately confused us. This State Court is precluded by federal law, based on the application of the

automatic stay Federal code 28 U.S. SS 1446 (D), from allowing the sale to proceed forward in this instance.

This Court has no discretion in this matter when it comes to the removal statute and its effect on the

jurisdiction of this Court.

The Third District, whose decisions are utterly binding on this Court stated, in *Garcia v. Deutsche Bank Nat'l*

*Trust Co.*, 259 So. 3d 201, 202 (Fla. 3DCA 2018), that "State court jurisdiction ceases upon removal of a case to

federal court and ***any pre-remand proceedings occurring in the state court after the case has been removed are***

***void***"

(citing *Musa v. Wells Fargo Del. Tr. Co.*, 181 So. 3d 1275, 1277 (Fla. 1st DCA 2015)) [emphasis added]. But it

does not end there. Even more telling as to the effect of a

on a court's jurisdiction is what the Third District stated following that which was

"[i]n a detailed review of the law in this area, the First District concluded that even an

***improper removal to federal court, or a removal for improper motives, will not***

***preserve state court jurisdiction.***" *Id.* at 1280-84; see also *Cole v. Wells Fargo Bank Nat'l Ass'n*, 201 So. 3d

749, 750 (Fla. 5th DCA 2016).

Even the Federal Eleventh Circuit Court of Appeals took this position in the seminal case *Maseda v.*

*Honda Motor Co.*, 861 F. 2d 1248 (11th Cir. 1988)("Since *Steamship Co. v. Tugman*, 106 U.S. 118, 1S. Ct. 58,

27 L. Ed. 87 (1882) was decided, the removal statute 28 U.S.C. § 1446 was amended. Under the amendment, the filing of a removal petition terminates the state court's jurisdiction until the case is remanded, ***even in a case improperly removed***" (citing *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir.))[emphasis added].

More damaging to this matter is the fact that this Court has proceeding in this matter while this Court lacked subject matter jurisdiction upon the filing of the Notice on Oct. 13, 2023. There is even an argument that the Court did not have jurisdiction under the second filed removal under case 23-CV-22640-JEM since the filing of that case. A careful examination of that case's docket in the federal court clearly shows that the matter has not been dismissed or otherwise remanded. The docket clearly reflects that entry #4 shows the notice of removal filed in this Court is the same one filed in that court's records. The notice of removal, which should have been filed in this action, was mistakenly filed in that court instead. Under the removal statute, the removal is not effective until filed in the state court action. Granted, the notice was not filed here when the action was filed in federal court. But the federal law is clear, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall effect the removal and the State court shall proceed no further unless and until the case is remanded*." 28 U.S.C. §1446(d). In this case, the filing of the notice of removal on Oct. 13, 2023 instituted the automatic stay, based on removal, under case number 23-CV-22640-JEM in federal court.

9. Accordingly, any action taken by the Court after the notice of removal filed by the Defendant on Oct. 13, 2023, including the conduct of the judicial sale, ***IS VOID DUE TO THE JURISDICTION OF THIS COURT BEING SUSPENDED.*** Here, the sale itself was allowed to proceed even after the notice of removal was filed in this action on Oct. 13, 2023. Due to an a deliberate attempt by the Clerk of the Court to keep the Federal Notice of Removal off the Docket files and then claim ignorance so that they could Foreclose and get it closer to the changing of the Title if we catch on to their conspiring

insiders who would be working with them to steal the Property under color of Law. the

property was allowed to go to sale despite a notice of removal filed prior to the sale. US Bank

Lawyers told Judge Eig that we did not have a new NOTICE OF REMOVAL and that the new

Federal Notice of Removal was just a Federal Complaint which is a lie because the case was

filed 07/14/23 when that Judge saw the Amended Notice of Removal and Complaint the Judge

didn't Remand with the case # 23-CV-22640-JEM but was put in into Ft. Lauderdale the wrong

Division but went to Federal Judge Martinez to Dade County Federal Court House from

Broward filed 07/14/23 that was sent to Miami on Jurisdictional Grounds because the Case was

filed in Broward County the wrong County Division because Dade County is the Correct Federal

Division where the Case happened but at the same time the Federal Causes were unclear so I

did a Federal Amended Notice of Removal and Complaint that listed most of the Federal

Jurisdiction, Exh.  (AA.) and then the Judge asked us to Show Cause as to why he should not

Remand our case and we answered and showed mostly all the Federal Jurisdiction, Exh. BB.

and the Case was not Remanded. And the Judge gave them time to Answer Notice of Removal

and Complaint they missed the Deadline but came back and answered the Notice of Removal

and Complaint also mentioning the Notice of Removal with the  Complaint so US BANK Lawyers

new this was a **_NOTICE OF REMOVAL,_** Exh. (CC.) and not just a Complaint like they Lied to

Judge EIG, saying "this was just a Complaint", on the Federal Docket Case 23-CV-22640-JEM on

12/06/23, 12/08/23, 01/02/24 ,01/05/24 and 01/26/24 US BANK says this is a Motion to

Dismiss Remand our Notice of Removal and Complaint which started 07/14/23  and Noticed to

the Circuit Court, Judge and US BANK Lawyers because even though they knew there was a Federal Stay from a Notice of Removal and Complaint the Lawless Judge Carlos Lopez and US BANK Lawyers they continued to Prosecute the Fake Foreclosure Case and Sale to make us lose Title to the House knowing that ***Florida BILL 87 says even if it is a Wrongful Foreclosure you can't get the House back you can only get Money Reimbursement because they are doing the Jim Crow Law and the Black Code of the Slavery South which says " Niggers can't out right Own Property, Exh. DD. in Violation of the 14th Amendment and the Bible Exodus 12:49 which says, "Equal Rights and there shall be one Law for all".*** They just want to change the Title out our names so that they can illegally declare our House an unsafe Structure and confiscate the HOUSE to Evict us like they tried to do illegally when the whole County participate in fake Murder scene at our house used to Confiscate our Property but got caught and they gave the house back the same Day see : Gods2.com Video H. So the County has no Jurisdiction this Case which is Stayed by JUDGE Martinez because it is still in Federal Court under Federal Jurisdiction in Judge Martinez's Court who must save U.S. Sovereignty and Jurisdiction and not allow Florida to take it. For it is obviously Federal Jurisdiction acknowledged on the Federal Docket So therefore the NOTICE OF REMOVAL has not been Remanded. There was also a Bankruptcy filed 4 days before the Sale that stops the Sale but they continued on anyway even with Certified Copy in Violaton of Federal rule 362 of the Bankruptcy Code automatic Stay, Exh. A. and the Notice of Removal fled from the Federal Court on the County Court Filed October 12th E-fled Oct 13th,14th and 16th Exh. CC. and on Oct. 16th And the Clerk of the Court would not allow

the Notice of Removal nor the Bankruptcy to show on the Docket when we brought the Documents in person or when we E-fled the Documents to the Docket it just said Pending so that the Judge would not Cancel the Sale and now after the Sale the Documents shows on the Docket and in the right Filings from October 12th to Oct. 16th Exh. EE. but only after we showed the Supervisor of the Docket fling Dept. that we Video Taped and showed her the whole filing transaction and we also video taped her seeing the Video and seeing the Video then She admitted we were Right  and put the Notice of Removal and Bankruptcy on the Docket with the Correct Dates that was before the Sale that also Stopped the Sale or should have stopped (STAYED THE SALE) and we gave Notice of Removal and Bankruptcy to the Judge directly and acknowledged it on Video in front of Witnesses but would not STOP THE SALE according to the Law even after admitting on his FORM 6 FINANCIAL AFFIDAVIT that he made a literal 2million **CASH** from US BANK but would not Recuse himself, Exh. FF. Wow completely Lawless, see Gods2.com Video number 1G-18. 2. We asked the Clerk for the Pay Off and she would give it to us because we were not Leroy Williams the Borrower even though Mack Wells who asked her for the Pay Off is listed as a Defendant and then she lied and would not allow us to file Bankruptcy or the Notice of Removal on the twelfth floor where everybody else does it that actually Video Taped this and while she was unnecessarily walking me some brothers and Mack Wells who's Cripple in a walker across the street to the Courthouse to file the Bankruptcy Notice of Removal.

## GROUNDS FOR REMOVAL

**2.** Pursuant to the Federal Question and Exclusive Jurisdiction Rule, this Court has jurisdiction over the case at bar because it is already before this Court as Case *No. 2010-61928-CA01* This Notice of Removal was timely filed not more than 30 days after service of the Complaint shown in **Exh. 50 page 1 and 2** along with **Exh. 56.** as Required by 28 U.S.C. § 1446, because the defendants have not yet been served with this Complaint. This Notice of Removal was timely filed not more than 30 days the Complaint shown in **Exh. 56** as Required by 28 U.S.C. § 1446, because the defendants have not yet been served with this Complaint because even though bank is reopening the Case according to Fl. Statute 1.420 U.S BANK IS CUTTING THROUGH ALL LAW PROTOCOL BECAUSE WHEN OUR CASE WAS REOPENED ON DOCKET DATED 06/06/23. AND A NEW NOTICE WAS NOTICED TO US 06/29/23, **EXH. 50.** AFTER JUDGE VIVIAN DEL RIO RECUSED GOT CAUGHT WITH U.S. BANK FINANCIAL CONFLICT OF INTEREST, **EXH. 49. PAGES 1-119.** SO SHE RECUSED HERSELF FROM OUR CASE AND THEN SHE CLOSED THE CASE IN ACCORDANCE WITH MY MOTION AND AFFIDAVIT FOR RELIEF, RECUSAL AND RECONSIDER HER ORDER AND REVERT BACK TO JUDGE ZABEL'S ORDER OF DISMISSAL WITH PREJUDICE BY VACATING HER ORDER **EXH. 5.** AND SHE DID AND CLOSED THE CASE. BUT THEN THE CASE WAS REOPENED BY U.S. BANK ATTORNEYS ON, 06/13/23, **EXH. 66,** OF THE *2010-61928-CA01* after service of the Complaint shown in **EXH. 50. PAGES 1-2.** as Required by 28 U.S.C. § 1446,

**CASE IS PROPERLY REMOVABLE TO FEDERAL COURT** BECAUSE IT INVOLVES A CONTROVERSY BETWEEN CITIZENS OF DIFFERENT STATES AND AN AMOUNT IN CONTROVERSY THAT EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS. SEE

U.S.C. §§ 1332, 1441, AND 1446. the date of this Case was started over it had Federal Questions,

U.S. Bank NA. is owned by the CIC, EXH. 35, 38, THE CIC OR CHINESE INVESTMENT

CORPORATION IS OWNED BY CHINA, EXH. 39. With its principal place of business is in

CHINA WHOSE ADRESS IS NEW POLY PLAZA, NO. 1 CHAOYANGMEN BEIDAJIE,

DONGCHENG DISTRICT, BEIJING CHINA. 100010. MACK WELLS AND MAURICE

SYMONETTE ADDRESS IS 15020 SOUTH RIVER DRIVE MIAMI FLORIDA 33167 As such,

U.S. BANK is a citizen of CHINA, not Florida, for diversity purposes. See 28 U.S.C. § 1332(c).

10. The parties are therefore diverse. The Complaint alleges that Plaintiff is seeking "in excess of

NINE Hundred and Ninety one Thousand Dollars ($991,000,00,). Plaintiff is seeking to foreclose

for breach of contract, costs, and attorneys' fees pursuant to Fla. Stat. § 627.428. Under 28 U.S.C.

§ 1441(a), venue of the removed action is proper in this Court as a district or division embracing

the place where the state action is pending. The time withinwhich Defendants are required to file

this Notice of Removal in order to remove this cause to the Court has not yet expired. 14.

Attached as Exhibit "B" is a copy of the Certification of Notice of Removal, which will be filed by

Defendant in the pending State Action. 15. Attached as Exhibit "C" is a copy of the Notice of

Removal to Opposing Counsel, which will be filed by Hartford Fire in the pending State Action

respectfully requests that this Honorable Court exercise jurisdiction over this matter. 7/29/2023.

### JUDGE'S CONFLICTS OF INTEREST PLAYING TAG TEAM IN GROUPS WITH JUDGES WITH THE SAME BIAS AND FINANCIAL CONFLICTS OF INTEREST IN VIOLATION OF FEDERAL 28 U.S. CODE SS 455.

IN VIOLATION OF FEDERAL LAWS TO HELP THE BANKS ILLEGALLY WIN AND

FAKE BLACK'S HOMES DISCRIMINATION AND FARA VIOLATIONS, ETC. defendant named in the Complaint shown in **Exh."56."** has been served. (A copy of the docket published by Dade County Florida today is attached hereto as **Exh. 56.** hereto **as Exh. 56.** Defendant MACK WELLS AND MAURICE SYMONETTE ('M and M') Hereby Pro Se removes this action from the Circuit Court of the Eleventh Circuit, DADE COUNTY State of Florda, on December 6,2010. to this Court. All other **defendants consent** to and join in this removal. Hereby file this statement on the grounds for removing this cause of action to the United States District Court for the Southern District of Florida, Miami Division together with a copy of all process, pleadings and Orders served upon ('M and M') in the state court case. In support of removal, ('M and M') states the following:1. On July 9, 2023, Plaintiff U.S. Bank. NA. Hereby called (USB) Called for a new hearing after three Judges on our Case Recused themselves who had matching Money Conflicts of interest, with U.S. Bank. Judges, Thomas William, **Exh. 8.** Valerie Manno Schurr **Exh. 4.** and Vivianne Del Rio, **Exh. 8.** after they got caught making Money with (USB), **Exh. 4 and 7.** the same (USB) they were the Judges on our Case for. They all then Closed the Case which Vacated all of their Orders and Reverted the case back to the Original Judge's Order which is Judge Sara Zabel's 2009 Order of Dismissal with Prejudice, **Exh. 22.** Backed by the Docket 4/6/09 and signed by Judge Zabal, **Exh. 5.** IN ACCORDANCE WITH MY MOTION AND AFFIDAVIT FOR RELIEF, RECUSAL AND RECONSIDER HER ORDER AND REVERT BACK TO JUDGE ZABEL'S ORDER OF DISMISSAL WITH PREJUDICE BY VACATING HER ORDER **EXH. 5. AND THEY GRANTED MY MOTION THEREBY DISMISSING OUR CASE WITH PREJUDICE AND CLOSING THE CASE, EXH. 8 AND EXH. 49 IN ACCORDACE WITH FLORIDA 2.160 (H)(I)(J)** BUT THEN THE CASE WAS REOPENED BY U.S. BANK ATTORNEYS ON, 06/13/23, **EXH. 66,** OF THE *2010-61928-CA01* after service of the Complaint shown in EXH. 50 PAGES 1-2. as Required by 28 U.S.C. § 1446, But the date of

this Case was started over with Federal Questions, **FROM NEWLY DISCOVERED EVIDENCE IN ACCORDANCE WITH FEDERAL RULE 60 THAT HAS BECOME REMOVABLE TO FEDERAL COURT.**

By filing this Notice of Removal, Mr. Mack Wells and Maurice Symonette does not waive, and hereby reserves, any right to assert objections and defenses to the Complaint shown in **Exh. 56.**

## BACKGROUND

On 04/26/07 a Lis Pendens filed without a Complaint Case number 2007-12407-CA01 and without notice to us concerning a Mortgage and Note Leroy Williams. We did a QWR Request and U.S. Bank would not bring in the Complaint, Note, Allonge, Mortgage Assignment And that Case was Dismissed with Prejudice. And then another Judge named Valerie Manno Schurr exactly one year later dismissed the Case with Prejudice again 04/06/2007 **Exh. 6.** Dismissed with Prejudice and then three months later it was Dismissed without Prejudice to subvert and get rid of Judge Zabel's Dismissal with Prejudice that was supposed to end the Case forever but now the 2007 Case was given new life by Judge Valerie Manno Schurr who was not ever our Judge and we never had a Hearing in front of her yet now another Lis Pendens stemming from the same 2007 same Case was filed in 2010 with the Case number *2010-61928-CA01* but this time they brought in Fake U.S. Bank N.A. AS TRUSTEE FOR RASC 005 AHL3 Complaint, with the Note, Mortgage, Fake Allonge from Homecomings Financial LLC/ Residential Funding Corporation, **Exh. 30 and 32.** and Assignment, **Exh. 32.** and started the Foreclosure over again from the same 2007 case *007-12407-CA01* but now continued in 2010 with a new Case number *2010-61928-CA01* On June 30, 005, saying there was executed and delivered a Promissory Note ("Mortgage Note") and a Mortgage ("Mortgage") securing, the payment of the Mortgage Note. The Mortgage is'as recorded on July 9, 005, Official Records Book 3623 at Page 3231, of the Public Records of Miami Dade County, Florida, (All subsequent recording references are in the public records of MIAMI-DADE County, Florida) and mortgaged the real and personal property ("Property") described therein, then owned by and in possession of the Mortgagor(s). Copies of the original Mortgage Note and Mortgage are attached hereto

and incorporated herein as an Exh. 33. Mortgagee shown on the Mortgage attached as an exhibit is the original Mortgagee. The Property is now owned by Defendant(s), MACK WELLS AND MAURICE SYMONETTE AND CURTIS MCNEAL The Mortgage Note and Mortgage are in fake default. The required installment payment of January 1, 2007, they lie and was not paid, and no subsequent payments have been made. The Mortgage is fraudulently contractually due.

**THE PROPERTY IS NOW OWNED OF RECORD AND BY QUIT CLAIM DEED BY DEFENDANT(S), EXH. 28, pages i-6. MACK WELLS MAURICE SYMONETTE AND CURTIS MC NEAL**

Wherein we the owners were making all payments Leroy Williams as as Quit Claim Partners on time to our Bank the **REAL** Bank **AXIOM FINANCIAL SERVICES,** with Receipts that shows up to May 30th 2007 Five months after the Foreclosure of 2007 was started, **Exh. 7.** And then out of nowhere we find out by mistake while Down Town checking on another House that our House was not only in a Fake Foreclosure but it was going on Sale in few days by a bank called U.S. Bank N.A. Owned by China, **Exh. 35, 36, 37 and 38.** In Violation of and 12 U.S.C. 632 (No Foreign Banks can file Foreclosure or Suits in State or County Courts must file in Federal Courts FARA). We had an emergency hearing with the original JUDGE Sarah Zabel we showed the Mortgage payment receipts and she stopped the Sale because on the Foreclosure lawsuit Docket there was no Complaint, Note, Allonge, Mortgage, Assignment and no Exhibits of proof of non-payment on the Docket record of 2007-12407-CA01 up until this day the Judge was very upset because our Lawyer friend and me pointed out to her that she could get in trouble for signing a Judgement without the proper documents that were missing so Judge Zabel demanded that they bring in the documents and they never would finally she told us to type up an Order for Dismissal with Prejudice and she signed it in her chambers and she signed a copy of it, **Exh. 5.** in front of us as witnesses, **Exh. 22.** then she put it on the Docket Record dated 04/06/09 and she was relieved

because we daily had protesters from Black Democrats and White Republicans screaming Racism in front of the Courthouse daily. The JUDGE ZABEL said **"Congratulations the Lawyers would not follow my ORDERS so you Won the Property"!** And the Drama was over! We thought!! On July 9, 023, Plaintiff U.S. Bank. NA. Hereby called (USB) Called for a new hearing after three Judges on our Case Recused themselves who had matching Money Conflicts of interest, with U.S. Bank. Judges, Thomas William, **Exh. 8.** Valerie Manno Schurr **Exh. 4.** and Vivianne Del Rio, **Exh. 8.** after they got caught making Money with (USB), in Violation of Federal Rule 60 which says Judges can't have Conflicts of Interest, Exh. 4 and 7. the same (USB) they were the Judges on our Case for. They all then Closed the Case which Vacated all of their Orders and Reverted the case back to the Original Judge's Order which is Judge Sara Zabel's 009 Order of Dismissal with Prejudice, **Exh. 22.** Backed by the Docket 4/6/09 and signed by Judge Zabal, **Exh. 5. And then Secretly without Notice or a Hearing Valerie Manno Schurr** Dismissed the same Case with Prejudice unnecessarily and three months later Dismissed the same Case but Without Prejudice to overturn her and Judge Sarah Zabel's Orders and what's Crazy is this was from a Judge we had never met or had our Case heard in front of but yet she trickily changed JUDGE SARAH ZABEL'S Order from Dismissed with Prejudice to Dismissed WITHOUT Prejudice and then Secretly Without Notice to us the U.S. Bank Lawyers started another Case from the same CASE with Judge John Schlesinger who Illegally ruled against us while 6 other Judges Ruled against no matter how much we showed them that they had no Allonge, the wrong Assignment from the wrong Bank and all the receipts of payments that were on time with all of our payments. But finally, we Know why, it's because all these JUDGES are money Conflicted with these Banks and in business with these Bank. We never stood a chance but when we caught the last Judge Vivian Del Rio making money with U.S. Bank she Recused Herself and CLOSED the Case, **Exh. 8.** And this forth time now they bring in a Judge named Carlos Lopez who got over two million Dollars

CASH from U.S. BANK, **Exh. 10.** and so he quickly gave a Sale to U.S. Bank to keep his $2 million dollars so that the Developers can Gentrify and take our waterfront house to make them a waterfront property pure Evil! They want to just take and Steal our property without ever showing there proof and Standing to Foreclose and even though we have asked this Judge to Recuse and Vacate his Orders of a Foreclosure sale Date according to Florida Rule .160 (H) (I) (J) and he did that ORDER while Mack Wells was very sick and incapacitated and couldn't See or Breath and had to be rushed to the Hospital.

## WE NEVER STOOD A CHANCE BECAUSE ALL THE JUDGES

## AND OFFICIALS WHO HAVE BEEN WORKING THIS CASE

ARE BEING PAID BY U.S. BANK WHICH IS SERIOUS CONFLICT OF INTEREST WE MUST REMOVE TO FEDERAL COURT. FLORIDA RULE OF JUDICIAL ADMINISTRATION .450 FEDERAL 8 USC 1313 AND DISCRIMINATING AGAINST US BECAUSE WE ARE BLACK. THIS GIVES FEDERAL COURTS JURISDICTION OVER

COUNTY JUDGES DOMBROSWSKI V. PFISTER :: 380

*DADE COUNTY JUDGES ON 15020 SOUTH RIVER DR.MIAMI FL. 33167 WHO PLAYED COUR JUDGE TAG TEAM ON ALWAYS RULING IN U.S. BANK'S FAVOR STEALING. AND*

*NEVER FORCING. U.S. BANK TO PROVE STANDING*

1. SARAH ZABEL 4/7/09---------------------------made 9 Million, Exh. 51. from US BANK
2. VALERIE MANNO SCHURR 1/21/22------made 12 Million' Exh. 6. from US BANK
3. JOHN SCHLESINGER 12/19/2017--made almost 9 Million, Exh. 53. from US BANK

4.  SAMANTHA RUIZ COHEN 5/12/2021----------over Million, Exh. 51. from US BANK

5.  MIGUEL DE LA O 1/9/2019-----------Made almost 1Million, Exh. 59. from US BANK

6.  VERONICA DIAZ 6/2/202Made0---Made almost ½ Million, Exh. 52. from US BANK

7.  VIVIANNE DEL RIO 5/4/2022------Made almost a Million, Exh. 49 from US BANK,

8.  JUDGE CARLOS LOPEZ------------ $2,077,949.00 CASH, Exh. 60. From U.S. BANK

## APPEALS JUDGES FOR 3RD DCA OF DADE COUNTY FLORIDA

A.  BROWNWYN C. MILLER------------------- Made $95,000, Exh. 61. from US BANK

B.  KEVIN MICHAEL EMAS----------------------Made $225,310, Exh. 62. from US BANK

C.  EDWIN SCALES-----------------------------Made $22,543, Exh. 63. from US BANK

## CLERK OF COURT WHO CHOOSES JUDGES FOR CASES & FIXES THE DOCKET RECORDS AND DESTROYS AND HIDES THEM IN FAVOR OF THE BANKSTERS IN VIOLATION OF FLORIDA STATUTE OF CUSTODIAL REQUIREMENTS MAINTENANCE PRESERVATION AND RETENTION OF PUBLIC RECORDS FL. STAT. 119.021.

A.  HARVEY RUVIN CLERK------------- --------Made $315,000, Exh. 64. from US BANK

## ADMINISTRATIVE JUDGE WHO COSIGNS THE CLERKS CHOICE OF JUDGE

B.  ADMINISTRATIVE JUDGE BAILEY---Made $222,000, Exh. 65. from US BANK AND ALWAYS COSIGNED THE CLERKS ASSIGNED JUDGES WITH JUDGES WITH US BANK'S $ CONFFLICTS OF INTEREST TO PILLAGE THE PEOPLE.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of

rights to assert any defense, including, but not limited to those defenses available under

Rule 12 of the Federal Rules of Civil Procedure or otherwise.

## FEDERAL, GROUNDS FOR REMOVAL

There are independent grounds for removing this case to federal court. First, this action is removable from this Court under 8 U.S.C. § 1331 because Plaintiff's Complaint presents a substantial and necessary federal question. U.S. Bank N.A. filed a Foreclosure Complaint in Case:2007-12407-CA01 **CASE FEDERAL ACCORDING TO FEDERAL RULE 13 (1).**

## BANKRUPTCY VIOLATIONS 11 U.S.C. SS 362(A).

1, Bankruptcy Judge Mindy Mora. After filing Bankruptcy under Judge Mindy Mora she became very hostile and already had a statement ready for a Hearing wherein she was supposed to make a decision from the testimonies of both sides but her statement was already ready to rule against the crippled old man Mack wells and she ruled in favor of U.S. Bank in opposition of what was correct and lawful in the Case and the reason for this we believe is because she is friends with Judge Laurel Isicoff who Dismissed Mack Well's Case much much earlier wrongfully because Judge Isicoff has a Horrific Financial Conflict of Interest with U.S. BANK and of almost $15 million with U.S. Bank, Exh. 47. And Judge Isicoff's brother owns the Eviction Company who took property off of our property while in Bankruptcy and said he can't get in trouble because his sister is the Chief Judge of the Federal Bankruptcy Courts. And he was right because Judge Isicoff instead of sanctioning her brother she exonerated him and kicked us out of the Bankruptcy Case. So when Mack Wells files Bankruptcy with Judge Mindy Mora's Court Who's friends with Judge Isicoff, Exh. 48. and now we ask Judge Mindy Mora to Recuse her in an Motion for Affidavit Recusal and Vacating of Orders Exh. 49. And we asked her to Produce her Financials and she would not Produce the information in Violation of Federal Code Sub Section 37. And then wrote

an Order to stop anybody from filing Bankruptcy to save their interest in the house so that it can be used by Judge Carlos Lopez who has a $4 million Conflict of Interest with U.S. Bank and BBC real estate holders LLC. Who owns Trexstay who buys Foreclosure properties so that the Judges can steal from your home and can Pillage your home and then take your home in Violation of Judges having Conflicts of Interest according to Federal Code 60 and Florida Stat. 2.160 they're stealing property without having to physically fight over it under Color of Law by using Judges, eviction companies and the Police. Judge Carlos according to his Form 6 Financial Statement made $2 million seventy seven dollars cash from U.S. Bank and $1.8million with BBC who is Partners with Trexstays who buys Foreclosed the Properties after Judge CARLOS LOPEZ ruler in US. BANK'S FAVOR and does the Foreclosure sale which all happening in Conjunction with the Law by Governor DeSantis called the Live Local act which allow properties to be turned into 15 story Condos for profit. A Trexstays Rep. came to my house to buy the house from me and offered me $2million because I was attacking the Judges in the Newspapers, Exh. (82-Back page of News Paper ad) so that I would stop telling on them to the Public to spoil their waterfront plan to build Waterfront properties Condos on Black People's Waterfront Property. There was a Conspiracy between the County Court using interference after **BANKRUPTCY FILING** case # 23-12048-MAM While at the Dade County Court house when we were trying to file our Bankruptcy Stay Paper to stop the Sale of our home the subject of this Case, we were told by the Clerk at the Stephen P. Clark building on the 12th floor we were we in the wrong building to bring Bankruptcy papers in to stop the Sale on any house, however there was a Woman standing right beside us who was Filing her Bankruptcy papers and stopped her Sale, Exh. See: Gods2.com Video # , not only that, there were actual signs in the room where we were at that said File your Bankruptcy here, Exh. See: gods2.com But the lady would not allow us to stop the Sale there they made the Cripple man walk, across the street to file the BANKRUPTCY WE ALMOST MISSED THE DEADLINE and got

MACK WELLS SICK. Exh. See: Gods2.com Video # , Mack wells filed a Bankruptcy November 13, 2018 before the sale of the house and informed the Clerks where the sale was taking place that the Bankruptcy was filed 8:53am in the Southern District of Florida Case number 18-2409-RM. EXH. (46), Judge

· Isicoff's brother came in and pillaged the house taking boats and property without an evicting order and said again my sister is the chief Judge of the Bankruptcy court and when we filed against them in sanctions the sale was overturned, we kept the house but got no Sanctions in Violation of Bankruptcy Stay 11. U.S.C. ss 362(A).

**2. WE'RE SUING TO FEDERALLY QUIET THE TITLE TO U.S. BANK NA** AS TRUSTEE FOR RASC AHL3 BECAUSE THE MORTGAGE AND NOTE ARE A FANNIE MAE MORTGAGE AND NOTES AND FANNIE MAE IS THE U.S. FEDERAL GOVERNMENT. WHICH IS FEDERAL JURISDICTION. This is a Fannie Mae Loan and as indicated on bottom of the Note and Mortgage and Fannie Mae Loans Rules require that there must be loan the Loan number, Date and the printed name of the Signer as required by Federal Fannie Mae Rules B8-3-04 for Fannie Mae of which none of this is on the copy of the any Allonge recorded on the Docket, Exh (19). So this Case is VOID *DADE COUNTY JUDGES ON 15020 SOUTH RIVER DR.MIAMI FL. 33167 WHO PLAYED COURT · JUDGE TAG TEAM ON ALWAYS RULING IN U.S. BANK'S FAVOR STEALING. FAVOR AND NEVER FORCING THEM TO BRING IN PROOF OF STANDING TO FORECLOSE US EG. NO NOTE OWNERSHIP BECAUSE THE NOTE ASSIGNMENT CALLED ALLONGE TO THE PROMISSORY NOTE IS SIGNED BY ASSISTANT SECRETARY IN VIOLATION OF FLORIDA STATUTE 692.01 WHICH SAYS ONLY A PRESIDENT, VICE PRESIDENT OR A CHIEF EXECUTIVE OFFICER CAN SIGN AN ALLONGE AND FLORIDA STATUTE 692.101 (3) & (4) SAYS NO SCRETARY CAN SIGN AN ALLONGE. BUT THEY HAVE THE NERVE TO HAVE AN ASSISTANT ·*

***SECRETARY AS SIGNOR WITHOUT THEIR PRINTED UNDER THEIR UNREADABLE SIGNATURE IN VIOLATION OF** FLORIDA STATUTE 695.26 (1)(A). **AND WITH NO LOAN NUMBER, FLORIDA STATUTE OF WHICH ANY ONE OF THESE VIOLATIONS VOIDS THE ALLONGE (ASSIGNMENT), EXH. SO U.S. BANK NEVER GOT THE NOTE OR THE ASSIGNMENT OF MORTGAGE WAS FROM HOMECOMINGS THE ABSOLUTE WRONG BANK!! OUR BANK IS AXIOM FINACIAL SERVICES AND 2 YEARS LATER THEY DID A CORECTIVE ASSIGNMENT IN VIOLATION OF** MCCLEAN V. JP MORGAN **THAT SAYS BANKS CAN'T DO A FORECLOSURE COMPLAINT BEFORE THEY ARE ASSIGNED THE MORTGAGE AND ALLONGED TO THE NOTE,** FLORIDA STATUTE 702.015(4),**see: the ALLONGE** Exh. 30. **BUT WE CAN NEVER GET A CHANCE TO PROVE THESE FACTS.***

Fannie Mae and U.S. Bank NA who was noticed of my Claim on the Dade County Records which was before their publication of Foreclosure which by law would have stopped my Claim but the law says if they are notices up to 30 days after publication of the Foreclosure that the claim is still Good Fl. Statutes sub section 733.702 (1); and 733.2121 (3)(a) and 733.701 and cause of action with and all of this confusion is because U.S. Bank trickery. This is a Quiet Title Complaint Case which requires that U.S. Bank show a full chain of title which is Extrinsic Evidence according to 2005 Florida Code Civil Practice and Procedure Quieting Title, Fl. Stat. 65.021 and Federal 28 U.S. Code ss 2409a and Real estate; removing clouds,-- Chancery courts have jurisdiction of actions brought by any person or corporation, whether in actual possession or not, claiming legal or equitable title to land against any person or Corporation not in actual Possession, who has, appears to have claims an adverse legal or equitable estate, interest, or claim therein to determine such estate, interest, or claim and quiet or remove clouds from the title to the land. It is no bar to relief that the title has not been litigated at law or that there is only one litigant to each side of the controversy or that the adverse claim, estate, or interest is Void upon its face, or though not Void upon its face, requires Extrinsic

Evidence to establish its validity (Exh.105) and 65.041(3)(4)(3) REAL ESTATE REMOVING CLOUDS; THIS CASE WAS CLOSED AFTER JUDGE VIVIAN DEL RIO RECUSED, VACATED HER ORDERS AND REVERTED THE CASE BACK TO JUDGE SARAH ZABEL'S ORDER OF DISMISSED WITH PREJUDICE IN ACCORDANCE WITH OUR **MOTION TO RECUSE VACATE ORDERS AND REVERT BACK TO DISMISSED WITH PREJUDICE, EXH. 49.** WHEN OUR CASE WAS REOPENED ON DOCKET DATED 06/06/23. AND A NEW NOTICE OF HEARING WAS NOTICED TO US 06/29/23, EXH. 50. AFTER JUDGE VIVIAN DEL RIO'S COMPLAINT FROM OUR CASE THAT WE NEWLY DISCOVERED EVIDENCE IN ACCORDANCE WITH FEDERAL RULE 60 THAT HAS BECOME REMOVABLE TO FEDERAL COURT BECAUSE WE HAVE JUST FOUND OUT THAT THIS MORTGAGE IS A FEDERAL FANNIE MAE LOAN WHICH IS FEDERAL JURISDICTION, SEE BOTTOM OF THE NOTE AND MORTGAGE SAYS FANNIE MAE LOAN EXH. 33 AND 34. FEDERAL JURISDICTION. THIS IS WHY THEIR COMPLAINT NEVER MENTIONS THAT THE LOAN IS A FANNIE MAE LOAN TO KEEP SUITS COUNTY SO THEY CAN PAY JUDGES. BUT FANNIE MAE UNDER HUD REQUIRES THAT FANNIE MAE IS ON THE ASSIGNMENT (ALLONGE) FEDERAL FANNIE MAE RULE 8B-3-04 WHICH MAKES THIS CASE FEDERAL.

**3. VIOLATION OF FARA** LAWS AND VIOLATION OF FOREIGN BANKING LAWS 12 U.S.C. 632. VIOLATION OF LAWYERS FORGING JUDGES SIGNATURE ON JUDGES ORDER FEDERAL RULE 18 U.S. CODE SS 505 U.S. BANK IS A FOREIGN OWNED BY CHINA CHINESE BANK AND AS A FOREIGN AND FEDERAL **LAW 12 U.S.C. 1432b,** *U.S. Bank can do NO EVICTIONS from private residential real property in the United states under HUD Which is Fannie Mae under HUD and the Loan on this Mortgage on Mack Well's*

*Home is a Fannie Mae Loan see the bottom of the the Note and Mortgage, Exh. , ( Overseas Private Investment Corporation) 22 U.S.C. 2183, NO STATE COURT PROCEEDINGS 12 U.S.C. 632, the real party of interest is Bank for International Settlement, Rothschild owns 12 U.S.C. 3105; 12 CFR*

. **FORGING 4JUDGE'S SIGNATURE ON ORDERS FEDERAL 18 U.S. CODE SS 505.**

WHEREIN JUDGE VALERIE MANNO SCHURR'S SIGNATURE WAS ON AN ORDER TO DISMISS OUR CASE WITH PREJUDICE **EXH. 6.** AND **EXH. 44.** THEN A DISMISSAL WITHOUT PREJUDICE AND THIS 2007 CASE NUMBER 2007-12407-CA01 WHICH CHEATED AND GAVE THEM THE RIGHT TO FORECLOSE IN *2010, 010-61928-CA01* TO STEAL THE PROPERTY ANYWAY WHEREIN IN A ZOOM HEARING WHEN JUDGE VALERIE MANNO SCHURR WAS CONFRONTED BY MAURICE SYMONETTE AND MACK WELLS AS TO HOW SHE COULD CHANGE JUDGE ZABEL'S DISMISSAL WITH PREJUDICED IN VIOLATION OF FORD V. CALLOWAY, ACTING AS OUR JUDGE WHEN SHE WAS NEVER APPOINTED OUR JUDGE, EXH. OR NEVER HAD A HEARING WITH US ESPECIALLY WHEN **HER FORM 6 FINANCIAL** DISCLOSURE AFFIDAVIT SAID SHE **GOT $995,000 FROM GMAC** WHICH IS **U.S. BANK EXH. 6. LINE 8 AND EXH. 1.** AS A CONFLICT OF INTEREST. SERVICER FOR U.S. BANK. EXH. 1, AND SHE RESPONDED ON CAMERA" I DID NOT SIGN THOSE ORDER'S SIR" BUT WHEN I SHOWED HER FINANCIAL AFFIDAVIT AND HER SIGNATURE ON THE ORDER, **EXH. 6.** AND **EXH. 44.** SHE SAID "OH MY GOD, OK MR SYMONETTE IM GOING TO GIVE YOU TWO WEEKS TO FIGURE OUT WHAT YOUR GOING TO DO" AND ENDED THE ZOOM HEARING, **EXH. SEE: GODS2.COM VIDEO** C. SEE THE EXH.G1 ON GODS2.COM OF ALL THE AO'S FROM

2010 UNDER CHIEF JUDGE JOE BROWN THE JUDGE WHO APPOINTS JUDGES TO CASES NO WHERE WAS VALERIE MANNO SHURR APPOINTED IN ANY CASE IN 2010 SHE WAS JUST A REGULAR JUDGE AND JUDGE BAILEY SAID SHE DID NOT APPOINT HER AND SHE SAID SHE DID NOT SIGN THOSE ORDERS AND ALSO SAID SHE DID NOT SIGN THOSE ORDER AND IT ANGERED HER SO THE LAWYERS HAVE COMMITED FORGERY AND VIOLATION OF FEDERAL RULE WHEN SHE RECUSED HERSELF WHERE SHE WAS SUPPOSED TO SIGN THE DISMISSAL WITHOUT PREJUDICE AND THE DISMISSAL WITH PREJUDICE BUT WE COULD STILL SEE AND HEAR HER ON THE ZOOM SCREEN AND SHE TURNED AND SAID TO THE LAWYERS "I DON'T BELIEVE YOU LAWYERS HAVE SIGNED THOSE ORDERS FOR ME I DID NOT TELL YOU TO SIGN THOSE ORDERS FOR ME"! AND THEN THE SCREEN WENT OFF, ALL WITNESSED BY THREE PEOPLE. **EXH. 23. PAGES 1-3.** SEE WITNESSES WHO SAW AND HEARD THE JUDGE SAY THOSE WORDS **EXH.23.** AND SEE: **GODS2.COM VIDEO C.** AND SEE HER PANIC AND THE NEXT DAY SHE IMMEDIATELY RECUSED HERSELF VACATING HER ORDERS WHICH DESTROYED THE FORECLOSURE, **EXH. 8.** AND YOU KNOW WHAT I BELIEVE HER BECAUSE THE SIGNATURES DON'T MATCH HER SIGNATURES AND WE CHECKED THE RECORD FOR 2010 AND THERE IS ABSOUTELY NO ADMINISTRATING ORDER APPOINTER HER AS JUDGE ON THIS CASE SO SHE COULDN'VE SIGNED THAT ORDER THE LAWYERS SIGNED THAT ORDER YOU KNOW HOW WE KNOW BECAUSE SHE SAID SO

YET THE CHINESE OWNED (U.S. BANK) LAWYERS WENT ON ILLEGALLY FORECLOSING ANYWAY, **EXH. 4.** NOW IF JUDGE VALERIE MANNO SCHURR DID

NOT SIGN THOSE ORDERS OF DISMISSAL WITHOUT PREJUDICE THIS MEANS THAT JUDGE ZABEL'S ORDER OF DISMISSAL WITHOUT PREJUDICE STILL STANDS BECAUSE IT WAS THE FIRST AND IT WAS SUPPOSED TO BE THE LAST **EXH. 5=AFFIDAVITS** VERIFIED BY THE DOCKET OF CASE **2007-12407-CA01** DOCKET DATED 04/06/2009 **EXH. 5. EXH. 1. PAGE 12.** AT THE TOP OF THE DEFAULT EXHIBIT LIST OF HOMECOMINGS / U.S. BANK EXHIBIT LIST **EXH. 1 PAGE 1.** EVENTHOUGH, WE SHOWED THE RECEIPTS FROM AXIOM BANK SHOWING OUR PAYMENTS WERE ALL ON TIME, TO AXIOM BANK FIVE MONTHS AFTER THE FRAUDULENT U.S. BANK'S COMPLAINT, **EXH. 56. SAID ON THE 1ST** PAGE **LINE 6.** THAT WE DEFAULTED JAN. 1ST 2007 LIKE HOMECOMINGS SHOWED IN THEIR FAKE DEFAULT OF JAN. 1ST 2007 ON **EXH. 1. PAGE 12.** OF U.S. BANK, WHILE THE AXIOM PAID REAL RECEIPTS SAID MAY 30TH 07=FIVE MONTHS AFTER THEIR FORECLOSURE STARTED AND WHEN WE DISCOVERED U.S. BANK ATTYS. DID A CORRECTIVE ASSIGNMENT FROM AXIOM BANK, **EXH. 31.** WHICH SAID IN PARAGRAPH FOUR THAT HOMECOMINGS IS NOT A VALID ENTITY (THE WRONG BANK) BUT THEY'RE STILL FORECLOSING WITH A HOMECOMINGS FRAUDULENT ASSIGNMENTS TO U.S. BANK PHONEY DOCS IN THAT THE AXIOM ASSIGNMENT WHICH KILLED HOMECOMINGS ASSIGNMENT TO AXIOM BANK DOESN'T HAVE A NOTARY SEAL, NO COMMISSION NUMBER NO PREPARA AND THE NOTARY ON THE ASSIGNMENT IS A FAKE NOTARY STAMP BECAUSE THE FL. STAT. SAYS IT MUST CONTAIN THE COMMISSION OR ID NUMBER, TO IDENTIFY THE PERSON WHO MIGHT NEEDED TO VERIFY S I G N O R  I N  COURT, IN VIOLATION OF F.S. 117.05 (3)(A) AND F.S. 695.26 (1). SEE EXH. 31. THE POST-OFFICE ADDRESS OF EACH SUCH PERSON IS LEGIBLY PRINTED, TYPEWRITTEN, OR STAMPED UPON SUCH INSTRUMENT

ALL IN VIOLATION OF F.S. 695.01 (1) AND F.S. 695.26 (1) (A) AND F.S. 494. 0075 (5) AND F.S. 701.02(1)(2)(3), EXH. 32. SO THE AXIOM BANK ASSIGNMENT IS FRAUDULENT AND FAKE. SO THERE IS NO ASSIGNMENT TO U.S. BANK.

**6. VIOLATION OF THE GAAP, AND FAS FEDERAL RULES** U.S. BANK NA IS CLAIMING TO BE THE TRUSTEE FOR THE TRUST AND OWN THE NOTE ON THE STOCK MARKET DEFRAUDING THE S.E.C. AND THE GAAP RULES SAYS THAT ONCE THE NOTE BECOMES A STOCK OR A BOND THE NOTE MUST BE BURNED OR DESTROYED BECAUSE YOU CAN'T HAVE A STOCK AND A NOTE IN EXISTENCE AT THE SAME TIME BECAUSE THAT IS DOUBLE DIPPING AND ONCE THE STOCK IS DESTROYED THE INSURANCE FOR THE STOCK PAYS THE STOCK OFF AND YOU CAN NO LONGER FORECLOSE, SALE OR ASSIGN THAT NOTE. YET THEIR FORECLOSING.

**7. VIOLATION OF 12 U.S.C 6505 (E) (1) (B) WHICH IS QUALIFIED WRITTEN REQUEST (QWR)** ON THE CASE 007-12407-CA01 DOCKET DATE 06/06/07, 08/24/07, AND ON THE 2010 CASE 2010-61928-CA01 ON DADE COUNTY DOCKET WE DID A (QWR) IN THIS CASE 04/11/11 CASE # 2010-61928-CA01 AND U.S. BANK NEVER RESPONDED TO NEIGTHER THE 2007 CASE OR THE 2010 CASE WHICH IS THE SAME CASE BECAUSE THE 2007 CASE WAS DISMISSED WITH PREJUDICE, EXH. 5. AND THEN DISMISSED WITH PREJUDICE AGAIN, EXH. 42. AND THEN DISMISSED WITH OUT PREJUDICE, EXH. 43. AND THEN AND THEN THE CASE WAS STARTED OVER AGAIN 12/06/10 AS CASE # 2010-61928-CA01 AND WE (DID ANOTHER (QWR) REUEST OF PROOF OF OWNERSHIP REQUEST FOR PROOF OF U.S. BANK'S OWNERSHIP OF THE NOTE EXH. 46. ON THE 2ND PAGE IS THE

(QWR). AND U.S. BANK NEVER ANSWERED IN VIOLATION OF TILA AND SS 1024.35 THIS IS IN VIOLATION OF TILA LAWS UNDER 15 U.S.C SS 1692a(3) 15 U.S.C 1692a(5).

8.   VIOLATION OF THE 14th AMENDMENT TITLE 18 U.S.C. DISCRIMINATION DOMBROWSKI V. PFISTER::380 U.S. 479 (1965) BY MAKING IT LEGAL TO TAKE BLACK PEOPLE'S PROPERTY USING THE COMMIONERS PASSING NEW UN CONSTITUTIONAL UNSAFESTRUCTURE LEGISLATION THAT ALLOWS THE GOV. AND POLICE TO TAKE YOUR PROPERTY WITHOUT DUE PROCESS USING SLAVE LAWS CALLED THE BLACK CODE  THAT BLACK PEOPLE ARE NOT ALLOWED TO OWN PROPERTY. SO AFTER THE JUDGES LOOSE FORECLOSURE CASE AGAINST US IN VIOLATION OF DOMBROWSKI V. PFISTER. 380 U.S. 479 (1965) AND THE 14th AMENDMENT, SEE: GODS2.COM VIDEO H.

This Case arises out of U.S. Bank's Foreclosure Fake Complaint Case # 2010-61923-CA01 Document 1 Entered on FLSD Docket 09/17/2023 Plaintiff's lawsuit arises out of a Fraudulent Foreclosure Case ('M and M") denial of Plaintiff's claims" The lawsuit is pending in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida under Case No. 2010-61928-CA01 ("State Action"). We have timely filed this Notice of Removal within 30 days of service in accordance with 8 U.S.C. § 1446 (b). 5. Pursuant to 8 U.S.C. § 1446(a), requiring a copy of all process, pleadings, and orders served upon Plaintiff to be included with a notice of removal, the Complaint and Summons are attached as Exhibit

"A". No other documents have been served on ('M and M").

**WHEREFORE,** WHEREFORE, MR. MACK WELLS AND MAURICE SYMONETTE, REMOVES THIS ACTION FROM THE ELEVENTH CIRCUIT COURT OF DADE COUNTY FLORIDA BEARING CIVIL CASE NO. 2010-61928-CA01 TO THIS COURT PURSUANT TO 28 U.S.C. §§ 1441, and 1446. Defendant, MACK WELLS AND MAURICE SYMONETTE, "Prayer for Relief". 13. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as a district or division embracing the place where the state **CASE IS PROPERLY REMOVABLE TO FEDERAL COURT** BECAUSE IT INVOLVES A CONTROVERSY BETWEEN CITIZENS OF DIFFERENT STATES AND AN AMOUNT IN CONTROVERSY THAT EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS. SEE U.S.C. §§ 1332, 1441, AND 1446. Venue is proper in division in accordance with 28 U.S.C. §2 respectfully requests that this Honorable Court exercise Jurisdiction over this matter. Dated: July 6th, 2023. Respectfully submitted. All Defendants have consented to and join in the removal of the State Court Action. The written consent and joinder of all other defendants is attached to this Notice. Ex. 42.

+-

Dated: Miami, Florida
June 29th 23.

*Mack Wells*

MACK WELLS.
15020 S. RIVER DR.
MIAMI, FL 33167

*Maurice Symonette*

MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI, FL 33167

## CERTIFICATE OF SERVICE

I hereby certify that July 31st , 2023, the foregoing Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon all parties via overnight mail at the addresses listed in the Complaint:

BROCK & SCOTT, PLLC
Attorney for Plaintiff
2001 NW 64th St, Suite 130Ft. Lauderdale, FL 33309
Phone: (954) 618-6955, ext. 6133
Fax: (954) 618-6954
FLCourtDocs@.brockandscott.com

By /s/ Mehwish Yousuf
Mehwish Yousuf, Esq.
Florida Bar No. 92171

## SERVICE LIST

The following persons were served by e-mail:

Deutsche Bank National Trust Company, as Trustee for Franklin Credit
Trust Series 1c/o Jessica F. Watts, Esq.
19321 US Highway 19, Suite 512
Clearwater, FL 33764

eservice@quinnlegal.com; Kmiler@quinnlegal.com

Miami-Dade County, Floridac/o Altanese Phenelus, Esq. 111 NW 1st Street
Miami, FL 33128 vvaldes@miamdade.gov

U.S. Bank, National Association, as Trustee for RASC 005AHL3
% Michael L. Eisenband, Esq. & Nicole
R. Topper, Esq.500 E. Broward Blvd.,
Suite 100
Fort Lauderdale, FL 33394
BRFLeservice@B1ankRome.com; MEisenband@BlankRome.com; NToper@B1ankRome.com

**EXH. A**

## U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:23-cv-22640-JEM

Wells et al v. U.S. Bank, National Association et al
Assigned to: Judge Jose E. Martinez
Cause: 28:1331 Federal Question

Date Filed: 07/14/2023
Date Terminated: 08/03/2023
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**
**Mack Wells**

represented by **Mack Wells**
15020 S. River Dr.
Miami, FL 33167
PRO SE

**Plaintiff**
**Maurice Symonette**

represented by **Maurice Symonette**
15020 S. River Dr.
Miami, FL 33167
PRO SE

V.

**Defendant**
**U.S. Bank, National Association**
*As Trustee for FASC 2005 AHL3*

**Defendant**
**MERS Residential Funding**

**Defendant**
**Valerie Manno Shurr**
*Judge*

**Defendant**
**John Schlesinger**
*Judge*

**Defendant**
**De La O**
*Judge*

**Defendant**
**Veronica Diaz**
*Judge*

**Defendant**
**Samantha Cohein**
*Judge*

**Defendant**
**Vivianne Del Rio**

**Defendant**
**Brownwyn C. Miller**
*Appellate Judge*

**Defendant**

**Kevin Michael Emas**
*Appellate Judge*

                                                                    **EXH. A pg.2**

**Defendant**

**Edwin Scales**
*Appellate Judge*

**Defendant**

**Federal Except Florida Power and Light**

**Defendant**

**Dade County Clerk of the Courts**

**Defendant**

**Harvey Ruvin**
*Department of Records and Docket*

**Defendant**

**Rene Garcia**
*Commissioner*

**Defendant**

**Carlos Lopez**
*Judge*

**Defendant**

**Jennifer Bailey**
*Admin Judge*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/14/2023 | 1 | COMPLAINT against All Defendants. Filing fees $ 402.00, filed by Maurice Symonette, Mack Wells. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibits Part 1, # 3 Exhibits Part 2, # 4 Exhibits Part 3)(scn) (Entered: 07/14/2023) |
| 07/14/2023 | 2 | Clerks Notice of Judge Assignment to Judge Jose E. Martinez.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Jacqueline Becerra is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.<br><br>Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (scn) (Entered: 07/14/2023) |
| 07/14/2023 | 3 | Clerks Notice of Receipt of Filing Fee received on 7/14/2023 in the amount of $402.00, receipt number 17100. Case copied over into correct division - receipt was for 23-cv-61345. (scn) (Entered: 07/14/2023) |
| 07/14/2023 | 4 | NOTICE Of filing Notice of Removal by Maurice Symonette, Mack Wells. (ebz) (Entered: 07/14/2023) |
| 08/01/2023 | 5 | EMERGENCY MOTION to Stop Foreclosure Sale or Stay the Sale because the Case has been Moved to Federal Court by Maurice Symonette. (Attachments: # 1 Exhibit)(pc) (Entered: 08/02/2023) |
| 08/02/2023 | 6 | AMENDED COMPLAINT against Jennifer Bailey, Samantha Cohein, Dade County Clerk of the Courts, De La O, Vivianne Del Rio, Veronica Diaz, Kevin Michael Emas, Federal Except Florida Power and Light, Rene Garcia, Carlos Lopez, MERS Residential Funding, Brownwyn C. Miller, Harvey Ruvin, Edwin Scales, John Schlesinger, Valerie Manno Shurr, U.S. Bank, National Association, filed by Maurice Symonette, Mack Wells.(pc) (Additional attachment(s) added on 8/3/2023: # 1 Exhibit) (pc). (Entered: 08/03/2023) |
| 08/03/2023 | 7 | ORDER REQUIRING BRIEFING CONCERNING THIS COURTS JURISDICTION. Administratively Closing Case. Accordingly, it is ORDERED AND ADJUDGED that: On or before Monday, August 7, 2023, at 1:00 p.m., Plaintiffs SHALL file with the Clerk of this Court a memorandum of no more than ten pages that addresses why this Court should not dismiss this case under the Younger abstention doctrine, Rooker-Feldman doctrine, or both. The memorandum must be type in 12 pt. Times New Roman font, double spaced, and have one-inch margins. The memorandum must bear Case Number: 23-22640-CIV-MARTINEZ, so that it is filed in this action. Plaintiffs failure to comply with this Order will result in appropriate sanctions, including dismissal of this case without prejudice, |

Case 1:23-cv-22640-JEM   Document 39   Entered on FLSD Docket 04/29/2024   Page 38 of 94

| | | without further warning. Motions terminated: 5 MOTION to stop foreclosure sale filed by Maurice Symonette. Signed by Judge Jose E. Martinez on 8/3/2023. *See attached document for full details.* (pc) (Entered: 08/03/2023) |
|------------|---|---|
| 08/07/2023 | 8 | JURISDICTIONAL MEMORANDUM re 6 Amended Complaint/Amended Notice of Removal, by Maurice Symonette, Mack Wells. (drz) (Entered: 08/08/2023) |
| 10/12/2023 | 9 | NOTICE of Filing in Compliance with 28 USC SS1446(d) Service List and Written Notice of Adverse Parties by Maurice Symonette (Attachments: # 1 Exhibit) (ls) (Entered: 10/13/2023) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/22/2023 20:44:18 | | |
| **PACER Login:** | | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-22640-JEM |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

| Sale Date | Add Date | Case Number | Status | Final Judgment | Assessed Value | Primary Plaintiff | Plaintiff Max Bid | Address | City | Zip | Parcel ID | My Bid |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/16/2023 | 09/05/2023 | 2010-061928-CA-01 | Sold | $991,297.35 | $704,493.00 | U S Bank (na), | $847,500.00 | 15020 N W S RIVER DR | MIAMI | 33167 | 30-2123-022-1050 | |

Bid History  Close

**Case Number: 2010-061928-CA-01   Case ID: 205665135   End Date: 10/16/2023 09:04:00 AM**

Proxy

| Bidder ID | Bid Info | Bid | Date/Time |
|---|---|---|---|
| 83115 | Not Enough Deposit | $5,000.00 | 10/03/2023 11:29:44 AM |
| 6909 | | $77,700.00 | 10/08/2023 10:01:21 AM |
| 51800 | Not Enough Deposit | $5,000.00 | 10/12/2023 12:33:19 PM |
| 151591 | Not Enough Deposit | $500.00 | 10/14/2023 07:49:44 PM |
| 151484 | Not Enough Deposit | $848,000.00 | 10/15/2023 09:33:06 AM |

Auction

| Bidder ID | Bid Info | Bid | Date/Time |
|---|---|---|---|
| | Opening Bid | $0.00 | 10/16/2023 09:03:01 AM |
| | winning bid | $77,600.00 | |
| | Auction Closed | | 10/16/2023 09:04:00 AM |

The final bid was made by Plaintiff :   U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3

In the total amount of:   $77,600.00

Page 1 of 1   30 ▾      View 1 - 1 of 1

Warning:Please, select row



# OFFICE OF THE PROPERTY APPRAISER

## Summary Report

Generated On: 10/22/2023

### Property Information

| | |
|---|---|
| Folio | 30-2123-022-1050 |
| | 15020 NW S RIVER DR |
| Property Address | MIAMI, FL 33167-1035 |
| Owner | BOSS GROUP MINISTRIES |
| | 15020 NW S RIVER DR |
| Mailing Address | MIAMI, FL 33167 |
| Primary Zone | 0100 SINGLE FAMILY - GENERAL |
| | 0101 RESIDENTIAL - SINGLE FAMILY : 1 |
| Primary Land Use | UNIT |
| Beds / Baths / Half | 5/3/1 |
| Floors | 2 |
| Living Units | 1 |
| Actual Area | 5,992 Sq.Ft |
| Living Area | 4,640 Sq.Ft |
| Adjusted Area | 4,705 Sq.Ft |
| Lot Size | 51,500 Sq.Ft |
| Year Built | Multiple (See Building Info.) |

### Assessment Information

| Year | 2023 | 2022 | 2021 |
|---|---|---|---|
| Land Value | $386,688 | $309,350 | $309,350 |
| Building Value | $466,601 | $470,223 | $321,827 |
| Extra Feature Value | $67,457 | $68,172 | $68,886 |
| Market Value | $920,746 | $847,745 | $700,063 |
| Assessed Value | $774,942 | $704,493 | $640,449 |

### Benefits Information

| Benefit | Type | 2023 | 2022 | 2021 |
|---|---|---|---|---|
| Non-Homestead Cap | Assessment Reduction | $145,804 | $143,252 | $59,614 |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

### Short Legal Description

23 52 41 1.19 AC PB 44-46

BISCAYNE GARDENS SEC F PART 1

LOT 105

LOT SIZE 100.000 X 515

OR 20697-0914 09 2002 4

### Taxable Value Information

| Year | 2023 | 2022 | 2021 |
|---|---|---|---|
| **COUNTY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $774,942 | $704,493 | $640,449 |
| **SCHOOL BOARD** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $920,746 | $847,745 | $700,063 |
| **CITY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $0 | $0 | $0 |
| **REGIONAL** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $774,942 | $704,493 | $640,449 |

### Sales Information

| Previous Sale | Price | OR Book-Page | Qualification Description |
|---|---|---|---|
| 01/18/2013 | $100 | 29203-2867 | Correct e, tax or QCD; min consideration |
| 05/24/2010 | $100 | 27376-0214 | Corrective, tax or QCD; min consideration |
| 07/01/2005 | $0 | 23572-3964 | Sales which are disqualified as a result of examination of the deed |
| 06/01/2005 | $560,000 | 23623-3230 | Sales which are qualified |

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

EXH. -
EXH.F

Document Prepared By:
Steve P. Galiano
ReconTrust Company
2575 W. Chandler Blvd.
Mail Stop: CHDLR-C-88
Chandler, AZ 85224
(800) 540-2684

CFN 2008R0642394
OR Bk 26512 Pg 2906; (1pg)
RECORDED 08/06/2008 14:02:49
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

When recorded return to:
MARILYN MILIAN, JOHN SCHLESINGER
1228 Alfonso Ave
Coral Gables, FL 33146

DOCID000380806642005N

## SATISFACTION OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS: Mortgage Electronic Registration Systems, Inc. the owner and holder of a certain mortgage deed executed by
MARILYN MILIAN, JOHN SCHLESINGER
bearing date 06/20/2003, recorded on 08/06/2003 in Official Records Book 21908, Page 1301, Instrument # 646892 in the office of the Clerk of the Circuit Court of MIAMI-DADE County State of Florida, securing a certain note in the principal sum of $1,000,000.00 Dollars, and certain promises and obligations set forth in said mortgage deed, upon the property situated in said State and County hereby acknowledge full payment and satisfaction of said note and mortgage deed, and surrenders the same as canceled, and hereby directs the Clerk of the said Circuit Court to cancel the same of record.

IN WITNESS WHEREOF the said Corporation has caused these presents to be executed in its name, and its corporate seal to be hereunto affixed, by its proper officers thereunto duly authorized, the 16 day of July, 2008.



ATTEST: _____                Mortgage Electronic Registration Systems, Inc.
Stacey Talley
Assistant Secretary

Signed and delivered in the presence of:

_____                        By _____
Kimberly Robertson                                 Peter Lopez
Witness                                            Assistant Secretary

STATE OF ARIZONA
COUNTY OF MARICOPA

On 07/16/2008, before me, Ilona T. Dawidowicz, Notary Public, personally appeared Peter Lopez personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Ilona T. Dawidowicz, Notary Public
Expires: 11/30/2009

OFFICIAL SEAL
ILONA T. DAWIDOWICZ
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Comm. Expires Nov. 30, 2009

# EXH.1 - EXH.G

CFN 2012R0182835
OR Bk 28033 Ps 1695! (1ps)
RECORDED 03/13/2012 16:05:04
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

## CORRECTIVE ASSIGNMENT OF MORTGAGE

SPACE FOR RECORDING ONLY F.S.149335

MERS phone number: 1-888-679-6377
MIN: 100176105062735202;

FOR VALUE RECEIVED, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AXIOM FINANCIAL SERVICES, ("Assignor") whose address is P.O. Box 2026, Flint, MI 48501, assigned, transferred and conveyed to, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005ANL3, ("Assignee") whose address is 1100 Virginia Drive, Fort Washington, PA 19034, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated June 30, 2005, and recorded July 29, 2005, in Official Records Book 23623, at Page 3231, of the public records of MIAMI-DADE County, Florida, encumbering the following described real property:

> LOT 105, BISCAYNE GARDENS SECTION F PART I, ACCORDING TO THE PLAT THEREOF , AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

as the same may have been amended from time to time.

The purpose of this Corrective Assignment of Mortgage is to correct the Assignment of Mortgage recorded on 11/20/2008 at 09:41:11 in 2008R0981616, of the official records of Miami-Dade County, Florida, by Harvey Ruvin, Clerk of Court.

> *Changed to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AXIOM FINANCIAL SERVICES as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR HOMECOMINGS FINANCIAL LLC is not a valid entity

MORTGAGOR(S):  LEROY WILLIAMS

IN WITNESS WHEREOF, Assignor has executed and delivered this instrument on
_Jun 14_ , 2012.

By: _____
Print Name:  Jacqueline Keeley
Title: Vice President

STATE OF  Pennsylvania
COUNTY OF  Montgomery

The foregoing instrument was acknowledged before me this  14  day of  Feb  2012 by Jacqueline Keeley , for and on behalf of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AXIOM FINANCIAL SERVICES who is personally known to me.

_____
Notary Public
My commission expires: 1/28/2015

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINE MORALES, Notary Public
Abington Twp., Montgomery County
My Commission Expires January 28, 2015

Recording requested by/prepared under the supervision of and return to:
Ken Porter
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
F10051160-GMAC MORTGAGE, LLC

[INSERTDOC "M900105.rtf" KEEP_FONT]

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original filed in this office.
11/30 AD 20 21
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk _____

FLORENCE PIERRE-SIMEON #217855

F 10051160

CFN 2008R0941616
BK 26657 Pg 3525 (1pg)
RECORDED 11/20/2008 07:41:11
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, on or before April 19, 2007, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC ("Assignor") whose address is _____ assigned, transferred and conveyed to U.S. BANK N.A. ("Assignee") whose address is 1100 Virginia Drive, Fort Washington, PA 19034, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated June 30, 2005 and recorded July 29, 2005 in Official Records Book 23623 at Page 3211 of the public records of MIAMI-DADE County, Florida, encumbering the following described real property

LOT 173, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

(as the same may have been amended from time to time) together with the Note and indebtedness secured thereby

MORTGAGOR(S): LEROY WILLIAMS

IN WITNESS WHEREOF, Assignor has executed and delivered this instrument on October 2_, 2008.

Typed Name: Peggy Hong

Witness
Typed Name: Laurie K. Jay

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC
By: _____
Typed Name: SHIRLEY SAOS
Title: VICE PRESIDENT

Attest: _____
Typed Name: Jeffrey Stephen
Title: Assistant Secretary

(MERS Corporate Seal)

STATE OF Pennsylvania
COUNTY OF Montgomery

BEFORE ME, the undersigned, personally appeared SHIRLEY SAOS and Jeffrey Stephen as VICE PRESIDENT and Assistant Secretary respectively, and known to me to be the persons who executed the foregoing instrument, and acknowledged that they executed the foregoing on behalf of the said corporation as its authorized officers and that such execution was done as the free act and deed of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC this 2nd day of October, 2008.

Notary Public
My commission expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Renee Ramey, Notary Public
Horsham Twp., Montgomery County
My Commission Expires May 9, 2011
Member, Pennsylvania Association of Notaries

Recording requested by, prepared by and return to:
Ralph McCredy
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
(F07012148-GMAC MORTGAGE, LLC-7448)(1251)

FILE NUMBER: F07012148

DOC_ID: M001100

*F07012148*

*M001100*

STATE OF FLORIDA, COUNTY OF DADE
This is to certify that the foregoing is a true and correct copy of the original on file in this office
on November 19, 2013
Harvey Ruvin, Clerk of Courts, Miami-Dade County
Deputy Clerk



1:33

🔒 www.bing.com/search?q=mor...

morgan stanley brokerage account is m  🔍

ALL   NEWS   IMAGES   VIDEOS   SHOPPING



**Morgan Stanley** is both a registered **broker**-dealer and investment adviser. Your **Morgan Stanley** Access Investing ("MSAI") **account** is a discretionary investment advisory **account**. **Morgan Stanley** is responsible for implementing the model portfolios in your MSAI **account**, as well as any reasonable restrictions you may impose.

Access Investing | Morgan Stanley
www.morganstanley.com/what-we-do/wealth-m...

Feedback

**PEOPLE ALSO ASK**

   

EXH.1 - EXH. J

CFN: 20170717557 BOOK 30852 PAGE 2099
DATE:12/22/2017 11:30:24 AM
HARVEY RUVIN, CLERK OF COU T, MIA-DADE CTY

FJUD

U.S. Bank, National Association, as Trustee for
RASC 2005AHL3

Plaintiff,

vs.

Leroy Williams; Unknown Spouse of Leroy
Williams; James Littlejohn a/k/a James L. Jolin,
James; Unknown Spouse of James Littlejohn AKA
James L. Jolin; Hoke Williams; Unknown Spouse of
Hoke Williams; Mack Wells; Unknown Spouse of
Mack Wells; Curtis McNeil; Unknown Spouse of
Curtis McNeil; Symonette Limited Partnership;
Deutsche Bank National Trust Company, as Trustee
for Franklin Credit Trust Series I; Miami-Dade
County, Florida; State of Florida, Department of
Revenue; Unifund CCR Partners, G.P.; Suntrust
Bank; City of North Miami, Florida and Tenant #1

Defendants.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI
DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

Case No. 2010-61928-CA-01

FILED FOR RECORD
2017 DEC 19 AM 11: 37

## FINAL JUDGMENT OF FORECLOSURE

THIS ACTION was heard before the Court on Plaintiff's Final Judgment on November 29, 2017 on. On the evidence presented, IT IS ORDERED AND ADJUDGED that Plaintiff's Final Judgment is GRANTED against all Defendants listed by name: Leroy Williams; Unknown Spouse of Leroy Williams; James Littlejohn a/k/a James L. Jolin, James; Unknown Spouse of James Littlejohn AKA James L. Jolin; Hoke Williams; Unknown Spouse of Hoke Williams; Mack Wells; Unknown Spouse of Mack Wells; Curtis McNeil; Unknown Spouse of Curtis McNeil; Symonette Limited Partnership; Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust Series I; Miami-Dade County, Florida; State of Florida, Department of Revenue; Unifund CCR Partners, G.P.; Suntrust Bank; City of North Miami, Florida.

1.     Amounts Due and Owing. Plaintiff is due:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $448,000.00 |
| Interest good thru 11/29/17 | $307,333.74 |
| Late Charges | $137.20 |

Case No. 2010-61928-CA-01                                    1                          File # 13-F00368

CFN: 20170717007 BOOK 30602 PAGE 2860

| | |
|---|---|
| Prior Servicer Escrow Advance | $169,443.94 |
| Taxes 2013 | $6,909.19 |
| Taxes 2014 | $6,901.04 |
| Taxes 2015 | $7,488.14 |
| Taxes 2016 | $7,534.96 |
| Flood Insurance 2014 | $2,301.75 |
| Flood Insurance 2015 | $6,085.68 |
| Flood Insurance 2016 | $6,021.27 |
| Flood Insurance 2017 | $1,500.00 |
| Hazard Insurance 2014 | $6,352.83 |
| Hazard Insurance 2015 | $6,146.00 |
| Hazard Insurance 2016 | $6,262.00 |
| Hazard Insurance 2017 | $2,197.36 |
| | |
| Attorney's Fees Total | $4,689.00 |
| | |
| **Court Costs, Now Taxed:** | |
| Expert Affidavit | $14.00 |
| Service of Process | $1,935.00 |
| Publication, Notice of Action | $230.00 |
| **Additional Costs:** | |
| BPO | $1,302.00 |
| Property Inspection | $1,172.25 |
| Maintenance | $340.00 |
| **GRAND TOTAL** | $991,297.35 |

2.  **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest in accordance with Section 55.03, Florida Statutes.

3.  **Lien on Property.** Plaintiff, whose address is 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33416, holds a lien for the grand total sum superior to all claims or estate of the defendant(s), on the following described property in Miami Dade County, Florida:

LOT 103, BISCAYNE GARDENS SECTION "F" PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Property address: 15020 South River Drive, Miami, FL 33167

4.  **Sale of property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _JAN 2 4 2018_, 20__, at 9:00 A.M. to the highest bidder for cash after having first given notice as required by Section 45.031,

Case No. 2010-61928-CA-01                    2                    File # 13-F02068

CFN: 20170717807 BOOK 30602 PAGE 2001

Florida Statutes. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

5. Costs. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. Distribution of Proceeds. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. Right of Possession. Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the Protecting Tenants at Foreclosure Act of 2009, which was extended until 12/31/14 by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

8. Jurisdiction. The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

9. Attorney Fees. The Court finds, based upon the affidavit presented and upon inquiry of counsel for the plaintiff, that 19.9 hours and a $2,380.00 flat fee were reasonably expended by the plaintiff's counsel and that an hourly rate of $85.00-$215.00 and a flat fee of $2,380.00 is appropriate. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 S.2d 1145 (Fla.1985).

10. The court finds that the legal description contained in the subject Mortgage recorded in Official Records Book 23623, at Page 3231, of the Public Records of Miami-Dade County, Florida, is incorrect. Said Mortgage is hereby reformed to reflect the correct legal description as follows:

LOT 105, BISCAYNE GARDENS SECTION "F" PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

11. The Court finds that Plaintiff is entitled to an equitable lien against Defendant, James Littlejohn AKA James L. Jolin, Hoke Williams, Mack Wells, Curtis McNeil, Synzonette Limited Partnership's interest in the subject property, superior to the interest of the Defendants.

Case No. 2010-61928-CA-01                    3                    File # 13-F02068

CFN: 20170717007 BOOK 30802 PAGE 2992

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

DONE AND ORDERED in Chambers in Miami Dade County, Florida, this _____ day of _____, 2017.

DEC 19 2017

_____
Circuit Judge            John Schlesinger
                         Circuit Court Judge

Plaintiff shall serve all parties named on the service list and "occupant" at property address

## Service List

William LaCroix, Esq.
Attorney for Plaintiff
Brock & Scott, PLLC
1501 NW 49th Street, Suite 200
Fort Lauderdale, FL 33309

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION
NUMBER _____ 02
THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.
John Schlesinger
Circuit Court Judge

Miami-Dade County, Florida
c/o Abianese Phenelus, Esq.
111 NW 1st Street
Miami, FL 33128
yvaldes@miamidade.gov

City of North Miami (City)
Jennifer L. Warren
776 N.E. 125th Street
North Miami, FL 33161
cityattorney@northmiamifl.gov

Hoke Williams
L/K/A 15020 South River Drive
Miami, FL 33167

Case No. 2010-61923-CA-01                          4                          File # 13-F02961

CFN: 20170717807 BOOK 30602 PAGE 2008

Unified CCR Partners, G.P.
c/o CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust Series I
c/o Legal Department
1761 E. St. Andrew Place
Santa Ana, CA 92705

Unknown Spouse of Hoke Williams
15020 South River Drive
Miami, FL 33167

Unknown Spouse of James Littlejohn AKA James L. Jolin
8152 NW 15th Manor, Apt FC2R
Plantation, FL 33322

Littlejohn a/k/a James L. Jolin, James
L/K/A 15020 South River Drive
Miami, FL 33167

Suntrust Bank
c/o Alisha Smith, R.A.
40 Technology Parkway South, Suite 300
Norcross, GA 30092

State of Florida, Department of Revenue
C/o Executive Director, a registered agent or any other person authorized to accept service of
process
2450 Shumard Oak Boulevard
Tallahassee, FL 32399

Leroy Williams
8152 NW 15th Manor, Apt. FC2R
Plantation, FL 33322

Unknown Spouse of Mack Wells
15020 South River Drive
Miami, FL 33167

Case No. 2010-61928-CA-01                          2                    File # 13-F02868

CFN: 20170717807 BOOK 30606 PAGE 2094

The Unknown Spouse of Leroy Williams
L/K/A 15020 South River Drive
Miami, FL 33167

The Unknown Spouse of Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Mack Wells
L/K/A 15020 South River Drive
Miami, FL 33167

Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Symmetric Limited Partnership
L/K/A 15020 South River Drive
Miami, FL 33167

Case No. 2010-61920-CA-01                    3                    File # 13-F02368

**EXH. K**

IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CA
CASE NO: 2007-12407-c

US Bank ,N.A.
Plaintiff(s)                                    April 1,2010

Vs.

Leroy Williams
Defendant(s)

ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11,2008. This court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11,2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly,
IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of
March , 2010.

APR 06 2010          APR 06 2010

_____
CIRCUIT COURT JUDGE

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

CC~Allpachos

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original on file in this office. May 15     2010
HARVEY RUVIN, CLERK, of Circuit and County Courts
Deputy Clerk



# EXH. 1 - EXH. L

CFN  2004R0626859
OR Bk 22514 Pg 2791 (1ps)
RECORDED 07/26/2004 12:36:01
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

RECORDING REQUESTED BY / RETURN TO:
Pexite Management Corporation
P.O. Box 30014, Reno, NV 89520-8827

## Satisfaction Of Mortgage

WHEREAS the indebtedness secured by the mortgage described below has been fully paid and satisfied,
CHASE MANHATTAN MORTGAGE CORPORATION,
owner and holder of the debt, hereby declares that the lien of said mortgage is forever discharged and satisfied.
Original Mortgagee: CHEMICAL RESIDENTIAL MORTGAGE CORPORATION
Original Mortgagor: JOHN SCHLESINGER, MARILYN MILIAN
Recorded in Dade County, Florida, on 10/16/95 as Inst. # 95-420253 on Book 16952 on Page 3797
Tax ID: 0241386048110
Date of mortgage 10/13/95 Amount of mortgage: $334,080.00
DATE OF SATISFACTION: 07/02/04

NOW THEREFORE, the recorder or clerk of said county is hereby instructed to record this instrument and to
cancel, release, and discharge the mortgage in accordance with the regulations of said state and county.
DATED: 07/15/2004
CHASE MANHATTAN MORTGAGE CORPORATION
F/K/A CHEMICAL RESIDENTIAL MORTGAGE CORPORATION

By: _____     _____
Jennifer Wallace                 Witness: Shawna Thompson
Vice President

_____
Witness: Judy McColley

State of Nevada
County of Washoe
On 07/15/2004, before me, the undersigned, a Notary Public for said County and State, personally appeared
Jennifer Wallace, personally known to me to be the person that executed the foregoing instrument, and
acknowledged that she is Vice President of
CHASE MANHATTAN MORTGAGE CORPORATION,
and that she executed the foregoing instrument pursuant to a resolution of
its board of directors and that such execution was done as the free act and deed of
CHASE MANHATTAN MORTGAGE CORPORATION.

_____
Notary: Steven R Carson
My Commission Expires: 03-15-08

STEVEN R. CARSON
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No. 04-875552 - Expires March 15, 2008

Prepared by: E. M. Harrison, Pexite Management Corporation, 4600 Longley Lane, Suite #9, Reno, NV 89502
LN# _____ Investor LN# _____ P.I.F.: _____
FINAL RECON.# _____ Clc Inv#Y03 k2 07/16/04 09-025 FL Date 262:8 152

6:46

**EXH. M**

*PG 1*

# Quora

[ Open In App ]   [ Sign in ]

## Are JP Morgan and Chase the same?

**What are some simple steps I can take to protect my privacy online?**

Many people believe that they can't do anything to protect their privacy online, but that's not true. There actually are simple...

Continue Reading                                    >

### 1 Answer

**Dan Mahoney, Executive Director at JPMorgan Chase (▮▮▮-present)**

The basic answer is yes. JPMorgan Chase is one big company. Different names are used for branding purposes. The JP Morgan name is used for higher end LOB and products like investment banking, the largest corporate relationships and private banking for the wealthy. Chase is used for lower end products retail branch banking, business banking (less than $20M in sales) and commercial banking (annual sales less than $500M).

6:47

**EXH. M**
**PG.2**

Quora  Open in App   **Sign in**

## Are the roots of Morgan Stanley and JPMorgan Chase the same (i.e. JPMorgan & Co.)? What are their histories?

Ad by DuckDuckGo

**What are some simple steps I can take to protect my privacy online?**

Many people believe that they can't do anything to protect their privacy online, but that's not true. There actually are simple...

Continue Reading   >

**3 Answers**

 Shreyans Malani, studied at London School of Economics and Political Science
Answered Jul 7, 2015

JPMorgan Chase & Co. is the parent holding company of Chase(Commerical Bank) and JPMorgan(Investment Bank).

John Pierpont Morgan (J.P. Morgan) founded J.P. Morgan & Co., which is the predecessor to Morgan Stanley and JPMorgan Chase.
As a result of the Glass-Stegall Act of 1933, J.P. Morgan & Co. was broken up, it spun off its investment banking activities into Morgan Stanley.

EXH. M
PG.2

6:47

Quora    Open in App    Sign in

## Are the roots of Morgan Stanley and JPMorgan Chase the same (i.e. JPMorgan & Co.)? What are their histories?

Ad by DuckDuckGo

**What are some simple steps I can take to protect my privacy online?**

Many people believe that they can't do anything to protect their privacy online, but that's not true. There actually are simple...

Continue Reading                          >

**3 Answers**



Shreyans Malani, studied at London School of Economics and Political Science
Answered Jul 7, 2015

JPMorgan Chase & Co. is the parent holding company of Chase(Commerical Bank) and JPMorgan(Investment Bank).

John Pierpont Morgan (J.P. Morgan) founded J.P. Morgan & Co., which is the predecessor to Morgan Stanley and JPMorgan Chase.
As a result of the Glass-Stegall Act of 1933, J.P. Morgan & Co. was broken up, it spun off its investment banking activities into Morgan Stanley.

J.P. Morgan & Co. continued to operate as a commercial bank. However, in the 1990's it started to rebuild its investment banking operations. In 2000, it merged with the Chase Manhattan Bank,

Continue Reading ∨

RELATED QUESTIONS (MORE ANSWERS BELOW)

What is the history of JP Morgan Chase as a merchant bank?
533 Views                                      >

Open in app                              ✕

Document Prepared By:
Steve P. Galiano
ReconTrust Company
2575 W. Chandler Blvd.
Mail Stop: CHDLA-C-88
Chandler, AZ 85224
(800) 540-2684

CFN 2008R0642394
OR Bk 26512 Pg 2906 (1ps)
RECORDED 03/06/2008 14:02:40
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

# EXH.1 -EXH.N

When recorded return to:
MARILYN MILIAN, JOHN SCHLESINGER
1228 Alfonso Ave
Coral Gables, FL 33146

OCCIDM00038960584200SN

### SATISFACTION OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS: Mortgage Electronic Registration Systems, Inc. the owner and holder of a certain mortgage deed executed by
MARILYN MILIAN, JOHN SCHLESINGER
bearing date 08/29/2003, recorded on 09/05/2003 in Official Records Book 21608, Page 1301 , Instrument # 946932  in the office of the Clerk of the Circuit Court of MIAMI-DADE County State of Florida, securing a certain note in the principal sum of $1,000,000.00 Dollars, and certain promise and obligations set forth in said mortgage deed, upon the property situated in said State and County hereby acknowledge full payment and satisfaction of said note and mortgage deed, and surrenders the same as canceled, and hereby directs the Clerk of the said Circuit Court to cancel the same of record.

IN WITNESS WHEREOF the said Corporation has caused these presents to be executed in its name, and its corporate seal to be hereunto affixed, by its proper officers thereunto duly authorized, the 16 day of July, 2005.



ATTEST: _____
Stacey Yerba
Assistant Secretary

Mortgage Electronic Registration Systems, Inc.

Signed and delivered in the presence of:

_____
Kimberly Robertson
Witness

By _____
Peter Lopez
Assistant Secretary

STATE OF ARIZONA
COUNTY OF MARICOPA

On 07/16/2005, before me, Ilona T. Dawidowicz, Notary Public, personally appeared Peter Lopez personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Ilona T. Dawidowicz, Notary Public
Expires: 11/30/2009

OFFICIAL SEAL
ILONA T. DAWIDOWICZ
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Comm. Expires Nov. 30, 2009

**EXH.1**
**EXH.O**

Complaint - Department of Justice

https://www.justice.gov/archive/opa/documents/complaint.pdf

1.

IN THE UNITED STATES DISTRICT COURT ... 555 4 th. Street, NW.
) Washington, DC 20530. ) ) THE STATE OF ALABAMA, ... Montgomery, AL 36130.
) ) THE STATE OF ALASKA,. ) 1031 W. 4 th. Avenue, Ste .... 420
Montgomery Street Front ... Virginia, and the District of Columbia by and through their
undersigned attorneys ...

*48 US ATTORNEYS FILED SAME COMPLAINT.*

**EXH.1 - EXH. P**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-22211-GAYLES

CARL ERICKSON

　　　Plaintiff,

v.

RALPH W. CONFREDA, JR., et al.,

　　　Defendants.

_____/

### ORDER OF RECUSAL

PURSUANT to 28 U.S.C. § 455, the undersigned Judge to whom the above-styled cause is assigned hereby recuses himself and refers the case to the Clerk of the Court for reassignment.

**DONE AND ORDERED** in Chambers at Miami, Florida this 28th day of June, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

**EXH.P PG.2**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CARL ERICKSON,
                    Plaintiff,

v.

RALPH W. CONFREDA, JR.,
US BANK NATIONAL
JP MORGAN CHASE BANK
CARL A. LUBETSKY
ALAN WASERSTEIN
KENNETH ERIC TRENT
TERRANCE W. ANDERSON et al.,
                    Defendants,
_____/

Case No. 18-cv-22211-GAYLES

FILED BY _____ D.C.

JUN 24 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA.— MIAMI

### MOTIONS FOR RELIEF & RECUSAL AND MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure Rule 60, Plaintiff Carl Erickson hereby files this Motion for Relief & Recusal and Supporting Memorandum regarding the June 26th, 2016 Judge Darrin Gayles *sua sponte* review of the record and Dismissal Order (Document #4) based on the following facts, new information, just terms, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court (Exhibits Attached-JP Morgan Chase Special Situation Property Funds FRS Account Page 42, FRS 2018 Tables 9-13, SEC Filings-US Bank Florida Subsidiaries, Gayles Financial Interests & Property Disclosures)

### FACTUAL BACKGROUND

1. On June 4th, 2018, Plaintiff Carl Erickson filed a civil action Complaint (Document #1) citing Fraud causes of action for violations of Federal tort laws, banking real estate security assets regulation violations and racketeering statutes.

2. The Complaint was based upon precedent USDC related filings accepted by non-biased professional jurists that contained *verbatim* (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought under Fed. R. Civ. P. 8.

3. On June 26th 2018, Judge Gayles issued and Dismissal Order a *sua sponte* review of the

[1]

**EXH. Q**



objection to the bid is served upon the plain
and the third party purchaser, the objections s
be heard by the court. Fla. Stat. §45.031(8). Until
the clerk of the court issues the certificate of tit
your client still has the right to redeem the
property if you can pay off the mortgage in full.

Key Steps in the

Illegal foreclosing Clerks stealing Black People's property co
© pay.gods2.com

# EXH. AA

## UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

U.S. BANK, NATIONAL ASSOCIATION
AS TRUSTEE FOR RASC
2005 AHL3, MERS, FRANKLYN
CREDIT MANAGEMENT CORP and
AXIOM FINANCIAL SERVICES

Plaintiffs,

v.

MACK WELLS and MAURICE SYMONETTE

Defendants.

CASE NO: 2010-61928-CA01

### NOTICE OF REMOVAL

Removed from:

Eleventh Circuit District Court of Dade
County Florida

FILED BY _____ D.C.

JUL 1 4 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**TO:** Clerk of the U.S. District Court for the Southern District of Florida:

**PLEASE TAKE NOTICE THAT** Defendants MACK WELLS, MAURICE SYMONETTE and, collectively with the other named Defendants, "Defendants"), hereby removes to this Court the state court action described herein, And the Dade County Court's Local Rules because WE HAVE FOUND WITH PROOF THAT ALL EIGHT OF THE JUDGES AND PUBLIC OFFICIALS HAVE HORRIBLE MONEY CONFLICTS OF INTEREST SO THAT WE CAN'T GET JUSTICE FROM THE TOP TO THE BOTTOM Judge Sarah Zabel had already Dismissed this Case with PREJUDICE April 6th 2009 but out of nowhere a Judge we never met or had a Hearing in front of exactly one year later April 6th 2010 put in the same Order as our real Judge Sarah Zabel of Dismissal with Prejudice as a trick to avoid the presidence of a Judge in the same Circuit Court cannot change the Orders of another Judge it must be Appealed to a higher Court Ford Vs. Calloway so she waited three months and put in a new Order of Dismissal without Prejudice in an Illegal Exparte Hearing in Violation of Fl. Stat.702.07 which says Defendants must be present this was done without any notice to us which gave Judge Schlesinger six months later the right to have a new Case Heard **2010-61928-CA01** the Case that this notice of removal is about and Judge Schlesinger foreclosed us Illegally even though he also had a horrific Conflict of

-1-

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

### Case Number: 23-22848-CIV-MARTINEZ

MACK WELLS and MAURICE
SYMONETTE,

**EXH. AA**

     Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
*et al.*,

     Defendants.

_____/

### ORDER REMANDING CASE

**THIS MATTER** came before this Court on a *sua sponte* review of the record. It appears on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Notice of Removal, (ECF No. 1), that this Court lacks subject matter jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). This Court, therefore, remands this case.

A civil action may be removed from a state court to federal court if the federal court can exercise federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Blab T.V., Inc. v. Comcast Cable Communs., Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). Diversity jurisdiction exists if (1) the parties are "citizens of different States," and (2) "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

*Exh.AA*

Granting Defendants' Motion to Dismiss 1–2, *Symonette v. Aurora Loan Servs., LLC*, No. 13-CV-23142-HUCK (S.D. Fla. July 1, 2014), ECF No. 25; Order of Dismissal 1–2, *Ward v. JP Morgan Chase Bank*, No. 13-cv-60834 (S.D. Fla. Apr. 11, 2013), ECF No. 5 (dismissing Mr. Symonette's complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. This case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23 day of August, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**EXH.BB**

Case Number: 23-22640-CIV-MARTINEZ

MACK WELLS and MAURICE
SYMONETTE,

      Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
et al.,

      Defendants.

_____/

## ORDER REQUIRING BRIEFING CONCERNING THIS COURT'S JURISDICTION

**THIS MATTER** came before this Court on a *sua sponte* review of the record. It appears

on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Amended Complaint to Quiet

Title and Fannie Mae Quite [sic] Title Constructive Fraud with No Nf.ed [sic] to Prove Intent

(Axiomatic) and Violations of Federal and State Laws and Rules to Takeproperty [sic] Because

tue [sic] Banks Paid Officials for it and Complaint for FL. Rule 9.130 to Add Claim for Punitive

Damages (the "Amended Complaint"),[*] (ECF No. 6), that this Court lacks subject matter

jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or

both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court

is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.")

This Court, therefore, orders Plaintiff to provide this Court with a memorandum concerning its

---

[*] Generally, *pro se* complaints are held to a less stringent standard than formal pleadings drafted by
lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But the lower pleading
standard does not permit a court to "serve as de facto counsel for a party, or . . . rewrite an otherwise
deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369
(11th Cir. 1998).

Exh. BB

subject matter jurisdiction as outlined in this Order. This Court also provides the following brief overview:

"Federal courts are courts of limited subject matter jurisdiction." *Thermoset Corp. v. Building Mats. Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). This Court may only hear a case if it has "at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Id.* If, at any time, this Court determines that it lacks subject matter jurisdiction, it "must dismiss the case." Fed. R. Civ. P. 12(h)(3). This Court's jurisdiction is further limited by the *Rooker-Feldman* doctrine, which "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

Under the *Younger* abstention doctrine, "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Under *Younger*, this Court should abstain from hearing an issue where (1) the proceedings "constitute an ongoing state judicial proceeding[;]" (2) "the proceedings implicate important state interests; and" (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (quoting *Middlesex Cnty.*, 457 U.S. at 432.

The *Rooker-Feldman* doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine precludes district courts "from exercising appellate jurisdiction over final state-

*Exh. BB*

court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009). Specifically, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The task of reviewing a state court final judgment is *"reserved for state appellate courts*, or as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment . . . or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale*, 558 F.3d at 1260.

Here, the Amended Complaint is a 123-page document that stems from a post-judgment state court case (identified in the 279-page exhibit attached to the Amended Complaint) bearing case number 2007-012407-CA-01 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Case"). (*See, e.g.*, Am. Compl. Ex. 1, ECF No. 1-12 at 1.) The State Court Case concerns the foreclosure of real property in Miami, Florida, located at 15020 S. River Dr., Miami, FL 33167 (the "Property"). (*See id.* at 7.) From what this Court was able to discern by the incoherent and rambling allegations in the Amended Complaint, each Defendant was—as Plaintiffs allege—involved in some way in an elaborate scheme to defraud Plaintiffs or otherwise wrongfully take the Property from Plaintiffs through the State Court Case.

Therefore, after perusing the Amended Complaint and its attachment, it appears this Court does not have jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both because any form of relief this Court could grant Plaintiffs would require this

3

*Exh. BB*

Court to (1) disturb an ongoing state court proceeding—in which Plaintiffs are afforded an adequate opportunity to raise their constitutional challenges—involving the foreclosure of real property, which implicates an important state interest, *Williams v. Am. Home Mortg. Servs., Inc.*, No. 13-23240-CIV-ZLOCH, 2013 WL 1238472, at *2–3 (S.D. Fla. Nov. 20, 2013); (2) make a finding that the foreclosure action at issue was incorrectly decided, *see Casale*, 558 F.3d at 1260; or (3) both.

This Court notes that this is not the first time Mr. Wells or Mr. Symonette have attempted to seek a federal court's review of a foreclosure action in Florida state court. *See, e.g., Williams*, 2013 WL 1238472, at *1 (S.D. Fla. Nov. 20, 2013) (recommending that Mr. Symonette's complaint seeking a stay of a foreclosure action be dismissed under *Younger* abstention doctrine); Order 2, *Symonette v. Deutsche Bank Nat'l Tr. Co.*, No. 19-cv-62132-MOORE (S.D. Fla. Aug. 27, 2019) (dismissing Mr. Symonette's complaint challenging foreclosure action under *Rooker-Feldman* doctrine); Order Dismissing Case 1–2, *McNeal v. U.S. Bank Nat'l Ass'n*, No. 19-22503-CIV (S.D. Fla. July 2, 2019), ECF No. 8 (dismissing Mr. Symonette's complaint seeking review of a foreclosure action as an impermissible shotgun pleading and under *Rooker-Feldman* doctrine); Order 2–3, *Symonette v. Indy Mac Bank*, No. 18-23615-CIV-ALTONAGA (S.D. Fla. Sept. 9, 2018), ECF No. 4 (dismissing Mr. Wells and Mr. Symonette's complaint challenging a foreclosure action as a rambling shotgun pleading); Order Dismissing Case 1–2, *Marin v. Wash. Mutual Bank F.A.*, No. 17-22478-CIV-MORENO (S.D. Fla. Aug. 14, 2017), ECF No. 8 (dismissing Mr. Symonette's complaint challenging a foreclosure action under *Rooker-Feldman* doctrine); Order Granting Defendants' Motion to Dismiss 1–2, *Symonette v. Aurora Loan Servs., LLC*, No. 13-CV-23142-HUCK (S.D. Fla. July 1, 2014), ECF No. 25; Order of Dismissal 1–2, *Ward v. JP Morgan Chase Bank*, No. 13-cv-60834 (S.D. Fla. Apr. 11, 2013), ECF No. 5 (dismissing Mr. Symonette's

*Exh. BB*

complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine). This Court also notes that Mr. Wells and Mr. Symonette have attempted to seek federal review over the State Court Case via a separate removal action, which is also before this Court. *See generally* Notice of Removal, *U.S. Bank Nat'l Ass'n v. Wells*, No. 23-22848-CIV-MARTINEZ (S.D. Fla. July 31, 2023), ECF No. 1. This Court will address that action by separate appropriate order. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. **On or before Monday, August 7, 2023, at 1:00 p.m.**, Plaintiffs **SHALL** file with the Clerk of this Court a memorandum **of no more than ten pages** that addresses why this Court should not dismiss this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. The memorandum must be type in 12 pt. Times New Roman font, double spaced, and have one-inch margins. The memorandum must bear **Case Number: 23-22640-CIV-MARTINEZ**, so that it is filed in this action.

2. **Plaintiffs' failure to comply with this Order will result in appropriate sanctions, including dismissal of this case without prejudice, without further warning.**

3. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only pending this Court's determination concerning its subject matter jurisdiction. This administrative closure will not affect the Parties' substantive rights; rather, it is an administrative tool routinely used by this Court according to its inherent authority to manage its docket.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of August, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*

2

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

# EXH. BB 2

MACK WELLS AND
MAURICE SYMONETTE
Plaintiffs

CASE NO: 1:23-CV-22640-JEM

Vs



FILED BY _____ D.C.

AUG 0 2 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**CAUSES OF ACTION:**

1, TURNING FEDERAL QUITE TITLE
AGAINST FANNIEMAE FEDERAL 28 U.S.
CODE SS 2409a AND FL. STAT. 65.021.

U.S. BANK, NATIONAL ASSOCIATION, AS
TRUSTEE FOR RASC 2005 AHL3, MERS,
RESIDENTIAL FUNDING, JUDGE VALERIE MANNO
SHURR, JUDGE JOHN SCHLESINGER
JUDGE DE LA O, JUDGE VERONICA DIAZ
JUDGE SAMANTHA COHEIN, VIVIANNE DEL
RIO, JUDGE SAMANTHA COHEN

2, CIVIL VIOLATION OF CONSTRUCTIVE
FRAUD CONSPIRACY IN VIOLATION OF
FEDERAL 923.18 U.S.C. SS 371 AND .18 U.S.C
1314 AND 18U.S.C. 1961 (B) SECTION 201
BRIBING

3rd . JUDGES AND OFFICIALS'S CONFLICTS OF
INTEREST IN VIOLATION OF FEDERAL RULE
OF CIVIL PROC RULE 60, FLORIDA RULE 2.1 60
(A) (D) (H)(1)(4), FL. CODE JUD. CONDUCT
CANON 3E (1) FL STAT. 112.312 (8). IN
VIOLATION OF FEDERAL CONSTRUCTIVE
FRAUD CODE U18 U.S. CODE SS 1961 (A)

APPELLATE JUDGE BROWNWYN C. MILLER
APPELLATE JUDGE KEVIN MICHAEL EMAS
APPELLATE JUDGE EDWIN SCALES, FEDERAL
('S) EXCEPT FLORIDA POWER AND LIGHT
DADE COUNTY CLERK OF THE COURTS
, HARVEY RUVIN OF DEPARTMENT OF
RECORDS AND DOCKET, COMMISSIONER
RENE GARCIA, JUDGE CARLOS LOPEZ
ADMIN. JUDGE JENNIFER BAILEY

Defendants,

**EXH.CC**

| | 402 | 10/17/2023 | Mortgage Collection Fee | Event | SALE FEE/ AUCTION |
|---|---|---|---|---|---|
| | 401 | 10/17/2023 | Mortgage Collection Fee | Event | RESET FEES ( OCTOBER 16, 2023) |
| | 400 | 10/17/2023 | Mortgage Foreclosure Deposit | Event | 06/PL/76844/DOC STAMPS |
| | 399 | 10/17/2023 | Bid Amount | Event | 06/PL/76844 |
| | 393 | 10/17/2023 | Receipt | Event | RECEIPT#:2100006 AMT PAID:$936.80 NAME:BROCK AND SCOTT, PLLC COMMENT:76844 ALLOCATION CODE QUANTITY UNIT AMOUNT 3210-DOC. STAMPS - DEED 1 $466.80 $466.80 3215-JUD ELECTRONIC SAL 1 $70.00 $70.00 TENDER TYPE:CHECK TENDER AMT:$466.80 TENDER TYPE:CHECK TENDER AMT:$70.00 RECEIPT.DATE:10/17/2023 REGISTER#:210 CASHIER:DINGUIB |
|  | 398 | 10/16/2023 | Notice of Filing | Event | BANCKRUPTCY 23-18419-SMG |
| | | 10/16/2023 | Mortgage Foreclosure Sale | Hearing | |
|  | 398 | 10/15/2023 | Notice of Bankruptcy | Event | 23-18419 SMG |
|  | 397 | 10/15/2023 | Notice | Event | NOTICE OF REMOVAL |
|  | 396 | 10/15/2023 | Notice of Filing | Event | JUDGE CARLOS LOPEZ'S ORDER |
|  | 395 | 10/15/2023 | Notice of Filing | Event | NOTICE OF REMOVAL |
| | 394 | 10/15/2023 | 33393-3205 | Notice of Removal to Federal Court | Event | |
| | 395 | 10/14/2023 | Receipt | Event | RECEIPT#:3063038 AMT PAID:$60.00 NAME:KELLEY, JUSTIN JAMES BROCK & SCOTT, PLLC 2001 NW 64TH ST., SUITE 130 FT. LAUDERDALE FL 33309 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3117-REOPEN CASE FEE 1 $50.00 $50.00 TENDER TYPE: FILINGS TENDER AMT:$60.00 RECEIPT.DATE:10/14/2023 REGISTER#:308 CASHIER:EFILINGUSER |
|  | 392 | 10/13/2023 | Motion | Event | NOTICE OF FILING |
|  | 391 | 10/13/2023 | Motion | Event | NOTICE OF FILING |
|  | 390 | 10/13/2023 | Motion | Event | NOTICE OF REMOVAL |
|  | 389 | 10/13/2023 | Motion | Event | NOTICE OF REMOVAL |
|  | 387 | 10/13/2023 | Notice of Filing | Event | NOTICE OF REMOVAL |
|  | 386 | 10/13/2023 | Notice of Bankruptcy | Event | 23-18419-SMD (FORECLOSURE SALE SHALL NOT BE CANCELLED DUE TO ORDER SIGNED ON 09/01/23. DIRECTING CLERK NOT TO CANCEL THE FORECLOSURE SALE IN THE EVENT ANY ENTITY FILES FOR BANKRUPTCY.) |
|  | 384 | 10/13/2023 | Emergency Motion | Event | TO CANCEL SALE |
| | 383 | 10/13/2022 | No Further Judicial Action | Event | |
|  | 382 | 10/12/2023 | Notice of Nonregulary | Event | |
|  | 381 | 10/12/2023 | Notice | Event | EMERGENCY PETITION FOR WRIT OF PROHIBITION IN AN FORECLOSURE PROCEEDING |
|  | 379 | 10/12/2023 | Amended Complaint | Event | |
|  | 378 | 10/12/2023 | Emergency Motion | Event | EMERGENCY PETITION FOR WRIT OF PROHIBITION IN AN FORECLOSURE PROCEEDING (3RD DISTRICT COURT OF APPEALS; CASE NO 2010-9102B-CA-01) |
| | 380 | 10/11/2023 | Order | Event | DENYING DEFENDANTS EMERGENCY MOTION TO STOP ILLEGAL FORECLOSURE SALE |
|  | 377 | 10/11/2023 | Motion | Event | AND AFFIDAVIT FOR RELIEF, RECUSAL, VACATION OF ORDERS AND MEMORANDUM OF LAW FOR CLERK OF COURT, ETC... |
| | | 10/10/2023 | Motion Calendar | Hearing | EMERGENCY MOTION TO STOP FORECLOSURE SALE |
|  | 376 | 10/09/2023 | Motion | Event | TO TAKE NOTICE |

# EXH. CC 1

Chrome File Edit View History Bookmarks Profiles Tab Window Help Wed 6:31 AM

ecf.flsd.uscourts.gov/cgi-bin/DktRpt.pl?566648089488797-L_1_0-1

CM/ECF Query Reports Utilities Help Log Out

CLOSED,JB

**U.S. District Court**
**Southern District of Florida (Miami)**
**CIVIL DOCKET FOR CASE #: 1:23-cv-22848-JEM**

U.S. Bank, National Association v. Wells et al
Assigned to: Judge Jose E. Martinez
Case in other court: 11th Circuit District Court of Miami-Dade County, 010-61928 CA01
Cause: 28:1331 Federal Question

Date Filed: 07/31/2023
Date Terminated: 08/23/2023
Jury Demand: None
Nature of Suit: 220 Real Property: Foreclosure
Jurisdiction: Federal Question

**Plaintiff**
**U.S. Bank, National Association**
*as Trustee for RASC 2005 AHL3, or U.S. Bank, N.A.*

represented by **Mahwish A Younis**
3005 Wiles Road
Apt 301
Coconut Creek, FL 33073
(954)330-5654
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Mack Wells**

represented by **Mack Wells**
15020 S. River Dr.
Miami, FL 33167
PRO SE

**Defendant**
**Maurice Symonette**

represented by **Maurice Symonette**
15020 S. River Dr.
Miami, FL 33167
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 07/31/2023 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT - Complaint) Filing fee $402.00, filed by U.S. Bank, National Association. (No Answer filed/No Motion to Dismiss filed) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit(s))(son) (Entered: 07/31/2023) |
| 07/31/2023 | 2 | Clerks Notice of Judge Assignment to Judge Jose E. Martinez.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Jacqueline Becerra is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.<br><br>Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (son) (Entered: 07/31/2023) |
| 07/31/2023 | 3 | Clerks Notice of Receipt of Filing Fee received on 7/31/2023 in the amount of $ 402.00, receipt number FLS223248. (tx) (Entered: 07/31/2023) |
| 08/23/2023 | 4 | Order Remanding Case to State Court. Closing Case. Signed by Judge Jose E. Martinez on 8/23/2023. *See attached document for full details.* (mwn) (Entered: 08/23/2023) |
| 08/23/2023 | 5 | Transmittal Letter Sent with Order of remand to: 11th Judicial Circuit, State Court Case Number: 010-61928-CA01 (mwn) (Entered: 08/23/2023) |
| 08/30/2023 | 6 | Motion and affidavit for relief, recusal, vacation of orders and memorandum of law re 4 Order Remanding Case to State Court ( Responses due by 9/13/2023) by U.S. Bank, National Association. (Attachments: # 1 Exhibit)(mee) (Entered: 08/30/2023) |
| 09/05/2023 | 7 | ACKNOWLEDGMENT OF RECEIPT as to 5 Transmittal Letter Sent, 4 Order Remanding Case to State Court (cds) (Entered: 09/05/2023) |
| 03/25/2024 | 8 | PAPERLESS ORDER terminating 6 Plaintiffs' Motion for Recusal and Motion to Vacate per 4 this Court's Order Remanding Case to State Court. This case was previously remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida for lack of jurisdiction. Signed by Judge Jose E. Martinez on 3/25/2024. (kin) (Entered: 03/25/2024) |

PACER Service Center





# EXH. DD



UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**EXH. EE**

### Case Number: 23-22640-CIV-MARTINEZ

MACK WELLS and MAURICE
SYMONETTE,

     Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
*et al.*,

     Defendants.

_____/

## ORDER OF REFERENCE TO MAGISTRATE JUDGE
## FOR ALL PRETRIAL PROCEEDINGS

PURSUANT to 28 U.S.C. § 636(b) and the Magistrate Rules of the Local Rules of the

Southern District of Florida, the above-captioned cause is referred to United States Magistrate

Judge **Eduardo I. Sanchez** for a ruling on all pre-trial, non-dispositive matters, and for a Report

and Recommendation on all dispositive matters, including any pending motion.

**ORDERED AND ADJUDGED** that it is the responsibility of the parties in this case to

indicate the name of the Magistrate Judge on all motions and related papers referred by this order

in the case number caption - CASE NO.: 23-22640-CIV-MARTINEZ-SANCHEZ.

DONE AND ORDERED in Chambers at Miami, Florida, this 11 day of April, 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Sanchez
All Counsel of Record

Generated: Jul 14, 2023 4:16PM

Page 1/1

**EXH. FF**



## U.S. District Court

### Florida Southern - Fort Lauderdale

Receipt Date: Jul 14, 2023 4:16PM

Maurice Symonette

Rcpt. No: 17100                    Trans. Date: Jul 14, 2023 4:16PM                    Cashier ID: #EB

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|----------------------|-----|-------|-----|
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 402.00 | 402.00 |

| CD | Tender | | | | Amt |
|----|--------|--|--|--|-----|
| CA | Cash | | | | $402.00 |

Total Due Prior to Payment: $402.00

Total Tendered: $402.00

Total Cash Received: $402.00

Cash Change Amount: $0.00

**Comments:** Filing Fees for new case# 23-CV-61345 Wells et al v. U.S. Bank, National Association et al

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

EXH. FF 2

# FORM 6

## FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTEREST

### PART B- ASSETS

Carlos Lopez

Circuit Judge

11th Judicial Circuit

ON THIS PAGE OF CARLOS
LOPEZ'S AFFIDAVIT IT SAYS
HE MADE $2, $2,077,949
IBERIA BANK WHICH IS US
BANK AND THEIR PARTNERS

As of January 31, 2022

PART B- ASSETS

ASSETS INDIVIDUALLY VALUED OVER $1,000:

| | |
|---|---|
| Real Estate XXXX Brickell Ave, Unit XXXX, Miami, Fl | $1,250,000 |
| Real Estate 1717 North Bayshore Drive, A4244, Miami, Fl (rental property) | $575,000 |
| Real Estate 1800 NW 24ave, #720, Miami, Fl (rental property) | $200,000 |
| Cash IBERIABANK (Cash & CD) | $2,077,949 |
| 1111 Brickell Ave, Miami, Fl 33131 | |
| Marketable Securities UBS (See Summary) | $311,383 |
| CIM Group, P.O. Box 219312 (Cole Capital) | $255,000 |
| Kansas City, MO 64121 | |
| BBC Realty Holdings LLC- Rental Office at 2333 Brickell Ave | $1,800,000 |
| Suite A-1, Miami, Fl (33.3% owned) | |
| Loan Owed from Caribe Insurance Agency Corp | $125,000 |
| 720 Jeronimo Drive | |
| Coral Gables, Fl 33146 | |

<div align="center">

**UNITED STATES DISTRICT COURT**      **EXH.GG**

**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-CV-22640-JEM**

</div>

**MACK WELLS and**
**MAURICE SYMONETTE,**

      Plaintiffs,

  v.

**U.S. BANK, et al.,**

      Defendants.

_____ /

<div align="center">

**DEFENDANT MIAMI-DADE COUNTY CLERK OF COURT AND COMPTROLLER'S**
**MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

</div>

      Defendant Juan Fernandez-Barquin, Clerk of the Court of the Eleventh Judicial Circuit and Comptroller of Miami-Dade County, Florida ("Defendant Clerk"),[1] by and through his undersigned counsel, and pursuant to Rule 12(b), Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Plaintiffs' Amended Complaint. This Court lacks subject-matter jurisdiction over this action under both the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. Additionally, the Amended Complaint fails to meet the pleading requirements set forth in Rule 8(a) and 10(b), Federal Rules of Civil Procedure, and is an impermissible shotgun pleading. Accordingly, the Amended Complaint should be dismissed with prejudice.

<div align="center">

**FACTUAL AND PROCEDURAL BACKGROUND**

</div>

**I.**  **Procedural History of Underlying State Court Foreclosure Litigation**

      Plaintiffs' claims arise out of state foreclosure proceedings of real property located at 15020 S. River Dr., Miami, Florida 33167 (the "Property"). The 16 year litigation concerning the

---

[1] Defendant Clerk is the successor to the late Harvey Ruvin.

Property commenced upon Defendant U.S. Bank's filing of a foreclosure action in the Circuit

Court of the 11th Judicial Circuit, Miami-Dade County, Florida, on April 26, 2007 (the "2007

State Court Case"), following a default on the subject note and mortgage of the Property. *See* 2007

State Court Docket, attached as Exhibit A (hereinafter "Ex. A").[2] Circuit Court Judge Zabel

granted summary judgment in favor of then-plaintiff, Defendant U.S. Bank, on August 9, 2007.

*Id.* On April 7, 2010, however, Circuit Court Judge Manno Schurr dismissed the foreclosure action

for lack of prosecution with prejudice. *Id.* On June 25, 2010, Judge Manno Schurr issued another

order dismissing the case *without prejudice.*[3] *Id.*

On December 6, 2010, following the dismissal without prejudice in the 2007 State Court

case, Defendant U.S. Bank filed a new mortgage foreclosure complaint for the Property (the "2010

State Court Case"). *See* 2010 State Court Docket, attached as Exhibit B (hereinafter "Ex. B").

After holding a nonjury trial, Circuit Court Judge Schlesinger entered a final judgment of

foreclosure in favor of then-plaintiff, Defendant U.S. Bank, on December 19, 2017. *Id.* The final

judgment of foreclosure found that $991,297.25 was owed to then-plaintiff, Defendant U.S. Bank,

and if not paid, the Property would be set for public sale on January 30, 2018. *Id.* On appeal,

Florida's Third District Court of Appeal affirmed the final judgment of foreclosure and a Mandate

was issued on November 9, 2018. *Id.*

---

[2] Pursuant to Rule 201, Federal Rule of Evidence, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Under this rule, federal courts may take judicial notice of court records because those records can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Paez v. Sec'y. Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). Additionally, federal courts may take judicial notice of court dockets and the filings therein when deciding a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *See Universal Express Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006). Defendant Clerk respectfully requests that this Court take judicial notice of the 2007 State Court Case, *U.S. Bank v. Williams*, No. 2007-012407-CA-01 (Fla. 11th Cir. Ct. Apr. 26, 2007), the 2010 State Court Case, *U.S. Bank v. Williams*, No. 2010-061928-CA-01 (Fla. 11th Cir. Ct. Dec. 6, 2010), and the contents of both court files.

[3] A dismissal for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e) is "not final—that is, without prejudice—so as to be *res judicata.*" *Murphy White Dairy, Inc. v. Simmons*, 405 So. 2d 298, 299 n.2 (Fla. Dist. Ct. App. 1981).

2

Despite affirmance of the final judgment of foreclosure, Plaintiffs filed numerous post judgment motions, including motions to dismiss, motions to cancel the sale, and motions to recuse various judges. *See id.* Plaintiffs also filed various additional appeals, all of which were ultimately dismissed. *Id.* Additionally, multiple bankruptcy petitions were filed by different debtors in another attempt to stop the foreclosure sale. *See id.* In response to these delay tactics, U.S. Bankruptcy Judge Mindy A. Mora entered an order terminating the automatic bankruptcy stay of the foreclosure judgment for the Property. *See* Order Granting Relief from Automatic Stay in Favor of U.S. Bank, *In re Wells*, No. 23-12048 (Bankr. S.D. Fla. May, 2, 2023). In her order, Judge Mora also enjoined the debtor, Plaintiff Wells, from seeking a bankruptcy stay on the Property for two years from the entry of the order. *Id.* Notably, Judge Mora made the following finding in support of her order: "[Plaintiff Mack Well]'s multiple bankruptcy cases were part of a scheme to hinder, delay, and defraud [Defendant US Bank] from completing its foreclosure action." *Id.*

Following the bankruptcy court's order, Plaintiffs continued to make numerous filings in the state court docket to delay the foreclosure sale, including the filing of a counterclaim without leave of court, repeated motions for recusal of Judge Lopez, motions for temporary restraining orders and preliminary injunction to enjoin the foreclosure sale, and notices of removal of the 2010 State Court Case to federal court. *See* Ex. B. Despite these tactics, the Property was finally sold at a public sale on October 16, 2023. *See id.* Plaintiffs have since filed objections to the sale in state court and also filed a writ of prohibition in the state appellate court. *Id.*

## II. **Allegations Set Forth in the Amended Complaint**[4]

---

[4] This statement of facts is derived from the factual allegations set forth in the Amended Complaint. Defendant Clerk disputes these allegations. For purposes of this Motion, however, Defendant Clerk points to the Amended Complaint's own recitation of facts and events to demonstrate why dismissal is warranted. Further, as discussed below and as identified by this Court (Order Requiring Jurisdictional Briefing, ECF No. 7 at 3), the Amended Complaint consists of "incoherent and rambling allegations." As such, this section is the undersigned's best attempt at formulating the factual background of the Amended Complaint.

#235153265_v2

The Amended Complaint centers on alleged fraudulent conduct undertaken by Defendant U.S. Bank and various state actors, including Defendant Clerk, to wrongfully obtain the Property through a foreclosure sale. *See* ECF No. 16, Am. Compl. at 96–97. Specifically as to Defendant Clerk, the Complaint alleges that during the foreclosure proceedings, the "Clerks help hide the documents by Destroying Dockets and allowing unsigned fraudulent and blacked out Signatures onto documents onto the Record." *Id.* at 16. Plaintiffs allege that they filed an emergency motion to cancel the foreclosure sale in response to being evicted from their home without any warrant or court order due to the "help of the Constructive Conspiring paid off Apellate [sic] Judges, CircuitCourt [sic] Judges, Bankruptcy Judges, Clerks of the Courts, Police[.]" *Id.* at 17, 20. According to the Complaint, Judge Zabel realized that there was no mortgage and note with her final judgment of foreclosure thus prompting her to cancel the foreclosure sale until the original note and mortgage were presented. *Id.* at 20. However, the Plaintiffs allege that "somehow those tricky Lawyers got the Clerk to do the SALE anyway against Judge ZABEL's Order." *Id.* The Complaint then alleges that Judge Zabel dismissed the 2007 State Court Case with prejudice on April 7, 2009, because U.S. Bank's attorneys failed to provide the court with the original note. *Id.* at 21. According to the Amended Complaint, three months later, in response to bribery from U.S. Bank "JUDGE VALERIE MANNO SCHURR CHANGES IT TO DISMISSAL WITHOUT PREJUDICE IN AN ILLEGAL EXPARTE [sic] HEARING WITHOUT US KNO,WING [sic] SO THAT US BANK COULD COME BACK AND START THE SAME CASE QVER [sic] WITHOUT US[.]" *Id.* at 22. The Plaintiffs then allege that the clerks who were "all in on the Conspiracy destroyed the Docket" to conceal Judge Zabel's prior dismissal with prejudice and allow Judge Manno Shurr's dismissal without prejudice to stand. *Id.* at 67.

4

Additionally, the Amended Complaint alleges that another sale date was ordered by Judge Carlos Lopez who was "appointed by two Conflicted people, THE clerk and the administrative Judge Jennifer Baily[.]" *Id.* at 63. It further alleges that "the Clerk of Courts took page 2 out [Plaintiffs'] Motion to Recuse" thereby prompting Judge Lopez to conclude that it was legally insufficient. *Id.* Legal insufficiency of the Motion was impossible, according to the Amended Complaint, as "[Judge Lopez] got $2,077,949 cash and CD from Iberia Bank which is US Bank. So in [his] Financial Interqsts d [sic] Pr0 erty [sic] bisclosuress [sic] onfi toxin [sic] (steeling) our Pro erty [sic] mile [sic] acting as the Judge[.]" *Id.* In support of their assertion that "Clerk of Courts Harvey Ruvin is also helping the Steal of Property," Plaintiffs allege that Harvey Ruvin's Full and Fair Public Disclosure Forms indicate that he had "$315,000 with Wells Fargo Bank ... Which is U5 [sic] Bank." *Id.* at 65.

Though the Amended Complaint cites to various rules of procedure and ethical codes, it appears that the Plaintiffs are asserting claims of fraud, constructive fraud, and racketeering against Defendant Clerk for his alleged involvement in this fraudulent scheme. *See id.* In its prayer for relief, the Amended Complaint seeks compensatory and exemplary damages, costs of litigation fees, and "[d]eclatory relief, including permanent injunctive relief." *Id.* at 122. Additionally, the Amended Complaint asks this Court "to close this case with the original Dismissal with Prejudice in our THE PLAWTIFFS [sic] Favor." *Id.* at 123.

### III. Plaintiffs' History of Frivolous Lawsuits Challenging State Foreclosure Proceedings and Recently Remanded Federal Action Arising from the Same Set of Facts

As this Court noted, the instant suit is not Plaintiffs' first attempt at seeking federal court review of a state foreclosure action. *See* Order Requiring Jurisdictional Briefing, ECF No. 7 at 4 (collecting cases). Indeed, recognizing that Plaintiff Symonette "ha[d] filed at least 15 cases [from 2012 to 2019], most of which s[ought] to challenge state court foreclosure proceedings," courts

5

have regarded him as a "serial filer who consistently seeks the same relief in multiple court proceedings." Order Dismissing Case 1–2, *McNeal v. U.S. Bank Nat'l Ass'n*, No. 19-22503-CIV (S.D. Fla. July 2, 2019), ECF No. 8 (dismissing complaint under *Rooker-Feldman* doctrine and because the complaint was "deficient, even under the relaxed pleading standard afforded to *pro se* litigants").

After filing the instant suit, Plaintiffs again sought review of the state foreclosure proceedings by filing a separate removal action in this Court. *See* Notice of Removal, *U.S. Bank Nat'l Ass'n v. Wells*, No. 23-22848-CIV-MARTINEZ (S.D. Fla. July 31, 2023), ECF. No. 1. This Court remanded the case to state court on the grounds that:

> this Court d[id] not have jurisdiction over th[e] case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both because any form of relief this Court could grant Plaintiffs would require this Court to (1) disturb an ongoing state court proceeding—in which Plaintiffs are afforded an adequate opportunity to raise their constitutional challenges—involving the foreclosure of real property, which implicates an important state interest . . . ; (2) make a finding that the foreclosure at issue was incorrectly decided . . . ; or (3) both.

*Id.* ECF No. 7 at 4 (internal citations omitted). As discussed below, this Court should dismiss this suit on the same grounds. Additionally, in light of Plaintiffs' history of filing numerous frivolous lawsuits and the fact that such jurisdictional defects cannot be cured, Plaintiffs' Amended Complaint should be dismissed with prejudice. Allowing Plaintiffs to continue litigating frivolous suits relating to their endless foreclosure saga is a waste of this Court's valuable resources, as well as the resources of the parties.

## LEGAL ARGUMENTS

### I. The Amended Complaint Should be Dismissed as this Court Lacks Subject-Matter Jurisdiction Pursuant to the *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation."

*Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgements rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1004 (11th Cir. 2017). Pertinent here, "[t]he Eleventh Circuit and many district courts have applied the *Rooker-Feldman* doctrine to dismiss actions where a plaintiff was seeking to challenge a state court foreclosure judgment under the guise of federal claims." *Dixon v. Abruzzo*, No. 22-CIV-81561, 2023 WL 4373227, at *9 (S.D. Fla. June 21, 2023).

Further, the *Rooker-Feldman* applies to "federal claims raised in state court and to those inextricably intertwined with the state court's judgment." *Nash v. Fifth Dist. Ct. of Appeals*, 806 F. App'x 870, 872 (11th Cir. 2020). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, or if it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (quoting May, 878 F.3d at 1005). The doctrine "does not preclude an independent damages claim where such claim 'does not necessarily seek appellate review and reversal of the state court judgment.'" *Dixon*, 2023 WL 4373227, at *9. Yet, "where a plaintiff's *true* intent is to attack a state-court judgement, the *Rooker-Feldman* doctrine applies." *Id.* In addition, the doctrine "does not apply where a party did not have a reasonable opportunity to raise [the] federal claim in state proceedings." *Nash*, 806 F. App'x at 872.

As an initial matter, there is no procedural bar to the application of the *Rooker-Feldman* doctrine to the instant case. *See Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1321 (S.D. Fla. 2011) (explaining that the *Rooker-Feldman* doctrine was not procedurally barred where the state court judgment became final before the federal court proceedings began). Florida's Third District Court of Appeal affirmed the final judgment of foreclosure and issued its Mandate on November

7

9, 2018. *See* Ex. B. Although Plaintiffs filed numerous appeals, the last appeal was dismissed on

January 24, 2023. *See id.* This case was filed on July 14, 2023. *See* Compl., ECF No. 1. As such,

the state court judgment became final before the proceedings began here. Similarly, Plaintiffs had

a reasonable opportunity to raise the present federal claims in the state proceedings. In fact,

Plaintiffs exercised that opportunity by filing multiple appeals before the state appellate court. *See*

Ex. B. Accordingly, neither of the *Rooker-Feldman* exceptions are present, thus permitting the

doctrine's applicability.

Furthermore, Plaintiffs' claims are, without question, inextricably intertwined with the

state court's final judgment of foreclosure. The causes of action set forth in the Amended

Complaint and all the underlying allegations stem from Plaintiffs' contention that the state

foreclosure judgment was improper due to the alleged fraudulent scheme involving the Defendants

in this case. Plaintiffs' clear attempt to attack the state court's final ruling is plainly evident by

reference to the prayer for relief in the Amended Complaint. Plaintiffs asked the Court to "close

this case" with the original dismissal with prejudice in the 2007 State Court Case—i.e., asking the

Court to invalidate the entire 2010 State Court Case and overturn the final judgment of foreclosure.

*See* Am. Compl. at 123. This requested relief runs afoul to the *Rooker-Feldman* doctrine, as it

invites the Court to reject the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine precludes district

courts from reviewing and rejecting final state court judgments).

Additionally, to the extent Plaintiffs seek to circumvent the *Rooker-Feldman* doctrine by

arguing that they are seeking relief from the actions of the Defendants in this case and not the

judgment itself, such argument would not hold water. The crux of Plaintiffs' claims is that the final

#235153265_v2


judgment was procured by the fraudulent actions of the Defendants in this case.[5] *See e.g.,* Am.

Compl. at 123–24. Those allegations are "inextricably intertwined" with the state court's final

judgment. This is because, if the Court accepted Plaintiffs' allegations as true, "it would effectively

declare the state court judgment fraudulently procured and thus void." *Figueroa*, 766 F. Supp. 2d

at 1324 (quoting *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 166 (E.D.N.Y. 2010)). Further,

Plaintiffs' request for monetary relief does not change this result, as "it is abundantly clear that the

whole purpose of this action is to stop and undo the foreclosure judgment." *Swiatkowski*, 745 F.

Supp. 2d at 165.

Put simply, this suit is barred by the *Rooker-Feldman* doctrine because Plaintiffs' claims

can only succeed if this Court implicitly or explicitly determines that the foreclosure judgment was

wrongly decided.

## II.   The Amended Complaint Should be Dismissed Because this Court Lacks Subject Matter Jurisdiction Pursuant to the *Younger* Abstention Doctrine.

As discussed above, the entry of the final judgement of foreclosure and affirmance of that

judgment on appeal make clear that the foreclosure judgment is final. However, to the extent this

Court finds that the state proceedings are still ongoing, the *Younger* abstention doctrine applies.

Pursuant to the *Younger* abstention doctrine, "[w]here vital state interests are involved, a

federal court should abstain unless state law clearly bars the interpositions of the constitutional

claims." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex

Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). If the following factors

are present, the federal court must abstain and allow the state proceeding to go forward: "(1) the

---

[5] Though Plaintiffs' Amended Complaint is replete with allegations of fraud in connection with the foreclosure judgment, the Eleventh Circuit has not recognized an extrinsic fraud exception to the *Rooker-Feldman* doctrine. *See Renfroe v. Nationstar Mortg., LLC.*, No. 19-CV-521, 2019 WL 5456495, at *4 (M.D. Fla. Oct. 24, 2019) (citing *Scott v. Frankel*, 606 F. App'x 529, 532 (11th Cir. 2015)).

federal proceedings would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the plaintiffs have an adequate state remedy available." *Deme v. Prokhorov*, No. 20-62582-CIV, 2021 WL 4973044, at *1 (S.D. Fla. Sept. 20, 2021) (citing *Shepherd v. U.S. Bank Nat'l Ass'n*, 839 F. App'x 304, 306 (11th Cir. 2020)). Federal courts should refuse to abstain only if certain extraordinary circumstances are present: evidence that the state court proceedings are motivated by bad faith, irreparable injury would occur, or no adequate alternative state forum exists where the constitutional issues can be raised. *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023).

To the extent the state foreclosure action is still ongoing, abstention is warranted, as all three *Younger* factors are met. As to the first factor, following the final foreclosure judgment's affirmance on appeal and following its filing of this federal action, Plaintiffs have filed objections to the foreclosure sale with the state court and filed an emergency petition for writ of prohibition with the appellate court. *See* Ex. B. By either implicitly or explicitly determining that the foreclosure judgment was wrongly decided, this Court would be interfering with the pending state court proceedings—the exact result the *Younger* doctrine seeks to prevent. As such, the first *Younger* prong is satisfied.

Second, the Eleventh Circuit has established that "[t]he state has a legitimate interest in the validity of its judgments as well as an important state interest in determining disputes that affect title to Florida property." *Deme*, 2021 WL 4973044, at *1 (quoting *Shepherd*, 839 F. App'x at 306); *see also Sergeon v. Home Loan Center*, No. 09-CV-01113, 2010 WL 5662930, at *2 (M.D. Fla. Oct. 26, 2010) ("Florida has an important state interest in determining disputes that affect title to Florida real estate, and in resolving such controversies unimpeded by federal interference.").

Therefore, Plaintiffs' foreclosure proceedings implicate important state interests and as a result, the second *Younger* prong is satisfied.

Third, Plaintiffs have neither asserted nor shown that the pending "state proceedings do not provide an adequate remedy for [its] federal claims." *See 31 Foster Children*, 329 F.3d at 1279. "[A]n adverse ruling in state court proceedings does not mean a lack of an adequate state remedy." *Deme*, 2021 WL 4973044, at *1 (internal quotation marks omitted). And further, courts "must assume that the Florida court provides an adequate forum and can provide adequate remedies for any federal claims [p]laintiff[s] may have." *Sergeon*, 2010 WL 5662930, at *2; *Williams v. Am. Home Mortg. Servs.*, No. 13-23240, 2013 WL 12383472, at *2 (S.D. Fla. Nov. 20, 2013) (recognizing presumption that Florida courts provide an adequate forum and noting that "[p]laintiffs have the burden of showing that their state court action denies them adequate opportunity to raise such arguments"). "Adequacy in this context is not about the quality of the state court proceedings, but rather 'whether the challenge *can be raised* in the pending state proceedings' at all." *Leonard*, 61 F.4th at 908 (quoting *Moore v. Sims*, 442 U.S. 415, 425 (1979)). Plaintiffs can—and have—raised the challenges present in this case in the *proper* forum, the state appellate court. *See* Ex. B. Therefore, the third *Younger* prong is satisfied. In sum, this Court should abstain and allow the state proceedings to go forward, as all three requirements for *Younger* abstention are met.

### III. The Amended Complaint Should be Dismissed as it Violates Federal Rules of Civil Procedure 8(a) and 10(b)'s Pleading Requirements and Constitutes an Impermissible Shotgun Pleading.

Plaintiffs' Amended Complaint violates the pleading requirements set forth in Rules 8(a) and 10(b), Federal Rules of Civil Procedure, and fails to provide Defendant Clerk with "adequate notice of the claims against [him] and the grounds upon which each claim rests." *See Yeyille v.*

*Miami-Dade Cnty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016). Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Sanchez v. Team Health, Inc.*, No 18-21174-CIV, 2019 WL 13084448, at *2 (S.D. Fla. May 30, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[6] Rule 10(b) further requires a party to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) also provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" *Id.* Although courts liberally construe *pro se* pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Fla.*, 599 F. App'x 362, 363 (11th Cir. 2015). Plaintiffs unequivocally fail to meet the procedural rules set forth above.

As this Court noted, the Amended Complaint is comprised of "incoherent and rambling allegations." Order Requiring Jurisdictional Briefing, ECF No. 7 at 3. It is mostly written in a narrative format, contains multiple paragraphs that appear to be copied from other sources, repeats the same information in various places, and jumps from one topic to another without any sort of transition—all of which make it extremely difficult to understand. *See e.g.,* Am. Compl. at 18–20, 63, 74, 97, 105. As a result, Defendant Clerk is unable to discern which allegations of fact support each claim and which claims are brought against Defendant Clerk, thus depriving him of adequate notice of the claims to which he should defend. An "incomprehensible [c]omplaint" of this sort is a "quintessential shotgun pleading." *See* Order of Dismissal, *Symonette v. Indy Mac Bank, et al.*,

---

[6] Given that the Complaint raises allegations of fraud, Plaintiffs should be held to the higher pleading standard set forth in Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). As discussed further below, the Complaint does not meet the pleading requirements of Rule 8(a) and thus also fails to meet the heightened requirements of Rule 9(b).

No. 18-23615-CIV (S.D. Fla. Sept. 5, 2018), ECF No. 4 (dismissing Plaintiffs' complaint in another action challenging a similar state court foreclosure on the grounds that the complaint was a rambling shotgun pleading).

More specifically, the Amended Complaint falls into two categories of shotgun pleadings. First, it is the type of shotgun pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Alonso v. Regions Bank*, No. 22-cv-1057, 2022 WL 1555434, at *1 (M.D. Fla. May 17, 2022) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)). Second, the Amended Complaint also falls under the type of shotgun pleading that "asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission." *See id.* The third cause of action is illustrative of the entire Amended Complaint and plainly demonstrates both of above-mentioned categories. The third cause of action is listed as follows:

> 3rd CAUSE OF ACTION JUDGES AND OFFICIAL'S CONFLICTS OF INTEREST IN VIOLATION OF FEDERAL RULE OF CIVIL PROC RULE 60, FLORIDA RULE 2.160 (A) (D) (H) (1) (4), FL. CODE JUD. CONDUCT CANON 3E (1) FL. STAT. 112.312 (8). IN VIOLATION OF FEDERAL CONSTRUCTIVE FRAUD CODE 18 U.S. CODE SS 1961 (A)…

Am. Compl. at 44. The thirty-four pages under this count consist of ambiguous and largely immaterial allegations concerning alleged conflicts of interests of government officials in connection with the state foreclosure proceedings. *See e.g., id.* at 64 ("Clerk of Courts Harvey Ruvin is also helping the Steal of Property In his Form 6, from Tallahassee called FULL AND PUBLIC DISCLOSURE OF FINANCIAL, … he got $315,000 with Wells Fargo Bank … Which is US Bank."); *id.* ("I have found that our case was directed to other Judges in the sess [sic] Pool from the Conflicted of Interests Clerk of the Court HARVEY RUVIN[.]"). Additionally, as with all other counts, it is entirely unclear whether Plaintiffs are asserting this claim against Defendant

Clerk. *See id.* at 43–76. This lack of clarity is in direct violation of Rule 8(a) and as a result, Defendant Clerk is forced to defend himself of all the claims where the Clerk of Courts is mentioned at any point in the underlying factual allegations.

Further, with the exception of a handful of inconsistently numbered paragraphs (*see e.g., id.* at 43–60), the Amended Complaint fails to number its paragraphs as required under Rule 10(b). *See generally id.*; *see also* Fed. R. Civ. P. 10(b). The Amended Complaint also fails to comply with Rule 10(b)'s requirement that plaintiffs state "each claim founded on a separate transaction or occurrence … in a separate count" if "doing so would promote clarity." Fed. R. Civ. P. 10(b). And, as demonstrated above, clarity is desperately needed here.

In sum, Plaintiffs' 125-page Amended Complaint is neither short nor plain, fails to include numbered paragraphs, and falls squarely within the definition of an impermissible shotgun pleading. Accordingly, the Amended Complaint should be dismissed. *See Burgess v. Royal Caribbean Cruises Ltd.*, No. 20-CV-20687, 2020 WL 13349026, at *3 (S.D. Fla. Oct. 9, 2020) (dismissing complaint as shotgun pleading where the complaint contained conclusory long-winded paragraphs and immaterial statements); *Gilroy v. City of Fort Pierce*, No. 16-14521-CIV, 2018 WL 11605617, at *3 (S.D. Fla. Mar. 16, 2018) (dismissing complaint as shotgun pleading where it was impossible to discern the plaintiff's specific claims against the defendant); *Brennan v. Royal Caribbean Cruises, Ltd.*, No. 19-21478-CIV, 2020 WL 13348667, at *1–2 (S.D. Fla. Jan. 31, 2020) (dismissing count on shotgun pleading grounds and discussing the ramifications of cases proceeding on the basis of shotgun pleadings).

**IV.  <u>Dismissal of this Suit Should be With Prejudice.</u>**

*Pro se* litigants are generally afforded an opportunity to amend their complaint in an attempt to cure pleading deficiencies before dismissal. *See Kennedy v. Key West Police Dep't*, No.

18-CV-10286, 2018 WL 11257403, at *3 (S.D. Fla. Dec. 13, 2018), *report and recommendation adopted*, 2019 WL 11553690 (S.D. Fla. Feb. 26, 2019). "However, 'denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'" *Id.* (quoting *Burger King Corp. v. Weaver*, 169 F. 3d 1310, 1320 (11th Cir. 1999). The instant suit falls within this exception.

Plaintiffs cannot restate their allegations in a manner that would bypass this Court's lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine because no amendment can overcome these jurisdictional defects. *See id.* at *4 (dismissing complaint with prejudice because "[n]o amendment would overcome the [*Younger*] abstention doctrine"); *Cavero v. One West Bank FSB*, 617 F. App'x 928, 931 (11th Cir. 2015) (affirming dismissal with prejudice because "amendment would have been futile in light of *Rooker-Feldman*"). Accordingly, dismissal with prejudice is warranted.

## CONCLUSION

Plaintiffs cannot avoid the state court's final judgment of foreclosure. Plaintiffs made numerous attempts to challenge the judgment to no avail. Dissatisfied with the outcome of those attempts, they now improperly seek to re-litigate issues already raised, or that should have been raised, in the state foreclosure proceedings. The instant suit is just another attempt by Plaintiffs to inhibit the administration of justice. In light of the Amended Complaint's jurisdictional and pleading deficiencies and Plaintiffs' repeated abuse of the judicial system by filing frivolous claims, Defendant Clerk respectfully requests that this Court dismiss the Amended Complaint with prejudice.

#235153265_v2

Dated: January 2, 2024

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Tel. 305.374.8500
Fax: 305.789.7799

By: /s/Jose A. Casal
Jose A. Casal (FBN 767522)
Email: jose.casal@hklaw.com
Secondary email: josie.vila@hklaw.com

*Attorneys for Defendant Juan Fernandez-Barquin,
Clerk of the Court of the Eleventh Judicial Circuit
and Comptroller of Miami-Dade County, Florida*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 2, 2024, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document

is being served on this date on all counsel of record or pro se parties identified below in the manner

specified:

Maurice Symonette
Mack Wells
15020 S. River Drive
Miami, FL 33167
*Via U.S. Mail*

By:/s/ Jose A. Casal
Jose A. Casal

16

#235153265_v2

**EXH. GG**

UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005 AHL3, OR U.S. BANK NA.<br><br>Plaintiffs,<br><br>v.<br><br>MACK WELLS and MAURICE SYMONETTE<br><br>Defendants. | N0.<br><br>MIAMI DADE COUNTY FLORIDA Eleventh Circuit District Court of Dade County Florida CASE NO: 010-61928-CA01<br><br>**NOTICE OF REMOVAL**<br>[28 USC 1441, 1332, 1446(a and d)]<br>[FLORIDA RULE OF JUDICIAL ADMINISTRATION .450]<br><br>15020 SOUTH RIVER DRIVEMIAMI DADE COUNTY FLORIDA 33167 |



FILED BY _____ D.C.

JUL 31 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

<u>**NOTICE OF REMOVAL**</u>

TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO ALL PARTIES AND

THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 8 U.S.C. §§ 1331, 1132, 1441(a), 1442, and 1446,

DEFENDANTS MACK WELLS AND MAURICE SYMONETTE NOTICE OF REMOVAL

<u>**INTRODUCTION**</u>

1. Plaintiff filed a Complaint in the Circuit Court of the Eleventh Circuit,
State of Florda, on

December 6, 2010. (A true, complete and correct copy of the Plaintiff's Complaint is attached

hereto as Defendants' **Exh. 56.** The same case, with the same principal parties and

some of the same issues, is currently before this Court as Case **No. 2010-61928-CA01**

**EXH. HH**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 20-20873-CIV-MARTINEZ-OTAZO-REYES**

AMANDA MARTIN,

      Plaintiff,

v.

JOBY DAVID OGWYN,

      Defendant.

_____/

**ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL
SCHEDULE, REQUIRING MEDIATION, AND REFERRING
CERTAIN MOTIONS TO MAGISTRATE JUDGE**

Trial is scheduled to commence during the two-week period beginning **Tuesday, January 19, 2021 at 9:30 a.m.,** before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **January 14, 2021 at 1:30 p.m.** at the same location.

**IT IS ORDERED AND ADJUDGED** as follows:

1.    No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2.    Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface.

**Pretrial Stipulations and Jury Instructions**

3.    Counsel and all *pro se* litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for *voir dire* examination. The Court will not accept unilateral pretrial stipulations and will *sua sponte*