IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
GENERAL JURUSDICTION DIVISION



FILED BY_____D.C.

APR 26 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MAURICE SYMONETTE AND MACK WELLS,
PLAINTIFFS,

V.                                          CASE NO.: 23-22640-Civ-MARTINEZ-JEM

U.S. BANK NATIONAL, TRUSTEE, et. Al.
Defendants.

_____/

ANSWER TO DEFENDANTS MOTION TO DISMISS ALONG WITH MOTION

TO DEFAULT FOR NOT ANSWERING AT THE TIME THE JUDGE DEMANDED AND MOTION TO

STRIKE DEFENDANTS MOTION TO DISMISS

COMES, Plaintiffs, MAURICE SYMONETTE AND MACK WELLS, pro se litigants, to enter their timely

memorandum and response to this Court's order of August 3, 2023 to answer the question posed by the

Court as to why this Court should not dismiss this case under the Younger abstention doctrine, Rooker-

Feldman doctrine, or both. The Plaintiffs respond in the negative to that question as to it should not as

pointed out below.

Summary of The Matter

This action stems from a case in the State Circuit Court of Florida which originates from the Foreclosure

initiated by Defendant U.S. Bank National, who serves as trustee of REMIC which allegedly holds the Note

and Mortgage that the Foreclosure below is based upon. The initial matter commenced against the subject

property in 2010 and has since seen a final judgment of Foreclosure entered which has become final under

Florida law, the Plaintiffs, who are the title holders of the property currently, have filed an appeal which has

affirmed the final judgement, and at various points sought post judgement relief under Fla. R. Civ. P. 1.540

checked with a hand writing Expert, Exh. AA. And see: JUDGE JOSE E. MARTINEZ'S signature in correct case number 23-CV-22640-JEM wherein he asked for our proof of our Federal Jurisdiction. His signature is totally different,Exh. BB. Exh. CC and Exh. DD. So you can see that JUDGE JOSE E. MARTINEZ

in the Correct Division with the Correct Notice of Removal where in case no.23-CV-22640-JEM dated 08/03/23 no. 7. the JUDGE asked us to show our Jurisdictional rights to do this Case and on that Federal Docketdated 08/07/23 we answered with anAmended Complaint with the Notice of Removal which becomes afull-blown Federal Complaint and proved Jurisdiction and the Judge did not Remand our Notice of Removal in the correct Federal Division case no. 23-CV-22640-JEM.   Then the Defendants with (US BANK) asked for an extension of time to answer the Complaint and **NOTICE OF REMOVAL**which proves that US BANK Lawyers were knowingly lying when they said that this was onlya Complaint and not a **Notice of Removal** and must be punished for deliberately misleading the Court to steal our property!

3. The action filedunder under 23-CV-22640-JEM is still pending before the federal court awaiting determination on its jurisdiction in which the Judge has been fully briefed in that matter. *See Federal Court Docket for Action 23-CV-22640-JEM attached as Exhibit "A".*

4. At no time did the federal court remand the case which was filed July 14, 2023 filed under 23-CV-22640-JEM as a result of the notice of removal. Accordingly, the jurisdiction of the State Civil Court Case no 2010-61928-CA01 MACK WELLS V. U.S. BANK is not proper at this juncture due to this case not being remanded. And now

JUDGE MARTINEZ ordered us to use a. MAGISTRATE again with another strange forged signature of JUDGE Martinez.

5. No order by the federal courtin action 23-CV-22640-JEM the correct case no. and signaturehas been entered for remand that was filed 07/14/23, but somehow the case filed under the wrong case no.23-CV-22848 with the forged signature of JUDGE MARTINEZ put in was fraudulently Remanded from the never activated Case no. because when that Case was filed it was immediatelyon the same day with right case no. from the U.S. District Florida Southern-Ft. Lauderdale the wrong Division but had the right Case no. filed under 23-CV-22640-JEM but was fraudulently remanded with a forged JUDGE JOSE E. MARTINEZ'S, See Forged signatured Order, of JUDGE MARTINEZ'S under the wrong Case no. filed under 23-CV-22648- line no. 4, Exh. AA. Now look at the Correct Case under JUDGE JOSE E. MARTINEZ filed under under 23-CV-22640-JEM with the correct signature, Exh. BB. And looks like 5 cases with the same Judge Martinez's cases like Amanda v. Joby, see" signature, Exh. HH, II, Samuel v. Miami, Exh. JJ and the U.S. V. Alfred Davis, Exh. KK. all have the same JUDGE MARTINEZ's signature and looks like the same signature of JUDGE MARTINEZ on the case filed under case no. 23-CV-22640-JEM which is the correct case and correct signature. This is what we Sueing U.S. BANK about in our Federal RICO case against the Conspiring Lawyers and Judges one of the counts is for forging JUDGE'S ORDERS. Exh. LL.and Case was never Remanded in filed under case no. 23-CV-22640-JEM Despite the entry of the notice of removal entered by MACK WELLS and MAURICE SYMONETTE onOct.13th , 14thand Oct. 15th, the Dade County Court still

proceededwith the sale of the property in031 in-Violation of the Notice of Removal Stay, 28 U.S. CODE SS 1446 (d) of the Notice of Removal.

6. On Oct. 16, 2023, the property was sold to the Plaintiff Illegally as the successful bidder for a startling grossly inadequate sales price of $77,800.00 in Violation of the Notice Stay so therefore the Sale is VOID so the Lawyers must be punished and sanctioned and the SALE removed now by the U.S. MARSHALS

7. , See Real Foreclose Data Sheet attached as Exhibit "B", when compared to the actual assessed value as determined by the Miami Dade Property Appraiser. See Miami Dade Property Appraiser Profile Attached as Exhibit "C".

8. The Clerk entered the certificate of sale on Oct. 19, 2023 stating that the Plaintiff was the successful bidder at the sale triggering the ten (10) day period under which the sale may be objected pursuant to Fla. Stat. §45.031 in Violation of the Notice of Removal Stay, 28 U.S. CODE SS 1446 (d)so therefore the Sale is VOID

4. Contained in the omnibus pleading filed on July 2, 2023 was also notice of removal of the action to federal court, the effect of which suspended the jurisdiction of this court until such time the case is remanded by the federal court.

5. Ultimately, the Court entered its order dated Aug. 3, 2023 which cancelled the sale scheduled for Aug. 7, 2023 due to two (2) grounds that were found by the Court. The first being that the action had been previously removed to the federal court and the other being a judicial disqualification was pending and had not been properly disposed by the Court.

]

11. This Court previously cancelled the sale based on removal for lack of jurisdiction based on the federal action filed under 23-CV-22848-JEM. At no time did the federal court remand the second case which was filed July 14, 2023 as a result of the removal. Accordingly, the jurisdiction of this Court is still not proper at this juncture due to the second case not being remanded.

12. Despite the entry of the notice of removal entered by the Defendants on Oct. 13th, 14th and Oct. 15th, this Court still proceeded with the sale of the property.

13. On Oct. 16, 2023, the property was sold to the Plaintiff as the successful bidder for a startling grossly inadequate sales price of $77,800.00,

14. The Clerk entered the certificate of sale on Oct. 19, 2023 stating that the Plaintiff was the successful bidder at the sale triggering the ten (10) day period under which the sale may be objected pursuant to Fla. Stat. §45.031.

<u>Judicial Sale Conducted Without Jurisdiction</u>

The federal removal statute provides that once a copy of the notice of removal is filed in state court, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); see *General Electric Credit Corp. v. Smith*, 484 So. 2d 75, 76 (Fla. 2d DCA 1986); *Weiser v. Bierbrouwerij, B.V.*, 430 So. 2d 986, 987 (Fla. 3d DCA 1983); *RutasAereasNacionales, S.A. v. Cauley & Martin, Inc.*, 160 So. 2d 168, 169 (Fla. 3d DCA), cert. denied, 166 So. 2d 753 (Fla. 1964). The federal removal statuteprovides that upon entry of an order of Remand, "the State court may thereupon proceed with such case." 28 U.S.C § 1447(c). See generally *Wilson v. Sandstrom*, 317 So. 2d 732, 740-41 (Fla. 1975)

(effect on state court jurisdiction where case is remanded), cert. denied sub nom. *Alder v. Sandstrom*, 423 U.S. 1053, 46 L. Ed. 2d 642, 96 S. Ct. 782 (1976). From the viewpoint of the state court, the removal statute gives the state court a clear demarcation of when state court jurisdiction ceases, and when (if ever) the state court may resume jurisdiction. Under the statute, state court jurisdiction *ceases* when a copy of the notice of removal is filed in the state court. 28 U.S.C. § 1446(d), or at best is suspended.

It is abundantly clear that the face of the pleading filed into the record of the Court five (5)  separate times on Oct. 13, 2023, [D.E. 387, 389, 390, 391 and 392], and again on Oct. 15, 2023 on two (2) more occasions, [D.E. 395 and 397], gave clear notice of the removal of the instant action to the federal court previously back on July 14, 2023, albeit never being filed in the instant action at that time. Because they Deliberately confused us. This State Court is precluded by federal law, based on the applicationof the automatic stay Federal code 28 U.S. SS 1446 (D), from allowing the sale to proceed forward in this instance. This Court has no discretion in this matter when it comes to the removal statute and its effect on the jurisdiction of this Court.

The Third District, whose decisions are utterly binding on this Court stated, in *Garcia v. Deutsche Bank Nat'l Trust Co.*, 259 So. 3d 201, 202 (Fla. 3DCA 2018), that "State courtjurisdiction ceases upon removal of a case to federal court and ***any pre-remand proceedings occurring in the state court after the case has been removed are void***" (citing *Musa v. Wells Fargo Del. Tr. Co.*, 181 So. 3d 1275, 1277 (Fla. 1st DCA 2015)) [emphasis added]. But it does not end there. Even more telling as to the effect of a on a court's jurisdiction is what the Third District stated following that which was "[i]n a detailed review of the law in this area, the First District concluded that even an

**_improper removal to federal court, or a removal for improper motives, will not_**

**_preserve state court jurisdiction._**" *Id.* at 1280-84; see also *Cole v. Wells Fargo Bank Nat'lAss'n,* 201 So. 3d 749, 750 (Fla. 5th DCA 2016).

Even the Federal Eleventh Circuit Court of Appeals took this position in the seminal case *Maseda v. Honda Motor Co.,* 861 F. 2d 1248 (11th Cir. 1988)("Since *Steamship Co. v. Tugman*, 106 U.S. 118, 1S. Ct. 58, 27 L. Ed. 87 (1882) was decided, the removal statute28 U.S.C. § 1446 was amended. Under the amendment, the filing of a removal petition terminates the state court's jurisdiction until the case is remanded, **_even in a case improperly removed_**" (citing *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir.))[emphasisadded].

More damaging to this matter is the fact that this Court has proceeding in this matter while this Court lacked subject matter jurisdiction upon the filing of the Notice on Oct. 13, 2023. There is even an argument that the Court did not have jurisdiction under the second filed removal under case 23-CV-22640-JEM since the filing of that case. A careful examination of that case's docket in the federal court clearly shows that the matter has not been dismissed or otherwise remanded. The docket clearly reflects that entry #4 shows the notice of removal filed in this Court is the same one filed in that court's records. The notice of removal, which should have been filed in this action, was mistakenly filed in that court instead. Under the removal statute, the removal is not effective until filed in the state court action. Granted, the notice was not filed here when the action was filed in federal court. But the federal law is clear, "[p]romptly after the filing of such notice ofremoval of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall effect the removal and the State*

*court shall proceed no further unless and until the case is remanded*." 28 U.S.C. §1446(d). In this case, the filing of the notice of removal on Oct. 13, 2023 instituted the automatic stay, based on removal, under case number 23-CV-22640-JEM in federal court.

9. Accordingly, any action taken by the Court after the notice of removal filed by the Defendant on Oct. 13, 2023, including the conduct of the judicial sale, *IS VOID DUE TO THE JURISDICTION OF THIS COURT BEING SUSPENDED.*Here, the sale itself was allowed to proceed even after the notice of removal was filed in this action on Oct. 13, 2023. Due to an a deliberat attempt by the Clerk of the Court to keep the Federal Notice of Removal off the Docket  files and then claim ignorance  so that they could Foreclose and get it closer to the changing of the Title if we catch on to their conspiring insiders who would be working with them to steal the Property under color of Law.the property was allowed to go to sale despite a notice of removal filed prior to the sale. US Bank Lawyers told Judge Eig that we did not have a new NOTICE OF REMOVAL and that the new Federal Notice of Removal was just a Federal Complaint which is a lie because the case was filed 07/14/23 when that Judge saw the Amended Notice of Removal and Complaint the Judge didn't Remand with the case# 23-CV-22640-JEM but was put in into Ft. Lauderdale the wrong Division but went to Federal Judge Martinez to Dade County Federal Court House from Broward filed 07/14/23 that was sent to Miami on Jurisdictional Grounds because the Case was filed in Broward County the

wrong County Division because Dade County is the Correct Federal Division where the Case happened but at the same time the Federal Causes were unclear so I did a Federal Amended Notice of Removal and Complaint that listed most of the Federal Jurisdiction, Exh. (AA.) and then the Judge asked us to Show Cause as to why he should not Remand our case and we answered and showed mostly all the Federal Jurisdiction, Exh. BB. and the Case was not Remanded. And the Judge gave them time to Answer Notice of Removal and Complaint they missed the Deadline but came back and answered the Notice of Removal and Complaint also mentioning the Notice of Removal with the Complaint so US BANK Lawyers new this was a **_NOTICE OF REMOVAL,_** Exh. (CC.) and not just a Complaint like they Lied toJudge EIG, saying "this was just a Complaint", on the Federal Docket Case 23-CV-22640-JEM on 12/06/23, 12/08/23, 01/02/24 ,01/05/24 and 01/26/24 US BANK says this is a Motion to Dismiss Remand our Notice of Removal and Complaint which started 07/14/23  and Noticed to the Circuit Court, Judge and US BANK Lawyers because even though they knew there was a Federal Stay from a Notice of Removal and Complaint the Lawless Judge Carlos Lopez and US BANK Lawyers they continued to Prosecute the Fake Foreclosure Case and Sale to make us lose Title  to the House knowing that **_Florida BILL 87 says even if it is a Wrongful Foreclosure_**

***you can't get the House back you can only get Money Reimbursement because they are doing the Jim Crow Law and the Black Code of the Slavery South which says " Niggers can't out right Own Property, Exh. DD. in Violation of the 14th Amendment and the Bible Exodus 12:49 which says, "Equal Rights and there shall be one Law for all".*** They just want to change the Title out our names so that they can illegally declare our House an unsafe Structure and confiscate the HOUSE to Evict us like they tried to do illegally when the whole County participate in fake Murder scene at our house used to Confiscate our Property but got caught and they gave the house back the same Day see : Gods2.com Video H.So the County has no Jurisdiction this Case-which is Stayed by JUDGE Martinez because it is still in Federal Court under Federal Jurisdiction in Judge Martinez's Court who mustsave U.S.Sovereignty and Jurisdiction and not allow Florida to take it. For it is obviously Federal Jurisdiction acknowledged on the Federal Docket So therefore the NOTICE OF REMOVAL has not been Remanded. There was also a Bankruptcy filed 4 days before the Sale that stops the Sale but they continued on anyway even with Certified Copy in Violaton of Federal rule 362 of the Bankruptcy Code automatic Stay, Exh. A. and the Notice of Removal fled from the Federal Court on the County Court Filed October 12th E-fled Oct 13th,14th and 16th Exh. CC. and on Oct. 16th And the Clerk of the

Court would not allow the Notice of Removal nor the Bankruptcy to show on the Docket when we brought the Documents in person or when we E-fled the Documents to the Docket it just said Pending so that the Judge would not Cancel the Sale and now after the Sale the Documents shows on the Docket and in the right Filings from October 12th to Oct. 16th Exh. EE. but only after we showed the Supervisor of the Docket fling Dept. that we Video Taped and showed her the whole filing transaction and we also video taped her seeing the Video and seeing the Video then She admitted we were Right  and put the Notice of Removal and Bankruptcy on the Docket with the Correct Dates that was before the Sale that also Stopped the Sale or should have stopped (STAYED THE SALE) and we gave Notice of Removal and Bankruptcy to the Judge directly and acknowledged it on Video in front of Witnesses but would not STOP THE SALE according to the Law even after admitting on his FORM 6 FINANCIAL AFFIDAVIT that he made a literal 2million **CASH** from US BANK but would not Recuse himself, Exh. FF. Wow completely Lawless, see Gods2.com Video number 1G-18. 2. We asked the Clerk for the Pay Off and she would give it to us because we were not Leroy Williams the Borrower even though Mack Wells who asked her for the Pay Off is listed as a Defendant and then she lied and would not allow us to file Bankruptcy or the Notice of Removal on the twelfth floor where everybody else does it

that actually Video Taped this and while she was unnecessarily walking me some brothers and Mack Wells who's Cripple in a walker across the street to the Courthouse to file the Bankruptcy Notice of Removal.

WHEREFORE, Defendant requests the entry of an order, on an emergency basis, setting aside the the sale until the matter under 23-CV-22640 is remanded back from the federal court, sustain the objection to the sale or any other relief this Court deems just and proper.

Respectfully submitted,

_Maurice_

15020 South River Drive
Miami Florida 33167
786 859 9421

_Mack Wells_

15020 S. River DR
Miami Florida 33167
786-859-9421

CLOSED,JB

## U.S. District Court
## Southern District of Florida (Miami) CIVIL
## DOCKET FOR CASE #: 1:23-cv-22640-JEM

| | |
|---|---|
| Wells et al v. U.S. Bank, National Association et al | Date Filed: 07/14/2023 |
| Assigned to: Judge Jose E. Martinez | Date Terminated: 08/03/2023 |
| Cause: 28:1331 Federal Question | Jury Demand: Plaintiff |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**
**Mack Wells**                                    represented by **Mack Wells**
                                                  15020 S. River Dr.
                                                  Miami, FL 33167
                                                  PRO SE

**Plaintiff**
**Maurice Symonette**                             represented by **Maurice Symonette**
                                                  15020 S. River Dr.
                                                  Miami, FL 33167
                                                  PRO SE

V.

**Defendant**

**U.S. Bank, National Association**
*As Trustee for FASC 2005 AHL3*

**Defendant**

**MERS Residential Funding**

**Defendant**

**Valerie Manno Shurr**
*Judge*

**Defendant**

**John Schlesinger**
*Judge*

**Defendant**

**De La O**
*Judge*

**Defendant**

**Veronica Diaz**
*Judge*

**Defendant**

**Samantha Cohein**
*Judge*

**Defendant**

**Vivianne Del Rio**

**Defendant**

**Brownwyn C. Miller**
*Appellate Judge*

**Defendant**

**Kevin Michael**
**Emas** *Appellate Judge*

**Defendant**

**Edwin Scales**
*Appellate Judge*

**Defendant**

**Federal Except Florida Power and Light**

**Defendant**

**Dade County Clerk of the Courts**

**Defendant**

**Harvey Ruvin**
*Department of Records and Docket*

**Defendant**

**Rene Garcia**
*Commissioner*

**Defendant**

**Carlos Lopez**
*Judge*

**Defendant**

**Jennifer Bailey**
*Admin Judge*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/14/2023 | 1 | COMPLAINT against All Defendants. Filing fees $ 402.00, filed by Maurice Symonette, Mack Wells. (Attachments: # 1Civil Cover Sheet, # 2 Exhibits Part 1, # 3 Exhibits Part 2, # 4 Exhibits Part 3)(scn) (Entered: 07/14/2023) |
| 07/14/2023 | 2 | Clerks Notice of Judge Assignment to Judge Jose E. Martinez.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Jacqueline Becerra is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.<br><br>Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (scn) (Entered: 07/14/2023) |
| 07/14/2023 | 3 | Clerks Notice of Receipt of Filing Fee received on 7/14/2023 in the amount of $402.00, receipt number 17100. Case copied over into correct division - receipt was for 23-cv-61345. (scn) (Entered: 07/14/2023) |
| 07/14/2023 | 4 | NOTICE Of filing Notice of Removal by Maurice Symonette, Mack Wells. (ebz) (Entered: 07/14/2023) |
| 08/01/2023 | 5 | EMERGENCY MOTION to Stop Foreclosure Sale or Stay the Sale because the Case has been Moved to Federal Court by Maurice Symonette. (Attachments: # 1 Exhibit)(pc) (Entered: 08/02/2023) |
| 08/02/2023 | 6 | AMENDED COMPLAINT against Jennifer Bailey, Samantha Cohein, Dade County Clerk of the Courts, De La O, Vivianne Del Rio, Veronica Diaz, Kevin Michael Emas, Federal Except Florida Power and Light, Rene Garcia, Carlos Lopez, MERS Residential Funding, Brownwyn C. Miller, Harvey Ruvin, Edwin Scales, John Schlesinger, Valerie Manno Shurr, U.S. Bank, National Association, filed by Maurice Symonette, Mack Wells.(pc) (Additional attachment(s) added on 8/3/2023: # 1 Exhibit) (pc). (Entered: 08/03/2023) |

| 08/03/2023 | 7 | ORDER REQUIRING BRIEFING CONCERNING THIS COURTS JURISDICTION. Administratively Closing Case. Accordingly, it is ORDERED AND ADJUDGED that: On or before Monday, August 7, 2023, at 1:00 p.m., Plaintiffs SHALL file with the Clerk of this Court a memorandum of no more than ten pages that addresses why this Court should not dismiss this case under the Younger abstention doctrine, Rooker-Feldman doctrine, or both. The memorandum must be type in 12 pt. Times New Roman font, double spaced, and have one-inch margins. The memorandum must bear Case Number: 23-22640-CIV-MARTINEZ, so that it is filed in this action. Plaintiffs failure to comply with this Order will result in appropriate sanctions, including dismissal of this case without prejudice, |
| | | without further warning. Motions terminated: 5MOTION to stop foreclosure sale filed by Maurice Symonette. Signed by Judge Jose E. Martinez on 8/3/2023. *See attached document for full details.* (pc) (Entered: 08/03/2023) |
| 08/07/2023 | 8 | JURISDICTIONAL MEMORANDUM re 6 Amended Complaint/Amended Notice of Removal, by Maurice Symonette, Mack Wells. (drz) (Entered: 08/08/2023) |
| 10/12/2023 | 9 | NOTICE of Filing in Compliance with 28 USC SS1446(d) Service List and Written Notice of Adverse Parties by Maurice Symonette (Attachments: # 1Exhibit) (ls) (Entered: 10/13/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/22/2023 20:44:18 | | | |
| **PACER Login:** | | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-22640-JEM |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT "A"

# EXHIBIT "B"

10/22/23, 8:24 PM                                                    RealForeclose- Miami-Dade County -Report Viewer

Home      About Us      FAQ      Contact Us      Log Off

| Sale Date | Add Date | Case Number | Status | Final Judgment | Assessed Value | Primary Plaintiff | Plaintiff Max Bid | Address | City | Zip | Parcel ID | My Bid |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/16/2023 | | 2010-061928-CA-01 09/05/2023 | Sold | 15020 NW S $991,297.35 | $704,493.00 | U S Bank (na), | $847,500.00 | RIVER DR | MIAMI | 33167 | 30-2123-022-1050 | |

Bid History  Close

Case Number: 2010-061928-CA-01      Case ID: 205665135      End Date: 10/16/2023 09:04:00 AM

**Proxy**

| Bidder ID | Bid Info | Bid | Date/Time |
|---|---|---|---|
| 83115 | Not Enough Deposit | $5,000.00 | 10/03/2023 11:23:44 AM |
| 6939 | | $77,700.00 | 10/08/2023 10:01:21 AM |
| 51800 | Not Enough Deposit | $5,000.00 | 10/12/2023 12:33:19 PM |
| 151591 | Not Enough Deposit | $500.00 | 10/14/2023 07:49:44 PM |
| 151484 | Not Enough Deposit | $848,000.00 | 10/16/2023 08:33:06 AM |

**Auction**

| Bidder ID | Bid Info | Bid | Date/Time |
|---|---|---|---|
| | Opening Bid | $0.00 | 10/16/2023 09:03:01 AM |
| | winning bid | $77,800.00 | |
| | Auction Closed | | 10/16/2023 09:04:00:00 AM |

The final bid was made by Plaintiff :      U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3

In the total amount of:      $77,800.00

Page [ 1 ]  of 1  [ 30 ▾ ]                                                   View 1 - 1 of 1

WarningPlease, select row

# EXHIBIT "C"

 # OFFICE OF THE PROPERTY APPRAISER

Summary Report

Generated On: 10/22/2023



2020 Aerial Photography

### Property Information

| Folio | 30-2123-022-1050 |
|---|---|
| Property Address | 15020 NW S RIVER DR MIAMI, FL 33167-1035 |
| Owner | BOSS GROUP MINISTRIES |
| Mailing Address | 15020 NW S RIVER DR MIAMI, FL 33167 |
| Primary Zone | 0100 SINGLE FAMILY - GENERAL |
| Primary Land Use | 0101 RESIDENTIAL - SINGLE FAMILY : 1 UNIT |
| Beds / Baths /Half | 5 / 3 / 1 |
| Floors | 2 |
| Living Units | 1 |
| Actual Area | 5,992 Sq.Ft |
| Living Area | 4,640 Sq.Ft |
| Adjusted Area | 4,705 Sq.Ft |
| Lot Size | 51,500 Sq.Ft |
| Year Built | Multiple (See Building Info.) |

### Assessment Information

| Year | 2023 | 2022 | 2021 |
|---|---|---|---|
| Land Value | $386,688 | $309,350 | $309,350 |
| Building Value | $466,601 | $470,223 | $321,827 |
| Extra Feature Value | $67,457 | $68,172 | $68,886 |
| Market Value | $920,746 | $847,745 | $700,063 |
| Assessed Value | $774,942 | $704,493 | $640,449 |

### Benefits Information

| Benefit | Type | 2023 | 2022 | 2021 |
|---|---|---|---|---|
| Non-Homestead Cap | Assessment Reduction | $145,804 | $143,252 | $59,614 |

### Taxable Value Information

| Year | 2023 | 2022 | 2021 |
|---|---|---|---|
| **COUNTY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $774,942 | $704,493 | $640,449 |
| **SCHOOL BOARD** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $920,746 | $847,745 | $700,063 |
| **CITY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $0 | $0 | $0 |
| **REGIONAL** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $774,942 | $704,493 | $640,449 |

Note: Not all benefits are applicable to all Taxable Values (i.e.
County, School Board, City, Regional).

**Short Legal Description**

23 52 41 1.19 AC PB 44-46

BISCAYNE GARDENS SEC F PART 1

LOT 105

LOT SIZE 100.000 X 515

OR 20697-0914 09 2002 4

**Sales Information**

| Previous Sale | Price | OR BookPage | Qualification Description |
|---|---|---|---|
| 01/18/2013 | $100 | 292032867 | Corrective, tax or QCD; min consideration |
| 05/24/2010 | $100 | 273760214 | Corrective, tax or QCD; min consideration |
| 07/01/2005 | $0 | 235723964 | Sales which are disqualified as a result of examination of the deed |
| 06/01/2005 | $560,000 | 236233230 | Sales which are qualified |

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

# EXH. AA

## UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

U.S. BANK, NATIONAL ASSOCIATION
AS TRUSTEE FOR RASC
2005 AHL3, MERS, FRANKLYN
CREDIT MANAGEMENT CORP and
AXIOM FINANCIAL SERVICES

Plaintiffs,

v.

MACK WELLS and MAURICE SYMONETTE

Defendants.

CASE NO: 2010-61928-CA01

**NOTICE OF REMOVAL**

Removed from:

Eleventh Circuit District Court of Dade
County Florida

FILED BY _____ D.C

JUL 1 4 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA - FT. LAUD.

**TO:** Clerk of the U.S. District Court for the Southern District of Florida:

**PLEASE TAKE NOTICE THAT** Defendants MACK WELLS MAURICE SYMONETTE and, collectively with the other named Defendants, "Defendants"), hereby removes to this Court the state court action described herein, And the Dade County Court's Local Rules because WE HAVE FOUND WITH PROOF THAT ALL EIGHT OF THE JUDGES AND PUBLIC OFFICIALS HAVE HORRIBLE MONEY CONFLICTS OF INTEREST SO THAT WE CAN'T GET JUSTICE FROM THE TOP TO THE BOTTOM Judge Sarah Zabel had already Dismissed this Case with PREJUDICE April 6th 2009 but out of nowhere a Judge we never met or had a Hearing in front of exactly one year later April 6th 2010 put in the same Order as our real Judge Sarah Zabel of Dismissal with Prejudice as a trick to avoid the presidence of a Judge in the same Circuit Court cannot change the Orders of another Judge it must be Appealed to a higher Court Ford Vs. Calloway so she waited three months and put in a new Order of Dismissal without Prejudice in an Illegal Exparte Hearing in Violation of Fl. Stat.702.07 which says Defendants must be present this was done without any notice to us which gave Judge Schlesinger six months later the right to have a new Case Heard **2010-61928-CA01** the Case that this notice of removal is about and Judge Schlesinger foreclosed us Illegally even though he also had a Terrific Conflict of

-1-

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

### Case Number: 23-22848-CIV-MARTINEZ

MACK WELLS and MAURICE SYMONETTE,                    EXH. AA

        Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
*et al.*,

        Defendants.

_____/

### ORDER REMANDING CASE

**THIS MATTER** came before this Court on a *sua sponte* review of the record. It appears on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Notice of Removal, (ECF No. 1), that this Court lacks subject matter jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). This Court, therefore, remands this case.

A civil action may be removed from a state court to federal court if the federal court can exercise federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Blab T.V., Inc. v. Comcast Cable Communs., Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). Diversity jurisdiction exists if (1) the parties are "citizens of different States," and (2) "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Exh.M

Granting Defendants' Motion to Dismiss 1–2, *Symonette v. Aurora Loan Servs., LLC*, No. 13-CV-23142-HUCK (S.D. Fla. July 1, 2014), ECF No. 25; Order of Dismissal 1–2, *Ward v. JP Morgan Chase Bank*, No. 13-cv-60834 (S.D. Fla. Apr. 11, 2013), ECF No. 5 (dismissing Mr. Symonette's complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. This case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23 day of August, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*

5

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**EXH.BB**

Case Number: 23-22640-CIV-MARTINEZ

MACK WELLS and MAURICE
SYMONETTE.

    Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
*et al.*,

    Defendants.

_____/

## <u>ORDER REQUIRING BRIEFING CONCERNING THIS COURT'S JURISDICTION</u>

**THIS MATTER** came before this Court on a *sua sponte* review of the record. It appears on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Amended Complaint to Quiet Title and Fannie Mae Quite [sic] Title Constructive Fraud with No Nf.ed [sic] to Prove Intent (Axiomatic) and Violations of Federal and State Laws and Rules to Takeproperty [sic] Because tue [sic] Banks Paid Officials for it and Complaint for FL. Rule 9.130 to Add Claim for Punitive Damages (the "Amended Complaint"), (ECF No. 6), that this Court lacks subject matter jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") This Court, therefore, orders Plaintiff to provide this Court with a memorandum concerning its

---

Generally, *pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But the lower pleading standard does not permit a court to "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv's, Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Exh. BB

subject matter jurisdiction as outlined in this Order. This Court also provides the following brief overview:

"Federal courts are courts of limited subject matter jurisdiction." *Thermoset Corp. v. Building Mats. Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). This Court may only hear a case if it has "at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Id.* If, at any time, this Court determines that it lacks subject matter jurisdiction, it "must dismiss the case." Fed. R. Civ. P. 12(h)(3). This Court's jurisdiction is further limited by the *Rooker-Feldman* doctrine, which "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

Under the *Younger* abstention doctrine, "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Under *Younger*, this Court should abstain from hearing an issue where (1) the proceedings "constitute an ongoing state judicial proceeding[;]" (2) "the proceedings implicate important state interests; and" (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (quoting *Middlesex Cnty.*, 457 U.S. at 432.

The *Rooker-Feldman* doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine precludes district courts "from exercising appellate jurisdiction over final state-

*Exh. BB*

court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009). Specifically, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The task of reviewing a state court final judgment is "*reserved for state appellate courts*, or as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment . . . or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale*, 558 F.3d at 1260.

Here, the Amended Complaint is a 123-page document that stems from a post-judgment state court case (identified in the 279-page exhibit attached to the Amended Complaint) bearing case number 2007-012407-CA-01 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Case"). (*See, e.g.*, Am. Compl. Ex. 1, ECF No. 1-12 at 1.) The State Court Case concerns the foreclosure of real property in Miami, Florida, located at 15020 S. River Dr., Miami, FL 33167 (the "Property"). (*See id.* at 7.) From what this Court was able to discern by the incoherent and rambling allegations in the Amended Complaint, each Defendant was—as Plaintiffs allege—involved in some way in an elaborate scheme to defraud Plaintiffs or otherwise wrongfully take the Property from Plaintiffs through the State Court Case.

Therefore, after perusing the Amended Complaint and its attachment, it appears this Court does not have jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both because any form of relief this Court could grant Plaintiffs would require this

3

*Exh. BB*

Court to (1) disturb an ongoing state court proceeding—in which Plaintiffs are afforded an adequate opportunity to raise their constitutional challenges—involving the foreclosure of real property, which implicates an important state interest, *Williams v. Am. Home Mortg. Servs., Inc.*, No. 13-23240-CIV-ZLOCH, 2013 WL 1238472, at *2–3 (S.D. Fla. Nov. 20, 2013); (2) make a finding that the foreclosure action at issue was incorrectly decided, *see Casale*, 558 F.3d at 1260; or (3) both.

This Court notes that this is not the first time Mr. Wells or Mr. Symonette have attempted to seek a federal court's review of a foreclosure action in Florida state court. *See, e.g., Williams*, 2013 WL 1238472, at *1 (S.D. Fla. Nov. 20, 2013) (recommending that Mr. Symonette's complaint seeking a stay of a foreclosure action be dismissed under *Younger* abstention doctrine); Order 2, *Symonette v. Deutsche Bank Nat'l Tr. Co.*, No. 19-cv-62132-MOORE (S.D. Fla. Aug. 27, 2019) (dismissing Mr. Symonette's complaint challenging foreclosure action under *Rooker-Feldman* doctrine); Order Dismissing Case 1–2, *McNeal v. U.S. Bank Nat'l Ass'n*, No. 19-22503-CIV (S.D. Fla. July 2, 2019), ECF No. 8 (dismissing Mr. Symonette's complaint seeking review of a foreclosure action as an impermissible shotgun pleading and under *Rooker-Feldman* doctrine); Order 2–3, *Symonette v. Indy Mac Bank*, No. 18-23615-CIV-ALTONAGA (S.D. Fla. Sept. 9, 2018), ECF No. 4 (dismissing Mr. Wells and Mr. Symonette's complaint challenging a foreclosure action as a rambling shotgun pleading); Order Dismissing Case 1–2, *Marin v. Wash. Mutual Bank F.A.*, No. 17-22478-CIV-MORENO (S.D. Fla. Aug. 14, 2017), ECF No. 8 (dismissing Mr. Symonette's complaint challenging a foreclosure action under *Rooker-Feldman* doctrine); Order Granting Defendants' Motion to Dismiss 1–2, *Symonette v. Aurora Loan Servs., LLC*, No. 13-CV-23142-HUCK (S.D. Fla. July 1, 2014), ECF No. 25; Order of Dismissal 1–2, *Ward v. JP Morgan Chase Bank*, No. 13-cv-60834 (S.D. Fla. Apr. 11, 2013), ECF No. 5 (dismissing Mr. Symonette's

4

*Exh.BB*

complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine). This Court also notes that Mr. Wells and Mr. Symonette have attempted to seek federal review over the State Court Case via a separate removal action, which is also before this Court. *See generally* Notice of Removal, *U.S. Bank Nat'l Ass'n v. Wells*, No. 23-22848-CIV-MARTINEZ (S.D. Fla. July 31, 2023), ECF No. 1. This Court will address that action by separate appropriate order. Accordingly, it is **ORDERED AND ADJUDGED** that:

1. **On or before Monday, August 7, 2023, at 1:00 p.m.,** Plaintiffs **SHALL** file with the Clerk of this Court a memorandum **of no more than ten pages** that addresses why this Court should not dismiss this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. The memorandum must be type in 12 pt. Times New Roman font, double spaced, and have one-inch margins. The memorandum must bear **Case Number: 23-22640-CIV-MARTINEZ**, so that it is filed in this action.

2. **Plaintiffs' failure to comply with this Order will result in appropriate sanctions, including dismissal of this case without prejudice, without further warning.**

3. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only pending this Court's determination concerning its subject matter jurisdiction. This administrative closure will not affect the Parties' substantive rights; rather, it is an administrative tool routinely used by this Court according to its inherent authority to manage its docket.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of August, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*

5

2

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

**EXH. BB 2**

MACK WELLS AND
MAURICE SYMONETTE
Plaintiffs

CASE NO: 1:23-CV-22640-JEM

Vs



FILED BY _____ D.C.

AUG 0 2 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**CAUSES OF ACTION:**

1, TURNING FEDERAL QUITE TITLE
AGAINST FANNIEMAE FEDERAL 28 U.S.
CODE SS 2409a AND FL. STAT. 65.021.

U.S. BANK, NATIONAL ASSOCIATION, AS
TRUSTEE FOR RASC 2005 AHL-3, MERS,
RESIDENTIAL FUNDING, JUDGE VALERIE MANNO
SHURR, JUDGE JOHN SCHLESINGER
JUDGE DE LA O, JUDGE VERONICA DIAZ
JUDGE SAMANTHA COHEIN, VIVIANNE DEL
RIO, JUDGE SAMANTHA COHEN

2, CIVIL VIOLATION OF CONSTRUCTIVE
FRAUD CONSPIRACY IN VIOLATION OF
FEDERAL 923.18 U.S.C. SS 371 AND .18 U.S.C
1314 AND 18U.S.C. 1961 (B) SECTION 201
BRIBING

3rd . JUDGES AND OFFICIALS'S CONFLICTS OF
INTEREST IN VIOLATION OF FEDERAL RULE
OF CIVIL PROC RULE 60, FLORIDA RULE 2.160
(A) (D) (H)(1)(4), FL. CODE JUD. CONDUCT
CANON 3E (1) FL STAT. 112.312 (8). IN
VIOLATION OF FEDERAL CONSTRUCTIVE
FRAUD CODE U18 U.S. CODE SS 1961 (A)

APPELLATE JUDGE BROWNWYN C. MILLER
APPELLATE JUDGE KEVIN MICHAEL EMAS
APPELLATE JUDGE EDWIN SCALES, FEDERAL
('S) EXCEPT FLORIDA POWER AND LIGHT
DADE COUNTY CLERK OF THE COURTS
, HARVEY RUVIN OF DEPARTMENT OF
RECORDS AND DOCKET, COMMISSIONER
RENE GARCIA, JUDGE CARLOS LOPEZ
ADMIN. JUDGE JENNIFER BAILEY

Defendants,

EXH.CC

| 402 | 10/17/2023 | Mortgage Collection Fee | Event | SALE FEE/ AUCTION |
|---|---|---|---|---|
| 401 | 10/17/2023 | Mortgage Collection Fee | Event | RESET FEES ( OCOBER 18, 2023) |
| 400 | 10/17/2023 | Mortgage Foreclosure Deposit | Event | 08/PL/76644/DOC STAMPS |
| 399 | 10/17/2023 | Bill A Filing | Event | 08/PL/76644 |
| 393 | 10/17/2023 | Receipt | Event | RECEIPT#:2100008 AMT PAID:$536.80 NAME:BROCK AND SCOTT, PLLC COMMENT:76644 ALLOCATION CODE QUANTITY UNIT AMOUNT 3210- DOC. STAMPS - DEED 1 $466.80 $466.80 3215- JUD ELECTRONIC SAL 1 $70.00 $70.00 TENDER TYPE:CHECK TENDER AMT:$466.80 TENDER TYPE:CHECK TENDER AMT:$70.00 RECEIPT DATE:10/17/2023 REGISTER#:210 CASHIER:D9K5U28 |
| 398 | 10/16/2023 | Notice of Filing | Event | BANCKRUPTCY 23-18419-SMG |
|  | 10/16/2023 | Mortgage Foreclosure Sale | Hearing |  |
| 396 | 10/15/2023 | Notice of Bankruptcy | Event | 23-18419-SMG |
| 397 | 10/15/2023 | Notice | Event | NOTICE OF REMOVAL |
| 398 | 10/15/2023 | Notice of Filing | Event | JUDGE CARLOS LOPEZ'S ORDER |
| 395 | 10/15/2023 | Notice of Filing | Event | NOTICE OF REMOVAL |
| 324 | 10/15/2023 | 32930/3206 | Notice of Removal to Federal Court | Event |  |
| 389 | 10/14/2023 | Receipt | Event | RECEIPT#:3080038 AMT PAID:$50.00 NAME:KELLEY, JUSTIN JAMES BROCK & SCOTT, PLLC 2001 NW 64TH ST., SUITE 130 FT. LAUDERDALE FL 33900 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3117- REOPEN CASE FEE 1 $50.00 $50.00 TENDER TYPE:EFILINGS TENDER AMT:$50.00 RECEIPT DATE:10/14/2023 REGISTER#:308 CASHIER:EFILINGUSER |
| 392 | 10/13/2023 | Notice | Event | NOTICE OF FILING |
| 391 | 10/13/2023 | Motion | Event | NOTICE OF FILING |
| 320 | 10/13/2023 | Motion | Event | NOTICE OF REMOVAL |
| 390 | 10/13/2023 | Notice | Event | NOTICE OF REMOVAL |
| 387 | 10/13/2023 | Notice of Filing | Event | NOTICE OF REMOVAL |
| 385 | 10/13/2023 | Notice of Bankruptcy | Event | 23-18419-SMG (FORECLOSURE SALE SHALL NOT BE CANCELLED DUE TO ORDER SIGNED ON 09/01/23 DIRECTING CLERK NOT TO CANCEL THE FORECLOSURE SALE IN THE EVENT ANY ENTITY FILES FOR BANKRUPTCY.) |
| 384 | 10/12/2023 | Emergency Motion | Event | TO CANCEL SALE |
| 383 | 10/12/2023 | And Further Notice of Action | Event |  |
| 382 | 10/12/2023 | Notice of Interrogatory | Event |  |
| 381 | 10/12/2023 | Notice | Event | EMERGENCY PETITION FOR WRIT OF PROHIBITION IN AN FORECLOSURE PROCEEDING |
| 379 | 10/12/2023 | Amended Complaint | Event |  |
| 378 | 10/12/2023 | Emergency Motion | Event | EMERGENCY PETITION FOR WRIT OF PROHIBITION IN AN FORECLOSURE PROCEEDING (3RD DISTRICT COURT OF APPEALS, CASE NO 2010-31926-CA-01) |
| 380 | 10/11/2023 | Order | Event | DENYING DEFENDANTS EMERGENCY MOTION TO STOP ILLEGAL FORECLOSURE SALE |
| 377 | 10/11/2023 | Motion | Event | AND AFFIDAVIT FOR RELIEF, RECUSAL, VACATION OF ORDERS AND MEMORANDUM OF LAW FOR CLERK OF COURT, ETC... |
|  | 10/10/2023 | Judge/Calendar | Hearing | EMERGENCY MOTION TO STOP FORECLOSURE SALE |
| 376 | 10/09/2023 | Motion | Event | TO TAKE NOTICE |

# EXH. CC 1

U.S. District Court
Southern District of Florida (Miami)
CIVIL DOCKET FOR CASE #: 1:23-cv-22848-JEM

**Plaintiff**
**U.S. Bank, National Association**

**Defendant**
**Mack Wells**

**Defendant**
**Maurice Symonette**



EXH. DD

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**EXH. EE**

Case Number: 23-22640-CIV-MARTINEZ

MACK WELLS and MAURICE
SYMONETTE,

        Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
*et al.*,

        Defendants.

_____/

## ORDER OF REFERENCE TO MAGISTRATE JUDGE
## FOR ALL PRETRIAL PROCEEDINGS

PURSUANT to 28 U.S.C. § 636(b) and the Magistrate Rules of the Local Rules of the

Southern District of Florida, the above-captioned cause is referred to United States Magistrate

Judge **Eduardo I. Sanchez** for a ruling on all pre-trial, non-dispositive matters, and for a Report

and Recommendation on all dispositive matters, including any pending motion.

**ORDERED AND ADJUDGED** that it is the responsibility of the parties in this case to

indicate the name of the Magistrate Judge on all motions and related papers referred by this order

in the case number caption - CASE NO.: 23-22640-CIV-MARTINEZ-SANCHEZ.

DONE AND ORDERED in Chambers at Miami, Florida, this 11 day of April, 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Sanchez
All Counsel of Record

Generated: Jul 14, 2023 4:16PM

Page 1/1

**EXH. FF**



## U.S. District Court

### Florida Southern - Fort Lauderdale

Receipt Date: Jul 14, 2023 4:16PM

Maurice Symonette

Rcpt. No: 17100          Trans. Date: Jul 14, 2023 4:16PM          Cashier ID: #EB

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|----------------------|-----|-------|-----|
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 402.00 | 402.00 |

| CD | Tender | Amt |
|----|--------|-----|
| CA | Cash | $402.00 |

Total Due Prior to Payment: $402.00

Total Tendered: $402.00

Total Cash Received: $402.00

Cash Change Amount: $0.00

**Comments:** Filing Fees for new case# 23-CV-61345 Wells et al v. U.S. Bank, National Association et al.

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

EXH. FF 2

# FORM 6

## FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTEREST

### PART B- ASSETS

Carlos Lopez

Circuit Judge

11th Judicial Circuit

ON THIS PAGE OF CARLOS
LOPEZ'S AFFIDAVIT IT SAYS
HE MADE $2, $2,077,949
IBERIA BANK WHICH IS US
BANK AND THEIR PARTNERS

As of January 31, 2022

PART B- ASSETS

ASSETS INDIVIDUALLY VALUED OVER $1,000:

| | |
|---|---|
| Real Estate XXXX Brickell Ave, Unit XXXX, Miami, Fl | $1,250,000 |
| Real Estate 1717 North Bayshore Drive, A4244, Miami, Fl (rental property) | $575,000 |
| Real Estate 1800 NW 24ave, #720, Miami, Fl (rental property) | $200,000 |
| Cash IBERIABANK (Cash & CD) | $2,077,949 |
| 1111 Brickell Ave, Miami, Fl 33131 | |
| Marketable Securities UBS (See Summary) | $311,383 |
| CIM Group, P.O. Box 219312 (Cole Capital) | $255,000 |
| Kansas City, MO 64121 | |
| BBC Realty Holdings LLC- Rental Office at 2333 Brickell Ave | $1,800,000 |
| Suite A-1, Miami, Fl (33.3% owned) | |
| Loan Owed from Caribe Insurance Agency Corp | $125,000 |
| 720 Jeronimo Drive | |
| Coral Gables, Fl 33146 | |

UNITED STATES DISTRICT COURT    **EXH.GG**
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-22640-JEM

MACK WELLS and
MAURICE SYMONETTE,

       Plaintiffs,

v.

U.S. BANK, et al.,

       Defendants.

_____/

## DEFENDANT MIAMI-DADE COUNTY CLERK OF COURT AND COMPTROLLER'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant Juan Fernandez-Barquin, Clerk of the Court of the Eleventh Judicial Circuit and Comptroller of Miami-Dade County, Florida ("Defendant Clerk"),[1] by and through his undersigned counsel, and pursuant to Rule 12(b), Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Plaintiffs' Amended Complaint. This Court lacks subject-matter jurisdiction over this action under both the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. Additionally, the Amended Complaint fails to meet the pleading requirements set forth in Rule 8(a) and 10(b), Federal Rules of Civil Procedure, and is an impermissible shotgun pleading. Accordingly, the Amended Complaint should be dismissed with prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

### I.   Procedural History of Underlying State Court Foreclosure Litigation

Plaintiffs' claims arise out of state foreclosure proceedings of real property located at 15020 S. River Dr., Miami, Florida 33167 (the "Property"). The 16 year litigation concerning the

_____

[1] Defendant Clerk is the successor to the late Harvey Ruvin.

Property commenced upon Defendant U.S. Bank's filing of a foreclosure action in the Circuit Court of the 11th Judicial Circuit, Miami-Dade County, Florida, on April 26, 2007 (the "2007 State Court Case"), following a default on the subject note and mortgage of the Property. *See* 2007 State Court Docket, attached as Exhibit A (hereinafter "Ex. A").[2] Circuit Court Judge Zabel granted summary judgment in favor of then-plaintiff, Defendant U.S. Bank, on August 9, 2007. *Id.* On April 7, 2010, however, Circuit Court Judge Manno Schurr dismissed the foreclosure action for lack of prosecution with prejudice. *Id.* On June 25, 2010, Judge Manno Schurr issued another order dismissing the case *without prejudice*.[3] *Id.*

On December 6, 2010, following the dismissal without prejudice in the 2007 State Court case, Defendant U.S. Bank filed a new mortgage foreclosure complaint for the Property (the "2010 State Court Case"). *See* 2010 State Court Docket, attached as Exhibit B (hereinafter "Ex. B"). After holding a nonjury trial, Circuit Court Judge Schlesinger entered a final judgment of foreclosure in favor of then-plaintiff, Defendant U.S. Bank, on December 19, 2017. *Id.* The final judgment of foreclosure found that $991,297.25 was owed to then-plaintiff, Defendant U.S. Bank, and if not paid, the Property would be set for public sale on January 30, 2018. *Id.* On appeal, Florida's Third District Court of Appeal affirmed the final judgment of foreclosure and a Mandate was issued on November 9, 2018. *Id.*

---

[2] Pursuant to Rule 201, Federal Rule of Evidence, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Under this rule, federal courts may take judicial notice of court records because those records can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Paez v. Sec'y. Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). Additionally, federal courts may take judicial notice of court dockets and the filings therein when deciding a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *See Universal Express Inc. v. U.S. S.E.C.*, 177 F. App'x 52. 53 (11th Cir. 2006). Defendant Clerk respectfully requests that this Court take judicial notice of the 2007 State Court Case, *U.S. Bank v. Williams*, No. 2007-012407-CA-01 (Fla. 11th Cir. Ct. Apr. 26, 2007), the 2010 State Court Case, *U.S. Bank v. Williams*, No. 2010-061928-CA-01 (Fla. 11th Cir. Ct. Dec. 6, 2010), and the contents of both court files.

[3] A dismissal for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e) is "not final—that is, without prejudice—so as to be *res judicata*." *Murphy White Dairy, Inc. v. Simmons*, 405 So. 2d 298, 299 n.2 (Fla. Dist. Ct. App. 1981).

2

Despite affirmance of the final judgment of foreclosure, Plaintiffs filed numerous post judgment motions, including motions to dismiss, motions to cancel the sale, and motions to recuse various judges. *See id.* Plaintiffs also filed various additional appeals, all of which were ultimately dismissed. *Id.* Additionally, multiple bankruptcy petitions were filed by different debtors in another attempt to stop the foreclosure sale. *See id.* In response to these delay tactics, U.S. Bankruptcy Judge Mindy A. Mora entered an order terminating the automatic bankruptcy stay of the foreclosure judgment for the Property. *See* Order Granting Relief from Automatic Stay in Favor of U.S. Bank, *In re Wells*, No. 23-12048 (Bankr. S.D. Fla. May, 2, 2023). In her order, Judge Mora also enjoined the debtor, Plaintiff Wells, from seeking a bankruptcy stay on the Property for two years from the entry of the order. *Id.* Notably, Judge Mora made the following finding in support of her order: "[Plaintiff Mack Well]'s multiple bankruptcy cases were part of a scheme to hinder, delay, and defraud [Defendant US Bank] from completing its foreclosure action." *Id.*

Following the bankruptcy court's order, Plaintiffs continued to make numerous filings in the state court docket to delay the foreclosure sale, including the filing of a counterclaim without leave of court, repeated motions for recusal of Judge Lopez, motions for temporary restraining orders and preliminary injunction to enjoin the foreclosure sale, and notices of removal of the 2010 State Court Case to federal court. *See* Ex. B. Despite these tactics, the Property was finally sold at a public sale on October 16, 2023. *See id.* Plaintiffs have since filed objections to the sale in state court and also filed a writ of prohibition in the state appellate court. *Id.*

## II. Allegations Set Forth in the Amended Complaint[4]

---

[4] This statement of facts is derived from the factual allegations set forth in the Amended Complaint. Defendant Clerk disputes these allegations. For purposes of this Motion, however, Defendant Clerk points to the Amended Complaint's own recitation of facts and events to demonstrate why dismissal is warranted. Further, as discussed below and as identified by this Court (Order Requiring Jurisdictional Briefing, ECF No. 7 at 3), the Amended Complaint consists of "incoherent and rambling allegations." As such, this section is the undersigned's best attempt at formulating the factual background of the Amended Complaint.

#235153265_v2

The Amended Complaint centers on alleged fraudulent conduct undertaken by Defendant U.S. Bank and various state actors, including Defendant Clerk, to wrongfully obtain the Property through a foreclosure sale. *See* ECF No. 16, Am. Compl. at 96–97. Specifically as to Defendant Clerk, the Complaint alleges that during the foreclosure proceedings, the "Clerks help hide the documents by Destroying Dockets and allowing unsigned fraudulent and blacked out Signatures onto documents onto the Record." *Id.* at 16. Plaintiffs allege that they filed an emergency motion to cancel the foreclosure sale in response to being evicted from their home without any warrant or court order due to the "help of the Constructive Conspiring paid off Apellate [sic] Judges, CircuitCourt [sic] Judges, Bankruptcy Judges, Clerks of the Courts, Police[.]" *Id.* at 17, 20. According to the Complaint, Judge Zabel realized that there was no mortgage and note with her final judgment of foreclosure thus prompting her to cancel the foreclosure sale until the original note and mortgage were presented. *Id.* at 20. However, the Plaintiffs allege that "somehow those tricky Lawyers got the Clerk to do the SALE anyway against Judge ZABEL's Order." *Id.* The Complaint then alleges that Judge Zabel dismissed the 2007 State Court Case with prejudice on April 7, 2009, because U.S. Bank's attorneys failed to provide the court with the original note. *Id.* at 21. According to the Amended Complaint, three months later, in response to bribery from U.S. Bank "JUDGE VALERIE MANNO SCHURR CHANGES IT TO DISMISSAL WITHOUT PREJUDICE IN AN ILLEGAL EXPARTE [sic] HEARING WITHOUT US KNO,WING [sic] SO THAT US BANK COULD COME BACK AND START THE SAME CASE OVER [sic] WITHOUT US[.]" *Id.* at 22. The Plaintiffs then allege that the clerks who were "all in on the Conspiracy destroyed the Docket" to conceal Judge Zabel's prior dismissal with prejudice and allow Judge Manno Shurr's dismissal without prejudice to stand. *Id.* at 67.

#235153265_v2

Additionally, the Amended Complaint alleges that another sale date was ordered by Judge Carlos Lopez who was "appointed by two Conflicted people, THE clerk and the administrative Judge Jennifer Baily[.]" *Id.* at 63. It further alleges that "the Clerk of Courts took page 2 out [Plaintiffs'] Motion to Recuse" thereby prompting Judge Lopez to conclude that it was legally insufficient. *Id.* Legal insufficiency of the Motion was impossible, according to the Amended Complaint, as "[Judge Lopez] got $2,077,949 cash and CD from Iberia Bank which is US Bank. So in [his] Financial Interqsts d [sic] Pr0 erty [sic] bisclosuress [sic] onfi toxin [sic] (steeling) our Pro erty [sic] mile [sic] acting as the Judge[.]" *Id.* In support of their assertion that "Clerk of Courts Harvey Ruvin is also helping the Steal of Property," Plaintiffs allege that Harvey Ruvin's Full and Fair Public Disclosure Forms indicate that he had "$315,000 with Wells Fargo Bank ... Which is U5 [sic] Bank." *Id.* at 65.

Though the Amended Complaint cites to various rules of procedure and ethical codes, it appears that the Plaintiffs are asserting claims of fraud, constructive fraud, and racketeering against Defendant Clerk for his alleged involvement in this fraudulent scheme. *See id.* In its prayer for relief, the Amended Complaint seeks compensatory and exemplary damages, costs of litigation fees, and "[d]eclatory relief, including permanent injunctive relief." *Id.* at 122. Additionally, the Amended Complaint asks this Court "to close this case with the original Dismissal with Prejudice in our THE PLAWTIFFS [sic] Favor." *Id.* at 123.

### III. **Plaintiffs' History of Frivolous Lawsuits Challenging State Foreclosure Proceedings and Recently Remanded Federal Action Arising from the Same Set of Facts**

As this Court noted, the instant suit is not Plaintiffs' first attempt at seeking federal court review of a state foreclosure action. *See* Order Requiring Jurisdictional Briefing, ECF No. 7 at 4 (collecting cases). Indeed, recognizing that Plaintiff Symonette "ha[d] filed at least 15 cases [from 2012 to 2019], most of which s[ought] to challenge state court foreclosure proceedings," courts

#235153265_v2

have regarded him as a "serial filer who consistently seeks the same relief in multiple court proceedings." Order Dismissing Case 1–2, *McNeal v. U.S. Bank Nat'l Ass'n*, No. 19-22503-CIV (S.D. Fla. July 2, 2019), ECF No. 8 (dismissing complaint under *Rooker-Feldman* doctrine and because the complaint was "deficient, even under the relaxed pleading standard afforded to *pro se* litigants").

After filing the instant suit, Plaintiffs again sought review of the state foreclosure proceedings by filing a separate removal action in this Court. *See* Notice of Removal, *U.S. Bank Nat'l Ass'n v. Wells*, No. 23-22848-CIV-MARTINEZ (S.D. Fla. July 31, 2023), ECF. No. 1. This Court remanded the case to state court on the grounds that:

> this Court d[id] not have jurisdiction over th[e] case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both because any form of relief this Court could grant Plaintiffs would require this Court to (1) disturb an ongoing state court proceeding—in which Plaintiffs are afforded an adequate opportunity to raise their constitutional challenges—involving the foreclosure of real property, which implicates an important state interest . . . ; (2) make a finding that the foreclosure at issue was incorrectly decided . . . ; or (3) both.

*Id.* ECF No. 7 at 4 (internal citations omitted). As discussed below, this Court should dismiss this suit on the same grounds. Additionally, in light of Plaintiffs' history of filing numerous frivolous lawsuits and the fact that such jurisdictional defects cannot be cured, Plaintiffs' Amended Complaint should be dismissed with prejudice. Allowing Plaintiffs to continue litigating frivolous suits relating to their endless foreclosure saga is a waste of this Court's valuable resources, as well as the resources of the parties.

## LEGAL ARGUMENTS

### I. The Amended Complaint Should be Dismissed as this Court Lacks Subject-Matter Jurisdiction Pursuant to the *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation."

#235153265_v2

*Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgements rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1004 (11th Cir. 2017). Pertinent here, "[t]he Eleventh Circuit and many district courts have applied the *Rooker-Feldman* doctrine to dismiss actions where a plaintiff was seeking to challenge a state court foreclosure judgment under the guise of federal claims." *Dixon v. Abruzzo*, No. 22-CIV-81561, 2023 WL 4373227, at *9 (S.D. Fla. June 21, 2023).

Further, the *Rooker-Feldman* applies to "federal claims raised in state court and to those inextricably intertwined with the state court's judgment." *Nash v. Fifth Dist. Ct. of Appeals*, 806 F. App'x 870, 872 (11th Cir. 2020). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, or if it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (quoting May, 878 F.3d at 1005). The doctrine "does not preclude an independent damages claim where such claim 'does not necessarily seek appellate review and reversal of the state court judgment.'" *Dixon*, 2023 WL 4373227, at *9. Yet, "where a plaintiff's *true* intent is to attack a state-court judgement, the *Rooker-Feldman* doctrine applies." *Id.* In addition, the doctrine "does not apply where a party did not have a reasonable opportunity to raise [the] federal claim in state proceedings." *Nash*, 806 F. App'x at 872.

As an initial matter, there is no procedural bar to the application of the *Rooker-Feldman* doctrine to the instant case. *See Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1321 (S.D. Fla. 2011) (explaining that the *Rooker-Feldman* doctrine was not procedurally barred where the state court judgment became final before the federal court proceedings began). Florida's Third District Court of Appeal affirmed the final judgment of foreclosure and issued its Mandate on November

9, 2018. *See* Ex. B. Although Plaintiffs filed numerous appeals, the last appeal was dismissed on January 24, 2023. *See id.* This case was filed on July 14, 2023. *See* Compl., ECF No. 1. As such, the state court judgment became final before the proceedings began here. Similarly, Plaintiffs had a reasonable opportunity to raise the present federal claims in the state proceedings. In fact, Plaintiffs exercised that opportunity by filing multiple appeals before the state appellate court. *See* Ex. B. Accordingly, neither of the *Rooker-Feldman* exceptions are present, thus permitting the doctrine's applicability.

Furthermore, Plaintiffs' claims are, without question, inextricably intertwined with the state court's final judgment of foreclosure. The causes of action set forth in the Amended Complaint and all the underlying allegations stem from Plaintiffs' contention that the state foreclosure judgment was improper due to the alleged fraudulent scheme involving the Defendants in this case. Plaintiffs' clear attempt to attack the state court's final ruling is plainly evident by reference to the prayer for relief in the Amended Complaint. Plaintiffs asked the Court to "close this case" with the original dismissal with prejudice in the 2007 State Court Case—i.e., asking the Court to invalidate the entire 2010 State Court Case and overturn the final judgment of foreclosure. *See* Am. Compl. at 123. This requested relief runs afoul to the *Rooker-Feldman* doctrine, as it invites the Court to reject the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine precludes district courts from reviewing and rejecting final state court judgments).

Additionally, to the extent Plaintiffs seek to circumvent the *Rooker-Feldman* doctrine by arguing that they are seeking relief from the actions of the Defendants in this case and not the judgment itself, such argument would not hold water. The crux of Plaintiffs' claims is that the final

8

#235153265_v2

judgment was procured by the fraudulent actions of the Defendants in this case.[5] *See e.g.,* Am. Compl. at 123–24. Those allegations are "inextricably intertwined" with the state court's final judgment. This is because, if the Court accepted Plaintiffs' allegations as true, "it would effectively declare the state court judgment fraudulently procured and thus void." *Figueroa,* 766 F. Supp. 2d at 1324 (quoting *Swiatkowski v. Citibank,* 745 F. Supp. 2d 150, 166 (E.D.N.Y. 2010)). Further, Plaintiffs' request for monetary relief does not change this result, as "it is abundantly clear that the whole purpose of this action is to stop and undo the foreclosure judgment." *Swiatkowski,* 745 F. Supp. 2d at 165.

Put simply, this suit is barred by the *Rooker-Feldman* doctrine because Plaintiffs' claims can only succeed if this Court implicitly or explicitly determines that the foreclosure judgment was wrongly decided.

## II.   The Amended Complaint Should be Dismissed Because this Court Lacks Subject Matter Jurisdiction Pursuant to the *Younger* Abstention Doctrine.

As discussed above, the entry of the final judgement of foreclosure and affirmance of that judgment on appeal make clear that the foreclosure judgment is final. However, to the extent this Court finds that the state proceedings are still ongoing, the *Younger* abstention doctrine applies.

Pursuant to the *Younger* abstention doctrine, "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interpositions of the constitutional claims." *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). If the following factors are present, the federal court must abstain and allow the state proceeding to go forward: "(1) the

---

[5] Though Plaintiffs' Amended Complaint is replete with allegations of fraud in connection with the foreclosure judgment, the Eleventh Circuit has not recognized an extrinsic fraud exception to the *Rooker-Feldman* doctrine. *See Renfroe v. Nationstar Mortg., LLC.,* No. 19-CV-521, 2019 WL 5456495, at *4 (M.D. Fla. Oct. 24, 2019) (citing *Scott v. Frankel,* 606 F. App'x 529, 532 (11th Cir. 2015)).

*Miami-Dade Cnty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016). Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Sanchez v. Team Health, Inc.*, No 18-21174-CIV, 2019 WL 13084448, at *2 (S.D. Fla. May 30, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[6] Rule 10(b) further requires a party to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) also provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" *Id.* Although courts liberally construe *pro se* pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Fla.*, 599 F. App'x 362, 363 (11th Cir. 2015). Plaintiffs unequivocally fail to meet the procedural rules set forth above.

As this Court noted, the Amended Complaint is comprised of "incoherent and rambling allegations." Order Requiring Jurisdictional Briefing, ECF No. 7 at 3. It is mostly written in a narrative format, contains multiple paragraphs that appear to be copied from other sources, repeats the same information in various places, and jumps from one topic to another without any sort of transition—all of which make it extremely difficult to understand. *See e.g.,* Am. Compl. at 18–20, 63, 74, 97, 105. As a result, Defendant Clerk is unable to discern which allegations of fact support each claim and which claims are brought against Defendant Clerk, thus depriving him of adequate notice of the claims to which he should defend. An "incomprehensible [c]omplaint" of this sort is a "quintessential shotgun pleading." *See* Order of Dismissal, *Symonette v. Indy Mac Bank, et al.*,

---

[6] Given that the Complaint raises allegations of fraud, Plaintiffs should be held to the higher pleading standard set forth in Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). As discussed further below, the Complaint does not meet the pleading requirements of Rule 8(a) and thus also fails to meet the heightened requirements of Rule 9(b).

12

#235153265_v2

No. 18-23615-CIV (S.D. Fla. Sept. 5, 2018), ECF No. 4 (dismissing Plaintiffs' complaint in another action challenging a similar state court foreclosure on the grounds that the complaint was a rambling shotgun pleading).

More specifically, the Amended Complaint falls into two categories of shotgun pleadings. First, it is the type of shotgun pleading that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Alonso v. Regions Bank*, No. 22-cv-1057, 2022 WL 1555434, at *1 (M.D. Fla. May 17, 2022) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)). Second, the Amended Complaint also falls under the type of shotgun pleading that "asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission." *See id.* The third cause of action is illustrative of the entire Amended Complaint and plainly demonstrates both of above-mentioned categories. The third cause of action is listed as follows:

> 3rd CAUSE OF ACTION JUDGES AND OFFICIAL'S CONFLICTS OF INTEREST IN VIOLATION OF FEDERAL RULE OF CIVIL PROC RULE 60, FLORIDA RULE 2.160 (A) (D) (H) (1) (4), FL. CODE JUD. CONDUCT CANON 3E (1) FL. STAT. 112.312 (8). IN VIOLATION OF FEDERAL CONSTRUCTIVE FRAUD CODE 18 U.S. CODE SS 1961 (A)...

Am. Compl. at 44. The thirty-four pages under this count consist of ambiguous and largely immaterial allegations concerning alleged conflicts of interests of government officials in connection with the state foreclosure proceedings. *See e.g., id.* at 64 ("Clerk of Courts Harvey Ruvin is also helping the Steal of Property In his Form 6, from Tallahassee called FULL AND PUBLIC DISCLOSURE OF FINANCIAL, ... he got $315,000 with Wells Fargo Bank ... Which is US Bank."); *id.* ("I have found that our case was directed to other Judges in the sess [sic] Pool from the Conflicted of Interests Clerk of the Court HARVEY RUVIN[.]"). Additionally, as with all other counts, it is entirely unclear whether Plaintiffs are asserting this claim against Defendant

13

#235153265_v2

Clerk. *See id.* at 43–76. This lack of clarity is in direct violation of Rule 8(a) and as a result, Defendant Clerk is forced to defend himself of all the claims where the Clerk of Courts is mentioned at any point in the underlying factual allegations.

Further, with the exception of a handful of inconsistently numbered paragraphs (*see e.g., id.* at 43–60), the Amended Complaint fails to number its paragraphs as required under Rule 10(b). *See generally id.*; *see also* Fed. R. Civ. P. 10(b). The Amended Complaint also fails to comply with Rule 10(b)'s requirement that plaintiffs state "each claim founded on a separate transaction or occurrence ... in a separate count" if "doing so would promote clarity." Fed. R. Civ. P. 10(b). And, as demonstrated above, clarity is desperately needed here.

In sum, Plaintiffs' 125-page Amended Complaint is neither short nor plain, fails to include numbered paragraphs, and falls squarely within the definition of an impermissible shotgun pleading. Accordingly, the Amended Complaint should be dismissed. *See Burgess v. Royal Caribbean Cruises Ltd.*, No. 20-CV-20687, 2020 WL 13349026, at *3 (S.D. Fla. Oct. 9, 2020) (dismissing complaint as shotgun pleading where the complaint contained conclusory long-winded paragraphs and immaterial statements); *Gilroy v. City of Fort Pierce*, No. 16-14521-CIV, 2018 WL 11605617, at *3 (S.D. Fla. Mar. 16, 2018) (dismissing complaint as shotgun pleading where it was impossible to discern the plaintiff's specific claims against the defendant); *Brennan v. Royal Caribbean Cruises, Ltd.*, No. 19-21478-CIV, 2020 WL 13348667, at *1–2 (S.D. Fla. Jan. 31, 2020) (dismissing count on shotgun pleading grounds and discussing the ramifications of cases proceeding on the basis of shotgun pleadings).

## IV. Dismissal of this Suit Should be With Prejudice.

*Pro se* litigants are generally afforded an opportunity to amend their complaint in an attempt to cure pleading deficiencies before dismissal. *See Kennedy v. Key West Police Dep't*, No.

#235153265_v2

18-CV-10286, 2018 WL 11257403, at *3 (S.D. Fla. Dec. 13, 2018), *report and recommendation adopted*, 2019 WL 11553690 (S.D. Fla. Feb. 26, 2019). "However, 'denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'" *Id.* (quoting *Burger King Corp. v. Weaver*, 169 F. 3d 1310, 1320 (11th Cir. 1999). The instant suit falls within this exception.

Plaintiffs cannot restate their allegations in a manner that would bypass this Court's lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine because no amendment can overcome these jurisdictional defects. *See id.* at *4 (dismissing complaint with prejudice because "[n]o amendment would overcome the [*Younger*] abstention doctrine"); *Cavero v. One West Bank FSB*, 617 F. App'x 928, 931 (11th Cir. 2015) (affirming dismissal with prejudice because "amendment would have been futile in light of *Rooker-Feldman*"). Accordingly, dismissal with prejudice is warranted.

## CONCLUSION

Plaintiffs cannot avoid the state court's final judgment of foreclosure. Plaintiffs made numerous attempts to challenge the judgment to no avail. Dissatisfied with the outcome of those attempts, they now improperly seek to re-litigate issues already raised, or that should have been raised, in the state foreclosure proceedings. The instant suit is just another attempt by Plaintiffs to inhibit the administration of justice. In light of the Amended Complaint's jurisdictional and pleading deficiencies and Plaintiffs' repeated abuse of the judicial system by filing frivolous claims, Defendant Clerk respectfully requests that this Court dismiss the Amended Complaint with prejudice.

15

#235153265_v2

*Exh. G*

Dated: January 2, 2024

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Tel. 305.374.8500
Fax: 305.789.7799

By: */s/Jose A. Casal*
Jose A. Casal (FBN 767522)
Email: jose.casal@hklaw.com
Secondary email: josie.vila@hklaw.com

*Attorneys for Defendant Juan Fernandez-Barquin,
Clerk of the Court of the Eleventh Judicial Circuit
and Comptroller of Miami-Dade County, Florida*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 2, 2024, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document

is being served on this date on all counsel of record or pro se parties identified below in the manner

specified:

Maurice Symonette
Mack Wells
15020 S. River Drive
Miami, FL 33167
*Via U.S. Mail*

By:/s/ Jose A. Casal
Jose A. Casal

16

#235153265_v2

EXH. GG

UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005·AHL3, OR U.S. BANK NA.<br><br>Plaintiffs,<br><br>v.<br><br>MACK WELLS and MAURICE SYMONETTE<br><br>Defendants. | NO.<br><br>MIAMI DADE COUNTY FLORIDA<br>Eleventh Circuit District Court of Dade County Florida CASE NO: 010-61928-CA01<br><br>**NOTICE OF REMOVAL**<br>[28 USC 1441, 1332, 1446(a and d)]<br>[FLORIDA RULE OF JUDICIAL ADMINISTRATION .450]<br><br>15020 SOUTH RIVER DRIVEMIAMI DADE COUNTY FLORIDA 33167 |



FILED BY _____ D.C.

JUL 31 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

<u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO ALL PARTIES AND

THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 8 U.S.C. §§ 1331, 1132, 1441(a), 1442, and 1446,

DEFENDANTS MACK WELLS AND MAURICE SYMONETTE NOTICE OF REMOVAL

<u>INTRODUCTION</u>

1. Plaintiff filed a Complaint in the Circuit Court of the Eleventh Circuit, State of Florda, on

December 6, 2010. (A true, complete and correct copy of the Plaintiff's Complaint is attached

hereto as Defendants' **Exh. 56**. The same case, with the same principal parties and

some of the same issues, is currently before this Court as Case No. 2010-61928-CA01

-1-

**EXH. HH**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-20873-CIV-MARTINEZ-OTAZO-REYES

AMANDA MARTIN,

     Plaintiff,

v.

JOBY DAVID OGWYN,

     Defendant.

_____/

### ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Tuesday, January 19, 2021 at 9:30 a.m.,** before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **January 14, 2021 at 1:30 p.m.** at the same location.

**IT IS ORDERED AND ADJUDGED** as follows:

1. No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2. Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface.

#### Pretrial Stipulations and Jury Instructions

3. Counsel and all *pro se* litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for *voir dire* examination. The Court will not accept unilateral pretrial stipulations and will *sua sponte*