**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-CV-22640-MARTINEZ-SANCHEZ**

**MACK WELLS and**
**MAURICE SYMONETTE,**

      Plaintiffs,

   v.

**U.S. BANK, et al.,**

      Defendants.

_____ /

**REPLY IN SUPPORT OF DEFENDANT MIAMI-DADE COUNTY CLERK OF COURT**
**AND COMPTROLLER'S MOTION TO DISMISS PLAINTIFFS' AMENDED**
**COMPLAINT**

Defendant Juan Fernandez-Barquin, Clerk of the Court of the Eleventh Judicial Circuit and Comptroller of Miami-Dade County, Florida ("Defendant Clerk"),[1] by and through his undersigned counsel, and pursuant to Rule 12(b), Federal Rules of Civil Procedure, hereby files this Reply in Support of the Motion to Dismiss Plaintiffs' Amended Complaint, [ECF No. 30] (the "Motion to Dismiss").

In addition to being untimely,[2] Plaintiffs' opposition to the Motion to Dismiss is nearly as incomprehensible as the Amended Complaint. As an initial matter, it appears that the first page of Plaintiffs' "Emergency Motion to Void Foreclosure Sale," [ECF No. 39], and "Answer to Defendants Motion to Dismiss," [ECF No. 40], are swapped. Thus, with the exception of the first

---

[1] Defendant Clerk is the successor to the late Harvey Ruvin.

[2] Plaintiffs' Response to the Motion to Dismiss were due by January 16, 2024. Plaintiffs' Response was filed on April 26, 2024—over three months past the deadline.

page, Plaintiffs' response in opposition to the Motion to Dismiss is found at ECF No. 39, the "Emergency Motion to Void Foreclosure Sale" (the "Response"). But the confusion does not end there. The Response is replete with incoherent, rambling statements, wholly unsupported claims, disjointed arguments, and illogical assertions. Put simply, the Response lacks any semblance of logical structure or clarity.[3]

Despite the incomprehensible nature of the Response, it is plainly evident that dismissal is warranted. First, Plaintiffs fail to justify why the Amended Complaint should not be dismissed as an impermissible shotgun pleading and for its blatant violations of the pleading requirements set forth in Rules 8(a) and 10(b), Federal Rules of Civil Procedure. Additionally, Plaintiffs fail to meet their burden of establishing this Court's subject-matter jurisdiction in light of both the *Younger* Abstention and *Rooker-Feldman* Doctrine. Lastly, as the Response makes clear, all claims against Defendant Clerk should be dismissed on immunity grounds. Because leave to amend would be futile, the Amended Complaint should be dismissed with prejudice.

## LEGAL ARGUMENTS

I. **The Amended Complaint Should be Dismissed as it Violates Federal Rules of Civil Procedure 8(a) and 10(b)'s Pleading Requirements and Constitutes an Impermissible Shotgun Pleading.**

Plaintiffs fail to justify why the Amended Complaint should survive dismissal despite its "incoherent and rambling allegations" and blatant violations of the pleading requirements set forth in Rules 8(a) and 10(b), Federal Rules of Civil Procedure. *See* Order Requiring Jurisdictional Briefing, ECF No. 7 at 3. In fact, nowhere in Plaintiffs' Response do they even address these pleading deficiencies. As explained in the Motion to Dismiss, Plaintiffs' 125-page Amended Complaint should be dismissed, as it is neither short nor plain, fails to include numbered

---

[3] *See In re King*, No. 05-5171-C, 2006 WL 581256, at *1 n.1 (Bankr. W.D. Tex. Feb. 21, 2006).

paragraphs, and falls squarely within the definition of an impermissible shotgun pleading. To allow the Amended Complaint to survive dismissal would run contrary to the well-established Eleventh Circuit precedent condemning shotgun pleadings. *See e.g., Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 n.2 (11th Cir. 2014) (citing twenty-one published opinions condemning shotgun pleadings); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

## II. <u>The Amended Complaint Should be Dismissed for Lack of Subject-Matter Jurisdiction Pursuant to the *Younger* Abstention Doctrine and the *Rooker-Feldman* Doctrine.</u>

Plaintiffs do not fare any better with their attempt to circumvent this Court's lack of subject-matter jurisdiction. As the party invoking this Court's jurisdiction, Plaintiffs "bear[] the burden of demonstrating that th[is] matter falls within the Court's subject-matter jurisdiction." *Alfassi v. Garland*, 614 F. Supp. 3d 1252, 1254 (S.D. Fla. 2022) ("Dismissal under Rule 12(b)(1) is appropriate if a plaintiff fails to show that the Court has subject-matter jurisdiction."). Plaintiffs have plainly failed to meet this burden.

Under the *Younger* abstention doctrine, federal courts must abstain and allow the state proceeding to go forward if the following factors are met: "(1) the federal proceedings would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; and (3) the plaintiffs have an adequate state remedy available." *Deme v. Prokhorov*, No. 20-62582-CIV, 2021 WL 4973044, at *1 (S.D. Fla. Sept. 20, 2021) (citing *Shepherd v. U.S. Bank Nat'l Ass'n*, 839 F. App'x 304, 306 (11th Cir. 2020)). Plaintiffs concede that the first two factors are present but erroneously argue that the third factor is not met and thus, the doctrine is

3

inapplicable. *See* ECF No. 39 at 4 ("There is no doubt that the state proceeding is on going to the extent that the final judgment is seeking to be enforced and the enforcement of the judgment does potentially implicate some compelling state interest. Where the doctrine fails is in the adequate opportunity to raise federal challenges."). Contrary to their assertion, Plaintiffs had, and continue to have, the opportunity to raise the challenges asserted in this case in the *proper* forum—the state trial and appellate courts. As such, Plaintiffs fail to meet their burden of demonstrating that "their state court action denies them adequate opportunity to raise such arguments." *See Williams v. Am. Home Mortg. Servs.*, No. 13-23240, 2013 WL 12383472, at *2 (S.D. Fla. Nov. 20, 2013) (recognizing presumption that Florida courts provide an adequate forum and noting that "[p]laintiffs have the burden of showing that their state court action denies them adequate opportunity to raise such arguments").

Furthermore, Plaintiffs' claims are precisely the sort of claims barred from federal review under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prohibits federal courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1004 (11th Cir. 2017). The doctrine applies to "federal claims raised in state court and those inextricably intertwined with the state court's judgment." *Nash v. Fifth Dist. Ct. of Appeals*, 806 F. App'x 870, 872 (11th Cir. 2020). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, or if it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (quoting *May*, 878 F.3d at 1005).

Plaintiffs attempt to evade application of the doctrine by arguing that they are merely seeking "to obtain redress and relief from CONDUCT of the players in obtaining the judgment"

4

and "not attack[ing] the judgment directly." ECF No. 39 at 5. This argument is without merit. As explained in the Motion to Dismiss, the suit is "inextricably intertwined" with the state court's final judgment because Plaintiffs' claims can succeed only if this Court implicitly or explicitly determines that the foreclosure judgment was wrongly decided. *See See Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1324 (S.D. Fla. 2011) ("The allegations were inextricably intertwined because plaintiff claimed the state-court judgment was the result of fraud, and if the court accepted plaintiff's arguments, it 'would effectively declare the state court judgment fraudulently procured and thus void.'" (quoting *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 166 (E.D.N.Y. 2010)).

Because the Amended Complaint is barred from federal review under the *Younger* abstention and *Rooker-Feldman* doctrines, dismissal for lack of subject-matter jurisdiction is warranted. Indeed, doing so is in line with this Court's remand order in a separate removal action where Plaintiffs again sought review of the same state foreclosure proceedings. *See* Notice of Removal, *U.S. Bank Nat'l Ass'n v. Wells*, No. 23-22848-CIV-MARTINEZ (S.D. Fla. July 31, 2023), ECF No. 1 (remanding because "this Court d[id] not have jurisdiction over th[e] case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both….").

### III. <u>All Claims Against Defendant Clerk Should be Dismissed on Immunity Grounds.</u>

Though initially unclear due to the incomprehensibility of the Amended Complaint, Plaintiffs' Response makes clear that their claims stem only from conduct Defendants allegedly undertook while acting in "the[ir] official capacities as employees or arms of the State of Florida…." *See* ECF No. 39 at 2. The claims against Defendant Clerk must fail because, pursuant to the Eleventh Amendment, Defendant Clerk is immune from suit in federal court. *See Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) ("To receive Eleventh Amendment immunity, a defendant … need only be acting as an 'arm of the State.'"); *Pasek v. Kinzel*, 566 F. Supp. 3d 1307,

1317–18 (M.D. Fla. 2021) (holding that the clerk of courts is an arm of the state and as a result, is afforded Eleventh Amendment immunity).

In addition, Plaintiffs' claims are likewise barred because Defendant Clerk is entitled to quasi-judicial immunity. "The doctrine of judicial immunity extends to quasi-judicial officials, such as the clerk of court" and provides "absolute immunity for their duties that are integrally related to the judicial process." *Jenkins v. Clerk of Court, U.S. Dist. Court, S. Dist. Of Fla.*, 150 F. App'x 988, 990 (11th Cit. 2005). Plaintiffs' claims against Defendant Clerk are premised on the management of the court's docket during the underlying state foreclosure proceedings. *See e.g.,* Am. Compl. at 16 (alleging that during the foreclosure proceedings, the "Clerks help hide the documents by Destroying Dockets and allowing unsigned fraudulent and blacked out Signatures onto documents onto the Record"); *id.* at 67 (alleging that the clerks who were "all in on the Conspiracy destroyed the Docket" to conceal Judge Zabel's prior dismissal with prejudice and allow Judge Manno Shurr's dismissal without prejudice to stand). These acts are integrally related to the judicial process and thus, Defendant Clerk's actions are protected under the ambit of judicial immunity for quasi-judicial officials. *See McCone v. Kest*, No. 20-CV-1946, 2021 WL 5034979, at *3 n.3 (M.D. Fla. Aug. 5, 2021), *report and recommendation adopted*, 2021 WL 5035005 (M.D. Fla. Aug. 25, 2021), *aff'd*, 21-13667, 2022 WL 1693541 (11th Cir. May 26, 2022) (explaining that "[d]ocketing is integral to the judicial process" and therefore, the court clerk was entitled to judicial immunity).

In sum, while either alone is reason enough, Defendant Clerk's entitlement to both Eleventh Amendment immunity and quasi-judicial immunity warrants dismissal of the Amended Complaint.

**IV. Dismissal of this Suit Should be With Prejudice.**

Not only is the Amended Complaint devoid of any factual support, but the claims asserted therein are barred by legal doctrines and immunity defenses that cannot be overcome through amendment. *See Kennedy v. Key West Police Dep't*, No. 18-CV-10286, 2018 WL 11257403, at *4 (S.D. Fla. Dec. 13, 2018), *report and recommendation adopted*, 2019 WL 11553690 (S.D. Fla. Feb. 26, 2019) (dismissing complaint with prejudice because "[n]o amendment would overcome the [Younger] abstention doctrine"); *Cavero v. One West Bank FSB*, 617 F. App'x 928, 931 (11th Cir. 2015) (affirming dismissal with prejudice because "amendment would have been futile in light of Rooker-Feldman"); *Grimes v. Fla.*, 71 F. Supp. 3d 1319, 1324-25 (M.D. Fla. 2014) (denying leave to amend as futile where any possible claim would be subject to dismissal due to immunity). Because leave to amend would be futile, dismissal with prejudice is justified.

## CONCLUSION

In light of the Amended Complaint's jurisdictional and pleading deficiencies and Plaintiffs' repeated abuse of the judicial system by filing frivolous claims, Defendant Clerk respectfully requests that this Court dismiss the Amended Complaint with prejudice.

Dated: May 3, 2024

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Tel. 305.374.8500
Fax: 305.789.7799


By: */s/Jose A. Casal* _____
Jose A. Casal (FBN 767522)
Email: jose.casal@hklaw.com
Secondary email: josie.vila@hklaw.com

*Attorneys for Defendant Juan Fernandez-Barquin,*
*Clerk of the Court of the Eleventh Judicial Circuit*
*and Comptroller of Miami-Dade County, Florida*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served on this date on all counsel of record or pro se parties identified below in the manner specified:

Maurice Symonette
Mack Wells
15020 S. River Drive
Miami, FL 33167
*Via U.S. Mail*


By:/s/ Jose A. Casal ____
Jose A. Casal

8