Query    Reports    Utilities    Help    Log Out

CLOSED

## U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CIVIL DOCKET FOR CASE #: 0:23-cv-61345

Wells et al v. U.S. Bank, National Association et al
Assigned to:
Cause: 28:1331 Federal Question

Date Filed: 07/14/2023
Date Terminated: 07/14/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

Mack Wells

represented by **Mack Wells**
15020 S. River Dr.
Miami, FL 33167
PRO SE

**Plaintiff**

Maurice Symonette

represented by **Maurice Symonette**
15020 S. River Dr.
Miami, FL 33167
PRO SE

V.

**Defendant**

U.S. Bank, National Association
As Trustee for FASC 2005 AHL3

**Defendant**

MERS Residential Funding

**Defendant**

Valerie Manno Shurr
Judge

**Defendant**

John Schlesinger
Judge

**Defendant**

La O
Judge

5/28/24

**Defendant**

**Veronica Diaz**
*Judge*

**Defendant**

**Samantha Cohein**
*Judge*

**Defendant**

**Vivianne Del Rio**

**Defendant**

**Brownwyn C. Miller**
*Appellate Judge*

**Defendant**

**Kevin Michael Emas**
*Appellate Judge*

**Defendant**

**Edwin Scales**
*Appellate Judge*

**Defendant**

**Federal Except Florida Power and Light**

**Defendant**

**Dade County Clerk of the Courts**

**Defendant**

**Harvey Ruvin**
*Department of Records and Docket*

**Defendant**

**Rene Garcia**
*Commissioner*

**Defendant**

**Carlos Lopez**
*Judge*

**Defendant**

**Jennifer Bailey**
*Admin Judge*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 07/14/2023 | 1 | COMPLAINT against All Defendants. Filing fees $ 402.00, filed by Maurice Symonette, Mack Wells. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibits Part 1, # 3 Exhibits Part 2, # 4 Exhibits Part 3)(scn) (Entered: 07/14/2023) |
| 07/14/2023 | 2 | Clerk's Notice to Filer re: Electronic Case. Case administratively closed - Wrong Venue selected by Filer. CASE HAS BEEN RENUMBERED, the new case number is 1:23cv22640. Pro Se Filer informed Clerk the case is a Fort Lauderdale division case. Miami Dade is marked on civil cover sheet. No further entries will be made on this case. (scn) (Entered: 07/14/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/28/2024 09:49:14 | | |
| **PACER Login:** joshue8080 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 0:23-cv-61345 |
| **Billable Pages:** 2 | **Cost:** | 0.20 |

Case 1:23-cv-22640-JEM   Document 3   Entered on FLSD Docket 07/14/2023   Page 1 of
Case 1:23-cv-22640-JEM   Document 53-1   Entered on FLSD Docket 05/28/2024   Page 4 of 31

Exh 1B
Page 11

Generated: Jul 14, 2023 4:16PM



# U.S. District Court

## Florida Southern - Fort Lauderdale

Receipt Date: Jul 14, 2023 4:16PM

Maurice Symonette

Cashier ID: #EG

Rcpt. No: 17100 | Trans. Date: Jul 14, 2023 4:16PM

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 402.00 | 402.00 |

| CD | Tender | | | | Amt |
|----|--------|--|--|--|-----|
| CA | Cash | | | | $402.00 |

| | |
|--|--|
| Total Due Prior to Payment: | $402.00 |
| Total Tendered: | $402.00 |
| Total Cash Received: | $402.00 |
| Cash Change Amount: | $0.00 |

**Comments:** Filing Fees for new case# 23-CV-61345 Wells et al v. U.S. Bank, National Association et al

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

Exh. 5 Pg 1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-22848-CIV-MARTINEZ

MACK   WELLS   and   MAURICE
SYMONETTE,

Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
et al.,

Defendants.

_____/

## ORDER REMANDING CASE

THIS MATTER came before this Court on a *sua sponte* review of the record. It appears on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Notice of Removal, (ECF No. 1), that this Court lacks subject matter jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). This Court, therefore, remands this case.

A civil action may be removed from a state court to federal court if the federal court can exercise federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Blab T.V., Inc. v. Comcast Cable Communs., Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). Diversity jurisdiction exists if (1) the parties are "citizens of different States," and (2) "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Granting Defendants' Motion to Dismiss 1–2, *Symonette v. Aurora Loan Servs., LLC*, No. 13-CV-23142-HUCK (S.D. Fla. July 1, 2014), ECF No. 25; Order of Dismissal 1–2, *Ward v. JP Morgan Chase Bank*, No. 13-cv-60834 (S.D. Fla. Apr. 11, 2013), ECF No. 5 (dismissing Mr. Symonette's complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. This case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23 day of August, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*

5.

Exh. 6 pg 1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-22640-CIV-MARTINEZ

MACK WELLS and MAURICE
SYMONETTE,

Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
et al.,

Defendants.

_____/

## ORDER REQUIRING BRIEFING CONCERNING THIS COURT'S JURISDICTION

THIS MATTER came before this Court on a *sua sponte* review of the record. It appears on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Amended Complaint to Quiet Title and Fannie Mae Quite [sic] Title Constructive Fraud with No Nf.ed [sic] to Prove Intent (Axiomatic) and Violations of Federal and State Laws and Rules to Takeproperty [sic] Because the [sic] Banks Paid Officials for it and Complaint for FL. Rule 9.130 to Add Claim for Punitive Damages (the "Amended Complaint"), (ECF No. 6), that this Court lacks subject matter jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") This Court, therefore, orders Plaintiff to provide this Court with a memorandum concerning its

_____

Generally, *pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But the lower pleading standard does not permit a court to "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

subject matter jurisdiction as outlined in this Order. This Court also provides the following brief overview:

"Federal courts are courts of limited subject matter jurisdiction." *Thermoset Corp. v. Building Mats. Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). This Court may only hear a case if it has "at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Id.* If, at any time, this Court determines that it lacks subject matter jurisdiction, it "must dismiss the case." Fed. R. Civ. P. 12(h)(3). This Court's jurisdiction is further limited by the *Rooker-Feldman* doctrine, which "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state-court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

Under the *Younger* abstention doctrine, "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Under *Younger*, this Court should abstain from hearing an issue where (1) the proceedings "constitute an ongoing state judicial proceeding[;]" (2) "the proceedings implicate important state interests; and" (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (quoting *Middlesex Cnty.*, 457 U.S. at 432).

The *Rooker-Feldman* doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine precludes district courts "from exercising appellate jurisdiction over final state-

Exh. 6 pg 3

court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009). Specifically, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The task of reviewing a state court final judgment is "reserved for state appellate courts, or as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment . . . or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale*, 558 F.3d at 1260.

Here, the Amended Complaint is a 123-page document that stems from a post-judgment state court case (identified in the 279-page exhibit attached to the Amended Complaint) bearing case number 2007-012407-CA-01 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Case"). (*See, e.g.*, Am. Compl. Ex. 1, ECF No. 1-12 at 1.) The State Court Case concerns the foreclosure of real property in Miami, Florida, located at 15020 S. River Dr., Miami, FL 33167 (the "Property"). (*See id.* at 7.) From what this Court was able to discern by the incoherent and rambling allegations in the Amended Complaint, each Defendant was—as Plaintiffs allege—involved in some way in an elaborate scheme to defraud Plaintiffs or otherwise wrongfully take the Property from Plaintiffs through the State Court Case.

Therefore, after perusing the Amended Complaint and its attachment, it appears this Court does not have jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both because any form of relief this Court could grant Plaintiffs would require this

Exh 6 pg4

Court to (1) disturb an ongoing state court proceeding—in which Plaintiffs are afforded an adequate opportunity to raise their constitutional challenges—involving the foreclosure of real property, which implicates an important state interest, *Williams v. Am. Home Mortg. Servs., Inc.,* No. 13-23240-CIV-ZLOCH, 2013 WL 1238472, at *2-3 (S.D. Fla. Nov. 20, 2013); (2) make a finding that the foreclosure action at issue was incorrectly decided, *see Casale,* 558 F.3d at 1260; or (3) both.

This Court notes that this is not the first time Mr. Wells or Mr. Symonette have attempted to seek a federal court's review of a foreclosure action in Florida state court. *See, e.g., Williams,* 2013 WL 1238472, at *1 (S.D. Fla. Nov. 20, 2013) (recommending that Mr. Symonette's complaint seeking a stay of a foreclosure action be dismissed under *Younger* abstention doctrine); Order 2, *Symonette v. Deutsche Bank Nat'l Tr. Co.,* No. 19-cv-62132-MOORE (S.D. Fla. Aug. 27, 2019) (dismissing Mr. Symonette's complaint challenging foreclosure action under *Rooker-Feldman* doctrine); Order Dismissing Case 1-2, *McNeal v. U.S. Bank Nat'l Ass'n,* No. 19-22503-CIV (S.D. Fla. July 2, 2019), ECF No. 8 (dismissing Mr. Symonette's complaint seeking review of a foreclosure action as an impermissible shotgun pleading and under *Rooker-Feldman* doctrine); Order 2-3, *Symonette v. Indy Mac Bank,* No. 18-23615-CIV-ALTONAGA (S.D. Fla. Sept. 9, 2018), ECF No. 4 (dismissing Mr. Wells and Mr. Symonette's complaint challenging a foreclosure action as a rambling shotgun pleading); Order Dismissing Case 1-2, *Marin v. Wash. Mutual Bank, F.A.,* No. 17-22478-CIV-MORENO (S.D. Fla. Aug. 14, 2017), ECF No. 8 (dismissing Mr. Symonette's complaint challenging a foreclosure action under *Rooker-Feldman* doctrine); Order Granting Defendants' Motion to Dismiss 1-2, *Symonette v. Aurora Loan Servs., LLC,* No. 13-CV-23142-HUCK (S.D. Fla. July 1, 2014), ECF No. 25; Order of Dismissal 1-2, *Ward v. JP Morgan Chase Bank,* No. 13-cv-60834 (S.D. Fla. Apr. 11, 2013), ECF No. 5 (dismissing Mr. Symonette's

4

Exh 6 Pg 5

complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine). This Court also notes that Mr. Wells and Mr. Symonette have attempted to seek federal review over the State Court Case via a separate removal action, which is also before this Court. *See generally* Notice of Removal, *U.S. Bank Nat'l Ass'n v. Wells*, No. 23-22848-CIV-MARTINEZ (S.D. Fla. July 31, 2023), ECF No. 1. This Court will address that action by separate appropriate order. Accordingly, it is ORDERED AND ADJUDGED that:

1.     On or before Monday, August 7, 2023, at 1:00 p.m., Plaintiffs SHALL file with the Clerk of this Court a memorandum of no more than ten pages that addresses why this Court should not dismiss this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. The memorandum must be type in 12 pt. Times New Roman font, double spaced, and have one-inch margins. The memorandum must bear **Case Number: 23-22640-CIV-MARTINEZ**, so that it is filed in this action.

2.     Plaintiffs' failure to comply with this Order will result in appropriate sanctions, including dismissal of this case without prejudice, without further warning.

3.     The Clerk is DIRECTED to ADMINISTRATIVELY CLOSE this case for statistical purposes only pending this Court's determination concerning its subject matter jurisdiction. This administrative closure will not affect the Parties' substantive rights; rather, it is an administrative tool routinely used by this Court according to its inherent authority to manage its docket.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of August, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*

5

Exh. 7 pg. 1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-20873-CIV-MARTINEZ-OTAZO-REYES

AMANDA MARTIN,

Plaintiff,

v.

JOBY DAVID OGWYN,

Defendant.

_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Tuesday, January 19, 2021** at 9:30 a.m., before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **January 14, 2021** at 1:30 p.m. at the same location.

**IT IS ORDERED AND ADJUDGED** as follows:

1. No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2. Every motion filed in this case shall be accompanied by **one proposed original order _granting_** the motion. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface.

### Pretrial Stipulations and Jury Instructions

3. Counsel and all _pro se_ litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for _voir dire_ examination. The Court will not accept unilateral pretrial stipulations and will _sua sponte_

Exh 7 P9

expeditious resolution of this cause.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of April, 2020.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record

7

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-24150-CIV-MARTINEZ

SAMUEL LEE SMITH JR.,

Plaintiff,

v.

CITY OF MIAMI and ERIC MARTI,

Defendants.

_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Monday, February 24, 2025, at 9:30 a.m.**, before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **Thursday, February 20, 2025, at 1:30 p.m.**, at the same location.

It is **ORDERED AND ADJUDGED** as follows:

### General Procedures

1.      No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2.      Every motion filed in this case shall be accompanied by a proposed order granting the motion. The proposed order shall be filed as an exhibit to the motion and e-mailed to martinez@flsd.uscourts.gov in Word format.

3.      The parties have a continuing duty to ensure the Clerk of the Court is provided with the up-to-date service information.

4.      If the case is settled, the parties are directed to immediately inform the Court at (305) 523-5590 **and** file a notice of settlement.

Exh. 9-1 Pg 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 24-CR-20051-MARTINEZ

UNITED STATES OF AMERICA

v.

ALFRED LENORIS DAVIS,

Defendant.

_____/

## ORDER SETTING CRIMINAL TRIAL DATE
## AND PRETRIAL SCHEDULE[1]

Trial is scheduled to commence during the two-week period beginning **Monday, March 25, 2024, at 9:30 a.m.**, before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1 Miami, Florida. Calendar Call will be held on **Thursday, March 21, 2024, at 1:30 p.m.** at the same location. **Defendants are not required to appear for Calendar Call.**

IT IS ORDERED AND ADJUDGED as follows:

1.      Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion. The order shall contain the **up-to-date service list** (names and addresses) of all attorneys in the case.

2.      All motions filed SHALL BE accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion, as required by Local Rule 88.9A.

3.      For cases to be heard before a jury, **JOINT** proposed jury instructions and verdict form must be submitted at least **ONE WEEK prior to the Calendar Call.** In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Criminal Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein.

_____

[1] Counsel shall note changes on page "4" of the Scheduling Order regarding submissions on Motions in Limine.

desire of the Court that all Garcia hearings be conducted as close to the time of arraignment as possible.

8.    Counsel are **DIRECTED** to:

a.    **IMMEDIATELY**, upon receipt of this Order, certify with the Court's Courtroom Deputy the necessity of an interpreter for the Defendant(s); and

b.    At least twenty-four (24) hours prior to any hearing or trial, notify the Court, if an interpreter is required, including the stage of the trial at which an interpreter will be necessary.

9.    If defense counsel foresees that a sentencing hearing will take more than thirty (30) minutes, the Court's Courtroom Deputy should be advised no later than five (5) days prior to the hearing.

10.    Failure to comply with this or any Order of this Court, the Local Rules, or any other applicable rule SHALL result in sanctions or other appropriate actions. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

**DONE AND ORDERED** at Chambers in Miami, Florida, this 16th day of February 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge
All Counsel of Record

IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2007-12407-cal

US Bank ,N.A.
   Plaintiff(s)

April 1,2010

Vs.

Leroy Williams
   Defendant(s)

## ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution Served on April 11,2008. The court finds that (1) notice prescribed by rule 1.40 (e) Was served on April 11,2008; (2) their was no record activity for the year preceding Service of the foregoing notice; (3) no stay has been issued or approved by the court And (4) no party has shown good cause why this action should remain pending. Accordingly,
IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of March , 2010.

APR 06 201.        APR 06 2010

CIRCUIT COURT JUDGE

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

CC. Allpache's

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

k 27244 Pg 4193 CFN 20100237159 04/09/2010 12:47:17 Pg 1 of 1 Mia-Dade Cty, FL



## FORM 6   FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTERESTS

**2008**

PROCESSED

ID Case

IC No   210380

Card Code

P Reg Code

Manno Schurr  Valene R

Hon vacana R  Manna Schurr
Circuit Judge
Judicial Circuit 1-TR
Elected Constitutional Officer
Dade County Courthouse Rm 1105
73 W Flagler St
Miami  FL 33130-1725

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

### PART A – NET WORTH

My net worth as of  December 31  20___ = $ 2,860,357.00.

### PART B – ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS**

The aggregate value of my household goods and personal effects described above is $ 152,000.00

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000**

| DESCRIPTION OF ASSET | VALUE OF ASSET |
|---|---|
| Home located in Miami-Dade (Primary Residence) | 700,000.00 |
| Home located in Miami-Dade (Residence) | 2,400,000.00 |
| Vail Colorado Condominium / Eagle County, Colorado | $ 300,000.00 |
| Bank Accounts, Stocks Bonds / Pension Accounts | $ 600,000.00 |
| Mercedes Benz  350 mL | $ 25,000.00 |

### PART C – LIABILITIES

**LIABILITIES IN EXCESS OF $1,000**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| GMAC Mortgage (Primary Res) P.O. Box 9601719 Louisville, Ky. | 91,438.00 |
| GMAC Mortgage (Residence) 1st & 2nd Mortgages P.O. Box 4625 Waterloo, IA | 995,000.00 |
| Wells Fargo Home Mortgage (Vail Property) PO Box 650769, Dallas, Tx | 129,000.00 |
| Huntington National Bank (Mercedes) PO Box 182579  Columbus, Ohio 4328-2179 | 9,205.00 |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| | |
| | |

CE FORM 6  EF 1/2009          (Continued on reverse side)          PAGE 1

**FLORIDA DEFAULT LAW GROUP, P.L.**
ATTORNEYS AT LAW
9119 CORPORATE LAKE DRIVE
3RD FLOOR
TAMPA, FLORIDA 33634

Telephone (813) 251-4766
Telefax (813) 251-1541

Please reply to:
Post Office Box 25018
Tampa, FL 33622-5018

July 20, 2010

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI, FL 33167

Re

Loan Number
Mortgage Servicer      GMAC MORTGAGE, LLC
Creditor to whom       U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR
the debt is owed        RASC 2005AHL3
Property Address       15020 SOUTH RIVER DRIVE, MIAMI, FL 33167
Our File No             F10051160

Dear Borrower:

The law firm of Florida Default Law Group, P.L. (hereinafter referred to as "law firm") has been retained to represent U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005AHL3 with regards to its interests in the promissory Note and Mortgage executed by LEROY WILLIAMS on June 30, 2005. Pursuant to the terms of the promissory Note and Mortgage, our client has accelerated all sums due and owing, which means that the entire principal balance and all other sums recoverable under the terms of the promissory Note and Mortgage are now due.

As of the date of this letter, the amount owed to our client is $661,289.01, which includes the unpaid principal balance, accrued interest through today, late charges, and other default-related costs recoverable under the terms of the promissory Note and Mortgage.   Additional interest will accrue after the date of this letter.

This correspondence is being sent to comply with the Fair Debt Collection Practices Act and should not be considered a payoff letter. Our client may make advances and incur fees and expenses after the date of this letter which are recoverable under the terms of the promissory Note and Mortgage.  Therefore, if you wish to receive figures to reinstate (bring your loan current) or pay off your loan through a specific date, please contact this law firm at (813) 251-4766 or client services@defaultlawfl.com.

Unless you notify this law firm within thirty (30) days after your receipt of this letter that the validity of this debt, or any portion thereof, is disputed, this law firm will assume that the debt is valid.  If you do notify this law firm in writing within thirty (30) days after receipt of this letter that the debt, or any portion thereof, is disputed,

FILE_NUMBER: F10051160

HELLOLETTER

CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

3

*ORDR*

Exh. 13,1

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION**

US BANK, N.A.,
Plaintiff,

vs.

CASE NO.     2007-12407-CA
DIVISION     22

LEROY WILLIAMS; MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION; CITY
OF NORTH MIAMI;
          Defendant(s).

_____

### FINAL ORDER DISMISSING CASE, CANCELING FORECLOSURE SALE, CANCELING NOTICE OF LIS PENDENS, AND SETTING ASIDE FINAL SUMMARY JUDGMENT AND SUBSTITUTING PHOTOSTATIC COPIES

THIS CAUSE having come on before the Court, ex parte, pursuant to the Motion filed by the Plaintiff, pursuant to Section 702.07 Florida Statutes (2005), and the Court being otherwise fully advised in the premises, it is,

ORDERED AND ADJUDGED as follows:

1.     The case be and the same hereby is dismissed, but without prejudice to the future rights of the Plaintiff to bring an action to foreclose the mortgage which is the subject matter of the instant cause.

2.     All Counts of the Complaint against Defendants: LEROY WILLIAMS; MARK WELLS; FRANKLIN CREDIT MANAGEMENT CORPORATION; CITY OF NORTH MIAMI, are hereby dismissed.

3.     Any scheduled foreclosure sale is canceled.

FILE_NUMBER: F07012148



Serial: 13666522
DOC_ID: M010602





Exh. 13 pg2

4.   The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE County, Florida, regarding the below-described property:

LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

be and same hereby is canceled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby directed to record this Order to reflect same.

5.   The Final Summary Judgment heretofore entered on August 09, 2007, be and the same hereby is set aside and shall be of no further force or effect.

6.   The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and photostatic copies shall be substituted in their place.

DONE AND ORDERED in Chambers in MIAMI-DADE County, Florida, this _____ day of _____, 2010.

JUN 2 3 2010



VALERIE R. MANNO SCHURR
Circuit Court Judge

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

Copies furnished to:
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
All parties on the attached service list.
F07012148 – M010502
GMAC-CONV—abivan

Filing # 142403620 E-Filed 01/21/2022 11:32:41 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-010826-CA-01
SECTION: CA25
JUDGE: Valerie R. Manno Schurr

MAURICE SYMONETTE

Plaintiff(s)

vs.

U.S. BANK NATIONAL ASSOCIATION (TR) et al

Defendant(s)

_____/

## ORDER OF RECUSAL

**THIS CAUSE**, came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby:

### ORDERED AND ADJUDGED

1. That the undersigned Circuit Court Judge hereby recuses herself from further consideration of this case.
2. This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 21st day of January, 2022.

2021-010826-CA-01 01-21-2022 11:24 AM
Hon. Valerie R. Manno Schurr

**CIRCUIT COURT JUDGE**
Electronically Signed

Case No: 2021-010826-CA-01

Page 1 of 2

Exh. 18 pg. 1

UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

U.S. BANK, NATIONAL ASSOCIATION
AS TRUSTEE FOR RASC
2005-AHL3, OR U.S. BANK NA.

Plaintiffs,

v.

MACK WELLS and MAURICE SYMONETTE

Defendants.

NO.

MIAMI DADE COUNTY FLORIDA
Eleventh Circuit District Court of Dade
County Florida CASE NO 2010-
61928-CA01

**NOTICE OF REMOVAL**
[28 USC 1441, 1332, 1446(a and d)]
[FLORIDA RULE OF JUDICIAL
ADMINISTRATION .450]

15020 SOUTH RIVER
DRIVEMIAMI DADE COUNTY
FLORIDA 33167

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO ALL PARTIES AND

THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 8 U.S.C. §§ 1331, 1132, 1441(a), 1442, and 1446,

DEFENDANTS MACK WELLS AND MAURICE SYMONETTE NOTICE OF REMOVAL

## INTRODUCTION

1. Plaintiff filed a Complaint in the Circuit Court of the Eleventh Circuit,
State of Florda, on

December 6, 2010. (A true, complete and correct copy of the Plaintiff's Complaint is attached

hereto as Defendants' Exh. 56. The same case, with the same principal parties and

some of the same issues, is currently before this Court as Case No. 2010-61928-CA01

-1-

Exh. 18 pg 2

WHEREFORE, WHEREFORE, MR. MACK WELLS AND MAURICE SYMONETTE, REMOVES THIS ACTION FROM THE ELEVENTH CIRCUIT COURT OF DADE COUNTY FLORIDA BEARING CIVIL CASE NO. 2010-61928-CA01 TO THIS COURT PURSUANT TO 28 U.S.C. §§ 1441, and 1446. Defendant, MACK WELLS AND MAURICE SYMONETTE, "Prayer for Relief". 13. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as a district or division embracing the place where the state CASE IS PROPERLY REMOVABLE TO FEDERAL COURT BECAUSE IT INVOLVES A CONTROVERSY BETWEEN CITIZENS OF DIFFERENT STATES AND AN AMOUNT IN CONTROVERSY THAT EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS. SEE U.S.C. §§ 1332, 1441, AND 1446. Venue is proper in division in accordance with 28 U.S.C. §2 respectfully requests that this Honorable Court exercise Jurisdiction over this matter. Dated: July 6th, 2023. Respectfully submitted. All Defendants have consented to and join in the removal of the State Court Action. The written consent and joinder of all other defendants is attached to this Notice. Ex. 42.

+

Dated: Miami, Florida
June 29th 23.

_Mack Wells_
MACK WELLS
15020 S. RIVER DR.
MIAMI, FL 33167

_Maurice B._
MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI, FL 33167

-20



Case 1:23-cv-22640-JEM   Document 9-1   Entered on FLSD Docket 10/13/2023   Page 3 of 2

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA        )

US BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR RASC AHL3

      Plaintiff,

                                 )      COURT CASE NO:
                                 )      2010- 61928-CA01
                               )      23-CV-22640-JEM

v.

                                 )

MACK L.WELLS AND
MAURICE SYMONETTE               )

      Defendant.             )

                   Clerk of the Circuit Court — Miami-Dade County
                   Dade County Courthouse
                   73 West Flagler Street
                   Miami, Florida 33130

To:

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice

of Removal of the above-styled cause to the United States District Court for the Southern District of

Florida, Miami Division, a copy of which is attached hereto.

Dated this 31st day of JULY 2023.

                               Respectfully submitted,

                                 *Mack Wells*

                                 MACK WELLS
                                 15020 S. RIVER DR.
                                 MIAMI FL. 33167

                                 MAURICE SYMONETTE
                                 15020 S. RIVER DR.
                                 MIAMI FL. 33167

Exh. 21 pg1

US #2240
05.27.2024
1.40 pm

This is an Emergency
Because U.S. BANK
is TRYING TO
Foreclose ON US!

**BROCK & SCOTT**
PLLC

Phone:
910-392-8767
(877) 393-4340

5431 Oleander Drive, Wilmington, NC 28403
solutions@brockandscott.com

May 21, 2024

## NOTICE TO ALL OCCUPANTS PURSUANT TO THE PROTECTING TENANTS AT FORECLOSURE ACT

Any and All Occupants Residing at
15020 South River Drive
Miami, FL 33167

Re: U.S. Bank, National Association, as Trustee for RASC 2005AHL3 vs. LEROY WILLIAMS; Hoke Williams; Mack Wells; Unknown Spouse of Mack Wells; Unknown Spouse of James Littlejohn AKA James L. Jolin; Unknown Spouse of Hoke Williams; United CCR Partners, G.P.; U.S. Bank, National Association, as Trustee for RASC 2005AHL3; The Unknown Spouse of Leroy Williams; The Unknown Spouse of Curtis McNeil; Synoostic Limited Partnership; State of Florida Department of Revenue; Suntrust Bank; Miami Dade County, Florida; Curtis McNeil; Florida Department of Revenue; Suntrust Bank; Deutsche Bank National Trust Company, as Trustee for Littlejohn a/k/a James L. Jolin, James; Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust Series I; City of North Miami (City)

Case Number: 2010-61925-CA-01
Our File Number: 13-F02868
Property Address: 15020 South River Drive, Miami, FL 33167, (the "Property")

Dear Occupant(s):

Brock & Scott, PLLC (the "Firm"), represents U.S. Bank, National Association, as Trustee for RASC 2005AHL3 who was the successful purchaser of the above-referenced Property at a foreclosure sale held on October 16, 2023.

We are writing you, as the occupant(s) of the Property, pursuant the Protecting Tenants at Foreclosure Act of 2009, Pub. L. 111-22, 123 Stat. 1660 (the "Act"), in order to: (i) determine if you are a "bona fide tenant" under the Act; (ii) determine if you are a tenant under a lease for the Property, and if so, if that lease is a "bona fide lease" under the Act; and, (iii) provide you with notice of rights you may have under the Act if you are a "bona fide tenant" or a tenant under a "bona fide lease".

Notice is hereby provided as follows:

(I) Pursuant to the Act, notice is provided that if you are the mortgagor(s) of the Property, or the spouse, child, parent of the mortgagor(s) of the Property, or, pursuant to the Act your lease or tenancy is not "bona fide" within the meaning of Section 702(b)(2) and (3), and you are not a protected party under Section 703, then you are not entitled to any of the protections set forth in the Act. In the circumstances described in this paragraph, you must vacate the Property and surrender possession of the same to U.S. Bank, National Association, as Trustee for RASC 2005AHL3 within ten (10) days from the date of this

Page 1 of 4

Exh. 21 pg 2

notice. If possession is not relinquished within ten (10) days, U.S. Bank, National Association, as Trustee for RASC 2005AHL3 will seek to recover possession of the Property as appropriate;

(2) If you are a "bona fide" tenant(s) or subtenant(s) of the mortgagor(s) of the Property, or successor in interest within the meaning of Section 702(b)(2) and (3) of the Act, and your lease agreement has expired or is a tenancy at will, you are hereby notified that you are required to vacate the Property and surrender possession to U.S. Bank, National Association, as Trustee for RASC 2005AHL3 within ninety (90) days from date of this notice; and,

(3) In the event you are a "bona fide tenant", occupying the Property pursuant to a "bona fide lease," you may have the right to occupy the Property until: (i) the expiration of your current "bona fide lease"; or, (ii) the property is sold by U.S. Bank, National Association, as Trustee for RASC 2005AHL3 to a third-party who will occupy Property as a primary residence.

For the Firm to confirm the bona fides of your tenancy and lease, and the possible applicability of the Act, we must receive and review certain documents and information. Please contact the Firm and forward all the requested information and documents, as applicable, below within ten (10) days of your receipt of this letter, so it can be determined if you are a "bona fide tenant" and your lease, if any, is a "bona fide lease". The documents and information we request are as follows:

(1) Copy of written lease or any other documentation between tenant and landlord evidencing terms of the tenancy;

(2) If your lease is an oral lease, you must provide a summary of the terms of your oral lease, including without limitation: the names of all parties to the lease; date lease was entered into; term of the lease; rental amount(s) required under the lease; utilities paid by the landlord, if any; amount of the occupant's security deposit, if any; and, all other applicable terms of the agreement;

(3) Proof of last agreed upon rent and/or any security deposit (proof may be in the form of a copy of the lease showing rental amount and/or copies of cancelled checks, money orders, credit card statement, receipts, electronic receipts, etc.);

(4) Proof of your payment of rent under any lease agreement;

(5) Names of any and all occupants of the Property who are over the age of eighteen (18);

(6) A list of any conditions at the Property that require repair; and,

(7) Indication as to whether you are a Section 8 tenant and if so, provide us with the name and contact information for the public housing authority who you work with (if you are Section 8 tenant, you should provide a copy of this notice to your applicable Section 8 worker).

If, within the applicable notice period set forth above, you fail to surrender possession and/or fail to provide evidence of "bona fide" status pursuant to Section 702(a)(2)(A) of the Act or that you are protected by Section 703 of the Act, your lease shall be deemed terminated and U.S. Bank, National Association, as Trustee for RASC 2005AHL3 will seek to recover possession of the Property as appropriate and in accordance with the laws of the state of Florida. If you do not vacate the Property by the end of the applicable period set forth above, U.S. Bank, National Association, as Trustee for RASC 2005AHL3 will ask the court for an order allowing the removal of you and your belongings from the Property.

Send all documentation and information requested above via regular mail, facsimile, electronic mail, or deliver in-person to the address above. If you have any questions, please call (877) 302-4140.

If you are an active duty member of the United States Armed Forces or a dependent of an active duty servicemember, you may be entitled to rights as provided in the Servicemembers Civil Relief Act. In such case, you or your attorney should contact the Firm and provide proof of military service immediate' so that this firm can determine if you fall under the protection of the Servicemembers Civil Relief A

you have any questions regarding this letter, please contact Brock & Scott, PLLC Toll Free at: (877) 302-4140 or via e-mail at evictions@brockandscott.com.

Brock & Scott, PLLC
Evictions Department

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU: ARE A DEBTOR IN AN ACTIVE BANKRUPTCY CASE; ARE UNDER THE PROTECTION OF A BANKRUPTCY STAY; OR, HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AND YOU HAVE NOT REAFFIRMED THE DEBT, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND SHOULD NOT BE CONSTRUED AS AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Exh. 22



**JUAN FERNANDEZ-BARQUIN, ESQ.**
CLERK OF THE COURT AND COMPTROLLER
MIAMI-DADE COUNTY

Contact Us     My Account

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

**U S BANK (NA) VS WILLIAMS, LEROY**

| | | | |
|---|---|---|---|
| Local Case Number: | 2010-061928-CA-01 | Filing Date: | 12/06/2010 |
| State Case Number: | 132010CA061928000001 | Judicial Section: | CA11 - Downtown Miami - Judge Eig, Spencer |
| Consolidated Case No.: | N/A | Court Location: | 73 West Flagler Street, Miami FL 33130 |
| Case Status: | RECLOSED | Case Type: | RPMF -Non-Homestead ($250,000 or more) |

≡ Related Cases                                                       Total Of Related Cases: 0  ✚

👥 Parties                                                             Total Of Parties: 17  ✚

⚒ Hearing Details                                                     Total Of Hearings: 22  ✚

                                                                      Total Of Dockets: 626  ━

🔊 Dockets

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 464 | 05/25/2024 | | Receipt: | Event | RECEIPT#:3130019 AMT PAID:$50.00 NAME:KELLEY, JUSTIN JAMES 2001 NW 64TH STREET, SUITE 130 FT. LAUDERDALE FL 33309-1855 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3117-REOPEN CASE FEE 1 $50.00 $50.00 TENDER TYPE:EFILINGS TENDER AMT:$50.00 RECEIPT DATE:05/25/2024 REGISTER#:313 CASHIER:EFILINGUSER |
| 461 | 05/24/2024 | | Returned Mail | Event | U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2005 |
| 463 | 05/23/2024 | | Motion for Writ of Possession | Event | AND FOR ORDER DIRECTING SHERIFF TO PROCEED EXECUTION OF WRIT OF POSSESSION ABSENT FURTHER ORDER FROM THIS COURT |
| 462 | 05/23/2024 | | Non-Military Affidavit | Event | |
| 460 | 05/15/2024 | | Motion: | Event | EMERGENCY MOTION TO VOID FORECLOSURE SALE |
| 459 | 05/09/2024 | | Response to Motion | Event | |
| 458 | 05/09/2024 | | Notice of Hearing- | Event | MAY 16, 2024, AT 2:30-3PM |
| 457 | 05/09/2024 | | Motion: | Event | TO REJECT DOING ZOOM HEARING |
| 456 | 05/07/2024 | | Notice of Filing: | Event | SUPPLEMENTARY FRONT PAGE OF THE PLAINTIFF MOTION TO DISMISS THE DEFENDANTS MOTION TO DISMISS |



CM/ECF   Query   Reports ▾   Utilities ▾   Help   Log Out                                                              CLOSED

**U.S. District Court**
**Southern District of Florida (Miami)**
**CIVIL DOCKET FOR CASE #: 1:23-cv-22640-JEM**

U.S. Bank, National Association v. Wells et al
Assigned to: Judge Jose E. Martinez
Case in other court: 11th Circuit District Court of Miami-Dade County, 010-61923-CA01
Cause: 28:1331 Federal Question

Date Filed: 07/31/2023
Date Terminated: 08/23/2023
Jury Demand: None
Nature of Suit: 220 Real Property: Foreclosure
Jurisdiction: Federal Question

**Plaintiff**

U.S. Bank, National Association
as Trustee for RASC 2001 AHL1, or U.S. Bank, N.A.

represented by Mehwish A Sanauf
3905 Biller Road
Apt 308
Coconut Creek, FL 33073
954-000-0004
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

v.

**Defendant**

Mack Wells

represented by Mack Wells
19020 S. River Dr.
Miami, FL 33157
PRO SE

**Defendant**

Maurice Symonette

represented by Maurice Symonette
19020 S. River Dr.
Miami, FL 33157
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 07/31/2023 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT - Complaint, Filing fee $402.00, filed by U.S. Bank, National Association. (No Answer filed)(No Motion to Dismiss filed) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit)(cen) (Entered: 07/31/2023) |
| 07/31/2023 | 2 | Clerks Notice of Judge Assignment to Judge Jose E. Martinez. Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Jacqueline Becerra is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. Pro se (NON-PRISONER) litigants may receive a Notice of Electronic Filing (NEF) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notice of Electronic Filing. The consent form is available under the forms section of our website. (cen) (Entered: 07/31/2023) |
| 07/31/2023 | 3 | Clerks Notice of Receipt of Filing Fee received on 07/31/2023 in the amount of $402.00, receipt number FLS027514R. (cct) (Entered: 07/31/2023) |
| 08/23/2023 | 4 | Order Remanding Case to State Court. Closing Case. Signed by Judge Jose E. Martinez on 8/23/2023. See attached document for full details. (cen) (Entered: 08/23/2023) |
| 08/23/2023 | 5 | Transmittal Letter Sent with Order of remand to: 11th Judicial Circuit State Court Case Number: 010-61923-CA01 (cen) (Entered: 08/23/2023) |
| 08/30/2023 | 6 | Motion and affidavit for relief, remand, vacation of orders and memorandum of law re: 4 Order Remanding Case to State Court (Response due by 9/13/2023 by U.S. Bank, National Association (Attachments: # 1 Exhibit)(cen) (Entered: 08/30/2023) |
| 09/05/2023 | 7 | ACKNOWLEDGMENT OF RECEIPT as to 5 Transmittal Letter Sent, 4 Order Remanding Case to State Court. (cch) (Entered: 09/05/2023) |
| 03/25/2024 | 8 | PAPERLESS ORDER terminating 6 Plaintiffs Motion for Recusal and Motion to Vacate per 4 this Court's Order Remanding Case to State Court. This case was previously remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida for lack of jurisdiction. Signed by Judge Jose E. Martinez on 3/25/2024. (cen) (Entered: 03/25/2024) |
| 05/10/2024 | 9 | MOTION to Dismiss Remand because that Case was Filed on Behalf of a Company called U.S. Bank re: 4 Order Remanding Case to State Court by Maurice Symonette, Mack Wells. Responses due by 5/24/2024. (pc) (Entered: 05/13/2024) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 05/25/2024 19:54:21 | | |
| PACER Login: | national100 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:23-cv-22640-JEM |
| Billable Pages: | 2 | Cost: | 0.20 |