# UNITED STATES DISTRICT COURT FOR THE
## ~~MIDDLE~~ DISTRICT OF FLORIDA
### Southern

MACK WELLS and

MAURICE SYMONETTE

23-CV-22640

CASE: ~~~~~~~~W

VS

U.S. Bank, National Association
As Trustee for FASC 2005 AHL3

FILED BY _____ D.C.

MAY 30 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# EMERGENCY MOTION FOR TO VOID SALE FOR VIOLATION OF NOTICE OF REMOVAL STAY USING FORGERY AND FRAUD

We filed a Federal Notice of Removal July 14th 2023 in Ft. Lauderdale under case# 23-cv-61345 Filed and labeled Maurice Symonette and Mack Wells Notice of Removal Exh.1A and 1B with the receipt saying that this Case is in the Wrong Venue in Ft. Lauderdale and will be sent to Dade County with the new Case# 23-cv-22640-JEM 28 U.S. Code SS 1446 and 1441 says only Defendants can Remove a State Court Case to Federal Court so when we filed in the wrong venue by mistake and they sent our case to Dade county where the Case Originated which was the right Division under Case# 23-cv-22640-JEM wherein Judge Martinez asked us to prove why we had Jurisdiction, filed on the Docket August 3rd, 2023. August 7th, 2023 we filed our Jurisdictional Memorandum, on 11/08/23 Defendant U.S. Bank began to respond to our Notice of Removal and Complaint and until this day we have been in Federal Removal and they have not answered but during the interim Judge Carlos Lopez tried to sell the house while we had a Notice of Removal and then he stopped the Sale of the House after we Pointed out to him the Notice of

Maurice
Maurice Symonette
786 859 9421

Removal and then we noticed that US BANK was continuing the Foreclosure because they snuck a Fake Forged Remand Order by us that had the a signature that's obviously not Judge Jose E. Martinez's signature see Exh. 5. As compared to his signature on our new Case# 23-cv-22640-JEM wherein Judge Martinez asked us to prove Federal Jurisdiction so therefore we demand to see the Original filings with the Original Signatures on Case#23-cv-22640 and Case#23-cv-22848, because we believe that some other filings are Forged and not Original. see Judge Martineze's signature, Exh. 6. And three other cases of Judge Martinez's signature. Martin V. Ogwyn, Exh. 7., Smith Jr. v City of Miami, Exh. 8-1 and 8-2 and the United States of America V. Davis, Exh. 9-1. All of these Signatures are the same showing the incursive J going slightly towards the left with a half a circle J with an Apostrophe at the top at the end of Jose' the middle initial E is leaning towards the right with the end of the E at the bottom going up with a period the line on the M slants towards the right and then back towards the left with a hook at the end with the A, R, T and with a incursive Z, the J is a circular pyramid very wide pointing towards the left, the middle initial E doesn't look at all like the Middle initial E on the other true signatures, Exh .6. and it has no period and the (mart) has the A with no R like the original, Exh. 6. with the rest of the alphabets leaning towards the right. And the alphabet T does not have a straight line slanted down like the rest of the Ts on his correct signatures, the fake T has a hook on the left the original does not have the hook and does not have the incursive E or the long Z at the end of his name so therefore this is not Judge Martinez's signature and a fake Order. like Judge Valerie Manno Schurr said in her hearing with us that she did not sign that  Order and whispered to the Attorneys asking in a whisper "Why did you sign those Orders for, me I did not tell you to sign that Order" and I asked her what did you say and she said "hello" "OH, nothing" she said *HELLO* because she didn't realize that we could hear her mistakenly unmuted MIC, see: Gods2.com video #1.  This shows their Collusion. Then I told her about the ORDER she so called signed and she said I did not sign those that was (Judge) Veronica Diaz, Gods2.com, and then I showed her the Orders with her Forged signature, Exh. 10 and 11. and she was shocked and I showed her her

own FORM 6 Affidavit for the State of Florida that showed that she had a terrible Conflict of interest because of the fact that she made 995,000 + 440,000 and over time she made 11, Million from GMAC, Exh. 12. the Servicer for U.S. Bank, Exh. 13. and the next day she Recused herself, Exh. 15. and **REVERTED** the Case back to being Dismissed with Prejudice, Exh. 17. And according to Florida Rule 2.160 (H-J) the original Order of our true Judge Sarah Zabel, Exh. 17. and three Affidavits of witnesses that saw Judge Zabel sign the Dismissal with Prejudice dated 04/06/09, Exh. 14. 1-2-3 put on the Docket 04/07/09, Exh. 18. and she signed our copy as a receipt for us, Exh.17. And so we know that the US BANK Lawyers Forged Judge Valerie Manno Schurr's Order, Exh. 20. And I know that Judge Jose E. Martinez signature be on that Remand Order dated 08/23/2023 when he knew I filed a corrected Amended Notice of Removal and Complaint under the Case# 23-cv-22640-JEM dated 07/14/23 that came from the confusion of us filing the Notice of Removal in the wrong Division Ft. Lauderdale that they transferred to Dade Cunty Federal Division the same Day wherein Judge Martinez asked us to show why the Federal Courts had Jurisdiction to Remove this Case to Federal Court as seen in case# 23-cv-22640-JEM Dated 08/03/23  we showed our Jurisdiction 08/07/23 and we filed our Amended Complaint listed 08/01/23 which also had the Amended Notice of Removal written June 29th, as seen bove the signatures of the Document attached to the Amended Complaint Exh 18. 1 and 2. but Fraudulently did not show on the Federal Docket Dated, 08/02/23, because of the Powerful Federal Jurisdictions in it, but said and mentioned because we did File it, 08/07/23 Docket, taken out of the Docket and used by U.S. BANK LAWYERS FRAUDULENTLY to do a FED. NOTICE OF REMOVAL Filed by U.S. BANK N.A. in Violation of 28 USC 1446 (b)(1) which only allows Defendants to File. Which U.S. BANK as the Plaintiff cannot do a Notice of Removal because they choose the County Venue and they used SYMONETTE and WELL's signature to File for U.S. BANK N.A. as seen on the 23-CV-22848-JEM FAKE CASE number one on that Docket. The Law says a person can't sign for a Corporation, Walacoerage v. Excell. but U.S. BANK LAWYERS USD our signatures to file for U.S. BANK N.A. Evan though SYMONETTE nor WELL's filed or

opened that 23-CV-22848-JEM Fraudulent Case 07/31/23 U.S. BANK did this by taking the Document filing dated July 31st of the NOTICE of Filing our Notice of Removal, Exh. 20. They took this and started a whole new Case without our Permission. And that's why we had to file our notice of compliance for the Notice of Removal and Complaint 10/12/23, and then we had to file our Notice of Removal in County Court Case# 1010-61928-CAO1, 10/13/23, 10/14/23 and 10/15/23 and the Clerks tried to keep our filings off the Docket even though we E Filed the Notice of Removal but it would not show on the **DADE DOCKET** several times, Exh. 19. and we gave it to the Clerk at the Clerk's Counter on Camera and gave it to Judge Carlos Lopez direct as admitted by the HEAD CLERK after we showed her the video proof then they put the Notice of Removal Filings on the DADE DOCKT Case # 2010-61928-CA01 Dated and seen on Docket Oct. 13th ,14th, and 15th, before the Oct. 16th Sales Date but they allowed the Sale to go anyway in Violation Federal Stay Law 28 U.S. CODE SS 1446 (d) on video gods2.com 1G-18. and 19. in the County Case# 1010-61928-CAO1 and they did the Sale anyway in Violation of 28 US CODE SS 1446(d). US BANK knew were in the NOTICE OF REMOVAL Court because US BANK did a Notice of Appearance to our Notice of Removal as seen on the Federal Docket Case #23-CV-22640-JEM Dated 08/07/2023, 10/12/2023 and 11/08/2023 that's LINES 8, 9 and 10. And as seen in the County Case# 1010-61928-CAO1 and as seen on Docket Oct. 13th ,14th, and 15th, before the Oct. 16th Sales Date. We objected to the Sale and Judge Carlos Lopez immediately stopped being the Judge and Judge Spencer Eig became the Judge and we pointed out to him that this case has already been Removed to Federal Court and its still in Federal Court and Judge Eig Went against 28 U.S. Code SS 1446 (d) and went against the 3rd DCA Appellate Court Garcia V. Deutsche Bank Nat'l Trust Co., of the which says once a Notice of Removal is Filed all State actions stops which is totally binding on Judge Spencer Eig of the 11th Judicial Circuit Court from the Federal Courts and the 3rd DCA Appellate Court

# NOW TO SHOW THE FORGERY AND FRAUD TO ILLEGALLY STEAL VETERANS AND CRIPPLE BLACK PEOPLE'S PROPERTY

We filed a Notice of Removal July 17th in Ft. Lauderdale Case# 23-cv-61345 Exh. 1. With the receipt on the comments line with the Case# 23-cv-61345 Wells Et Al V. U.S Bank National Association Et al wherein we paid the $402 cash as required and *very important to notice* that the Case# on the receipt on Case# 23-cv-61345 has the Case# of the transferred Case# 23-cv-22640 because the case was transferred to the Miami Division but the point is the Document# is written at the very top of all the of all the Documents on a Federal Docket but this receipt on all Federal Dockets! Exh. 4 but for this strange Case that now mysteriously shows up Docket text filed 07/14/23 it says Clerks Notice to filer reference Case administratively closed. Wrong venue selected by filing Case has been renumbered to the new Case# 23-cv-22640 no further entries will be made on this case entered 07/14/23 Exh. 3. A, B, and C. but it was the wrong Division and was transferred the same day to the Correct Division in Dade-County Federal Court with the case# 23-cv-61345

I want you to take notice that the remand for July 31st has a forged signature from the wrong case# that never existed because they immediately put it in the Miami-Dade Federal Court which was the correct division and not only was the signature on the remand forged but the signature for the clerk on the certified stamp was forged too. The whole case for Case# 23-CV-22848 is totally Fraudulent, the Case# that was actually filed and paid for by us was Case# 23-CV-61345 and that Case was immediately moved to Miami under Case #23-CV-22640 the other Case# 23-cv-22848 that was Supposedly Remanded has file date of July 31st but only case we filed was on July 14. Also the Order of Remand that was put on that case didn't make any Sense it said that US Bank filed a Notice of Removal that was found in the State Court on July 31st did not have my signature on it and it had the wrong Case#23-cv-

22848 on it my Case# is 23-cv-22640 and the Case#23-cv-22848 on that one is from U.S. Bank filing a fake receipt when I filed it it had the correct case# on it but the Clerk and the Lawyers changed it just like they did Valerie Manno Schurr. It has the same Fonts for Aug 11 2008 labels For Sara Zabel's Dismissal with Prejudice. And Valerie Manno Schurr said she did not sign it and according to Fl. Stat.695.26(a)

It says a printed name must be under the Signature according to Fannie Mae rule B8-3-04 and their literally using our same fonts so that the Notice of Removal is literally not the one that we filed in Federal Court ours ended in 640 theirs ended in 848 and then they Remanded it by signing the Signature.

So that they Could continue the fake Foreclosure that they were doing unbeknownst to us because we were working on the Federal Case#23-cv-22640 but when we caught on was when we found out they still had a Sale for the house so we had to go get our notice of removal papers.

(5)      . This State Court is precluded by federal law, based on the application of the automatic stay Federal code 28 U.S. SS 1446 (D), from allowing the sale to proceed forward in this instance. This Court has no discretion in this matter when it comes to the removal statute and its effect on the jurisdiction of this Court.

The Third District, whose decisions are utterly binding on this Court stated, in *Garcia v. Deutsche Bank Nat'l Trust Co.*, 259 So. 3d 201, 202 (Fla. 3DCA 2018), that "State court jurisdiction ceases upon removal of a case to federal court and ***any pre-remand proceedings occurring in the state court after the case has been removed are void***"

(citing *Musa v. Wells Fargo Del. Tr. Co.*, 181 So. 3d 1275, 1277 (Fla. 1st DCA 2015)) [emphasis added]. But it does not end there. Even more telling as to the effect of a

on a court's jurisdiction is what the Third District stated following that which was

"[i]n a detailed review of the law in this area, the First District concluded that even an

__improper removal to federal court, or a removal for improper motives, will not__

__preserve state court jurisdiction.__" *Id.* at 1280-84; see also *Cole v. Wells Fargo Bank Nat'l Ass'n,* 201 So. 3d 749, 750 (Fla. 5th DCA 2016).

Even the Federal Eleventh Circuit Court of Appeals took this position in the seminal case *Maseda v. Honda Motor Co.,* 861 F. 2d 1248 (11th Cir. 1988)("Since *Steamship Co. v. Tugman,* 106 U.S. 118, 1S. Ct. 58, 27 L. Ed. 87 (1882) was decided, the removal statute 28 U.S.C. § 1446 was amended. Under the amendment, the filing of a removal petition terminates the state court's jurisdiction until the case is remanded, __even in a case improperly removed__" (citing *Lowe v. Jacobs,* 243 F.2d 432, 433 (5th Cir.))[emphasis added].

More damaging to this matter is the fact that this Court has proceeding in this matter while this Court lacked subject matter jurisdiction upon the filing of the Notice on Oct. 13, 2023. There is even an argument that the Court did not have jurisdiction under the second filed removal under case 23-CV-22640-JEM since the filing of that case. A careful examination of that case's docket in the federal court clearly shows that the matter has not been dismissed or otherwise remanded. The docket clearly reflects that entry #4 shows the notice of removal filed in this Court is the same one filed in that court's records. The notice of removal, which should have been filed in this action, was mistakenly filed in that court instead. Under the removal statute, the removal is not effective until filed in the state court action. Granted, the notice was not filed here when the action was filed in federal court.

But the federal law is clear, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall effect the removal and the State court shall proceed no further unless and until the case is remanded*." 28 U.S.C. §1446(d). In this case, the filing of the notice of removal on Oct. 13, 2023 instituted the automatic stay, based on removal, under case number 23-CV-22640-JEM in federal court.

WE CERTIFY THAT THIS IS A TRUE EMERGENCY BECAUSE THEY HAD THE SALE WHILE WE WERE IN THE FEDERAL NOTICE OF REMOVAL AND NOW THEY ARE ASKING THE SHERIFF TO COME AND EVICT BY MAY 31ST,2024. Which is 10 days from the Notice the Notice they filed.

/S/MACK WELLS

MACK WELLS
15020 S. RIVER DR.
MIAMI FL. 33167

/S/MAURICE SYMONETTE
MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI FL. 33167