UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22640-CIV-MARTINEZ/SANCHEZ

MACK WELLS and MAURICE SYMONETTE,

    Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION, *et al.*,

    Defendants.

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFFS' RENEWED EMERGENCY MOTIONS TO VOID FORECLOSURE SALE

This matter is before the Court on Plaintiffs' three pending emergency motions: (1) Emergency Motion to Void Foreclosure Sale in Violation for Sanctions Against U.S. Bank for Violating Federal Stay and Willful Contempt in Violation of 28 U.S. Code SS 1446 (d) and to Void Sale Because of Forgery and Fraud, ECF No. 46; (2) Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, ECF No. 53; and (3) Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, ECF No. 54 (collectively, the "Renewed Emergency Motions").[1]  In their Renewed Emergency

---

[1] On April 11, 2024, the Honorable Jose E. Martinez, District Judge, referred this case to the undersigned for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on all dispositive matters. ECF No. 38.  Although Plaintiffs have filed a Notice of Non-Consent to Proceed before the Assigned Magistrate Judge, ECF No. 51, Judge Martinez's referral is unaffected by that notice of non-consent.  Pursuant to 28 U.S.C. § 636(b)(1), a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for certain specified motions, 28 U.S.C. § 636(b)(1)(A), and for those specified motions, a magistrate may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B).  A party's consent is not required for a magistrate judge to review any referred motions and issue a report and recommendation to the district court.  *See Yost-Rudge v. City of Stuart*, Case No. 22-14085-CIV-MOORE, 2022 WL 1793087, at *2 (S.D. Fla. June 2, 2022) (citing *U.S. Bank, N.A. ex rel. LSF8 Master Participation Tr. v. Tobin*, 754 F. App'x 843, 846 (11th Cir. 2018)).

Motions, the Plaintiffs seek to have the Court void a foreclosure sale of property that took place on October 16, 2023 with the authorization of the Florida state court in Case No. 2010-61928-CA01.

On April 29, 2024, this Court denied Plaintiffs' prior Emergency Motion to Void Foreclosure Sale in Violation for Sanctions Against U.S. Bank for Violating Federal Stay and Willful Contempt in Violation of 28 U.S. Code SS 1446 (d), ECF No. 39 ("Original Emergency Motion"), which also sought to void the October 16 foreclosure sale, for failing to comply with this Court's Local Rules concerning emergency motions. *See* ECF No. 41 ("April 29 Order").

For the reasons set forth below, the undersigned recommends that the Plaintiffs' Renewed Emergency Motions be **DENIED**.

I. **Plaintiffs Have Failed to Establish That Emergency Relief Is Warranted**

As an initial matter, and despite the undersigned's April 29 Order denying the Original Emergency Motion, the Plaintiffs have still not fully complied with the Local Rules' requirements for emergency motions.

The undersigned recognizes that Plaintiffs have attempted to remedy the procedural deficiencies contained in their Original Emergency Motion, such as by addressing the nature of the emergency and providing a certification intended to meet the requirements of the Local Rules. *See, e.g.*, ECF No. 54 at 8 ("We certify that this is a true emergency because they had the sale while we were in the federal notice of removal and now they are asking the Sheriff to come and evict us by May 31st, 2024. Which is 10 days from the Notice . . . they filed."); ECF No. 53 at 8 (same); ECF No. 46 at 1 ("The nature of the Emergency is they are evicting us out of our home by Foreclosing on the house during the Federal Stay . . . ."); ECF No. 46 at 58 ("I certify that this motion In fact presents a true emergency . . . and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days.").

Notwithstanding their assertions, Plaintiffs have failed to establish that immediate relief is necessitated at this time and that meaningful relief could not be provided at a later date. Indeed, Plaintiffs have still provided no satisfactory explanation establishing that this matter truly "requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days." Instead, Plaintiffs have established that the foreclosure sale to which their Renewed Emergency Motions are directed took place on October 16, 2023 and that the resulting certificate of sale was issued on October 19, 2023—events that occurred more than six months ago. *See, e.g.*, ECF No. 46 at 1, 34 (Exh. 27), 45-48; ECF No. 53 at 4; ECF No. 54 at 4. Although Plaintiffs contend that subsequent monetary relief could not remedy their potential loss of possession of the property that was already sold at a foreclosure sale, *see* ECF No. 46 at 58, Plaintiffs have not established that, under the factual circumstances presented, the potential consequences that they face are irreparable—for example, they have failed to show that they will be unable to find alternate housing and/or that their potential injuries could not be compensated by monetary damages.

Furthermore, while the Plaintiffs have shown that they have been threatened with legal action concerning their occupancy/possession of the property that was sold at the October 16 foreclosure sale and that a motion for writ of possession was recently filed in Florida state court Case No. 2010-61928-CA01, *see* ECF No. 53-1 at 27-30 (Exh. 21 & 22); ECF No. 54-1 at 29-30 (Exh. 21 & 22), such circumstances still do not amount to the type of emergency that requires an immediate emergency ruling from this Court. *See, e.g.*, *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-24277-CIV-MARTINEZ/GOODMAN, 2016 WL 7469993, at *3 (S.D. Fla. Apr. 13, 2016) (describing the type of emergencies that would warrant the filing of an emergency motion).

Nevertheless, despite these procedural shortcomings, the Court will proceed to address the relief requested in Plaintiffs' Renewed Emergency Motions.

**II.    The Plaintiffs Have Failed to Establish That They Are Entitled to the
Relief That They Seek or That There Is Any Substantial Likelihood
That They Could Establish Such Entitlement to Relief in the Future.**

The basis for the relief sought by the Plaintiffs in their Renewed Emergency Motions is their argument that the state court had been divested of jurisdiction to authorize and conduct a foreclosure sale because the Plaintiffs had removed that state court action to federal court. *See, e.g.*, ECF No. 46 at 1, 42-56; ECF No. 53 at 6-8; ECF No. 54 at 6-8.  The Plaintiffs' argument, however, is mistaken and based on a misunderstanding of the procedural posture of their federal cases and the impact of their removal notices and Judge Martinez's remand order on the state court's jurisdiction.

    A.  ***Plaintiffs' Original Federal Action and Plaintiffs' Removal of the State Court Action***

Here, Plaintiffs commenced this case, an original action in this Court, *Mack Wells and Maurice Symonette v. U.S. Bank, National Association, et al.*, Case No. 23-22640-CIV-MARTINEZ, when they filed a complaint with the Clerk of this Court on July 14, 2023, suing numerous different parties and seeking affirmative relief against them under a variety of legal theories.  ECF No. 1.[2]  Plaintiffs also filed a Notice of Removal on that date that referenced a state civil case (Case No. 2010-61928-CA01) that did not include all of the same parties that had been named in the federal civil complaint filed in Case No. 23-22640-CIV-MARTINEZ; that notice was docketed within Case No. 23-22640-CIV-MARTINEZ.  ECF No. 4.  However, a case that starts with the filing of a civil complaint in federal court is separate and distinct from a case that is removed from state court with the filing of a notice of removal.  In other words, Plaintiffs cannot initiate a lawsuit asserting affirmative civil claims against a variety of parties though a civil

---

[2] This case was initially mis-assigned Case No. 23-61345-CIV due to a miscommunication during the intake of the case by the Clerk's Office, but the case was then reassigned Case No. 23-22640-CIV when the Clerk's Office determined from the civil cover sheet that the venue for the case was Miami-Dade County rather than Broward County.  *See* ECF No. 2, Case No. 23-61345-CIV.

4

complaint filed in federal court and additionally remove a state court lawsuit to federal court within a single federal case; instead, those would necessarily be two separate and different federal cases and would require separate filing fees. *See, e.g.*, *Saito v. Lewis*, No. 2:23-CV-506-SPC-KCD, 2023 WL 5526667, at *2 (M.D. Fla. Aug. 28, 2023) ("The [plaintiffs] chose to file that case and then seek to remove this state foreclosure action. The removal thus required a separate filing fee . . . .").

Nevertheless, on July 31, 2023, the Plaintiffs in this case (that is, Case No. 23-22640-CIV-MARTINEZ) filed another Notice of Removal addressing Florida state court Case No. 2010-61928-CA01. ECF No. 1, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ. The removed state court case was assigned Case No. 23-22848-CIV-MARTINEZ, and a receipt for the cash payment of the filing fees for that removed case was issued to Plaintiff Mack Wells. ECF Nos. 1, 3, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.[3]

Thus, the Plaintiffs had two separate cases before Judge Martinez: (1) an original action based on a federal complaint, *Mack Wells and Maurice Symonette v. U.S. Bank, National Association, et al.*, Case No. 23-22640-CIV-MARTINEZ, in which they were the plaintiffs; and (2) a removed action based on a state complaint, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ, in which they were the

---

[3] Plaintiffs contend that Case No. 23-22848-CIV-MARTINEZ was not initiated by them but by U.S. Bank and that they (that is, Mr. Wells and Mr. Symonette) did not sign, authorize, or file the notice of removal in Case No. 23-22848-CIV-MARTINEZ. *See* ECF No. 46 at 41, 51-53; ECF No. 53 at 5-6; ECF No. 54 at 5-6. The Plaintiffs, however, were defendants in the state court case and were the parties that could remove the state court case to federal court. *See* 28 U.S.C. § 1441(a) (providing that a qualifying civil action "may be removed by the defendant or the defendants"). Moreover, court records clearly show that Plaintiffs are in fact the parties who initiated Case No. 23-22848. They filed a notice of removal that was signed by them, and Plaintiff Mack Wells paid the corresponding filing fee in cash and was issued a receipt in his name. ECF Nos. 1, 3, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.

defendants.[4]

### B. *Judge Martinez's Order Remanding the Removed Case to State Court and the Return of Jurisdiction to the State Court in Case No. 2010-61928-CA01*

On August 23, 2023, Judge Martinez entered an order remanding the removed case (Case No. 23-22848-CIV-MARTINEZ) back to state court for lack of subject matter jurisdiction. ECF No. 4, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.[5] On that same day, the Clerk for the Southern District of Florida mailed a certified copy of Judge Martinez's order of remand in the case (that is, U.S. District Court Case No. 23-22848-CIV-MARTINEZ/Florida State Court Case No. 2010-61928-CA01) to the Clerk of the state court, and on August 29, 2023, the Clerk of the state court acknowledged receiving Judge Martinez's remand order. ECF Nos. 5, 7, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.

### C. *Because the October 16, 2023 Foreclosure Sale Occurred After Judge Martinez Remanded the Removed Case to State Court, the State Court in Case No. 2010-61928-CA01 Had Jurisdiction to Authorize the Foreclosure Sale.*

Pursuant to statute, after a "certified copy of the order of remand" is "mailed by the clerk to the clerk of the State court," "[t]he State Court may thereupon proceed with such case." 28

---

[4] Notably, even if Plaintiffs are arguing that the notice of removal filed on July 14, 2023 in Case No. 23-22640-CIV-MARTINEZ should have initiated the opening of a new removed case at that time—and it is far from clear that the July 14 notice complied with statutory requirements for removal—that argument is of no moment because the state court case (Case No. 2010-61928-CA01) was ultimately removed and opened as Southern District of Florida Case No. 23-22848-CIV-MARTINEZ in July of 2023. Furthermore, because a removal only moves a case from a state court to a federal court, even if multiple notices of removal were filed in July of 2023 addressing Case No. 2010-61928-CA01, that can create only one removed federal case because there is only one state case to relocate to federal court. Here, the removed case was assigned Case No. 23-22848-CIV-MARTINEZ.

[5] Although Plaintiffs seem to believe that Judge Martinez's August 23, 2023 Order Remanding Case is a fraudulent order with a forged signature, *see, e.g.*, ECF No. 46 at 41-42, 49-50, 52-53; ECF No. 53 at 2, 5; ECF No. 54 at 2, 5, that is simply not the case. The Order is a genuine order signed by Judge Martinez that was duly filed and docketed with the Clerk of the Court.

U.S.C. § 1447(c).  Thus, by the end of August 2023, the state court had reacquired jurisdiction over state court Case No. 2010-61928-CA01 and could "proceed with such case."[6]

As a result, when the October 16, 2023 foreclosure sale occurred, the state court had jurisdiction over Case No. 2010-61928-CA01.  Because the state court had jurisdiction over Case No. 2010-61928-CA01 at the time of the foreclosure sale, the Plaintiffs' sole basis for the relief that they seek—their argument that this Court should void the foreclosure sale because the state court was divested of jurisdiction by the removal of Case No. 2010-61928-CA01—fails.  Accordingly, Plaintiffs' Renewed Emergency Motions should be denied.

### III.   CONCLUSION

As the foregoing discussion demonstrates, Plaintiffs have failed to establish that they will suffer irreparable injury if the relief that they have requested (that is, the voiding of the October 16, 2023 foreclosure sale) is not granted, *see supra* at 2-3, and they have failed to establish any substantial likelihood of success on the merits of their claim that the October 16, 2023 foreclosure sale must be voided because the state court lacked jurisdiction to authorize that sale, *see supra* at 4-7.[7]  For the reasons set forth above, the undersigned respectfully recommends that Plaintiffs'

---

[6] Unlike Case No. 23-22848-CIV-MARTINEZ, the present case (Case No. 23-22640-CIV-MARTINEZ) is an original action based on a complaint filed in federal court.  As such, neither the case's filing nor its pendency have ever divested the state court of jurisdiction over state court Case No. 2010-61928-CA01.  Merely filing a lawsuit in federal court does not divest a state court of jurisdiction over the subject matter that is addressed in the federal lawsuit.

[7] Although Plaintiffs have not described their Renewed Emergency Motions as motions seeking injunctive relief, to the extent that Plaintiffs' Renewed Emergency Motions seek the equivalent of a preliminary injunction, the Plaintiffs must establish the following to obtain preliminary injunctive relief: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).  Because, as explained above, Plaintiffs have failed to establish the first two of these requirements for injunctive relief, the Court need not reach the remaining requirements.  The undersigned notes, however, that Plaintiffs have made no showing that they satisfy the third and fourth requirements for injunctive relief.

7

Renewed Emergency Motions, ECF Nos. 46, 53, and 54, be **DENIED**.

Within seven (7) days from the date of this Report and Recommendation, that is, by June 10, 2024, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge.[8] Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 3rd day of June 2024.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Hon. Jose E. Martinez

Mack Wells
Maurice Symonette
15020 S. River Dr.
Miami, FL 33167
**(VIA U.S. MAIL)**

Counsel of Record

---

[8] Because the Plaintiffs have requested relief on an emergency basis, the undersigned is shortening the objection period to allow for a quicker resolution of this matter while still allowing sufficient time for Plaintiffs to receive and respond to this report and recommendation.