# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY ___ D.C

JUN 10 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MACK WELLS and
MAURICE SYMONETTE

VS

CASE: 23-CV-22640-JEM

U.S. Bank, National Association
As Trustee for FASC 2005 AHL3

## MOTION AND AFFIDAVIT FOR RELIEF, RECUSAL, VACATION OF ORDERS AND MEMORANDUM OF LAW

Pursuant to Florida Stat. 112.131, Florida Rule 2.160 (H) and Federal Rules of Civil Procedure Rule 60, Plaintiff MACK WELLS hereby files this Motion for Relief & Recusal and Supporting Memorandum regarding the June. 3 2024 Eduardo L Sanchez review of the record and Final Judgement Order, Exhibit.J. based on the following facts, new information, just terms, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court (Exhibits # B) Attached- U.S. BANK Special Situation Property Funds Account Page 42, IFRS 2018 Tables 9-13, SEC Filings- U.S. BANK Florida Subsidiaries, Judge Carlos Lopez Financial Interests & Property Disclosures).

***Florida Rule 2.160 (H) Says A Judge may Vacate his orders for Conflict of Interest Theodore R. Bundy V. Judge John A. Rudd Fl. Rule 2.160 (D) (1) Fl. Code Jud. Conduct , Canon 3E(1) A Judge shall disqualify himself where impartiality might reasonably be questioned Rule 2.160 (D) (1) grounds to disqualify is party fears Judge is Biased Fl. Statue 112.312 (8) Judge can't have a conflict of Interest !***

Judge Eduardo L Sanchez must Recuse himself for an open obvious Conflict of Interest because he's doing business with US Bank and helping them to make money so that he can make money by

foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but for to make his and them money Illegally. Here's proof: **In his Form 6, from Tallahassee called <u>FULL AND PUBLIC DISCLOSURE OF FINANCIAL, form 6 for 2022 it</u> Says on page 6 line 50 that he got $250,000.00 with Wells Fargo, Exh. D. Which is First U.S. Bank Exh.E and on pg.5 line 30 he got $50,000.00 from Berkshire Hathaway Exh.D. Which is US Bancorp Exh.F. On page 7 line 53 he got $15,000.000 from Morgan Stanley Exh.D. Which is Deutsche Bank Exh.G and Deutche bank is US. Bank Exh.H. On pg.7 line 52 he got $15,000.00 from Truist Bank Exh.D. Which is Suntrust Bank Exh.H2. which is BB&T Exh.H3. And BB&T is US.Bank Exh.H4.** Who has ruled in favor of US BANK. This is a Horrible Conflict of Interest against us and there's more. I have found that our case was directed to other Judges in this sess Pool all with the same Conflict of interest like Judge Valerie manno Schurr a Judge we had never met jumping into our case after Judge Zabel dismissed U.S Banks Lawsuit against me with Prejudice because they never had or owned the Note and then one year later Judge Valerie Manno Schurr got $995,000 from U.S. Bank according to her Form 6 Financial Disclosure Affidavit, Exh. I. And then suddenly inserted herself into our case without ever meeting us and dismissed the case with Prejudice like Judge Zabel did, Exh. K. So as to avoid the Law which says another Judge cannot change another Judges order in the same Circuit Court so she made the same Order so she could change her own Order to dismiss without Prejudice and got another $,1 million dollar plus $400,000 dollar money asset from GMAC which is U.S. Bank and then she changed her own Order to Dismissed without Prejudice Exh. N. And then received a $2.4 million money asset from Wells Fargo/Wachovia plus a $400,000 dollar money Asset from GMAC which is U.S. Bank Exh. L. The same Conflict of Interest that Judge Lopez has, which is why she  Recused herself Exh. R, as did Vivianne Del Rio Exh.S. According to her form 6 Financial Affidavit to circumvent Judge Zabel's Dismissal with Prejudice! Exh. M. I and two other Witnesses saw Judge Zabel sign the Dismissal with Prejudice Exh. X,Y and Z and the 2007–12407–CA01 Case was dismissed Exh.Z1 and Z2 in 2009 the Clerk of Courts removed the Judges dismissal with Prejudice off the Docket because the Clerk of Courts have the same $ Conflicts of Interest as Judge Valerie Manno Schurr according to his Form 6 Full and Public Disclosure of Financial Interest he has a money Conflict of Interest with Wells Fargo which is US Bank Exh. Z3 in the amount of $315,000 which is why the Clerk of Courts removed the evidence off the Docket. And then these wicked Lawyers Foreclose without notice to us and we went threw a 10 year fight see the Docket for the 2010 case which had no notice no assignments, no Note and no Mortgage Correctly to U.S. Bank from Axiom Bank see Exh. O. then Maurice Symonette did a Quite Title Suit and after 10 years Judge Valerie Manno Schurr shows up again and I showed her the Evil which she had done by taking money ($995,000) From GMAC/U.S. Bank to steal our property even though we were making the payments. This is Home Title Fraud in its utmost and when she saw she was caught from her own Form 6 Affidavit and evil Judgments she Recused herself especially after we paid for News paper, ads and Radio TV Commercials Exh. T Telling on her and knowing that we have turned her over to the FBI, as Eduardo L Sanchez must do because he has the same conflict of Interest So he must recuse himself and vacate his Order. So Eduardo L Sanchez you must Recuse YOUR SELF and not ORDER against us.

FACTS

l. On June. 25, 2010, Defendant Judge Valerie Manno Schurr issued a final Judgment order <u>Exhibit. A</u> against Plaintiff Pursuant to Florida Stat. 112.131, Florida Rule 2.160 (H) and Federal Rules of Civil Procedure Rule 60, Plaintiff MACK WELLS hereby files this Motion for Relief & Recusal and Supporting Memorandum regarding the <u>June. 3' 2024</u> Eduardo L Sanchez review of the record and Final Judgement Order, Exhibit.J. based on the following facts, new information, just terms, judicial misconduct, fraudulent grounds and discovered conflict of personal investment interests on Financial Disclosures of Judges and officers of this Court <u>(Exhibits # B)</u> Attached- U.S. BANK Special Situation <u>Property Funds Account Page 42, IFRS 2018Tables 9-13,</u> SEC Filings- U.S. BANK Florida Subsidiaries, Judge Alan Fine Financial Interests & Property Disclosures).

***<u>Florida Rule 2.160 (H) Says A Judge may Vacate his orders for Conflict of Interest Theodore R. Bundy V. Judge John A. Rudd Fl. Rule 2.160 (D) (1) Fl. Code Jud. Conduct . Canon 3E(1) A Judge shall disqualify himself whise impartiality might reasonably be questioned Rule 2.160 (D) (1) grounds to disqualify is party fears Judge is Biased Fl. Statue 112.312 (8) Judge can't have a conflict of Interest !</u>***

Judge Eduardo L Sanchez must Recuse himself for an open obvious Conflict of Interest because he's doing business with US Bank and helping them to make money so that he can make money by foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but for to make his and them money Illegally. Here's proof.

## FACTUAL BACKGROUND

reasonable person would question the judge's impartiality.

Fla. Code Jud. Conduct, Canon 3E(1), Fla. Rule 2.160 (A) (H), Fla. Statute 112.312 (8) and *Section 455(b) he shall also disqualify himself in the following circumstances.*

*(4)  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings*

*(h)(4)  "financial interest" means ownership of a legal or equitable interest, however small*

## CONCLUSION

This Motion for Relief by vacating order Judgment Florida Rule 2.160 (H) and Recusal is

and discovered evidence unknown at the time of the original Complaint filing Plaintiff could not reasonably know the financial dealings with Defendants of a yet to be assigned judge before the original Complaint filing As previously displayed by his Dismissal Order, due to cited improper financial conflicts of interest, Judge Eduardo L Sanchez was incapable of impartially and without animus against Pro-Se Plaintiff or to exercise unbiased judicial duties required for due process justice in this case.

Judge Eduardo L Sanchez has creditor loan history and business with Plaintiff U.S BANK MERS and JPMorgan that caused preferential Quid Pro *Quo* treatment by his .sua sponte review and <u>Final</u> <u>Judgment Order.</u> Judge Eduardo L Sanchez has significant exposed investor financial interests in the subject matter in controversy and with Plaintiff U.S. BANK that will be substantially negatively affected by the outcome of that proceedings when the Defendant "ultimately prevails and promotes in paid for adds in the media. Because people can't win when the Judge is on the side of the Banksters to steal property and money off their Prey!

Example of Judges who already recused themselves from U.S. BANK
HE RECUSED HIMSELF BECAUSE HE HAD A MONEY CONFLICT OF INTEREST
IN 131 FEDERAL JUDGES JUST GOT FOUND GUILTY OF CONFLICTS OF
INTEREST GOOGLE NEW YORK TIMES ARTICLE BY ADAM LIPTAC.

1. JUDGE DARRIN P. GAYLES Exhibit, P.
2. THOMAS WILLIAMS Exhibit, Q.
3. JUDGE VALERIE MANNO SCHURR'S RECUSAL Exhibit, R

### REQUIRED RELIEF

Pursuant to Fla. Code Jud. Conduct, Canon 3E(1), Fla. Rule 2.160 (A) (H), Fla. Statute 112.312 (8) and Federal Rules of Civil Procedure Rule 60, Plaintiff requires Relief from the <u>June.</u> <u>03,</u> 2024 Final <u>judgment Order [Exhibit.J.</u> based upon the stated facts, just terms, cited misconduct, Rule 60 grounds and newly discovered banking real estate fraud by court officers.

Said Reopening Relief would require the vacating of his order and Recusal of Judge Valerie Schurr from this and any future related U.S. BANK banking real estate cases in this District. The Dismissal Order Relief also requires that all parties be reinstated to their prior positions in this action (Dismissal with Prejudice) requiring Clerk issuance of Summons upon the Defendants and allow the filing of a Motion to dismiss the Final Judgment for cause, grounds

**MAURICE SYMONETTE**
**15020 S. RIVER DR**
**MIAMI FL. 33167**

**MACK WELLS**
**15020S. RIVER DR**
**MIAMI FL.33167**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 12th day of Feb., 2020 a true and correct copy of the foregoing was provided via this Court's electronic filing system to the attorneys of record

for amounts due and owing on same mortgage that was dismissed with Prejudice In former case no: 07-12407CA01 where U.S. BANK could never produce the promissory Note though they were asked by the Judge several times but never did bring it forth, Exhibit. I. A judge cannot change another Judge's ORDER! And also on June. 25 2010, Judge Valerie Schurr issued a Judgment order acting as a quasi-defense attorney for U.S. BANK his personal investment Partner to make money together. Defendant MACK WELLS has now subsequently provided the United States Department of Justice (DOJ) on specific newly discovered whistle blower information and records regarding millions of dollars in exposed fraudulent foreclosure claims made by the Defendants U.S. BANK, Clerks and Court officers in this action. Exhibit, O. GMAC Also

does not own

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 12th day of Feb., 2020 a true and correct copy of the foregoing was provided via this Court's electronic filing system to the attorneys of record

X _Fannie S Mitchell_

May 3, 2022

FANNIE MITCHELL
Notary Public - State of Florida
Commission # GG 360128
My Comm. Expires Jul 29, 2023
Bonded Through National Notary Assn.

*Exh. A pg*

*3*
*ORDR*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,
    Plaintiff,

                      CASE NO.    2007-12407-CA
vs.               DIVISION    32

SPACE FOR RECORDING ONLY F.S.§695.26

LEROY WILLIAMS; MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION;  CITY
OF NORTH MIAMI;
        Defendant(s).

_____/

## FINAL ORDER DISMISSING CASE, CANCELING FORECLOSURE SALE, CANCELING NOTICE OF LIS PENDENS, AND SETTING ASIDE FINAL SUMMARY JUDGMENT AND SUBSTITUTING PHOTOSTATIC COPIES

THIS CAUSE having come on before the Court, ex parte, pursuant to the Motion filed by the Plaintiff,  pursuant to Section 702.07 Florida Statutes (2005), and the Court being otherwise fully advised in the premises, it is,

ORDERED AND ADJUDGED as follows:

1.      The case be and the same hereby is dismissed, but without prejudice to the future rights of the Plaintiff to bring an action to foreclose the mortgage which is the subject matter of the instant cause.

2.      All Counts of the Complaint against Defendants:  LEROY WILLIAMS; MARK WELLS; FRANKLIN CREDIT MANAGEMENT CORPORATION;  CITY OF NORTH MIAMI;   are hereby  dismissed.

3.      Any scheduled foreclosure sale is canceled.

FILE_NUMBER: F07012148

Serial: 13666522
DOC_ID: M010502

*Exh A Pg.*

4.    The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE

County, Florida, regarding the below-described property:

> LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO
> THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF
> THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

be and same hereby is canceled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby

directed to record this Order to reflect same.

5.    The Final Summary Judgment heretofore entered on August 09, 2007, be and the same hereby is set

aside and shall be of no further force or effect.

6.    The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and

photostatic copies shall be substituted in their place.

DONE AND ORDERED in Chambers in MIAMI-DADE County, Florida, this _____ day of

_____, 2010.

**JUN 2 3 2010**

VALERIE R. MANNO SCHURR
Circuit Court Judge

**VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE**

Copies furnished to:
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
All parties on the attached service list.
F07012148 – M010502
GMAC-CONV--abiven

**Service List**

LEROY WILLIAMS
15020 South River Drive
Miami, FL 33167

FRANKLIN CREDIT MANAGEMENT CORPORATION
C/o Corporation Service Company
1201 Hays St. Suite 105
Tallahassee, FL 32301-2525

CITY OF NORTH MIAMI
c/o V. Lynn Whitfield, Esq.
776 NE 125th Street
North Miami, FL 33161

MARK WELLS
15020 South River Drive
Miami, FL 33167

| AO 10<br>Rev. 1/2022 | **FINANCIAL DISCLOSURE REPORT<br>FOR CALENDAR YEAR 2022** | *Report Required by the Ethics<br>in Government Act of 1978<br>(5 U.S.C. app. §§ 101-111)* |
|---|---|---|

| 1. Person Reporting (last name, first, middle initial)<br><br>Sanchez, Eduardo I. | 2. Court or Organization<br><br>U.S. District Court, Southern District of Florida | 3. Date of Report<br><br>05/15/2023 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>    magistrate judges indicate full- or part-time)<br><br>U.S. Magistrate Judge - Full-time | 5a. Report Type (check appropriate type)<br><br>☐ Nomination    Date<br>☐ Initial    ☑ Annual    ☐ Final<br><br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2022<br>to<br>12/31/2022 |

| 7. Chambers or Office Address<br><br>C. Clyde Atkins U.S. Courthouse<br>301 N. Miami Avenue, 6th Floor<br>Miami, FL 33128 |
|---|

| **IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts,<br>checking the NONE box for each part where you have no reportable information.* |
|---|

## I. POSITIONS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 345 Trustees, Executors, Administrators, and Custodians; § 350 Power of Attorney; § 355 Outside Positions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Board Member-at-Large | MIAMI CATHOLIC LAWYERS GUILD |
| 2. | Director | FEDERAL BAR ASSOCIATION, SOUTH FLORIDA CHAPTER |
| 3. | Committee member | FLORIDA BAR APPELLATE COURT RULES COMMITTEE |
| 4. | Committee liaison member | FLORIDA BAR RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION COMMITTEE |
| 5. | | |

## II. AGREEMENTS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 340 Agreements and Arrangements )*

☐ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | 2007 | 457(b) account in Miami-Dade County's (former employer's) Employees Deferred Compensation Plan; plan sponsor/provider: Nationwide Retirement Solutions |
| 2. | | |
| 3. | | |

*Exh. D Pg*

## FINANCIAL DISCLOSURE REPORT
Page 2 of 9

| Name of Person Reporting | Date of Report |
|---|---|
| Sanchez, Eduardo I. | 05/15/2023 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 320 Income; § 360 Spouses and Dependent Children.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE |
|---|---|---|
| 1. | 2022 | ████████████ |
| 2. | 2022 | Self-employed consulting and survey and focus group participation |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

☑ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

Exh.DP

**FINANCIAL DISCLOSURE REPORT**

Page 3 of 9

| Name of Person Reporting | Date of Report |
|---|---|
| Sanchez, Eduardo I. | 05/15/2023 |

## V. GIFTS. *(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

[✔] NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 335 Liabilities; § 360 Spouses and Dependent Children.)*

[✔] NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## FINANCIAL DISCLOSURE REPORT
Page 4 of 9

| Name of Person Reporting | Date of Report |
|---|---|
| Sanchez, Eduardo I. | 05/15/2023 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE (No reportable income, assets, or transactions.)

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 1. IRA Accounts (H) | | | | | | | | |
| 2. - DAVIS NEW YORK VENTURE FUND CLASS A (NYVTX) | B | Dividend | J | T | | | | |
| 3. - AMERICAN EUROPACIFIC GRW A (AEPGX) | A | Dividend | K | T | | | | |
| 4. - AMERICAN INC FD OF AMERICA A (AMECX) | B | Dividend | K | T | Buy (add'l) | 12/13/22 | J | |
| 5. - AMERICAN GR FD OF AMERICA A (AGTHX) | B | Dividend | K | T | Buy (add'l) | 12/16/22 | J | |
| 6. - AMERICAN INV CO OF AMER A (AIVSX) | B | Dividend | K | T | | | | |
| 7. Miami-Dade County 457(b) Plan (H) | | | | | | | | |
| 8. - AMFDS EUROPACFC GR R6 | A | Dividend | K | T | | | | |
| 9. - JPM US EQ R6 | C | Dividend | L | T | Buy (add'l) | 12/13/22 | J | |
| 10. - Vngrd MdCap Indx Inst | A | Dividend | J | T | | | | |
| 11. - Vngrd SmCap Indx Inst | A | Dividend | K | T | | | | |
| 12. - AMFDS AMCAP R6 | D | Dividend | L | T | Buy (add'l) | 06/15/22 | J | |
| 13. 403(b) Plans (H) | | | | | | | | |
| 14. - TIAA REAL ESTATE | | None | L | T | | | | |
| 15. - CREF GLOBAL EQUITIES R3 | | None | M | T | | | | |
| 16. - CREF GROWTH R3 | | None | N | T | | | | |
| 17. - CREF MONEY MARKET R3 | | None | L | T | Buy (add'l) | 09/30/22 | J | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**

Page 5 of 9

| Name of Person Reporting | Date of Report |
|---|---|
| Sanchez, Eduardo I. | 05/15/2023 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE (No reportable income, assets, or transactions.)

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 18. - CREF STOCK R3 | | None | O | T | Buy (add'l) | 03/31/22 | J | |
| 19. | | | | | Buy (add'l) | 09/30/22 | J | |
| 20. | | | | | Buy (add'l) | 09/30/22 | J | |
| 21. | | | | | Buy (add'l) | 11/01/22 | J | |
| 22. | | | | | Buy (add'l) | 11/01/22 | J | |
| 23. - FID FDM Idx 2030 IPR | B | Dividend | M | T | Buy (add'l) | 03/31/22 | J | |
| 24. | | | | | Buy (add'l) | 09/30/22 | J | |
| 25. | | | | | Buy (add'l) | 09/30/22 | J | |
| 26. | | | | | Buy (add'l) | 10/31/22 | J | |
| 27. | | | | | Buy (add'l) | 10/31/22 | J | |
| 28. | | | | | Buy (add'l) | 12/29/22 | J | |
| 29. APPLE INC. | B | Dividend | M | T | | | | |
| 30. BERKSHIRE HATHAWAY INC. CL B | | None | K | T | | | | |
| 31. CONSOLIDATED EDISON INC. | A | Dividend | J | T | | | | |
| 32. WALT DISNEY CO. | | None | K | T | | | | |
| 33. SOUTHERN CO. | A | Dividend | J | T | | | | |
| 34. UNITED PARCEL SERVICE CL B | A | Dividend | J | T | | | | |

1 Income Gain Codes:   A =$1,000 or less    B =$1,001 - $2,500    C =$2,501 - $5,000    D =$5,001 - $15,000    E =$15,001 - $50,000
(See Columns B1 and D4)   F =$50,001 - $100,000    G =$100,001 - $1,000,000    H1 =$1,000,001 - $5,000,000    H2 =More than $5,000,000
2 Value Codes   J =$15,000 or less    K =$15,001 - $50,000    L =$50,001 - $100,000    M =$100,001 - $250,000
(See Columns C1 and D3)   N =$250,001 - $500,000    O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000    P2 =$5,000,001 - $25,000,000
  P3 =$25,000,001 - $50,000,000    P4 =More than $50,000,000
3 Value Method Codes   Q =Appraisal    R =Cost (Real Estate Only)    S =Assessment    T =Cash Market
(See Column C2)   U =Book Value    V =Other    W =Estimated

**FINANCIAL DISCLOSURE REPORT**

Page 6 of 9

| Name of Person Reporting | Date of Report |
|---|---|
| Sanchez, Eduardo I. | 05/15/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place (X) after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 35.   XCEL ENERGY INC. | A | Dividend | J | T | | | | |
| 36.   BANK OF AMERICA CORP. | A | Dividend | J | T | | | | |
| 37.   DUKE ENERGY CORP. NEW (DUK) | A | Dividend | J | T | | | | |
| 38.   Johnson & Johnson | A | Dividend | J | T | | | | |
| 39.   SPDR S&P 500 ETF Trust (SPY) | A | Dividend | J | T | | | | |
| 40.   COHERENT INC. | | None | | | Redeemed | 07/05/22 | J | |
| 41.   COHERENT CORP. | | None | J | T | | | | |
| 42.   MICROSOFT CORP. | A | Dividend | K | T | | | | |
| 43.   PLUG POWER INC. | | None | J | T | Buy<br>(add'l) | 08/10/22 | J | |
| 44. | | | | | Sold<br>(part) | 12/19/22 | J | |
| 45.   Coinbase Global, Inc. CL A (COIN) | | None | J | T | Sold<br>(part) | 12/19/22 | J | |
| 46.   Amazon.com, Inc. (AMZN) | | None | J | T | | | | |
| 47.   Dow, Inc. (DOW) | A | Dividend | J | T | | | | |
| BHP Group Limited ADR (BHP) | A | Dividend | J | T | Buy | 08/26/22 | J | |
| MUTUAL FINANCIAL GROUP,<br>insurance policies | B | Dividend | L | T | | | | |
| nk Cash Accounts | A | Interest | M | T | | | | |
| Credit Union Cash | A | Int./Div. | N | T | | | | |

| | | | | |
|---|---|---|---|---|
| r less | B = $1,001 - $2,500 | C = $2,501 - $5,000 | D = $5,001 - $15,000 | E = $15,001 - $50,000 |
| '00,000 | G = $100,001 - $1,000,000 | H1 = $1,000,001 - $5,000,000 | H2 = More than $5,000,000 | |
| K = $15,001 - $50,000 | L = $50,001 - $100,000 | M = $100,001 - $250,000 | |
| '00 | O = $500,001 - $1,000,000 | P1 = $1,000,001 - $5,000,000 | P2 = $5,000,001 - $25,000,000 | |
| .0,000,000 | | P4 = More than $50,000,000 | | |
| | R = Cost (Real Estate Only) | S = Assessment | T = Cash Market | |
| .ue | V = Other | W = Estimated | | |

**FINANCIAL DISCLOSURE REPORT**

Page 7 of 9

| Name of Person Reporting | Date of Report |
|---|---|
| Sanchez, Eduardo I. | 05/15/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| | A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 52. | Truist Bank Cash Accounts | A | Interest | J | T | | | | |
| 53. | Morgan Stanley Private Bank Cash Accounts | A | Interest | J | T | | | | |
| 54. | Series I Savings Bonds | | None | K | T | | | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | | | P3 =$25,000,001 - $50,000,000 | P4 =More than $50,000,000 | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |



<table>
<tr><td><strong>FINANCIAL DISCLOSURE REPORT</strong><br>Page 8 of 9</td><td><strong>Name of Person Reporting</strong><br><br>Sanchez, Eduardo I.</td><td><strong>Date of Report</strong><br><br>05/15/2023</td></tr>
</table>

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Part I, lines 3-4:  In previous years, I had served on these Florida Bar rules committees in various capacities, including as chair and vice-chair of each of the committees.  I resigned from these Bar committeess when I was appointed to my present position as a Magistrate Judge in January 2023.

Part VII, lines 14-18:  The TIAA/CREF assets listed on these lines do not include income information because the statements from the 403(b) retirement plans in which these assets are held do not report income separately but instead report only an aggregate of undifferentiated interest, gains, and/or losses (including unrealized gains/losses).

Part VII, line 41:  The shares of Coherent Corp. were acquired on 07/05/2022, originally as shares of II VI INC (IIVI), as part of an exchange that occurred when II VI INC acquired Coherent Inc.  That acquisition also included a redemption of Coherent Inc. shares, which is reflected on line 40.  II VI Inc. subsequently changed its name on 09/08/22 to Coherent Corp. (COHR).



| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 9 of 9 | Sanchez, Eduardo I. | 05/15/2023 |

## IX. CERTIFICATION.

    I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

    I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature:  **s/ Eduardo I. Sanchez**

**NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)**

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite G-330
One Columbus Circle, N.E.
Washington, D.C. 20544

U.S. Bancorp - Wikipedia                          https://en.wikipedia.org/wiki/U.S._Bancorp

## WIKIPEDIA

# U.S. Bancorp

**U.S. Bancorp** (stylized as **us bancorp**) is an American bank holding company based in Minneapolis, Minnesota, and incorporated in Delaware.[4] It is the parent company of **U.S. Bank** National Association, and is the fifth largest banking institution in the United States.[5] The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions. It has 3,106 branches and 4,842 automated teller machines, primarily in the Western and Midwestern United States.[2] It is ranked 117th on the Fortune 500,[6] and it is considered a systemically important bank by the Financial Stability Board. The company also owns Elavon, a processor of credit card transactions for merchants, and Elan Financial Services, a credit card issuer that issues credit card products on behalf of small credit unions and banks across the U.S.[7]

U.S. Bancorp operates under the second-oldest continuous national charter, originally Charter #24, granted in 1863 following the passage of the National Bank Act. Earlier charters have expired as banks were closed or acquired, raising U.S. Bank's charter number from #24 to #2. The oldest national charter, originally granted to the First National Bank of Philadelphia, is held by Wells Fargo, which was obtained upon its merger with Wachovia.[8]

## Contents

### History

U.S. Bancorp of Oregon era
First Bank System era
    Brief history of First Bank prior to acquisition
    U.S. Bancorp after takeover by First Bank System
Firstar era
    Brief history of Firstar prior to acquisition
    U.S. Bancorp after takeover by Firstar

**Notable corporate buildings**

**Naming rights and sponsorships**

**See also**

**U.S. Bancorp**



U.S. Bancorp Center in Minneapolis. Minnesota; headquarters of U.S. Bancorp

| | |
|---|---|
| **Trade name** | U.S. Bank |
| **Type** | Public company |
| **Traded as** | NYSE: USB (https://www.nyse.com/quote/XNYS:USB) |
| | S&P 100 component |
| | S&P 500 component |



# Google

berkshire Hathaway is u.s. ba

All

AI Overview                                          Learn more

Berkshire Hathaway, a multinational conglomerate holding company, has invested in multiple banks, including U.S. Bancorp (USB) and Bank of America:

**U.S. Bancorp**

Berkshire Hathaway first bought USB in 2006, and kept it when it sold most of its other regional bank holdings during the pandemic in 2020.

**Bank of America**

As of March 2024, Berkshire Hathaway was Bank of America's largest shareholder, with a 13% stake. This stake is worth almost $37 billion and is Berkshire Hathaway's second-largest stock holding after Apple. ⌄

The Motley Fool
**Warren Buffett Is Ditching This Stock After 17 Years |...**
Feb 20, 2023

Wikipedia
**Berkshire Hathaway Wikipedia**

Berkshire Hathaway also owns minority interests in other public companies, including

# Google

J.p morgan is Deutshe bank

All

Showing results for

AI Overview

JPMorgan Chase & Co. and Deutsche Bank are both investment banks, and have had some interactions in recent years:

- April 2024: JPMorgan hired health-care banker Dass from Deutsche Bank.

- April 2023: JPMorgan hired Khaled Fathallah, a dealmaker from Deutsche Bank, to lead European metals and mining. Fathallah will focus on the clean energy transition as part of his role.

- January 2024: Deutsche Bank upgraded their outlook for JPMorgan Chase Bank's corporate bond from Hold to Buy. ⌃

B  Bloomberg

JPMorgan Hires Health-Care Banker Dass from...

fn  Financial News

JPMorgan hire Bank dealmake

Generative AI is experimental. For financial advice, consult a

Exh. H

**PR Newswire**

# Deutsche Bank, Morgan Stanley, U.S. Bancorp and Wells Fargo Join Versana's Transformative Digital Data Platform



NEWS PROVIDED BY

**Versana →**

Mar 28, 2023, 08:30 ET

*$40 Million of New Capital Raised to Modernize the Syndicated Loan Market*

NEW YORK, March 28, 2023 /PRNewswire/ -- Versana today announced the addition of four new leading banks – **Deutsche Bank, Morgan Stanley, U.S. Bancorp and Wells Fargo** – as investors in its industry backed, digital data technology platform transforming the $5 trillion

7:03   95%

⌂  google.com

# Google

Are SunTrust and Truist the s

All

Results for Golden Glades, FL

Due to delays related to the COVID-19 pandemic, Truist announced in April 2021 that core conversion to combine the branches will be performed in early 2022. However, on the day the merger closed, **SunTrust Bank merged into Branch Banking & Trust Company, forming Truist Bank as the merged company's legal banking entity**.

## People also ask

Is Truist Bank safe from collapse?          ⌄

Who owns Truist Bank and BB&T?          ⌄

7:06

*Exh. H*

google.com

Truist Newsroom

The transition to the full Truist operating system, and the
partnership systems, are integrated over the next two years.
There will be no merger related

## People also ask

**Is SunTrust and BB&T the same?**

Truist Financial Corporation is an
American bank holding company
headquartered in Charlotte, North
Carolina. **The company was formed
in December 2019 as the result of
the merger of BB&T (Branch Banking and Trust
Company) and SunTrust Banks**

**Why did BB&T merge with SunTrust?**

**What is SunTrust Bank called now?**

*Exh. H4*

7:56  Offic... americanbanker.com  83%

 **AMERICAN BANKER.**

Election 2024 | Women in Banking | Leaders For

**NEVADA**

# U.S. Bancorp Buys Nevada Sites

**By Heather Landy**   October 14, 2009, 6:45 p.m. EDT
1 Min Read

   

U.S. Bancorp picked up $800 million of deposits in Nevada from BB&T Corp. Tuesday, a week after negotiations for a sale of branches in the state broke down between BB&T and Global Consumer

Already have an account? **Log in**

**AMERICAN BANKER.**

# To continue reading, create your guest account

Exh.I

# FORM 6    FULL AND PUBLIC DISCLOSURE OF    2008
## FINANCIAL INTERESTS

```
-------AUTO--5 DIG-1 33*-12  #2     8
Hon Valerie R. Manno Schurr
Circuit Judge
Judicial Circuit (11Th)
Elected Constitutional Officer
Dade County Courthosue Rm 1105
73 W Flagler St
Miami, FL  33130-1731
```

PROCESSED

**FOR OFFICE USE ONLY:**

**COMMISSION ON ETHICS DATE RECEIVED**

Jul· 2 π 2009

ID Code [barcode]

ID No    210380

Conf Code

P Req Code

Manno Schurr , Valerie R

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

## PART A – NET WORTH

Please enter the value of your net worth as of December 31, 2008, or a more current date  [Note: Net worth is not calculated by subtracting your reported liabilities from your reported assets, so please see the instructions on page 3.]

My net worth as of _December 31_, 20_08_ was $ _2,800,357.00._

## PART B – ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**

Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry, collections of stamps, guns, and numismatic items; art objects, household equipment and furnishings, clothing, other household items, and vehicles for personal use.

The aggregate value of my household goods and personal effects (described above) is $ _150,000.00_

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000:**

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
|---|---|
| Home located in Miami-Dade (Former Residence) | 700,000.00 |
| Home located in Miami-Dade (Residence) | 2,400,000.00 |
| Vail Colorado Condominium / Eagle County Colorado | $ 300,000.00 |
| Bank Accounts, Stocks Bonds / Pension Accounts | $ 600,000.00 |
| Mercedes Benz - 350 mL | $ 25,000.00 |

## PART C – LIABILITIES

**LIABILITIES IN EXCESS OF $1,000:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| GMAC Mortgage (Former Residence) P.O. Box 9001719, Louisville, Ky. - | 91,438.00 |
| GMAC Mortgage (Residence) (1st & 2nd Mortgages P.O. Box 4622, Waterloo, Ia) | 995,000.00 |
| Wells Fargo Home Mortgage (Vail Property) P.O. Box 650769, Dallas, Tx | 129,000.00 |
| Huntington National Bank (Mercedes) P.O. Box 182579 | 9,205.00 |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:**    Columbus, Ohio 4328-2579

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
|  |  |
|  |  |

CE FORM 6  Eff 1/2009    (Continued on reverse side)    PAGE 1

Exh. J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22640-CIV-MARTINEZ/SANCHEZ

MACK WELLS and MAURICE SYMONETTE,

     Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFFS' RENEWED EMERGENCY MOTIONS TO VOID FORECLOSURE SALE

This matter is before the Court on Plaintiffs' three pending emergency motions: (1) Emergency Motion to Void Foreclosure Sale in Violation for Sanctions Against U.S. Bank for Violating Federal Stay and Willful Contempt in Violation of 28 U.S. Code SS 1446 (d) and to Void Sale Because of Forgery and Fraud, ECF No. 46; (2) Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, ECF No. 53; and (3) Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, ECF No. 54 (collectively, the "Renewed Emergency Motions").[1]   In their Renewed Emergency

---

[1] On April 11, 2024, the Honorable Jose E. Martinez, District Judge, referred this case to the undersigned for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on all dispositive matters. ECF No. 38. Although Plaintiffs have filed a Notice of Non-Consent to Proceed before the Assigned Magistrate Judge, ECF No. 51, Judge Martinez's referral is unaffected by that notice of non-consent. Pursuant to 28 U.S.C. § 636(b)(1), a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for certain specified motions, 28 U.S.C. § 636(b)(1)(A), and for those specified motions, a magistrate may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B).  A party's consent is not required for a magistrate judge to review any referred motions and issue a report and recommendation to the district court. *See Yost-Rudge v. City of Stuart*, Case No. 22-14085-CIV-MOORE, 2022 WL 1793087, at *2 (S.D. Fla. June 2, 2022) (citing *U.S. Bank, N.A. ex rel. LSF8 Master Participation Tr. v. Tobin*, 754 F. App'x 843, 846 (11th Cir. 2018)).

Motions, the Plaintiffs seek to have the Court void a foreclosure sale of property that took place on October 16, 2023 with the authorization of the Florida state court in Case No. 2010-61928-CA01.

On April 29, 2024, this Court denied Plaintiffs' prior Emergency Motion to Void Foreclosure Sale in Violation for Sanctions Against U.S. Bank for Violating Federal Stay and Willful Contempt in Violation of 28 U.S. Code SS 1446 (d), ECF No. 39 ("Original Emergency Motion"), which also sought to void the October 16 foreclosure sale, for failing to comply with this Court's Local Rules concerning emergency motions. *See* ECF No. 41 ("April 29 Order").

For the reasons set forth below, the undersigned recommends that the Plaintiffs' Renewed Emergency Motions be **DENIED**.

## I.      **Plaintiffs Have Failed to Establish That Emergency Relief Is Warranted**

As an initial matter, and despite the undersigned's April 29 Order denying the Original Emergency Motion, the Plaintiffs have still not fully complied with the Local Rules' requirements for emergency motions.

The undersigned recognizes that Plaintiffs have attempted to remedy the procedural deficiencies contained in their Original Emergency Motion, such as by addressing the nature of the emergency and providing a certification intended to meet the requirements of the Local Rules. *See, e.g.*, ECF No. 54 at 8 ("We certify that this is a true emergency because they had the sale while we were in the federal notice of removal and now they are asking the Sheriff to come and evict us by May 31st, 2024. Which is 10 days from the Notice . . . they filed."); ECF No. 53 at 8 (same); ECF No. 46 at 1 ("The nature of the Emergency is they are evicting us out of our home by Foreclosing on the house during the Federal Stay . . . ."); ECF No. 46 at 58 ("I certify that this motion In fact presents a true emergency . . . and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days.").

2

*Exh. J*

Notwithstanding their assertions, Plaintiffs have failed to establish that immediate relief is necessitated at this time and that meaningful relief could not be provided at a later date. Indeed, Plaintiffs have still provided no satisfactory explanation establishing that this matter truly "requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days." Instead, Plaintiffs have established that the foreclosure sale to which their Renewed Emergency Motions are directed took place on October 16, 2023 and that the resulting certificate of sale was issued on October 19, 2023—events that occurred more than six months ago. *See, e.g.*, ECF No. 46 at 1, 34 (Exh. 27), 45-48; ECF No. 53 at 4; ECF No. 54 at 4. Although Plaintiffs contend that subsequent monetary relief could not remedy their potential loss of possession of the property that was already sold at a foreclosure sale, *see* ECF No. 46 at 58, Plaintiffs have not established that, under the factual circumstances presented, the potential consequences that they face are irreparable—for example, they have failed to show that they will be unable to find alternate housing and/or that their potential injuries could not be compensated by monetary damages.

Furthermore, while the Plaintiffs have shown that they have been threatened with legal action concerning their occupancy/possession of the property that was sold at the October 16 foreclosure sale and that a motion for writ of possession was recently filed in Florida state court Case No. 2010-61928-CA01, *see* ECF No. 53-1 at 27-30 (Exh. 21 & 22); ECF No. 54-1 at 29-30 (Exh. 21 & 22), such circumstances still do not amount to the type of emergency that requires an immediate emergency ruling from this Court. *See, e.g.*, *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-24277-CIV-MARTINEZ/GOODMAN, 2016 WL 7469993, at *3 (S.D. Fla. Apr. 13, 2016) (describing the type of emergencies that would warrant the filing of an emergency motion).

Nevertheless, despite these procedural shortcomings, the Court will proceed to address the relief requested in Plaintiffs' Renewed Emergency Motions.



**II.    The Plaintiffs Have Failed to Establish That They Are Entitled to the Relief That They Seek or That There Is Any Substantial Likelihood That They Could Establish Such Entitlement to Relief in the Future.**

The basis for the relief sought by the Plaintiffs in their Renewed Emergency Motions is their argument that the state court had been divested of jurisdiction to authorize and conduct a foreclosure sale because the Plaintiffs had removed that state court action to federal court. *See, e.g.*, ECF No. 46 at 1, 42-56; ECF No. 53 at 6-8; ECF No. 54 at 6-8. The Plaintiffs' argument, however, is mistaken and based on a misunderstanding of the procedural posture of their federal cases and the impact of their removal notices and Judge Martinez's remand order on the state court's jurisdiction.

### A. *Plaintiffs' Original Federal Action and Plaintiffs' Removal of the State Court Action*

Here, Plaintiffs commenced this case, an original action in this Court, *Mack Wells and Maurice Symonette v. U.S. Bank, National Association, et al.*, Case No. 23-22640-CIV-MARTINEZ, when they filed a complaint with the Clerk of this Court on July 14, 2023, suing numerous different parties and seeking affirmative relief against them under a variety of legal theories. ECF No. 1.[2] Plaintiffs also filed a Notice of Removal on that date that referenced a state civil case (Case No. 2010-61928-CA01) that did not include all of the same parties that had been named in the federal civil complaint filed in Case No. 23-22640-CIV-MARTINEZ; that notice was docketed within Case No. 23-22640-CIV-MARTINEZ. ECF No. 4. However, a case that starts with the filing of a civil complaint in federal court is separate and distinct from a case that is removed from state court with the filing of a notice of removal. In other words, Plaintiffs cannot initiate a lawsuit asserting affirmative civil claims against a variety of parties though a civil

---

[2] This case was initially mis-assigned Case No. 23-61345-CIV due to a miscommunication during the intake of the case by the Clerk's Office, but the case was then reassigned Case No. 23-22640-CIV when the Clerk's Office determined from the civil cover sheet that the venue for the case was Miami-Dade County rather than Broward County. *See* ECF No. 2, Case No. 23-61345-CIV.

Exh. J

complaint filed in federal court and additionally remove a state court lawsuit to federal court within a single federal case; instead, those would necessarily be two separate and different federal cases and would require separate filing fees. *See, e.g., Saito v. Lewis*, No. 2:23-CV-506-SPC-KCD, 2023 WL 5526667, at *2 (M.D. Fla. Aug. 28, 2023) ("The [plaintiffs] chose to file that case and then seek to remove this state foreclosure action. The removal thus required a separate filing fee     ").

Nevertheless, on July 31, 2023, the Plaintiffs in this case (that is, Case No. 23-22640-CIV-MARTINEZ) filed another Notice of Removal addressing Florida state court Case No. 2010-61928-CA01. ECF No. 1, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ. The removed state court case was assigned Case No. 23-22848-CIV-MARTINEZ, and a receipt for the cash payment of the filing fees for that removed case was issued to Plaintiff Mack Wells. ECF Nos. 1, 3, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.[3]

Thus, the Plaintiffs had two separate cases before Judge Martinez: (1) an original action based on a federal complaint, *Mack Wells and Maurice Symonette v. U.S. Bank, National Association, et al.*, Case No. 23-22640-CIV-MARTINEZ, in which they were the plaintiffs; and (2) a removed action based on a state complaint, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ, in which they were the

---

[3] Plaintiffs contend that Case No. 23-22848-CIV-MARTINEZ was not initiated by them but by U.S. Bank and that they (that is, Mr. Wells and Mr. Symonette) did not sign, authorize, or file the notice of removal in Case No. 23-22848-CIV-MARTINEZ. *See* ECF No. 46 at 41, 51-53; ECF No. 53 at 5-6; ECF No. 54 at 5-6. The Plaintiffs, however, were defendants in the state court case and were the parties that could remove the state court case to federal court. *See* 28 U.S.C. § 1441(a) (providing that a qualifying civil action "may be removed by the defendant or the defendants"). Moreover, court records clearly show that Plaintiffs are in fact the parties who initiated Case No. 23-22848. They filed a notice of removal that was signed by them, and Plaintiff Mack Wells paid the corresponding filing fee in cash and was issued a receipt in his name. ECF Nos. 1, 3, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.

Exh. Jpg

defendants.[4]

**B.** *Judge Martinez's Order Remanding the Removed Case to State Court and the Return of Jurisdiction to the State Court in Case No. 2010-61928-CA01*

On August 23, 2023, Judge Martinez entered an order remanding the removed case (Case No. 23-22848-CIV-MARTINEZ) back to state court for lack of subject matter jurisdiction. ECF No. 4, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.[5] On that same day, the Clerk for the Southern District of Florida mailed a certified copy of Judge Martinez's order of remand in the case (that is, U.S. District Court Case No. 23-22848-CIV-MARTINEZ/Florida State Court Case No. 2010-61928-CA01) to the Clerk of the state court, and on August 29, 2023, the Clerk of the state court acknowledged receiving Judge Martinez's remand order. ECF Nos. 5, 7, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.

**C.** *Because the October 16, 2023 Foreclosure Sale Occurred After Judge Martinez Remanded the Removed Case to State Court, the State Court in Case No. 2010-61928-CA01 Had Jurisdiction to Authorize the Foreclosure Sale.*

Pursuant to statute, after a "certified copy of the order of remand" is "mailed by the clerk to the clerk of the State court," "[t]he State Court may thereupon proceed with such case." 28

_____

[4] Notably, even if Plaintiffs are arguing that the notice of removal filed on July 14, 2023 in Case No. 23-22640-CIV-MARTINEZ should have initiated the opening of a new removed case at that time—and it is far from clear that the July 14 notice complied with statutory requirements for removal—that argument is of no moment because the state court case (Case No. 2010-61928-CA01) was ultimately removed and opened as Southern District of Florida Case No. 23-22848-CIV-MARTINEZ in July of 2023. Furthermore, because a removal only moves a case from a state court to a federal court, even if multiple notices of removal were filed in July of 2023 addressing Case No. 2010-61928-CA01, that can create only one removed federal case because there is only one state case to relocate to federal court. Here, the removed case was assigned Case No. 23-22848-CIV-MARTINEZ.

[5] Although Plaintiffs seem to believe that Judge Martinez's August 23, 2023 Order Remanding Case is a fraudulent order with a forged signature, *see, e.g.*, ECF No. 46 at 41-42, 49-50, 52-53; ECF No. 53 at 2, 5; ECF No. 54 at 2, 5, that is simply not the case. The Order is a genuine order signed by Judge Martinez that was duly filed and docketed with the Clerk of the Court.

6

Exh. J p

U.S.C. § 1447(c). Thus, by the end of August 2023, the state court had reacquired jurisdiction over state court Case No. 2010-61928-CA01 and could "proceed with such case."[6]

As a result, when the October 16, 2023 foreclosure sale occurred, the state court had jurisdiction over Case No. 2010-61928-CA01. Because the state court had jurisdiction over Case No. 2010-61928-CA01 at the time of the foreclosure sale, the Plaintiffs' sole basis for the relief that they seek—their argument that this Court should void the foreclosure sale because the state court was divested of jurisdiction by the removal of Case No. 2010-61928-CA01—fails. Accordingly, Plaintiffs' Renewed Emergency Motions should be denied.

### III.   CONCLUSION

As the foregoing discussion demonstrates, Plaintiffs have failed to establish that they will suffer irreparable injury if the relief that they have requested (that is, the voiding of the October 16, 2023 foreclosure sale) is not granted, *see supra* at 2-3, and they have failed to establish any substantial likelihood of success on the merits of their claim that the October 16, 2023 foreclosure sale must be voided because the state court lacked jurisdiction to authorize that sale, *see supra* at 4-7.[7]  For the reasons set forth above, the undersigned respectfully recommends that Plaintiffs'

---

[6] Unlike Case No. 23-22848-CIV-MARTINEZ, the present case (Case No. 23-22640-CIV-MARTINEZ) is an original action based on a complaint filed in federal court. As such, neither the case's filing nor its pendency have ever divested the state court of jurisdiction over state court Case No. 2010-61928-CA01. Merely filing a lawsuit in federal court does not divest a state court of jurisdiction over the subject matter that is addressed in the federal lawsuit.

[7] Although Plaintiffs have not described their Renewed Emergency Motions as motions seeking injunctive relief, to the extent that Plaintiffs' Renewed Emergency Motions seek the equivalent of a preliminary injunction, the Plaintiffs must establish the following to obtain preliminary injunctive relief: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Because, as explained above, Plaintiffs have failed to establish the first two of these requirements for injunctive relief, the Court need not reach the remaining requirements. The undersigned notes, however, that Plaintiffs have made no showing that they satisfy the third and fourth requirements for injunctive relief.

*Exh. Jpg*

Renewed Emergency Motions, ECF Nos. 46, 53, and 54, be **DENIED**.

Within seven (7) days from the date of this Report and Recommendation, that is, by June 10, 2024, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge.[8] Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 3rd day of June 2024.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Hon. Jose E. Martinez

Mack Wells
Maurice Symonette
15020 S. River Dr.
Miami, FL 33167
**(VIA U.S. MAIL)**

Counsel of Record

---

[8] Because the Plaintiffs have requested relief on an emergency basis, the undersigned is shortening the objection period to allow for a quicker resolution of this matter while still allowing sufficient time for Plaintiffs to receive and respond to this report and recommendation.

**Exh.K**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 

April 1, 2010

Bank, N.A.
 Plaintiff,

v.

Leroy Williams
 Defendant(s)

ORDER OF <u>DISMISSAL</u> WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution. Served on April 1, 2008. The court finds that (1) notice prescribed by rule 1.40 (e) Was served on April 1, 2008, (2) there was no record activity for the year preceding Service of the foregoing notice, (3) no stay has been issued or approved by the court And (4) no party has shown good cause why this action should remain pending

Accordingly:

IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice DONE AND ORDERED in chambers, at Miami-dade county, Florida this 11th day of March , 2010

APR 06 20          APR 06 2010

CIRCUIT COURT JUDGE

**VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE**

NO #79

Exh.L

# FORM 6   FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTERESTS   2009

COMMISSION ON ETHICS
DATE RECEIVED

PROCESSED

FOR OFFICE
USE ONLY

ii
Hon Valerie R. Manno Schurr
Circuit Judge
Judicial Circuit (11Th)
Elected Constitutional Officer
73 W FLAGLER ST DADE COUNTY COURTHOUSE RM
- 105
MIAMI FL 33130

ID Code

ID No        210380

Dist Code

P Reg Code

Manno Schurr   Valerie R

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

## PART A -- NET WORTH

Please enter the value of your net worth as of December 31, 2009 or a more current date. [Note: Net worth is not calculated by adding your reported assets/values in your household goods, be please read the instructions on page ]

My net worth as of _____ 20 __ was $ _____

## PART B -- ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS**

Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following if not held for investment purposes: jewelry, collections of stamps, guns and numismatic items, art objects, household equipment and furnishings, clothing, other household items, and vehicles for personal use.

The aggregate value of my household goods and personal effects (described above) is $ _____

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000**

| DESCRIPTION OF ASSET (specific description is required - see instructions p 4) | VALUE OF ASSET |
|---|---|
| | |
| | |
| | |
| | |

## PART C -- LIABILITIES

**LIABILITIES IN EXCESS OF $1,000**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| | |
| | |
| | |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| None | |
| | |
| | |

**Exh.M**

IN THE CIRCUIT COURT OF THE
JUDICIAL CIRCUIT IN AND
FOR ____ COUNTY

GENERAL JURISDICTION DIVISION

CASE NO. 247-a

_____, 2002

S. Bank .N.A
Plaintiff...

Vs.

_____ Williams
Defendant(s)

_____

ORDER _____ WITH PREJUTY

This action was heard on the _____date motion _____ for lack of prosecution
_____ on April 11 2008  The court fin_____   ____ prescribed by rule of ____
Was serv_____ ____ 11 2008, (2_____  _____cord activity for the _____ ____
Service of the _____going notice (3) n_____ _____ ____ issued or _____ ____
And (4) no party has _____ _____ cause with the _____ _____ _____ _____ ing
Accordingly,
    IT IS ORDERED That thi_____ _____ ___ ____ _____ ____ with Prejudice
    DONE AND ORDERED __ _____ _____ ___ __ __
    Mar-1  '2008'

JUDGE 1 7ARE
Circui____ ___

Copies furnished to:
Ecuanaria, Cadilla & Stawierski
P.O. Box 25018
Tampa, Florida 33622-5018
All parties on the attached service list
www.THECOMBS.COM/------ ____ PPPP ___ ___

**Exh.N**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,
Plaintiff

CASE NO.    2007-12487-CA
DIVISION    32

LEROY WILLIAMS, MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION, CITY
OF NORTH MIAMI,
Defendant(s).

## FINAL ORDER DISMISSING CASE, CANCELING FORECLOSURE SALE, CANCELING NOTICE OF LIS PENDENS, AND SETTING ASIDE FINAL SUMMARY JUDGMENT AND SUBSTITUTING PHOTOSTATIC COPIES

THIS CAUSE having come on before the Court on the Motion filed by the Plaintiff, pursuant to Section 702 of Florida Statute, 2004, and the Court being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

The case be and the same hereby is dismissed, but without prejudice to the future rights of the Plaintiff to bring an action to foreclose the mortgage which is the subject matter of this instant cause.

2.      All Counts of the Complaint against Defendants, LEROY WILLIAMS, MARK WELLS,
FRANKLIN CREDIT MANAGEMENT CORPORATION, CITY OF NORTH MIAMI, are hereby dismissed.

3.      Any scheduled foreclosure sale is canceled.

FILE_NUMBER  FD1012148

Seria  13666522
DOC_ID M011502





**Exh.N pg.2**

4.     The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE

County, Florida regarding the below described property:

LOT 105, BISCAYNE GARDENS SECTION 1 PART 1, ACCORDING TO
THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF
THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

be and same hereby is cancelled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby

directed to record this Order to reflect same.

5.     The Final Summary Judgment heretofore entered on August 30, 2007, be and the same hereby is set

aside and shall be of no further force or effect.

6.     The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and

photostatic copies shall be substituted in their place.

DONE  AND  ORDERED  in  Chambers  in  MIAMI-DADE  County,  Florida,  this  _____  day  of

_____, 2010.

**JUN 2 3 2010**

_____
VALERIE R MANNO SCHURR
Circuit Court Judge

**VALERIE MANNO SCHURR**
**CIRCUIT COURT JUDGE**

Copies furnished to:
Florida Default Law Group, P. L.
P.O. Box 259-B
Tampa, Florida 33622-5018
All parties on the attached service list

**Exh.O**

| | Date | | Event | |
|---|---|---|---|---|
| | 01/27/2011 | | Service Return for Unknown Party | Event | |
| S? | 01/26/2011 | | Service Return for Unknown Party | Event | **LEROY WILLIAMS** |
| | 01/26/2011 | | Service Return for Unknown Party | Event | |
| | 01/26/2011 | | Summons Returned No Service | Event | Parties: Williams Hoke |
| | 01/26/2011 | | Summons Returned No Service | Event | Parties: Williams Leroy |
| | 01/26/2011 | | Summons Returned No Service | Event | Parties: Littlejohn James |
| | 12/27/2010 | | Answer | Event | **ATTORNEY:00301991 TO THE COMPLAINT** Parties: Miami Dade County |
| | 12/06/2010 | 27516/1468 | Lis Pendens | Event | **B: 27516 P: 1468** |
| | 12/06/2010 | | Verification | Event | |
| | 12/06/2010 | | Plaintiff's Certificate of Settlement Authority | Event | |
| | 12/06/2010 | | Certificate Regarding Original Note | Event | |
| | 12/06/2010 | | Summons Issued | Event | Parties: Williams Leroy; Littlejohn James; Williams Hoke; Deutsche Bank Nat (tr); Wells Fargo Bank; Wachovia Bank (na) |
| | 12/06/2010 | | Filing Fee For Mortgage Foreclosure | Event | **$ 1905.00** |
| | 12/06/2010 | | Complaint | Event | |
| | 12/06/2010 | | Civil Cover | Event | |

Exhibit. P1

Case 1:19-cv-222...-CU   Document 6   Entered on FLSD Docket 07/01/2019   Page 1 of .

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-CV-21311-GAYLES

CARL PENNESON

        Plaintiff

v.

RALPH W. CONRAD, JR. et al.

        Defendants

**ORDER OF RECUSAL**

PURSUANT to 28 U.S.C. § 455 the undersigned Judge recuses for above styled case is assigned hereby recuses himself and refers the case to the Clerk of the Court for reassignment.

DONE AND ORDERED in Chambers at Miami, Florida this 30th day of June, 2019.

DARRIN P GAYLES
UNITED STATES DISTRICT JUDGE

*Exhibit Q1*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO   2018-030416-CA-01
SECTION  CA 28

JAMES BUCKMAN
        Plaintiff(s)

vs

LANCASTER MORTGAGE CO
        Defendant(s)



ORDER OF RECUSAL

THIS CAUSE came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

1.  That the undersigned Circuit Court Judge hereby recuses himself from further consideration of this case

2.  This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures

DONE AND ORDERED in chambers at Miami-Dade County, Florida this ___ day of October 2018

                                        _____
                                        William Thomas
                                        CIRCUIT COURT JUDGE

Mailing Service List:
JAMES BUCKMAN 1977 NE 119TH RD  MIAMI FL 33181
MAURICE SYMONETTE 4111 NE PARKWAY UNIT 4235  LEGAL AND ITS HEIRS
LANCASTER MORTGAGE CO
ONE WEST BANK
EMC MORTGAGE BANKERS LLC
MORTGAGE ELECTRONIC REGISTRATION SYSTEM
DEUTSCHE BANK NATL TR CO
MERS
SERVICING AGREEMENT SERIES RAST 1998-A8
RESIDENTIAL ASSET SECURITIZATION TR 2006-A8

Filing # 142403620 E-Filed 01/21/2022 11:32:45 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-010826-CA-01
SECTION: CA25
JUDGE: Valerie R. Manno Schurr

**MAURICE SYMONETTE**

Plaintiff(s)

vs.

**U.S. BANK NATIONAL ASSOCIATION (TR) et al**

Defendant(s)

_____

## ORDER OF RECUSAL

**THIS CAUSE** came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby

### ORDERED AND ADJUDGED

1. That the undersigned Circuit Court Judge hereby recuses herself from further consideration of this case.

2. This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 21st day of January, 2022.

2021-010826-CA-01 01-21-2022 11:24 AM

Hon. Valerie R. Manno Schurr

**CIRCUIT COURT JUDGE**

Electronically Signed

Case No: 2021-010826-CA-01                                                                            Page 1 of 2

Filing # 172928996 E-Filed 05I11I2023 11:02:02 AM

Exh.S

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: <u>2010-061928-CA-01</u>
SECTION: <u>CA05</u>
JUDGE: <u>Vivianne Del Rio</u>

**U S Bank (na)**

Plaintiff(s)

vs.

**Williams, Leroy**

Defendant(s)

_____I

### ORDER OF RECUSAL

Docket Index Number: _____
Or
Efiling Number: _____ Date Filed: **05/11/2023**
Full Name of Motion: **Order of Recusal**

  **THIS CAUSE**, came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby:

  **ORDERED AND ADJUDGED**

  1. That the undersigned Circuit Court Judge hereby recuses himselfIherself from further consideration of this case.

  2. This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>11th day of May, 2023</u>.

<u>2010-061928-CA-01 05-11-2023 10:49 AM</u>
Hon. Vivianne Del Rio

**CIRCUIT COURT JUDGE**
Electronically Signed

---

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

---

**Electronically Served:**
Altanese Phenelus, yvaldes@miamidade.gov
Carlos Calle, mrstreetsproductions@gmail.com
Carlos Calle, mrstreetsproductions@gmail.com
Carlos Calle, mrstreetsproductions@gmail.com
Giuseppe Salvatore Cataudella, FLeFileTeam@brockandscott.com
Giuseppe Salvatore Cataudella, FL.CourtDocs@brockandscott.com
Giuseppe Salvatore Cataudella, CourtXpress@firmsolutions.us
Harve Humpsy, Courts@Journalist.com
JOHN WESTLEY, TheWomb@USA.com
Jennifer L Warren, jwarren@northmiamifl.gov
Jennifer L Warren, cityattorney@northmiamifl.gov
Jessica Faith Watts, jwatts@quinnlegal.com
Jessica Faith Watts, eservice@quinnlegal.com
Jessica Faith Watts, abliss@quinnlegal.com
Jessica Jo Fagen, lawfirmFL@rauschsturm.com
Jessica Jo Fagen, jfagen@rauschsturm.com
Jessica Jo Fagen, abcfleservice@abclegal.com
Jimmy Keenan Edwards, FLeFileTeam@brockandscott.com
Jimmy Keenan Edwards, FLCourtDocs@brockandscott.com
Jimmy Keenan Edwards, CourtXpress@firmsolutions.us
John Westley Mr., WombTV@gmail.com
Jonathan S Wilinsky, FLeFileTeam@brockandscott.com
Jonathan S Wilinsky, CourtXpress@firmsolutions.us
Jonathan S Wilinsky, FLCourtDocs@brockandscott.com
Jossie Zuniga, jzuniga@jud11.flcourts.org
Julie Anthousis, FLeFileTeam@brockandscott.com

Julie Anthousis, FLCourtDocs@brockandscott.com
Julie Anthousis, CourtXpress@firmsolutions.us
Justin James Kelley, FLeFileTeam@brockandscott.com
Justin James Kelley, FLCourtDocs@brockandscott.com
Justin James Kelley, CourtXpress@firmsolutions.us
Kara Leah Fredrickson, FLeFileTeam@brockandscott.com
Kara Leah Fredrickson, FL.CourtDocs@brockandscott.com
Kara Leah Fredrickson, CourtXpress@firmsolutions.us
Laura Ashley Jackson, FLeFileTeam@brockandscott.com
Laura Ashley Jackson, CourtXpress@firmsolutions.us
Laura Ashley Jackson, FLCourtDocs@brockandscott.com
Matthew Marks, FLeFileTeam@brockandscott.com
Matthew Marks, FLCourtDocs@brockandscott.com
Matthew Marks, ECCM-FL@provana.com
Michael R Esposito, Michael.Esposito@BlankRome.com
Michael R Esposito, BRFLeservice@blankrome.com
Michael R Esposito, sol.cruz@blankrome.com
Nashid Sabir, nashidlaw@gmail.com
Nicole R Topper Esq, ntopper@blankrome.com
Shaib Y Rios, FLeFileTeam@brockandscott.com
Shaib Y Rios, FLCourtDocs@brockandscott.com
Shaib Y Rios, ECCM-FL@provana.com
Stephen Christopher Wilson, scwilson862007@yahoo.com
Stephen Christopher Wilson, Stephen@bpinjury.com
Stephen Christopher Wilson, Natasha@bpinjury.com
William Henry Stafford III, william.stafford@myfloridalegal.com
William Henry Stafford III, complexlitigation.eservice@myfloridalegal.com
William Henry Stafford III, alisha.robinson@myfloridalegal.com
Willnae Lacroix, FLeFileTeam@brockandscott.com
Willnae Lacroix, FLCourtDocs@brockandscott.com
Willnae Lacroix, courtxpress@FirmSolutions.us
maurice symonette, BigBOSS@Clerk.com
maurice symonette, BIGBOSS1043@yahoo.com
maurice symonette, boss1@clerk.com


**Physically Served:**

MIAMI

# Ne

All 200+ books banned in Florida
and what Miami booksellers have to say about it.

# THE
# BOOKS
# THEY
# BANNED

## BY ALEX DeLUCA

EXh T

pg.2

# get turned on.
miaminewtimes.com

news
blogs
restaurants
calendar
music
movies
arts
classified
promotions
ad index

**Grand Opening**
NEW ORIENTAL
MASSAGE

$39 & Up
$10 Off or

Open 7 Days   10AM - 11PM

305-456-2372 • 305-456-5623



## ORIENTAL
M A S S A G E

$5
OFF
OPEN 7 DAYS
A WEEK



2281 SW 27th Ave. Miami, FL 33145
786.360.8887
ORIENTAL FOOT MASSAGE



# Bulletin
2nd Section Classified BOARD



Wants to purchase minerals and
other oil and gas interests.
Send details. P.O. Box 13089
Denver CO 80201



THIRSTY? HUNGRY?





Exh.X

## AFFIDAVIT

I Maurice Symonette was There in the Dade County Courthouse on Flagler Street in Dowtown Miami and Witnessed Judge Zabel Sign The Document I Discuss with Prejudice on 4/4/24 that was For The case 2023-124117 and, and I was witness that I saw it on The Jacket Sign Judge Zabel

Maurice Symonette
150__ S ___ Dr.
Miami, Fla 33169



Exh.Y

## AFFIDAVIT

I James Buckman was there in the Miami Dade Court House on Flagler Street in Miami in Miami that I witness Judge Zabel sign The Document to Dismiss with Prejudice on 04/00/2019 That was for the case no 2019-13405 CACA and I'm a my witness that I saw it on the docket Signed by Judge Zabel

James Buckman Jr
9010 S Hole a
Miami Fl 33160

x Jeanne Butchell


Exh.Z

## AFFIDAVIT

I Mark Wells was there in the court when my
court house on Flagler Street in Downtown Miami and
I witness Judge Zabel say the document I discuss with
prejudice or effectively that it is for the case number
23-CV-22640-JEM and I also witness that I
saw it on the docket signed by Judge Zabel

*Mark Wells*

Mark Wells

15026 S River dr.
Miami Fla 33167





# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN



# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

US BANK (NA) VS WILLIAMS LEROY

| | | | |
|---|---|---|---|
| Local Case Number | | Filing Date | |
| State Case Number | | Judicial Section | |
| Consolidated Case No. | | Case Type | |
| Case Status | | | |

👥 Parties

🔍 Hearing Details

📊 Dockets

Total Of Parties

Total Of Hearings

Total Of Dockets

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | | | | | RECEIPT# 2410008 AMT PAID $6.00 COMMENT ALLOCATION CODE QUANTITY UNIT AMOUNT 312C-COPY ST DC $4.00 3121-CERTIFIED 1 $2.00 $2.00 TENDER TYPE CASH TENDER AMT $10.00 TENDER TYPE:CHANGE TENDER AMT ($4.00) RECEIPT DATE:02/04/2022 REGISTER# 24' CASHIER:DINGUIB |
| | | | | | OF ORDER OF DISMISSAL |
| | | | | | FINAL JUDGMENT OF FORECLOSURE |
| | | | | | FROM MACK L WELLS |
| | | | | | ORDER FILED IN CASE # 00-8186 C401 AND IN SHARE DR |

Exh.Z2

| | | | |
|---|---|---|---|
| | | | TO VACATE LAST ORDER & RETAIN ORIG ORDER |
| | | | |
| | | | RE*D ORIGINAL NOTE AND MORTGAGE |
| | | | B 27363 P 0949 VACATING DISMISSING CIVIL SALE, RELEASE LIS PENDENS ETC |
| | | | ATY 00071875 TO DISMISS CASE CANCEL FORECLOSURE SALE ETC |
| | | | |
| | | | B 27244 P 4193 OF DISMISSAL |
| | | | DISMISS FOR LACK OF PROSECUTION WITH PREJUDICE |
| | | | TO WRITTEN DISCOVERY MTN TO STRIKE OR , ETC |
| | | | THAT PLTFF HAS RESPONDED TO DEFENDANT  ETC |
| | | | FROM MACK WELLS TO DISMISS FR LACK OF PROSECUTION |
| | | | FROM MACK WELLS TO DISMISS FOR LACK OF PROSECUTION |
| | | | B 35944 P 0542 CANCELING FORECLOSURE SALE |
| | | | PUB DATE  08/31/2007 |
| | | | PUB DATE |
| | | | TO CANCEL FORECLOSURE SALE |
| | | | ATY 88888888 SET ASIDE FJUD AND RECONSIDER STAY |
| | | | $50 FEE PO/RCPT 145184 |
| | | | |
| | | | WRITTEN REQUEST  DISPUT VALIDITY OF ALLEGED LOAN |
| | | | |
| | | | AFFIDAVIT OF AMOUNTS DUE AND OWING |
| | | | ORIGINAL MORTGAGE AND ORIGINAL NOTE |
| | | | FINAL DISPOSITION FORM |

Dismissed
with
Prejudice

Exh.Z3

9:02                            .ıl LTE

🔒 en.m.wikipedia.org

American                        based in

, and incorporated in

. It is the parent company of **U.S. Bank** National Association, which is the 5th

. The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions. It has 3,106          and 4,842

, primarily in the Midwestern

, and has approximately 72,400 employees.    The company also owns a processor of credit card transactions. U.S. Bancorp operates under the second-oldest continuous national charter, originally Charter **#24**, granted in 1863 following the passage of the                          . Earlier charters have expired as banks were closed or acquired, raising U.S. Bank's charter number from #24 to #2. The oldest national charter, originally granted to the

, is held by          , which it obtained upon its merger with          .

**U.S. Bancorp**

