UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-22640-CIV-MARTINEZ/SANCHEZ

MACK WELLS and MAURICE SYMONETTE,

Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION, *et al.*,

Defendants.

_____/



FILED BY_____D.C.

JUN 10 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# OBJECTION TO MAGISTRATES RECOMMENDATION AND RULING.

### MACK WELLS AND MAURICE SYMONETTE RESPONSE AND ANSWERS TO MAGISTRATE EDURDO SANCHEZ'S REPORT AND RECOMMENDATION ON PLAINTIFFS' RENEWED EMERGENCY MOTIONS TO VOID FORECLOSURE SALE

Notice is hereby given that, Maurice Symonette and Mack Wells files this Motion "OBJECTION TO MAGISTRATES RECOMMENDATION AND RULING" for Failure to interceder and void the illegal sale of the house In county court while the house was In an automatic Stay from the Notice of Removal This matter is before the Court on Plaintiffs' three pending emergency motions: (1) Emergency Motion to Void Foreclosure Sale in Violation for Sanctions Against U.S. Bank for Violating Federal Stay and Willful Contempt in Violation of 28 U.S. Code SS 1446 (d) and to Void Sale Because of Forgery and Fraud, ECF No. 46; (2) Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, ECF No. 53; and (3) **Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud,** ECF No. 54 (collectively, the "Renewed

1

Emergency Motions").[1]   In their Renewed Emergency

---

[1] On April 11, 2024, the Honorable Jose E. Martinez, District Judge, referred this case to **Magistrate Eduardo Sanchez** the undersigned for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on all dispositive matters. ECF No. 38. Although Plaintiffs have filed a Notice of Non-Consent to Proceed before the Assigned Magistrate Judge, ECF No. 51, Judge Martinez's referral is unaffected by that notice of non-consent. Pursuant to 28 U.S.C. § 636(b)(1), a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for certain specified motions, 28 U.S.C. § 636(b)(1)(A), and for those specified motions, a magistrate may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B). A party's consent is not required for a magistrate judge to review any referred motions and issue a report and recommendation to the district court. *See Yost- Rudge v. City of Stuart*, Case No. 22-14085-CIV-MOORE, 2022 WL 1793087, at *2 (S.D. Fla. June 2, 2022) (citing *U.S. Bank, N.A. ex rel. LSF8 Master Participation Tr. v. Tobin*, 754 F. App'x 843, 846 (11th Cir. 2018).

***Magistrate Eduardo Sanchez*** *Erred Because,* ***Yost- Rudge v. City of Stuart,*** Case No. 22-14085-CIV-MOORE, 2022 WL 1793087, at *2 (S.D. Fla. June 2, 2022) (citing ***U.S. Bank, N.A. ex rel. LSF8 Master Participation Tr. v. Tobin,*** 754 F. App'x 843, 846 (11th Cir. 2018)). ***DOESEN'T SAY NOTHING ABOUT WE USE THE MAGISTRATE.***

**So Our Answer to:** *Yost- Rudge v. City of Stuart and U.S. Bank, N.A. ex rel.*

*LSF8 Master Participation Tr. v. Tobin,* **just quoted by this Magistrate handling**

**our Case, Exh. 1. As is our right according to 28U.S.C. SS 636(C). and**

**FR.CIV.P 73(B), This Magistrate has a Conflict of interest on his 2022 Federal**

**Financial Disclosure Report which shows his biased approach to us with U.S.**

**Bank N.A.. Because on Page 6. line 50 of the Report he got $250,000.00 from**

**Wells Fargo which is U.S. Bancorp which is U.S. Bank N.A. Exh. 2. and made**

**$15,000.00 a piece from four Banks who are with U.S. Bank like Berkshire**

**Hathaway Inc., Morgan Stanley and Bank of America.  We don't stand a chance**

**with this Magistrate he's doing business with all the Banks I'm doing a corrected**

2

*no Shot Gun RICO Case against. Exh. 3. Pages 1-5, and it's Reported to FBI, we're going to the U.S. House Oversite Committee  as will be seen in various of the biggest News Papers and TV COMMERCIALS referencing Gods2.com to explain Cases while promoting Americangala.com for the Vets and TRUMP, So for the same Conflict of Interest reasons, Exh. 12. So he must Recuse himself from this Case now and revert the Case back to the Original. Rule 2.160 (H) (J), because U.S. Bank is obviously moving forward in County Court to end our Notice of Removal Case to get a REMAND and immediately Evict us by ignoring the Federal Stay that was supposed to stop the Sale but illegally, did an Objection Hearing, passed the Title by lying saying we never Objected, when we did Object. Exh. 4. And now this Tuesday 06/11/24 they're doing a Writ of Possession Hearing all while we are in a Federal Notice of Removal Stay under the GOOD JUDGE JOSE MARTINEZ whose Case's Stay is still ongoing, but they are showing us that we have no Rights and that they don't RESPECT JUDGE MARTINEZ'S AUTHORITY as the FEDERAL JUDGE. Because they say he dosen't read his Documents. Federal 63 says only the Judge can sign Orders but when you look at signed ORDER that evan socalled gave the Magisrtate rights and Remanded that Fake Case are the same, FORGED SIGNATURE, Exh. 5 and 6. But it is not the Signature of Judge Martinez who signed the Jurisdiction Order, Exh. 7. and for 5 other Cases he signed it's totally different, from Judge JOSE MARTINEZ'S SIGNATURE See Exh. 8, 9, 10 and 11.*

3

Motions, the Plaintiffs seek to have the Court void a foreclosure sale of property that took place on October 16, 2023 with the authorization of the Florida state court in Case No. 2010-61928-CA01.

On April 29, 2024, this Court denied Plaintiffs' prior Emergency Motion to Void Foreclosure Sale in Violation for Sanctions Against U.S. Bank for Violating Federal Stay and Willful Contempt in Violation of 28 U.S. Code SS 1446 (d), ECF No. 39 ("Original Emergency Motion"), which also sought to void the October 16 foreclosure sale, for failing to comply with this Court's Local Rules concerning emergency motions. *See* ECF No. 41 ("April 29 Order").

For the reasons set forth below, the undersigned recommends that the Plaintiffs' Renewed Emergency Motions be **DENIED**.

*Magistrate Eduardo Sanchez Erred Because all we really have to do is report the Violation of the Stay to Void the Sale.*

*This can be found in case law*

## I.   Plaintiffs Have Failed to Establish That Emergency Relief Is Warranted

As an initial matter, and despite the undersigned's April 29 Order denying the Original Emergency Motion, the Plaintiffs have still not fully complied with the Local Rules' requirements for emergency motions.

The undersigned recognizes that Plaintiffs have attempted to remedy the procedural deficiencies contained in their Original Emergency Motion, such as by addressing the nature of the emergency and providing a certification intended to meet the requirements of the Local Rules. *See, e.g.,* ECF No. 54 at 8 ("We certify that this is a true emergency because they had the sale while we were in the federal notice of removal and now they are asking the Sheriff to come and

4

evict us by May 31st, 2024. Which is 10 days from the Notice . . . they filed."); ECF No. 53 at 8 (same); ECF No. 46 at 1 ("The nature of the Emergency is they are evicting us out of our home by Foreclosing on the house during the Federal Stay . . . ."); ECF No. 46 at 58 ("I certify that this motion In fact presents a true emergency . . . and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days.").

Notwithstanding their assertions, Plaintiffs have failed to establish that immediate relief is necessitated at this time and that meaningful relief could not be provided at a later date. Indeed, Plaintiffs have still provided no satisfactory explanation establishing that this matter truly "requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days." Instead, Plaintiffs have established that the foreclosure sale to which their Renewed Emergency Motions are directed took place on October 16, 2023

***Magistrate Eduardo Sanchez Erred Because Notice of Removal filed Oct. 13 that's supposed to Stay the Sale but they Violated the Stay and Sold the HOUSE anyway but U.S. Bank had 3 days to get a hearing before JUDGE MARTINEZ and did not knowing we stayed the Case.***

***This is Violation of 28 U.S. Code SS 1446 Procedure for removal of civil actions***

and that the resulting certificate of sale was issued on October 19, 2023—events that occurred more than six months ago. *See, e.g.*, ECF No. 46 at 1, 34 (Exh. 27), 45-48; ECF No. 53 at 4; ECF No. 54 at 4. Although Plaintiffs contend that subsequent monetary relief could not remedy their potential loss of possession of the property that was already sold at a foreclosure sale, *see* ECF No.

5

46 at 58, Plaintiffs have not established that, under the factual circumstances presented, the potential consequences that they face are irreparable—for example, they have failed to show that they will be unable to find alternate housing and/or that their potential injuries could not be compensated by monetary damages.

***Answer: Fl. Rule 87 says you can't get house back house is worth $2.9million so they are stealing our Equity.***

Furthermore, while the Plaintiffs have shown that they have been threatened with legal action concerning their occupancy/possession of the property that was sold at the October 16 foreclosure sale and that a motion for writ of possession was recently filed in Florida state court Case No. 2010-61928-CA01, *see* ECF No. 53-1 at 27-30 (Exh. 21 & 22); ECF No. 54-1 at 29-30 (Exh. 21 & 22), such circumstances still do not amount to the type of emergency that requires an immediate emergency ruling from this Court. *See, e.g., Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-24277-CIV-MARTINEZ/GOODMAN, 2016 WL 7469993, at *3 (S.D. Fla. Apr. 13, 2016) (describing the type of emergencies that would warrant the filing of an emergency motion).

Nevertheless, despite these procedural shortcomings, the Court will proceed to address the relief requested in Plaintiffs' Renewed Emergency Motions. The Plaintiffs Have Failed to Establish That They Are Entitled to the Relief That They Seek or That There Is Any Substantial Likelihood <u>That They Could Establish Such Entitlement to Relief in the Future.</u>

*Answer: I'm not supposed to prove anything the fact that it is a notice of Removal stays the case until Remanded by Judge Martinez period there is no reason for what they did other than by what I should only have to report the violation and they should be sanctioned, and all actions voided immediately because they did not wait for the Judge to Remand the Case you as Magistrate have taken me throuogh all of this on an obvious violation of the Federal Stay I either have rights or I don't stop Playing with us.*

The basis for the relief sought by the Plaintiffs in their Renewed Emergency Motions is their argument that the state court had been divested of jurisdiction to authorize and conduct a foreclosure sale because the Plaintiffs had removed that state court action to federal court. *See, e.g.,* ECF No. 46 at 1, 42-56; ECF No. 53 at 6-8; ECF No. 54 at 6-8. The Plaintiffs' argument, however, is mistaken and based on a misunderstanding of the procedural posture of their federal cases and the impact of their removal notices and Judge Martinez's remand order on the state court's jurisdiction.

## *Magistrate Eduardo Sanchez Erred Because That was not our Notice of Removal it's U.S. Bank*

## *This is a violation of Fl. Stat. 831.01*

### A. *Plaintiffs' Original Federal Action and Plaintiffs' Removal of the State Court Action*

Here, Plaintiffs commenced this case, an original action in this Court, *Mack Wells and Maurice Symonette v. U.S. Bank, National Association, et al.,* Case No. 23-22640-CIV-

7

MARTINEZ, when they filed a complaint with the Clerk of this Court on July 14, 2023, suing numerous different parties and seeking affirmative relief against them under a variety of legal theories. ECF No. 1.[2] Plaintiffs also filed a Notice of Removal on that date that referenced a state civil case (Case No. 2010-61928-CA01) that did not include all of the same parties that had been named in the federal civil complaint filed in Case No. 23-22640-CIV-MARTINEZ; that notice was docketed within Case No. 23-22640-CIV-MARTINEZ. ECF No. 4. However, a case that starts with the filing of a civil complaint in federal court is separate and distinct from a case that is removed from state court with the filing of a notice of removal. In other words, Plaintiffs cannot initiate a lawsuit asserting affirmative civil claims against a variety of parties though a civil

---

[2] This case was initially mis-assigned Case No. 23-61345-CIV due to a miscommunication during the intake of the case by the Clerk's Office, but the case was then reassigned Case No. 23-22640-CIV when the Clerk's Office determined from the civil cover sheet that the venue for the case was Miami-Dade County rather than Broward County. *See* ECF No. 2, Case No. 23-61345-CIV.

complaint filed in federal court and additionally remove a state court lawsuit to federal court within a single federal case; instead, those would necessarily be two separate and different federal cases and would require separate filing fees.

### Answer: *that is 2 Different Cases*

*See, e.g., Saito v. Lewis*, No. 2:23-CV-506-SPC-KCD, 2023 WL 5526667, at *2 (M.D. Fla. Aug. 28, 2023) ("The [plaintiffs] chose to file that case and then seek to remove this state foreclosure action. The removal thus required a separate filing fee").

### Answer: *we paid filing fee in Broward they sent Case to Dade County and*

8

*no other Fee was Required or PAID at all that was a Fake Receipt with blue letters at the top.*

Nevertheless, on July 31, 2023, the Plaintiffs in this case (that is, Case No. 23-22640-CIV-MARTINEZ) filed another Notice of Removal addressing Florida state court Case No. 2010-61928-CA01. ECF No. 1, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ. The removed state court case was assigned Case No. 23-22848-CIV-MARTINEZ, and a receipt for the cash payment of the filing fees for that removed case was issued to Plaintiff Mack Wells.

*Magistrate Eduardo Sanchez Erred Because*: **We never paid that and the Receipt is Fake.**

ECF Nos. 1, 3, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.[3]

Thus, the Plaintiffs had two separate cases before Judge Martinez: (1) an original action based on a federal complaint, *Mack Wells and Maurice Symonette v. U.S. Bank, National Association, et al.*, Case No. 23-22640-CIV-MARTINEZ, in which they were the plaintiffs; and (2) a removed action based on a state complaint, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ, in which they were the

---

[3] Plaintiffs contend that Case No. 23-22848-CIV-MARTINEZ was not initiated by them but by U.S. Bank and that they (that is, Mr. Wells and Mr. Symonette) did not sign, authorize, or file the notice of removal in Case No. 23-22848-CIV-MARTINEZ. *See* ECF No. 46 at 41, 51-53; ECF

No. 53 at 5-6; ECF No. 54 at 5-6. The Plaintiffs, however, were defendants in the state court case and were the parties that could remove the state court case to federal court. *See* 28 U.S.C. § 1441(a) (providing that a qualifying civil action "may be removed by the defendant or the defendants"). Moreover, court records clearly show that Plaintiffs are in fact the parties who initiated Case No. 23-22848. They filed a notice of removal that was signed by them, and Plaintiff Mack Wells paid the corresponding filing fee in cash and was issued a receipt in his name. ECF Nos. 1, 3, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.

**B.** Judge Martinez's Order Remanding the Removed Case to State Court and <u>the Return of Jurisdiction to the State Court in Case No. 2010-61928-CA01</u>

## *Answer: not real Receipt.*

On August 23, 2023, Judge Martinez entered an order remanding the removed case (Case No. 23-22848-CIV-MARTINEZ) back to state court for lack of subject matter jurisdiction. ECF No. 4, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.[5] On that same day, the Clerk for the Southern District of Florida mailed a certified copy of Judge Martinez's order of remand in the case (that is, U.S. District Court Case No. 23-22848-CIV-MARTINEZ/Florida State Court Case No. 2010-61928-CA01) to the Clerk of the state court, and on August 29, 2023, the Clerk of the state court acknowledged receiving Judge Martinez's remand order. ECF Nos. 5, 7, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.

C.     Because the October 16, 2023 Foreclosure Sale Occurred After Judge Martinez Remanded the Removed Case to State Court, the State Court in Case <u>No. 2010-61928-CA01 Had Jurisdiction to Authorize the Foreclosure Sale.</u>

<u>Answer: we filed the 23-cv-22640 Case that was never Remanded</u>

Pursuant to statute, after a "certified copy of the order of remand" is "mailed by the clerk to the clerk of the State court," "[t]he State Court may thereupon proceed with such case." 28

---

[4] Notably, even if Plaintiffs are arguing that the notice of removal filed on July 14, 2023 in Case No. 23-22640-CIV-MARTINEZ should have initiated the opening of a new removed case at that time—and it is far from clear that the July 14 notice complied with statutory requirements for removal—that argument is of no moment because the state court case (Case No. 2010-61928-CA01) was ultimately removed and opened as Southern District of Florida Case No. 23-22848-CIV-MARTINEZ in July of 2023. **Answer: Law says Even if Filed wrong the Stay Exist.** Furthermore, because a removal only moves a case from a state court to a federal court, even if multiple notices of removal were filed in July of 2023 addressing Case No. 2010-61928-CA01, that can create only one removed federal case because there is only one state case to relocate to federal court. Here, the removed case was assigned Case No. 23- 22848-CIV-MARTINEZ.

*Magistrate Eduardo Sanchez Erred Because: That not by us. That was U.S. BANK filing as seen on the July 31st Docket case number 23-cv-22848 JEM*

[5] Although Plaintiffs seem to believe that Judge Martinez's August 23, 2023 Order Remanding Case is a fraudulent order with a forged signature, *see, e.g.*, ECF No. 46 at 41-42, 49-50, 52-53; ECF No. 53 at 2, 5; ECF No. 54 at 2, 5, that is simply not the case. The Order is a genuine order signed by Judge Martinez that was duly filed and docketed with the Clerk of the Court.

*Magistrate Eduardo Sanchez Erred Because: Hand writing Expert says it's not the same Hand writing and Federal Rule 63 only the Judge*

11

*can sign an Order. But somebody else  sighned this for the Judge illegally like they did COUNTY JUDGE VALLARIE MANNO SCHURR, See Gods2.com Video 1. where she says she did not sign those Orders and thes fussed at the Lawyers for signing for her without here permission and thought she muted the Mic and we taped her.  Google lawyers accused of Forging Judge's Signatures.*

U.S.C. § 1447(c). Thus, by the end of August 2023, the state court had reacquired jurisdiction over state court Case No. 2010-61928-CA01 and could "proceed with such case."[6]

As a result, when the October 16, 2023 foreclosure sale occurred, the state court had jurisdiction over Case No. 2010-61928-CA01. Because the state court had jurisdiction over Case No. 2010-61928-CA01 at the time of the foreclosure sale, the Plaintiffs' sole basis for the relief that they seek—their argument that this Court should void the foreclosure sale because the state court was divested of jurisdiction by the removal of Case No. 2010-61928-CA01—fails.

*Magistrate Eduardo Sanchez Erred Because: This is an Evil LIE because according to 23-cv-22640 Case DOCKET 08/02/23 til 10/12/23 our Judge was asking for our Jurisdictional Memorandum and this is still happening now it's Contradictory for this Magistrate to act on our Notice Of Removal which is an un Remanded Automatic Stay while giving his money business Bankster partners the Right to Violate Federal Jurisdiction over this Case that's in Removal. They break all laws kill us and hold themselves NOT GUILTY, ZACHARIAH 11:5 and LUKE 12: 47-53.*

But they still say, Accordingly, Plaintiffs' Renewed Emergency Motions should be denied.

*Magistrate Eduardo Sanchez Erred Because*: *23-cv-22640 Case was never Remanded Judge Sanchez knows better.*

The basis for the relief sought by the Plaintiffs in their Renewed Emergency Motions is their argument that the state court had been divested of jurisdiction to authorize and conduct a foreclosure sale because the Plaintiffs had removed that state court action to federal court. *See, e.g.*, ECF No. 46 at 1, 42-56; ECF No. 53 at 6-8; ECF No. 54 at 6-8. The Plaintiffs' argument, however, is mistaken and based on a misunderstanding of the procedural posture of their federal cases and the impact of their removal notices and Judge Martinez's remand order on the state court's jurisdiction.

### A. *Plaintiffs' Original Federal Action and Plaintiffs' Removal of the State Court Action*

Here, Plaintiffs commenced this case, an original action in this Court, *Mack Wells and Maurice Symonette v. U.S. Bank, National Association, et al.*, Case No. 23-22640-CIV-MARTINEZ, when they filed a complaint with the Clerk of this Court on July 14, 2023, suing numerous different parties and seeking affirmative relief against them under a variety of legal theories. ECF No. 1.[2] Plaintiffs also filed a Notice of Removal on that date that referenced a state civil case (Case No. 2010-61928-CA01) that did not include all of the same parties that had been named in the federal civil complaint filed in Case No. 23-22640-CIV-MARTINEZ; that notice was docketed within Case No. 23-22640-CIV-MARTINEZ. ECF No. 4. However, a case that starts with the filing of a civil complaint in federal court is separate and distinct from a case that is removed from state court with the filing of a notice of removal. In other words, Plaintiffs cannot initiate a lawsuit asserting affirmative civil claims against a variety of parties though a civil

---

[2] This case was initially mis-assigned Case No. 23-61345-CIV due to a miscommunication during

13

the intake of the case by the Clerk's Office, but the case was then reassigned Case No. 23-22640-CIV when the Clerk's Office determined from the civil cover sheet that the venue for the case was Miami-Dade County rather than Broward County. *See* ECF No. 2, Case No. 23-61345-CIV. complaint filed in federal court and additionally remove a state court lawsuit to federal court within a single federal case; instead, those would necessarily be two separate and different federal cases and would require separate filing fees. *See, e.g., Saito v. Lewis*, No. 2:23-CV-506-SPC-KCD, 2023 WL 5526667, at *2 (M.D. Fla. Aug. 28, 2023)

### *Magistrate Eduardo Sanchez Erred Because*: *Saito v. Lewis doesn't even mention anything about filing two Notice of Removals!*

("The [plaintiffs] chose to file that case and then seek to remove this state foreclosure action. The removal thus required a **separate filing fee).**

### *Answer : We only paid one fee. And that was for the 23-cv-22640-JEM Case*

Nevertheless, on July 31, 2023, the Plaintiffs in this case (that is, Case No. 23-22640-CIV-MARTINEZ) filed another Notice of Removal addressing Florida state court Case No. 2010-61928-CA01. ECF No. 1, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ. The removed state court case was assigned Case No. 23-22848-CIV-MARTINEZ, and a receipt for the cash payment of the filing fees for that removed case was issued to Plaintiff Mack Wells. ECF Nos. 1, 3, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.[3]

Thus, the Plaintiffs had two separate cases before Judge Martinez: (1) an original action based on a federal complaint, *Mack Wells and Maurice Symonette v. U.S. Bank, National Association, et al.*, Case No. 23-22640-CIV-MARTINEZ, in which they were the plaintiffs; and (2) a removed action based on a state complaint, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ, in which they were the

14

(2) a removed action based on a state complaint, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ, in which they were the

---

[3] Plaintiffs contend that Case No. 23-22848-CIV-MARTINEZ was not initiated by them but by U.S. Bank and that they (that is, Mr. Wells and Mr. Symonette) did not sign, authorize, or file the notice of removal in Case No. 23-22848-CIV-MARTINEZ. *See* ECF No. 46 at 41, 51-53; ECF No. 53 at 5-6; ECF No. 54 at 5-6. The Plaintiffs, however, were defendants in the state court case and were the parties that could remove the state court case to federal court. *See* 28 U.S.C. § 1441(a) (providing that a qualifying civil action "may be removed by the defendant or the defendants"). Moreover, court records clearly show that Plaintiffs are in fact the parties who initiated Case No. 23-22848. They filed a notice of removal that was signed by them, and Plaintiff Mack Wells paid the corresponding filing fee in cash and was issued a receipt in his name. ECF Nos. 1, 3, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.

documents into my; documents July 31st on the docket at 2010-61928-CA01 and erased the blue **wrighting at the top**

*Magistrate Eduardo Sanchez Erred Because **This is imposable because a pro se person can't sign for a Corporation or a Bank because the Clerk won't let you file for a corporation Pro se using your signature because only a Lawyer can sign and represent a Bank or a Corporation so what the Lawyers did was they took my Amended Notice of Removal that we wrote and prepared June 29th 2023 as seen in Exh.15 and 16 Page 1 and 2 on top of the Signature at the bottom of the Amended Notice of Removal Documents for all three Case Numbers.***

*Magistrate Eduardo Sanchez Erred Because The July 14th 2023 Case #23-cv-22640 that we referred to on the Docket 08/07/23 line **8**, but came up missing off the Docket after we put it there But then that same Document shows up on July*

*31st 2023. On a Fake Case with Case # 23-cv-22848 JEM. But Filed by U.S. Bank and without us knowing so when we Filed our Notice of Removal in the County Court they stuck the 23-cv-22848 JEM. Document Right above our 23-cv-22640-JEM. Document to make it look like we filed the 23-cv-22848-JEM Case But what we really filed was Exh. 17, 18 and 19 but what we really found was from 23-cv-22640 -JEM case that had the Blue Writing from the Federal Court that had every document that looked like what I filed Exh. 17, 18 and 19 but they inserted their writing that was above all the federal documents in my notice of removal papers and inserted the 23-cv-22848 Case under my notice of filing to make it appear as though I was filing the 23-cv-22848-JEM Case and you'll notice that the inserted 23-cv-22848 Case has a July 31st Stamp on it but the Notice of Removal under it does not have the Stamp nor the Blue letters at the top of all the documents Exh.16 , 17, 18 and 19 so this is Fraud on the Courts and against us by these Banksters this msust be examined because like the rampant flurry of Judges taking Bribes Exh. 22 and the Flurry of Lawyers doing Fraudulent documents and signing Judges Orders in an attempt to steal property and Jurisdiction from the Federal Courts we must stop them! AND THEY MADE IT LOOK LIKE WE ASKED MARTINEZ TO RECUSE BUT WHEN LOOK AT IT, IT WAS FOR JUDGE VALLARIE TO MAKE IT LOOK LIKE I KNEW WHAT WAS GOING ON WHEN WE DID NOT USING FRAUD AND FORGERY!*

**B.** Judge Martinez's Order Remanding the Removed Case to State Court and the Return of Jurisdiction to the State Court in Case No. 2010-61928-CA01

On August 23, 2023, Judge Martinez entered an order remanding the removed case (Case No. 23-22848-CIV-MARTINEZ) back to state court for lack of subject matter jurisdiction. ECF No. 4, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-

16

22848-CIV-MARTINEZ.[5] On that same day, the Clerk for the Southern District of Florida mailed a certified copy of Judge Martinez's order of remand in the case (that is, U.S. District Court Case No. 23-22848-CIV-MARTINEZ/Florida State Court Case No. 2010-61928-CA01) to the Clerk of the state court, and on August 29, 2023, the Clerk of the state court acknowledged receiving Judge Martinez's remand order. ECF Nos. 5, 7, *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23-22848-CIV-MARTINEZ.

C. Because the October 16, 2023 Foreclosure Sale Occurred After Judge Martinez Remanded the Removed Case to State Court, the State Court in Case No. 2010-61928-CA01 Had Jurisdiction to Authorize the Foreclosure Sale.

*Answer: already been Removed to Federal Court and its still in Federal Court and Judge Eig Went against 28 U.S. Code SS 1446 (d) and went against the 3rd DCA Appellate Court Garcia V. Deutsche Bank Nat'l Trust Co., of the which says once a Notice of Removal is Filed all State actions stops which is totally binding on Judge Spencer Eig of the 11th Judicial Circuit Court from the Federal Courts and the 3rd DCA Appellate Court.*

NOW TO SHOW THE FORGERY AND FRAUD TO ILLEGALLY STEAL VETERANS AND CRIPPLE BLACK PEOPLE'S PROPERTY

17

renumbered *We filed a Notice of Removal July 17th in Ft. Lauderdale Case# 23-cv-61345 Exh. 1. With the receipt on the comments line with the Case# 23-cv-61345 Wells Et Al V. U.S Bank National Association Et al wherein we paid the $402 cash as required and very important to notice that the Case# on the receipt on Case# 23-cv-61345 has the Case# of the transferred Case# 23-cv-22640 because the case was transferred to the Miami Division but the point is the Document# is written at the very top of all the of all the Documents on a Federal Docket but this receipt on all Federal Dockets! Exh. 4 but for this strange Case that now mysteriously shows up Docket text filed 07/14/23 it says Clerks Notice to filer reference Case administratively closed. Wrong venue selected by filing Case has been to the new Case# 23-cv-22640 no further entries will be made on this case entered 07/14/23 Exh. 3. A, B, and C. but it was the wrong Division and was transferred the same day to the Correct Division in Dade-County Federal Court with the case# 23-cv-61345*

*I want you to take notice that the remand for July 31st has a forged signature from the wrong case# that never existed because they immediately put it in the Miami-Dade Federal Court which was the correct division and not only was the signature on the remand forged but the signature for the clerk on the certified stamp was forged too. The whole case for Case# 23-CV-22848 is totally Fraudulent, the Case# that was actually filed and paid for by us was Case# 23-CV-61345 and that Case was immediately moved to Miami under Case #23-CV-22640*

18

*the other Case# 23-cv-22848 that was Supposedly Remanded has file date of July 31st but only case we filed was on July 14. Also the Order of Remand that was put on that case didn't make any Sense it said that US Bank filed a Notice of Removal that was found in the State Court on July 31st did not have my signature on it and it had the wrong Case#23-cv-22848 on it my Case# is 23-cv-22640 and the Case#23-cv-22848 on that one is from U.S. Bank filing a fake receipt when I filed it it had the correct case# on it but the Clerk and the Lawyers changed it just like they did Valerie Manno Schurr. It has the same Fonts for Aug 11 2008 labels For Sara Zabel's Dismissal with Prejudice. And Valerie Manno Schurr said she did not sign it and according to Fl. Stat.695.26(a) It says a printed name must be under the Signature according to Fannie Mae rule B8-3-04 and their literally using our same fonts so that the Notice of Removal is literally not the one that we filed in Federal Court ours ended in 640 theirs ended in 848 and then they Remanded it by signing the Signature.*

*So that they Could continue the fake Foreclosure that they were doing unbeknownst to us because we were working on the Federal Case#23-cv-22640 but when we caught on was when we found out they still had a Sale for the house so we had to go get our notice of removal papers.*

*(5)  . This State Court is precluded by federal law, based on the application of the automatic stay Federal code 28 U.S. SS 1446 (D), from allowing the*

19

*sale to proceed forward in this instance. This Court has no discretion in this matter when it comes to the removal statute and its effect on the jurisdiction of this Court.*

*The Third District, whose decisions are utterly binding on this Court stated, in Garcia v. Deutsche Bank Nat'l Trust Co., 259 So. 3d 201, 202 (Fla. 3DCA 2018), that "State court jurisdiction ceases upon removal of a case to federal court and <u>any pre-remand proceedings occurring in the state court after the case has been removed are void</u>" (citing Musa v. Wells Fargo Del. Tr. Co., 181 So. 3d 1275, 1277 (Fla. 1st DCA 2015)) [emphasis added]. But it does not end there. Even more telling as to the effect of aon a court's jurisdiction is what the Third District stated following that which was "[i]n a detailed review of the law in this area, the First District concluded that even an*

*<u>improper removal to federal court, or a removal for improper motives, will not</u>*

*<u>preserve state court jurisdiction.</u>" Id. at 1280-84; see also Cole v. Wells Fargo Bank Nat'l Ass'n, 201 So. 3d 749, 750 (Fla. 5th DCA 2016).*

*Even the Federal Eleventh Circuit Court of Appeals took this position in the seminal case Maseda v. Honda Motor Co., 861 F. 2d 1248 (11th Cir. 1988)("Since Steamship Co. v. Tugman, 106 U.S. 118, 1S. Ct. 58, 27 L. Ed. 87 (1882) was decided, the removal statute 28 U.S.C. § 1446 was amended. Under the amendment, the filing of a removal petition terminates the state court's jurisdiction until the case is*

20

remanded, *even in a case improperly removed*" (citing *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir.))*[emphasis added]*.

More damaging to this matter is the fact that this Court has proceeding in this matter while this Court lacked subject matter jurisdiction upon the filing of the Notice on Oct. 13, 2023. There is even an argument that the Court did not have jurisdiction under the second filed removal under case 23-CV-22640-JEM since the filing of that case. A careful examination of that case's docket in the federal court clearly shows that the matter has not been dismissed or otherwise remanded. The docket clearly reflects that entry #4 shows the notice of removal filed in this Court is the same one filed in that court's records. The notice of removal, which should have been filed in this action, was mistakenly filed in that court instead. Under the removal statute, the removal is not effective until filed in the state court action. Granted, the notice was not filed here when the action was filed in federal court. But the federal law is clear, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.*" 28 U.S.C. §1446(d). In this case, the filing of the notice of removal on Oct. 13, 2023 instituted the automatic stay, based on removal, under case number 23-CV-22640-JEM in federal court.

21

***Pursuant to statute, after a "certified copy of the order of remand" is "mailed by the clerk to the clerk of the State court," "[t]he State Court may thereupon proceed with such case." 28***

---

[4] Notably, even if Plaintiffs are arguing that the notice of removal filed on July 14, 2023 in Case No. 23-22640-CIV-MARTINEZ should have initiated the opening of a new removed case at that time—and it is far from clear that the July 14 notice complied with statutory requirements for removal—that argument is of no moment because the state court case (Case No. 2010-61928-CA01) was ultimately removed and opened as Southern District of Florida Case No. 23-22848-CIV-MARTINEZ in July of 2023. Furthermore, because a removal only moves a case from a state court to a federal court, even if multiple notices of removal were filed in July of 2023 addressing Case No. 2010-61928-CA01, that can create only one removed federal case because there is only one state case to relocate to federal court. Here, the removed case was assigned Case No. 23-22848-CIV-MARTINEZ.

[5] Although Plaintiffs seem to believe that Judge Martinez's August 23, 2023 Order Remanding Case is a fraudulent order with a forged signature, *see, e.g.*, ECF No. 46 at 41-42, 49-50, 52-53; ECF No. 53 at 2, 5; ECF No. 54 at 2, 5, that is simply not the case. The Order is a genuine order signed by Judge Martinez that was duly filed and docketed with the Clerk of the Court.

U.S.C. § 1447(c). Thus, by the end of August 2023, the state court had reacquired jurisdiction over state court Case No. 2010-61928-CA01 and could "proceed with such case."[6]

As a result, when the October 16, 2023 foreclosure sale occurred, the state court had jurisdiction over Case No. 2010-61928-CA01. Because the state court had jurisdiction over Case No. 2010-61928-CA01 at the time of the foreclosure sale, the Plaintiffs' sole basis for the relief

22

that they seek—their argument that this Court should void the foreclosure sale because the state court was divested of jurisdiction by the removal of Case No. 2010-61928-CA01—fails. Accordingly, Plaintiffs' Renewed Emergency Motions should be denied.

## II.   CONCLUSION

As the foregoing discussion demonstrates, Plaintiffs have failed to establish that they will suffer irreparable injury if the relief that they have requested (that is, the voiding of the October 16, 2023 foreclosure sale) is not granted, *see supra* at 2-3, and they have failed to establish any substantial likelihood of success on the merits of their claim that the October 16, 2023 foreclosure sale must be voided because the state court lacked jurisdiction to authorize that sale, *see supra* at 4-7.[7] For the reasons set forth above, the undersigned respectfully recommends that Plaintiffs'

---

[6] Unlike Case No. 23-22848-CIV-MARTINEZ, the present case (Case No. 23-22640-CIV-MARTINEZ) is an original action based on a complaint filed in federal court. As such, neither the case's filing nor its pendency have ever divested the state court of jurisdiction over state court Case No. 2010-61928-CA01. Merely filing a lawsuit in federal court does not divest a state court of jurisdiction over the subject matter that is addressed in the federal lawsuit.

***Magistrate Eduardo Sanchez Erred Because WHAT ARE YOU TALKING ABOUT YOU CLEARLY SEE THAT ON LIN 4 OF THE DOCKET OF 23-CV-22640-JEM IT SAYS NOTICE OF REMOVAL  AND WE WILL WIN!***

[7] Although Plaintiffs have not described their Renewed Emergency Motions as motions seeking injunctive relief, to the extent that Plaintiffs' Renewed Emergency Motions seek the equivalent of a preliminary injunction, the Plaintiffs must establish the following to obtain preliminary injunctive relief: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Because, as explained above, Plaintiffs have failed to establish the first two of these requirements for injunctive relief, the Court need not reach the remaining requirements. The undersigned notes, however, that Plaintiffs have made no showing that they satisfy the third and fourth requirements for injunctive relief.

Renewed Emergency Motions, ECF Nos. 46, 53, and 54, be **DENIED.**

23

Within seven (7) days from the date of this·Report and Recommendation, that is, by June 10, 2024, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge.[8] Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley*

***Magistrate Eduardo Sanchez Erred Because*** *Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED**

**/S/MAURICE SYMONETTE**

MAURICE SYMONETTE
15020 S. S. RIVER DR.
MIAMI FL. 33167

**/S/MACK WELLS**

MACK WELLS
15020 S. RIVER
MIAMI FL. 33167

CC

24

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) OR PRO PER

FILED BY /// D.C.

MAY 10 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ATTORNEY(S) FOR:

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

MACK WELLS AND MAURICE SYMONETTE

**Plaintiff(s)**

v.

US BANK NA AS TRUSTEE FOR RASC 2005 AHL3

**Defendant(s).**

CASE NUMBER: 23-cv-22640-JEM

**STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**
(For use in Direct Assignment of Civil Cases to Magistrate Judges Program Only)

**THIS IS A NOTICE TO THE FEDERAL COURTS THAT MAURICE SYMONETTE AND MACK WELLS DOES NOT CONSENT TO THE MAGISTRATE JUDGE 28 USC 636 (C) (1)**

In accordance with General Order 12-02 and Local Rule 73-2 the above-captioned civil matter has been randomly assigned to Magistrate Judge _____ **EDUARDO I. SANCHEZ** _____ . All parties to the above-captioned civil matter are to select one of the following two options and file this document with the Clerk's Office.

☐ The party or parties listed below to the above-captioned civil matter **consent** pursuant to the provisions of 28 U.S.C. § 636(C) and F.R.Civ.P. 73(b), to have the assigned Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment.

Any appeal from a judgment of the assigned Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the District Court in accordance with 28 U.S.C. § 636(c)(3).

☑ The party or parties listed below to the above-captioned civil matter **do not consent** to proceed before the assigned Magistrate Judge.

The party or parties listed below acknowledge that they are free to withhold consent without adverse substantive consequences.

| Name of Counsel (OR Party if Pro Per) | Signature and date | Counsel for (Name of Party or Parties) |
|---|---|---|
| MACK WELLS | *Mack Wells* | PLAINTIFF Sui Jur |
| MAURICE SYMONETTE | *Maurice S.* | PLAINTIFF Sui Jur's |
| | 15020 South River Dr. | |
| | Miami Fl 33167 | |

## NOTICE TO COUNSEL FROM CLERK:

All parties having consented to proceed before the assigned Magistrate Judge, this case will remain assigned to United States Magistrate Judge _____ for all further proceedings.

CV-11C (05/14) STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE
(For use in Direct Assignment of Civil Cases to Magistrate Judges Program only)

Ex

ndow    Help

en.m.wikipedia.org

≡ **WIKIPEDIA**    Q

# U.S. Bancorp

**Article**   Talk

文A Language

☆ Watch    ✏ Ed

*"US Bank" redirects here. For other uses, see Bank of the United States.*

**U.S. Bancorp** (stylized as **us bancorp**) is an American bank holding company based in Minneapolis, Minnesota, and incorporated in Delaware. It is the parent company of **U.S. Bank** National Association, and is the fifth largest banking institution in the United States. The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions. It has 3,106 branches and 4,842 automated teller machines, primarily in the Western and Midwestern United States. It is ranked 117th on the Fortune 500, and it is considered a systemically important bank by the Financial Stability Board. The company also owns Elavon, a processor of credit card transactions for merchants, and Elan Financial Services, a credit card issuer that issues credit card products on behalf of small credit unions and banks across the U.S.

U.S. Bancorp operates under the second-oldest continuous national charter, originally Charter #24, granted in 1863 following the passage of the National Bank Act. Earlier charters have expired as banks were closed or acquired, raising U.S. Bank's charter number from #24 to #2. The oldest national charter, originally granted to the First National Bank of Philadelphia, is held by Wells Fargo, which was obtained upon its merger with Wachovia.

**U.S. Bancorp**



## ≡ Contents

## ⌄ History

The U.S. Bank name first appeared as **United States National Bank of Portland**, established in Portland, Oregon, in 1891. In 1902, it merged with Ainsworth National Bank of Portland, but kept the U.S. National Bank name. It changed its name to the United States National Bank of Oregon in 1964.

The central part of the franchise dates from 1864, with the formation of First National Bank of Minneapolis. In 1929, that bank merged with First National Bank of St. Paul (also formed in 1864) and several smaller Upper Midwest banks to form the First Bank

Filing # 184489446 E-Filed 10/23/2023 12:22:11 AM

Exh.4 p

IN THE CIRCUIT COURT OF THE EVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA
GENERAL CIVIL JURISDICTION DIVISION

U.S. Bank National, N.A.
    Plaintiff,

v.

      CASE NO.: 2010-061928-CA-01

Mack Wells, et. al.,
    Defendants.

_____/

### DEFENDANTS' OMNIBUS EMERGENCY MOTION TO VACATE OR SET ASIDE FORECLOSRE SALE, OBJECTION TO SALE, OR ALTERNATIVELY OTHER EQUITABLE RELIEF

COMES NOW, Defendant, MACK LEWIS WELLS, JR., and MAURICE SYMONETTE, by and through the undersigned counsel, on an emergency basis, to enter their emergency motion to vacate or set aside the sale, entry of the Defendant's objection to the sale, and to move this Court for other equitable relief in the alternative. In support, the Defendant(s) state the following:

1. This Court entered an order of foreclosure to sale the subject property at a judicial sale pursuant to Fla. Stat. §45.031 which was set for Oct. 16, 2023 at 9 a.m.

2. This Court previously cancelled the sale on several occasions due to the Defendants filing for bankruptcy protection which triggered the automatic stay provisions located at 11 U.S.C. §362 and the action being previously removed to the federal court.

3. On or about July 2, 2023, Defendants filed a voluminous pleading which could be regarded as a omnibus pleading seeking various forms of relief and giving significant notice of certain procedural events which affect the jurisdiction of this Court.

4. Of the many claims made in this pleading, two (2) invoked by the Defendant are significant to this Court's procedural posture as of the date of the filing of this motion.

5. First, the pro se pleading, which the laws of this state require it to be read liberally and taken at its substance, called for the recusal of the presiding judge. Second, it gave notice of removal of this action to the federal court. Both of these claims and/or notices effect the out come of this matter.

6. Contained in the omnibus pleading filed on July 2, 2023 was also notice of removal of the action to federal court, the effect of which suspended the jurisdiction of this court until such time the case is remanded by the federal court.

7. Ultimately, the Court entered its order dated Aug. 3, 2023 which cancelled the sale scheduled for Aug. 7, 2023 due to two (2) grounds that were found by the Court. The first being that the action had been previously removed to the federal court and the other being a judicial disqualification was pending and had not been properly disposed by the Court.

8. Ultimately, the removed action was remanded back to this Court and the foreclosure sale was rescheduled for Oct. 16, 2023.

9. Prior to the conduct of the sale, the Defendants entered into the record here, on more than one occasion, a notice of removal of this action to the federal court which was previously filed in the federal court on July 14, 2023. Material to the notice was that it was filed under federal action 23-CV-22640-JEM.

10. What is significant here is that the Defendants had two (2) actions pending in federal court based on the removal of this instant action. However, the federal court

only remanded one (1) of the actions back to this Court, being the action filed under 23-CV-22848-JEM. The alternative action under 23-CV-22640-JEM is still pending before the federal court awaiting determination on its jurisdiction which has been fully briefed in that matter. *See Federal Court Docket for Action 23-CV-22640-JEM attached as Exhibit "A".*

11. This Court previously cancelled the sale based on removal for lack of jurisdiction based on the federal action filed under 23-CV-22848-JEM. At no time did the federal court remand the second case which was filed July 14, 2023 as a result of the removal. Accordingly, the jurisdiction of this Court is still not proper at this juncture due to the second case not being remanded.

12. No order by the federal court, in action 23-CV-22640-JEM has been entered other that one entered on Aug. 3, 2023 which administratively closed the case, but did not affect the substantial rights of the parties.

13. Despite the entry of the various notice of removals entered by the Defendants on Oct. 13 and Oct. 15, this Court still proceeded with the sale of the property.

14. On Oct. 16, 2023, the property was sold to the Plaintiff as the successful bidder for a startling grossly inadequate sales price of $77,800.00, *See Real Foreclose Data Sheet attached as Exhibit "B"*, when compared to the actual assessed value as determined by the Miami Dade Property Appraiser. *See Miami Dade Property Appraiser Profile Attached as Exhibit "C".*

15. The Clerk entered the certificate of sale on Oct. 19, 2023 stating that the Plaintiff was the successful bidder at the sale triggering the ten (10) day period under which the sale may be objected pursuant to Fla. Stat. §45.031.

16. This Omnibus pleading followed which, in part, objects to the judicial sale and is timely.

### ARGUMENTS AND POINTS OF LAW SUSTAINING OBJECTION AND SUPPORTING SETTING ASIDE OR OTHERWISE VACATING THE JUDICIAL SALE

As the Third DCA has noted, the purpose of allowing an objection to a foreclosure sale "is to afford a mechanism to assure all parties and bidders to the sale that there is no irregularity at the auction or any collusive bidding, etc." *Emanuel v. Bankers Trust Co., N.A.*, 655 So.2d 247, 250 (Fla. 3d DCA 1995). Thus, it is well settled that "[i]n order to vacate a foreclosure sale, the trial court must find: (1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale." *Mody v. Cal. Fed. Bank*, 747 So.2d 1016, 1017–18 (Fla. 3d DCA 1999) (citing *Arlt v. Buchanan*, 190 So.2d 575, 577 (Fla.1966)) (emphasis added). At a minimum, then, an objection to a foreclosure sale must allege these facts. See *Indian River Farms v. YBF Partners*, 777 So.2d 1096, 1098 (Fla. 4th DCA 2001) (affirming the trial court's summary denial of the appellant's objections to a foreclosure sale because "the objections did not raise any defect or irregularity with regard to the foreclosure sale itself nor with the inadequacy of price or any allegation that there was a mistake, accident, surprise, misconduct, fraud or irregularity in the sale itself").

Under Florida law, actions involving foreclosure of property are brought in courts of equity. Wells Fargo Bank, N.A. v. Lupica, 36 So.3d 875, 876 (Fla. 5th DCA 2010). The Florida Legislature recognized the need for equitable remedies in foreclosure actions and, thus, codified that foreclosure cases involving mortgages will be tried in equity courts. See Fla. Stat. §702.01 (2022) (Equity) ("All mortgages shall be foreclosed in equity. In a

mortgage foreclosure action, the court shall sever for separate trial all counterclaims against the foreclosing mortgagee. The foreclosure claim shall, if tried, be tried to the court without a jury."). But what is equity? One applicable definition of equity states that it is a system of law (as in England and the U.S.) originating in the English chancery and comprising a settled and formal body of legal and procedural rules and doctrines that supplement, aid, or override common and statutory law and are designed to protect rights and enforce duties fixed by substantive law. Webster's Third Int'l Dictionary 769 (1981).

When it is necessary, Florida courts have powers at their disposal to provide equitable remedies to litigants. See generally *Torres v. K–Site 500 Associates*, 632 So.2d 110, 112 (Fla. 3d DCA 1994) ("Equity abhors forfeiture, and a party entitled to a forfeiture may be estopped from asserting that right, if the result would be unconscionable."); *White v. Brousseau*, 566 So.2d 832, 835 (Fla. 5th DCA 1990) ("Equity disregards all form and looks to the substance and essence of every matter."); *Cain & Bultman, Inc. v. Miss Sam, Inc.*, 409 So.2d 114, 119 (Fla. 5th DCA 1982) ("A maxim of equity is to the effect that equity treats that as being done which should be done."). Therefore, it must be reemphasized that the trial courts' use of their equity powers in resolving disputes pertaining to judicial foreclosure sale set aside actions is essential.

In *Arsali v. Chase Home Finance LLC*, 121 So.3d 511 (Fla.2013) ("*Arsali II*"), the Florida Supreme Court held that proof of an inadequate bid price is not a necessary requirement in an action to set aside a judicial foreclosure sale. *Id.* at 514. Quoting from its prior decision in *Moran–Alleen Co. v. Brown*, 98 Fla. 203, 123 So. 561 (Fla.1929), the supreme court explained: "On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of

the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds." *Id.* at 515. The supreme court clarified that when it decided *Arlt v. Buchanan*, 190 So.2d 575 (Fla.1966), it "was not then establishing the basis for a test, purported by some of the district courts, that should be applied to judicial foreclosure sale set aside actions when the adequacy of the bid price is at issue." *Id.* at 516. Finding that no conflict exists between *Brown* and *Arlt*, the supreme court reemphasized that a judicial sale may, on a proper showing, be vacated and set aside on any or all equitable grounds. *Id.* at 515–18. The supreme court therefore approved of the result in *Arsali I* to the extent that the Third DCA affirmed the trial court's order vacating the judicial sale. *Id.* at 519. But there, the supreme court disapproved of the Third DCA's attempt to reconcile Brown and Arlt as establishing two separate tests that should be applied in actions to set aside a judicial sale, depending upon whether inadequacy of the bid price was at issue. *Id.* at 514–17, 520. In light of the supreme court's decision in *Arsali II*, it is now abundantly clear that proof of an inadequate bid price is not a necessary requirement in an action to set aside a judicial foreclosure sale. Instead, a judicial sale may be vacated on a showing of **_any equitable ground_**.

### Judicial Sale Conducted Without Jurisdiction

The federal removal statute provides that once a copy of the notice of removal is filed in state court, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); *see General Electric Credit Corp. v. Smith*, 484 So. 2d 75, 76 (Fla. 2d DCA 1986); *Weiser v. Bierbrouwerij, B.V.*, 430 So. 2d 986, 987 (Fla. 3d DCA 1983); *Rutas Aereas Nacionales, S.A. v. Cauley & Martin, Inc.*, 160 So. 2d 168, 169 (Fla. 3d DCA), cert. denied, 166 So. 2d 753 (Fla. 1964). The federal removal statute

provides that upon entry of an order of remand, "the State court may thereupon proceed with such case." 28 U.S.C § 1447(c). *See generally Wilson v. Sandstrom*, 317 So. 2d 732, 740-41 (Fla. 1975) (effect on state court jurisdiction where case is remanded), cert. denied sub nom. *Alder v. Sandstrom*, 423 U.S. 1053, 46 L. Ed. 2d 642, 96 S. Ct. 782 (1976). From the viewpoint of the state court, the removal statute gives the state court a clear demarcation of when state court jurisdiction ceases, and when (if ever) the state court may resume jurisdiction. Under the statute, state court jurisdiction *ceases* when a copy of the notice of removal is filed in the state court. 28 U.S.C. § 1446(d), or at best is suspended.

It is abundantly clear that the face of the pleading filed into the record of the Court five (5) separate times on Oct. 13, 2023, [D.E. 387, 389, 390, 391 and 392], and again on Oct. 15, 2023 on two (2) more occasions, [D.E. 395 and 397], gave clear notice of the removal of the instant action to the federal court previously back on July 14, 2023, albeit never being filed in the instant action at that time. This Court is precluded by federal law, based on the application of the automatic stay, from allowing the sale to proceed forward in this instance. This Court has no discretion in this matter when it comes to the removal statute and its effect on the jurisdiction of this Court.

The Third District, whose decisions are utterly binding on this Court stated in *Garcia v. Deutsche Bank Nat'l Trust Co.*, 259 So. 3d 201, 202 (Fla. 3DCA 2018), that "State court jurisdiction ceases upon removal of a case to federal court and ***any pre-remand proceedings occurring in the state court after the case has been removed are void***" (citing *Musa v. Wells Fargo Del. Tr. Co.*, 181 So. 3d 1275, 1277 (Fla. 1st DCA 2015)) [emphasis added]. But it does not end there. Even more telling as to the effect of a



# OFFICE OF THE PROPERTY APPRAISER

## Summary Report

Generated On: 10/22/2023

### PROPERTY INFORMATION

| | |
|---|---|
| Folio | 30-2123-022-1050 |
| Property Address | 15020 NW S RIVER DR MIAMI, FL 33167-1035 |
| Owner | BOSS GROUP MINISTRIES |
| Mailing Address | 15020 NW S RIVER DR MIAMI, FL 33167 |
| Primary Zone | 0100 SINGLE FAMILY - GENERAL |
| Primary Land Use | 0101 RESIDENTIAL - SINGLE FAMILY : 1 UNIT |
| Beds / Baths /Half | 5 / 3 / 1 |
| Floors | 2 |
| Living Units | 1 |
| Actual Area | 5,992 Sq.Ft |
| Living Area | 4,640 Sq.Ft |
| Adjusted Area | 4,705 Sq.Ft |
| Lot Size | 51,500 Sq.Ft |
| Year Built | Multiple (See Building Info.) |

### ASSESSMENT INFORMATION

| Year | 2023 | 2022 | 2021 |
|---|---|---|---|
| Land Value | $386,688 | $309,350 | $309,350 |
| Building Value | $466,601 | $470,223 | $321,827 |
| Extra Feature Value | $67,457 | $68,172 | $68,886 |
| Market Value | $920,746 | $847,745 | $700,063 |
| Assessed Value | $774,942 | $704,493 | $640,449 |

### BENEFITS INFORMATION

| Benefit | Type | 2023 | 2022 | 2021 |
|---|---|---|---|---|
| Non-Homestead Cap | Assessment Reduction | $145,804 | $143,252 | $59,614 |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

### SHORT LEGAL DESCRIPTION

23 52 41 1.19 AC PB 44-46
BISCAYNE GARDENS SEC F PART 1
LOT 105
LOT SIZE 100.000 X 515
OR 20697-0914 09 2002 4

### TAXABLE VALUE INFORMATION

| Year | 2023 | 2022 | 2021 |
|---|---|---|---|
| **COUNTY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $774,942 | $704,493 | $640,449 |
| **SCHOOL BOARD** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $920,746 | $847,745 | $700,063 |
| **CITY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $0 | $0 | $0 |
| **REGIONAL** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $774,942 | $704,493 | $640,449 |

### SALES INFORMATION

| Previous Sale | Price | OR Book-Page | Qualification Description |
|---|---|---|---|
| 01/18/2013 | $100 | 29203-2867 | Corrective, tax or QCD; min consideration |
| 05/24/2010 | $100 | 27376-0214 | Corrective, tax or QCD; min consideration |
| 07/01/2005 | $0 | 23572-3964 | Sales which are disqualified as a result of examination of the deed |
| 06/01/2005 | $560,000 | 23623-3230 | Sales which are qualified |

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-22640-CIV-MARTINEZ

MACK WELLS and MAURICE
SYMONETTE.

    Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION.
et al.,

    Defendants.

_____/

## ORDER REQUIRING BRIEFING CONCERNING THIS COURT'S JURISDICTION

**THIS MATTER** came before this Court on a *sua sponte* review of the record. It appears on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Amended Complaint to Quiet Title and Fannie Mae Quite [sic] Title Constructive Fraud with No Nf.ed [sic] to Prove Intent (Axiomatic) and Violations of Federal and State Laws and Rules to Takeproperty [sic] Because tue [sic] Banks Paid Officials for it and Complaint for FL. Rule 9.130 to Add Claim for Punitive Damages (the "Amended Complaint"), (ECF No. 6), that this Court lacks subject matter jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine. or both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") This Court, therefore, orders Plaintiff to provide this Court with a memorandum concerning its

---

Generally. *pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262. 1263 (11th Cir. 1998). But the lower pleading standard does not permit a court to "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359. 1369 (11th Cir. 1998).

**Exh.9 p**

complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine). This Court also notes that Mr. Wells and Mr. Symonette have attempted to seek federal review over the State Court Case via a separate removal action, which is also before this Court. *See generally* Notice of Removal, *U.S. Bank Nat'l Ass'n v. Wells*, No. 23-22848-CIV-MARTINEZ (S.D. Fla. July 31, 2023). ECF No. 1. This Court will address that action by separate appropriate order. Accordingly, it is **ORDERED AND ADJUDGED** that:

1.    **On or before Monday, August 7, 2023, at 1:00 p.m.**, Plaintiffs **SHALL** file with the Clerk of this Court a memorandum **of no more than ten pages** that addresses why this Court should not dismiss this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. The memorandum must be type in 12 pt. Times New Roman font, double spaced, and have one-inch margins. The memorandum must bear **Case Number: 23-22640-CIV-MARTINEZ**, so that it is filed in this action.

2.    **Plaintiffs' failure to comply with this Order will result in appropriate sanctions, including dismissal of this case without prejudice, without further warning.**

3.    The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only pending this Court's determination concerning its subject matter jurisdiction. This administrative closure will not affect the Parties' substantive rights; rather, it is an administrative tool routinely used by this Court according to its inherent authority to manage its docket.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of August, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*

5

Exh.1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-22640-CIV-MARTINEZ

MACK WELLS and MAURICE
SYMONETTE,

    Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
*et al.*,

    Defendants.

_____/

## ORDER OF REFERENCE TO MAGISTRATE JUDGE
## FOR ALL PRETRIAL PROCEEDINGS

    **PURSUANT** to 28 U.S.C. § 636(b) and the Magistrate Rules of the Local Rules of the

Southern District of Florida, the above-captioned cause is referred to United States Magistrate

Judge **Eduardo I. Sanchez** for a ruling on all pre-trial, non-dispositive matters, and for a Report

and Recommendation on all dispositive matters, including any pending motion.

    **ORDERED AND ADJUDGED** that it is the responsibility of the parties in this case to

indicate the name of the Magistrate Judge on all motions and related papers referred by this order

in the case number caption - CASE NO.: 23-22640-CIV-MARTINEZ-SANCHEZ.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this _11_ day of April, 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Sanchez
All Counsel of Record

Case 1:23-cv-22640-JEM Document 57 Entered on FLSD Docket 06/11/2024 Page 38 of 68
Case 1:20-cv-20873-JEM Document 40 Entered on FLSD Docket 04/29/2024 Page 53 of 53
Case 1:20-cv-20873-JEM Document 9 Entered on FLSD Docket 04/21/2020 Page 1 o

**Exh.11 p**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-20873-CIV-MARTINEZ-OTAZO-REYES

AMANDA MARTIN,

  Plaintiff,

v.

JOBY DAVID OGWYN,

  Defendant.

_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Tuesday, January 19, 2021 at 9:30 a.m.**, before Jose E. Martinez, United States District Judge, 400 N. Miami Ave. Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **January 14, 2021 at 1:30 p.m.** at the same location.

### IT IS ORDERED AND ADJUDGED as follows:

1.   No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2.   Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface.

### Pretrial Stipulations and Jury Instructions

3.   Counsel and all *pro se* litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for *voir dire* examination. The Court will not accept unilateral pretrial stipulations and will *sua sponte*

expeditious resolution of this cause.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of April, 2020.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record

7

Exh.12 p

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-24150-CIV-MARTINEZ

SAMUEL LEE SMITH JR.,

    Plaintiff,

v.

CITY OF MIAMI and ERIC MARTI,

    Defendants.

_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Monday, February 24, 2025, at 9:30 a.m.**, before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **Thursday, February 20, 2025, at 1:30 p.m.**, at the same location.

It is **ORDERED AND ADJUDGED** as follows:

### General Procedures

1. No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2. Every motion filed in this case shall be accompanied by a proposed order granting the motion. The proposed order shall be filed as an exhibit to the motion and e-mailed to martinez@flsd.uscourts.gov in Word format.

3. The parties have a continuing duty to ensure the Clerk of the Court is provided with the up-to-date service information.

4. If the case is settled, the parties are directed to immediately inform the Court at (305) 523-5590 **and** file a notice of settlement.

**Exh.12**

1-10-2025      All pretrial motions and memoranda of law must be filed. Each party is limited to filing a single motion *in limine*, which may not, without leave of Court, exceed the 20-page limit allowed by the Rules.

1-27-2025      Joint Pretrial Stipulation must be filed.

2-18-2025      Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed.

2-19-2025      Proposed *voir dire* questions must be filed.

**Failure to comply with this or any order of this Court, the Local Rules, or any other applicable rule may result in sanctions, including dismissal without prejudice or the entry of a default, without further notice.**

It is the duty of all counsel and *pro se* litigants to enforce the timetable set forth here to ensure an expeditious resolution of this matter.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of February, 2024.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Sanchez
All Counsel of Record

6

**Exh.13**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case No. 24-CR-20051-MARTINEZ**

UNITED STATES OF AMERICA

v.

ALFRED LENORIS DAVIS,

     Defendant.

_____/

## ORDER SETTING CRIMINAL TRIAL DATE
## AND PRETRIAL SCHEDULE[1]

Trial is scheduled to commence during the two-week period beginning **Monday, March 25, 2024, at 9:30 a.m.**, before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1 Miami, Florida. Calendar Call will be held on **Thursday, March 21, 2024, at 1:30 p.m.** at the same location. **Defendants are not required to appear for Calendar Call.**

IT IS ORDERED AND ADJUDGED as follows:

1.     Every motion filed in this case shall be accompanied by **one proposed original order granting** the motion. The order shall contain the **up-to-date service list** (names and addresses) of all attorneys in the case.

2.     All motions filed SHALL BE accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion, as required by Local Rule 88.9A.

3.     For cases to be heard before a jury, **JOINT** proposed jury instructions and verdict form must be submitted at least **ONE WEEK prior to the Calendar Call**. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Criminal Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein.

---

[1] Counsel shall note changes on page "4" of the Scheduling Order regarding submissions on Motions in Limine.

desire of the Court that all <u>Garcia</u> hearings be conducted as close to the time of arraignment as possible.

    8.     **Counsel are <u>DIRECTED</u> to:**

        a.    **<u>IMMEDIATELY</u>, upon receipt of this Order, certify with the Court's Courtroom Deputy the necessity of an interpreter for the Defendant(s); and**

        b.    **At least twenty-four (24) hours prior to any hearing or trial, notify the Court, if an interpreter is required, including the stage of the trial at which an interpreter will be necessary.**

    9.     If defense counsel foresees that a sentencing hearing will take more than thirty (30) minutes, the Court's Courtroom Deputy should be advised no later than five (5) days prior to the hearing.

    10.    Failure to comply with this or any Order of this Court, the Local Rules, or any other applicable rule SHALL result in sanctions or other appropriate actions. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

    **DONE AND ORDERED** at Chambers in Miami, Florida, this 16th day of February 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge
All Counsel of Record

**Exh.14 p**

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 2 of 9 | Sanchez, Eduardo I. | 05/15/2023 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 320 Income; § 360 Spouses and Dependent Children.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| | DATE | SOURCE |
|---|---|---|
| 1. | 2022 | ▮▮▮▮▮▮▮▮ |
| 2. | 2022 | Self-employed consulting and survey and focus group participation |
| 3. | | |
| 4. | | |

## IV. REIMBURSEMENTS — *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

☑ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

# Exh.14

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 4 of 9 | Sanchez, Eduardo I. | 05/15/2023 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume

2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouse and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 1. IRA Accounts (H) | | | | | | | | | |
| 2. - DAVIS NEW YORK VENTURE FUND CLASS A (NYVTX) | B | Dividend | J | T | | | | | |
| 3. - AMERICAN EUROPACIFIC GRW A (AEPGX) | A | Dividend | K | T | | | | | |
| 4. - AMERICAN INC FD OF AMERICA A (AMECX) | B | Dividend | K | T | Buy (add'l) | 12/13/22 | J | | |
| 5. - AMERICAN GR FD OF AMERICA A (AGTHX) | B | Dividend | K | T | Buy (add'l) | 12/16/22 | J | | |
| 6. - AMERICAN INV CO OF AMER A (AIVSX) | B | Dividend | K | T | | | | | |
| 7. Miami-Dade County 457(b) Plan (H) | | | | | | | | | |
| 8. - AMFDS EUROPACFC GR R6 | A | Dividend | K | T | | | | | |
| 9. - JPM US EQ R6 | C | Dividend | L | T | Buy (add'l) | 12/13/22 | J | | |
| 10. - Vngrd MdCap Indx Inst | A | Dividend | J | T | | | | | |
| 11. - Vngrd SmCap Indx Inst | A | Dividend | K | T | | | | | |
| 12. - AMFDS AMCAP R6 | D | Dividend | L | T | Buy (add'l) | 06/15/22 | J | | |
| 13. 403(b) Plans (H) | | | | | | | | | |
| 14. - TIAA REAL ESTATE | | None | L | T | | | | | |
| 15. - CREF GLOBAL EQUITIES R3 | | None | M | T | | | | | |
| 16. - CREF GROWTH R3 | | None | N | T | | | | | |
| 17. - CREF MONEY MARKET R3 | | None | L | T | Buy (add'l) | 09/30/22 | J | | |

1 Income Gain Codes:    A =$1,000 or less    B =$1,001 - $2,500    C =$2,501 - $5,000    D =$5,001 - $15,000    E =$15,001 - $50,000
(See Columns B1 and D4)    F =$50,001 - $100,000    G =$100,001 - $1,000,000    H1 =$1,000,001 - $5,000,000    H2 =More than $5,000,000
2 Value Codes    J =$15,000 or less    K =$15,001 - $50,000    L =$50,001 - $100,000    M =$100,001 - $250,000
(See Columns C1 and D3)    N =$250,001 - $500,000    O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000    P2 =$5,000,001 - $25,000,000
   P3 =$25,000,001 - $50,000,000    P4 =More than $50,000,000
3 Value Method Codes    Q =Appraisal    R =Cost (Real Estate Only)    S =Assessment    T =Cash Market
(See Column C2)    U =Book Value    V =Other    W =Estimated

# FINANCIAL DISCLOSURE REPORT
## Page 5 of 9

| Name of Person Reporting | Date of Report |
|---|---|
| Sanchez, Eduardo I. | 05/15/2023 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume

2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouse and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE (No reportable income, assets, or transactions.)

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 18.  - CREF STOCK R3 | | None | O | T | Buy (add'l) | 03/31/22 | J | |
| 19. | | | | | Buy (add'l) | 09/30/22 | J | |
| 20. | | | | | Buy (add'l) | 09/30/22 | J | |
| 21. | | | | | Buy (add'l) | 11/01/22 | J | |
| 22. | | | | | Buy (add'l) | 11/01/22 | J | |
| 23.  - FID FDM Idx 2030 IPR | B | Dividend | M | T | Buy (add'l) | 03/31/22 | J | |
| 24. | | | | | Buy (add'l) | 09/30/22 | J | |
| 25. | | | | | Buy (add'l) | 09/30/22 | J | |
| 26. | | | | | Buy (add'l) | 10/31/22 | J | |
| 27. | | | | | Buy (add'l) | 10/31/22 | J | |
| 28. | | | | | Buy (add'l) | 12/29/22 | J | |
| 29.  APPLE INC. | B | Dividend | M | T | | | | |
| 30.  BERKSHIRE HATHAWAY INC. CL B | | None | K | T | | | | |
| 31.  CONSOLIDATED EDISON INC. | A | Dividend | J | T | | | | |
| 32.  WALT DISNEY CO. | | None | K | T | | | | |
| 33.  SOUTHERN CO. | A | Dividend | J | T | | | | |
| 34.  UNITED PARCEL SERVICE CL. B | A | Dividend | J | T | | | | |

1 Income Gain Codes:  A =$1,000 or less    B =$1,001 - $2,500    C =$2,501 - $5,000    D =$5,001 - $15,000    E =$15,001 - $50,000
(See Columns B1 and D4)  F =$50,001 - $100,000    G =$100,001 - $1,000,000    H1 =$1,000,001 - $5,000,000    H2 =More than $5,000,000
2 Value Codes    J =$15,000 or less    K =$15,001 - $50,000    L =$50,001 - $100,000    M =$100,001 - $250,000
(See Columns C1 and D3)  N =$250,001 - $500,000    O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000    P2 =$5,000,001 - $25,000,000
  P3 =$25,000,001 - $50,000,000    P4 =More than $50,000,000
3 Value Method Codes    Q =Appraisal    R =Cost (Real Estate Only)    S =Assessment    T =Cash Market
(See Column C2)    U =Book Value    V =Other    W =Estimated

# FINANCIAL DISCLOSURE REPORT

Page 8 of 9

| Name of Person Reporting | Date of Report |
|---|---|
| Sanchez, Eduardo I. | 05/15/2023 |

# VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Part I, lines 3-4:  In previous years, I had served on these Florida Bar rules committees in various capacities, including as chair and vice-chair of each of the committees.  I resigned from these Bar committeess when I was appointed to my present position as a Magistrate Judge in January 2023.

Part VII, lines 14-18:  The TIAA/CREF assets listed on these lines do not include income information because the statements from the 403(b) retirement plans in which these assets are held do not report income separately but instead report only an aggregate of undifferentiated interest, gains, and/or losses (including unrealized gains/losses).

Part VII, line 41:  The shares of Coherent Corp. were acquired on 07/05/2022, originally as shares of II VI INC (IIVI), as part of an exchange that occurred when II VI INC acquired Coherent Inc.  That acquisition also included a redemption of Coherent Inc. shares, which is reflected on line 40.  II VI Inc. subsequently changed its name on 09/08/22 to Coherent Corp. (COHR).

**Exh.14**

| AO 10<br>Rev. 1/2022 | **FINANCIAL DISCLOSURE REPORT<br>FOR CALENDAR YEAR 2022** | *Report Required by the Ethics<br>in Government Act of 1978<br>(5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial)<br><br>Sanchez, Eduardo I. | 2. Court or Organization<br><br>U.S. District Court, Southern District of Florida | 3. Date of Report<br><br>05/15/2023 |
| 4. Title (Article III judges indicate active or senior status;<br>magistrate judges indicate full- or part-time)<br><br>U.S. Magistrate Judge - Full-time | 5a. Report Type (check appropriate type)<br><br>☐ Nomination  Date<br>☐ Initial  ☑ Annual  ☐ Final<br><br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2022<br>to<br>12/31/2022 |
| 7. Chambers or Office Address<br><br>C. Clyde Atkins U.S. Courthouse<br>301 N. Miami Avenue, 6th Floor<br>Miami, FL 33128 | | |

**IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information.*

## I. POSITIONS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 345 Trustees, Executors, Administrators, and Custodians; § 350 Power of Attorney; § 355 Outside Positions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Board Member-at-Large | MIAMI CATHOLIC LAWYERS GUILD |
| 2. | Director | FEDERAL BAR ASSOCIATION, SOUTH FLORIDA CHAPTER |
| 3. | Committee member | FLORIDA BAR APPELLATE COURT RULES COMMITTEE |
| 4. | Committee liaison member | FLORIDA BAR RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION COMMITTEE |
| 5. | | |

## II. AGREEMENTS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 340 Agreements and Arrangements.)*

☐ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | 2007 | 457(b) account in Miami-Dade County's (former employer's) Employees Deferred Compensation Plan; plan sponsor/ provider: Nationwide Retirement Solutions |
| 2. | | |
| 3. | | |

Exh.15 pc

of 1



6/7/24. 1:

Exh 16

file:///Users/micahielnichloson/Downloads/IMG_2845.JF



IMG_2845.jpg (JPEG Image, 1290 × 680 pixels) — Scaled (83%)

Exh.17

file:///Users/micahielnichloson/Downloads/IMG_2826.jpg

IMG_2826.jpg (JPEG Image, 5712 × 4284 pixels) — Scaled (18%)



Exh. 19





Case 1:23-cv-22640-JEM Document 57 Entered on FLSD Docket 06/11/2024 Page 58 of 68

Case 1:23-cv-22640-JEM Document 57 Entered on FLSD Docket 06/11/2024 Page 59 of 68

Exh. 19

File Edit View History Bookmarks Tools Window Help

**Case Number: 2010-061928-CA-01 DIN: 337**

DOCUMENT IMAGE
ORDER CERTIFIED COPIES
Report image problem

WHEREFORE, WHEREFORE, MR. MACK WELLS AND MAURICE SYMONETTE, REMOVES THIS ACTION FROM THE ELEVENTH CIRCUIT COURT OF DADE COUNTY FLORIDA BEARING CIVIL CASE NO. 2010-61928-CA01 TO THIS COURT PURSUANT TO 28 U.S.C. §§ 1441, and 1446. Defendant, MACK WELLS AND MAURICE SYMONETTE, "Prayer for Relief" 13. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as a district or division embracing the place where the state CASE IS PROPERLY REMOVABLE TO FEDERAL COURT BECAUSE IT INVOLVES A CONTROVERSY BETWEEN CITIZENS OF DIFFERENT STATES AND AN AMOUNT IN CONTROVERSY THAT EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS. SEE 17 U.C. §§ 1332, 1441, AND 1446. Venue is proper as division in accordance with 28 U.S.C. § respectfully requests that this Honorable Court exercise jurisdiction over this matter. Dated: July 9th, 2023. Respectfully submitted. All Defendants have consented to and join in the removal of the State Court Action. The written consents and joinder of all other defendants is attached to this Notice Ex. 42.

Dated: Miami, Florida
June 29th 23

MACK WELLS
15020 S. RIVER DR
MIAMI, FL 33167

MAURICE SYMONETTE
15020 S. RIVER DR
MIAMI, FL 33167

Case 1:23-cv-22640-JEM   Document 51   Entered on FLSD Docket 05/13/2024   Page 1 of 1

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) OR PRO PER

FILED BY _____ D.C.

MAY 10 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

ATTORNEY(S) FOR:

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

**MACK WELLS AND MAURICE SYMONETTE**

CASE NUMBER: **23-cv-22640-JEM**

Plaintiff(s)

v.

**US  BANK NA AS TRUSTEE FOR RASC 2005 AHL3**

**STATEMENT OF CONSENT TO PROCEED
BEFORE A UNITED STATES MAGISTRATE JUDGE**
(For use in Direct Assignment of Civil Cases to Magistrat
Judges Program Only)

Defendant(s)

## THIS IS A NOTICE TO THE FEDERAL COURTS THAT MAURICE SYMONETTE AND MACK WELLS DOES NOT CONSENT TO THE MAGISTRATE JUDGE 28 USC 636 (C) (1)

In accordance with General Order 12-02 and Local Rule 73-2 the above-captioned civil matter has been randomly assigned to Magistrate Judge _____ **EDUARDO I. SANCHEZ** _____ . All parties to the above-captioned civi matter are to select one of the following two options and file this document with the Clerk's Office.

☐ The party or parties listed below to the above-captioned civil matter consent pursuant to the provisions of 28 U.S.C. § 636(C) and F.R.Civ.P. 73(b), to have the assigned Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment.

Any appeal from a judgment of the assigned Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the District Court in accordance with 28 U.S.C. § 636(c)(3).

☑ The party or parties listed below to the above-captioned civil matter do not consent to proceed before the assigned Magistrate Judge.

The party or parties listed below acknowledge that they are free to withhold consent without adverse substantive consequences.

| Name of Counsel (OR Party if Pro Per) | Signature and date | Counsel for (Name of Party or Parties) |
|---|---|---|
| **MACK WELLS** | *Mack Wells* | PLAINTIFF Sui Ju |
| **MAURICE SYMONETTE** | *Maurice S.* | PLAINTIFF Sui Jun |
|  | 15020 South River Dr. Miami Fl 33167 |  |

## NOTICE TO COUNSEL FROM CLERK:

All parties having consented to proceed before the assigned Magistrate Judge, this case will remain assigned to United States Magistrate Judge _____ for all further proceedings.

CV-11C (05/14)       STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE
(For use in Direct Assignment of Civil Cases to Magistrate Judges Program only)

≡ WIKIPEDIA   Q

# U.S. Bancorp

**Article**  Talk

文A Language

☆ Watch

*"US Bank" redirects here. For other uses, see Bank of the United States.*

**U.S. Bancorp** (stylized as **us bancorp**) is an American bank holding company based in Minneapolis, Minnesota, and incorporated in Delaware. It is the parent company of **U.S. Bank** National Association, and is the fifth largest banking institution in the United States. The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions. It has 3,106 branches and 4,842 automated teller machines, primarily in the Western and Midwestern United States. It is ranked 117th on the Fortune 500, and it is considered a systemically important bank by the Financial Stability Board. The company also owns Elavon, a processor of credit card transactions for merchants, and Elan Financial Services, a credit card issuer that issues credit card products on behalf of small credit unions and banks across the U.S.

U.S. Bancorp operates under the second-oldest continuous national charter, originally Charter #24, granted in 1863 following the passage of the National Bank Act. Earlier charters have expired as banks were closed or acquired, raising U.S. Bank's charter number from #24 to #2. The oldest national charter, originally granted to the First National Bank of Philadelphia, is held by Wells Fargo, which was obtained upon its merger with Wachovia.

*U S BANK to US BANCORP [handwritten]*

**≡ Contents**

## ⌃ History

The U.S. Bank name first appeared as **United States National Bank of Portland**, established in Portland, Oregon, in 1891. In 1902, it merged with Ainsworth National Bank of Portland, but kept the U.S. National Bank name. It changed its name to the United States National Bank of Oregon in 1964.

The central part of the franchise dates from 1864, with the formation of First National Bank of Minneapolis. In 1929, that bank merged with First National Bank of St. Paul (also formed in 1864) and several smaller Upper Midwest banks to form the First Bank

**U.S. Bancorp**



# **us bancorp**

Filing # 184489446 E-Filed 10/23/2023 12:22:11 AM

Exh.4

IN THE CIRCUIT COURT OF THE EVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA
GENERAL CIVIL JURISDICTION DIVISION

U.S. Bank National, N.A.
     Plaintiff,

v.

CASE NO.: 2010-061928-CA-01

Mack Wells, et. al.,
     Defendants.

_____/

## DEFENDANTS' OMNIBUS EMERGENCY MOTION TO VACATE OR SET ASIDE FORECLOSRE SALE, OBJECTION TO SALE, OR ALTERNATIVELY OTHER EQUITABLE RELIEF

COMES NOW, Defendant, MACK LEWIS WELLS, JR., and MAURICE SYMONETTE, by and through the undersigned counsel, on an emergency basis, to enter their emergency motion to vacate or set aside the sale, entry of the Defendant's objection to the sale, and to move this Court for other equitable relief in the alternative. In support, the Defendant(s) state the following:

1. This Court entered an order of foreclosure to sale the subject property at a judicial sale pursuant to Fla. Stat. §45.031 which was set for Oct. 16, 2023 at 9 a.m.

2. This Court previously cancelled the sale on several occasions due to the Defendants filing for bankruptcy protection which triggered the automatic stay provisions located at 11 U.S.C. §362 and the action being previously removed to the federal court.

3. On or about July 2, 2023, Defendants filed a voluminous pleading which could be regarded as a omnibus pleading seeking various forms of relief and giving significant notice of certain procedural events which affect the jurisdiction of this Court.

4. Of the many claims made in this pleading, two (2) invoked by the Defendant are significant to this Court's procedural posture as of the date of the filing of this motion.

5. First, the pro se pleading, which the laws of this state require it to be read liberally and taken at its substance, called for the recusal of the presiding judge. Second, it gave notice of removal of this action to the federal court. Both of these claims and/or notices effect the out come of this matter.

6. Contained in the omnibus pleading filed on July 2, 2023 was also notice of removal of the action to federal court, the effect of which suspended the jurisdiction of this court until such time the case is remanded by the federal court.

7. Ultimately, the Court entered its order dated Aug. 3, 2023 which cancelled the sale scheduled for Aug. 7, 2023 due to two (2) grounds that were found by the Court. The first being that the action had been previously removed to the federal court and the other being a judicial disqualification was pending and had not been properly disposed by the Court.

8. Ultimately, the removed action was remanded back to this Court and the foreclosure sale was rescheduled for Oct. 16, 2023.

9. Prior to the conduct of the sale, the Defendants entered into the record here, on more than one occasion, a notice of removal of this action to the federal court which was previously filed in the federal court on July 14, 2023. Material to the notice was that it was filed under federal action 23-CV-22640-JEM.

10. What is significant here is that the Defendants had two (2) actions pending in federal court based on the removal of this instant action. However, the federal court

only remanded one (1) of the actions back to this Court, being the action filed under 23-CV-22848-JEM. The alternative action under 23-CV-22640-JEM is still pending before the federal court awaiting determination on its jurisdiction which has been fully briefed in that matter. *See Federal Court Docket for Action 23-CV-22640-JEM attached as Exhibit "A".*

11. This Court previously cancelled the sale based on removal for lack of jurisdiction based on the federal action filed under 23-CV-22848-JEM. At no time did the federal court remand the second case which was filed July 14, 2023 as a result of the removal. Accordingly, the jurisdiction of this Court is still not proper at this juncture due to the second case not being remanded.

12. No order by the federal court, in action 23-CV-22640-JEM has been entered other that one entered on Aug. 3, 2023 which administratively closed the case, but did not affect the substantial rights of the parties.

13. Despite the entry of the various notice of removals entered by the Defendants on Oct. 13 and Oct. 15, this Court still proceeded with the sale of the property.

14. On Oct. 16, 2023, the property was sold to the Plaintiff as the successful bidder for a startling grossly inadequate sales price of $77,800.00, *See Real Foreclose Data Sheet attached as Exhibit "B",* when compared to the actual assessed value as determined by the Miami Dade Property Appraiser. *See Miami Dade Property Appraiser Profile Attached as Exhibit "C".*

15. The Clerk entered the certificate of sale on Oct. 19, 2023 stating that the Plaintiff was the successful bidder at the sale triggering the ten (10) day period under which the sale may be objected pursuant to Fla. Stat. §45.031.

16. This Omnibus pleading followed which, in part, objects to the judicial sale and is timely.

## ARGUMENTS AND POINTS OF LAW SUSTAINING OBJECTION AND SUPPORTING SETTING ASIDE OR OTHERWISE VACATING THE JUDICIAL SALE

As the Third DCA has noted, the purpose of allowing an objection to a foreclosure sale "is to afford a mechanism to assure all parties and bidders to the sale that there is no irregularity at the auction or any collusive bidding, etc." *Emanuel v. Bankers Trust Co.*, *N.A.*, 655 So.2d 247, 250 (Fla. 3d DCA 1995). Thus, it is well settled that "[i]n order to vacate a foreclosure sale, the trial court must find: (1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale." *Mody v. Cal. Fed. Bank*, 747 So.2d 1016, 1017–18 (Fla. 3d DCA 1999) (citing *Arlt v. Buchanan*, 190 So.2d 575, 577 (Fla.1966)) (emphasis added). At a minimum, then, an objection to a foreclosure sale must allege these facts. See *Indian River Farms v. YBF Partners*, 777 So.2d 1096, 1098 (Fla. 4th DCA 2001) (affirming the trial court's summary denial of the appellant's objections to a foreclosure sale because "the objections did not raise any defect or irregularity with regard to the foreclosure sale itself nor with the inadequacy of price or any allegation that there was a mistake, accident, surprise, misconduct, fraud or irregularity in the sale itself").

Under Florida law, actions involving foreclosure of property are brought in courts of equity. Wells Fargo Bank, N.A. v. Lupica, 36 So.3d 875, 876 (Fla. 5th DCA 2010). The Florida Legislature recognized the need for equitable remedies in foreclosure actions and, thus, codified that foreclosure cases involving mortgages will be tried in equity courts. See Fla. Stat. §702.01 (2022) (Equity) ("All mortgages shall be foreclosed in equity. In a

mortgage foreclosure action, the court shall sever for separate trial all counterclaims against the foreclosing mortgagee. The foreclosure claim shall, if tried, be tried to the court without a jury."). But what is equity? One applicable definition of equity states that it is a system of law (as in England and the U.S.) originating in the English chancery and comprising a settled and formal body of legal and procedural rules and doctrines that supplement, aid, or override common and statutory law and are designed to protect rights and enforce duties fixed by substantive law. Webster's Third Int'l Dictionary 769 (1981).

When it is necessary, Florida courts have powers at their disposal to provide equitable remedies to litigants. See generally *Torres v. K–Site 500 Associates*, 632 So.2d 110, 112 (Fla. 3d DCA 1994) ("Equity abhors forfeiture, and a party entitled to a forfeiture may be estopped from asserting that right, if the result would be unconscionable."); *White v. Brousseau*, 566 So.2d 832, 835 (Fla. 5th DCA 1990) ("Equity disregards all form and looks to the substance and essence of every matter."); *Cain & Bultman, Inc. v. Miss Sam, Inc.*, 409 So.2d 114, 119 (Fla. 5th DCA 1982) ("A maxim of equity is to the effect that equity treats that as being done which should be done."). Therefore, it must be reemphasized that the trial courts' use of their equity powers in resolving disputes pertaining to judicial foreclosure sale set aside actions is essential.

In *Arsali v. Chase Home Finance LLC*, 121 So.3d 511 (Fla.2013) ("*Arsali II*"), the Florida Supreme Court held that proof of an inadequate bid price is not a necessary requirement in an action to set aside a judicial foreclosure sale. *Id.* at 514. Quoting from its prior decision in *Moran–Alleen Co. v. Brown*, 98 Fla. 203, 123 So. 561 (Fla.1929), the supreme court explained: "On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of

the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds." *Id.* at 515. The supreme court clarified that when it decided *Arlt v. Buchanan*, 190 So.2d 575 (Fla.1966), it "was not then establishing the basis for a test, purported by some of the district courts, that should be applied to judicial foreclosure sale set aside actions when the adequacy of the bid price is at issue." *Id.* at 516. Finding that no conflict exists between *Brown* and *Arlt*, the supreme court reemphasized that a judicial sale may, on a proper showing, be vacated and set aside on any or all equitable grounds. *Id.* at 515–18. The supreme court therefore approved of the result in *Arsali I* to the extent that the Third DCA affirmed the trial court's order vacating the judicial sale. *Id.* at 519. But there, the supreme court disapproved of the Third DCA's attempt to reconcile Brown and Arlt as establishing two separate tests that should be applied in actions to set aside a judicial sale, depending upon whether inadequacy of the bid price was at issue. *Id.* at 514–17, 520. In light of the supreme court's decision in *Arsali II*, it is now abundantly clear that proof of an inadequate bid price is not a necessary requirement in an action to set aside a judicial foreclosure sale. Instead, a judicial sale may be vacated on a showing of ***any equitable ground***.

### Judicial Sale Conducted Without Jurisdiction

The federal removal statute provides that once a copy of the notice of removal is filed in state court, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); see *General Electric Credit Corp. v. Smith*, 484 So. 2d 75, 76 (Fla. 2d DCA 1986); *Weiser v. Bierbrouwerij, B.V.*, 430 So. 2d 986, 987 (Fla. 3d DCA 1983); *Rutas Aereas Nacionales, S.A. v. Cauley & Martin, Inc.*, 160 So. 2d 168, 169 (Fla. 3d DCA), cert. denied, 166 So. 2d 753 (Fla. 1964). The federal removal statute

provides that upon entry of an order of remand, "the State court may thereupon proceed with such case." 28 U.S.C § 1447(c). See generally *Wilson v. Sandstrom*, 317 So. 2d 732, 740-41 (Fla. 1975) (effect on state court jurisdiction where case is remanded), cert. denied sub nom. *Alder v. Sandstrom*, 423 U.S. 1053, 46 L. Ed. 2d 642, 96 S. Ct. 782 (1976). From the viewpoint of the state court, the removal statute gives the state court a clear demarcation of when state court jurisdiction ceases, and when (if ever) the state court may resume jurisdiction. Under the statute, state court jurisdiction *ceases* when a copy of the notice of removal is filed in the state court. 28 U.S.C. § 1446(d), or at best is suspended.

It is abundantly clear that the face of the pleading filed into the record of the Court five (5) separate times on Oct. 13, 2023, [D.E. 387, 389, 390, 391 and 392], and again on Oct. 15, 2023 on two (2) more occasions, [D.E. 395 and 397], gave clear notice of the removal of the instant action to the federal court previously back on July 14, 2023, albeit never being filed in the instant action at that time. This Court is precluded by federal law, based on the application of the automatic stay, from allowing the sale to proceed forward in this instance. This Court has no discretion in this matter when it comes to the removal statute and its effect on the jurisdiction of this Court.

The Third District, whose decisions are utterly binding on this Court stated, in *Garcia v. Deutsche Bank Nat'l Trust Co.*, 259 So. 3d 201, 202 (Fla. 3DCA 2018), that "State court jurisdiction ceases upon removal of a case to federal court and ***any pre-remand proceedings occurring in the state court after the case has been removed are void***" (citing *Musa v. Wells Fargo Del. Tr. Co.*, 181 So. 3d 1275, 1277 (Fla. 1st DCA 2015)) [emphasis added]. But it does not end there. Even more telling as to the effect of a