UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22640-⋯⋯-JEM

Mack Wells & Maurice Symonette,

   Defendant/Counter-Plaintiff,

Vs.

U.S. BANK NATIONAL ASSOCIATION,

   Plaintiff/Counter-Defendant.



FILED BY _____ D.C.

JUN 17 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## AMENDED

## NOTICE OF FILING COLOR OF LAW (COL)

## WITH ATTACHED AFFIDAVIT OF FACTS AND

## EVIDENCE WITH POLICE REPORT CASE NUMBER

## PD240614188594 SEE EXHIBIT Q

**Comes now Mack Wells and Maurice Symonette with our** Notice of filing color of law (COL) with attached Affidavit of facts and evidence with police report case number pd240614188594 see exhibit Q with attached Exhibits.

/S/MAURICE SYMONETTE
**MAURICE SYMONETTE**
**15020 S. RIVER DR.**
**MIAMI FL. 33167**

/S/MACK WELLS
**MACK WELLS**
**15020 S. RIVER DR.**
**MIAMI FL. 33167**



IN THE ELEVENTH JUDICIAL COURT IN AND FOR
MIAMI-DADE, FLORIDA

MACK WELLS & MAURICE SYMONETTE
Defendant / Counter plaintiff

VS.

CASE NO: 2010-61928-CA01

US. BANK NATIONAL ASSOCIATION
Plaintiff/Counter Defendant

NOTICE OF FILING COLOR OF LAW
With Attached Exhibits

Rose O'Connor 79803

FILED FOR RECORD
2024 JUN 14 PM 4:01

CLERK, CIRCUIT & COUNTY COURTS
DADE COUNTY, FLA.

MAURICE SYMONETTE
Bigboss1043@yahoo.com
Phone: 786-859-9421

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I HEREBY CERTIFY THIS THE FOREGOING IS A TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN THIS OFFICE
JUAN FERNANDEZ-BARQUIN, Clerk of the Court and Comptroller, Miami-Dade County
Deputy Clerk

06/17/2024

CaSE# 2016-61928-CA0,

| Form **COL** | **Violation Warning**<br>**Denial of Rights Under Color of Law** |
|---|---|

▶ Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983

| Name and address of Citizen | Name and address of Notice Recipient |
|---|---|
| MAURICE SYMONETTE<br>15020 S. RIVER DR<br>Miami FL. 33167 | |

Citizen's statement: This Color of law notice B to inform you and your department to Cease and desist from any and all acts pending or orders made in violation of my rights and laws that are within my interest! See attached affidavit!

I certify that the forgoing information stated here is true and correct.

**Citizen's signature** ▶ Maurice S. Maurice S.      Date ▶ JuNe 14th 2024

## Legal Notice and Warning

**Federal law provides that it is a crime to violate the Rights of a citizen under the color-of-law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to cause a person to do something by telling that person that such action is required by law, when it is not required by law, may be a felony.

18 USC §242 provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both.

18 USC §245 provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both.

42 USC §1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages! Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek *personal* legal counsel if you do not understand the law.

**Notice of Service:**

I, _____ certify that I personally delivered this notice to above named recipient and address on _____ at _____ .

Public Domain—Privacy Form COL.(01)

IN THE ELEVENTH JUDIUCIAL CIRCUIT COURT IN AND FOR

MIAMI-DADE COUNTY, FLORIDA

Mack Wells & Maurice Symonette,

     Defendant/Counter-Plaintiff,          Case No.: 2010-61928-CA-01

Vs.

U.S. BANK NATIONAL ASSOCIATION,

     Plaintiff/Counter-Defendant.

_____/

## **AFFIDAVIT OF FACTS**

### **Maurice Symonette & Mack Wells**

### **Prima Facie Evidence**

WE ATTEST THAT ALL FACTS submitted herein are true and correct to the best of our knowledge and that the following facts are submitted on our own accord:

1. 04/07/2007, Mortgage Foreclosure was filed in case number 2007-12407-CA-01, the case was dismissed with prejudice for lack of prosecution and failing to file a complaint on record. See Exhibit "A".
2. On 04/07/2010, Judge Valarie Manno Churr re-entered the same order dismissing the complaint with prejudice for the same exact reasons. Whereas the reasons for the judge re-entering the order was due to lack of prosecution. See Exhibit "B".
3. 07/07/2010, Judge Valarie Manno Churr entered an order removing the prejudice from the order entered on 04/07/2010, to reflect dismissal. The Defendant was not present when the order was entered violating due process due to ex parte whereas defendants could not object and oppose the judge unconstitutional actions because they were not present nor had any knowledge of the judge's action. See Exhibit "C".
4. We have verified proof that Judge Valarie Manno Churr was not appointed over our case by any clerk of court or chief judge. See Exhibit "D".
5. We have proof that Judge Valarie Manno Churr conducted hearings and rulings ex parte, meaning we were not present. Nor were we given notice See Exhibit

6. We have proof that after Judge Valarie Manno Churr illegal void orders were made an entered on the docket the alleged Plaintiffs' Attorneys filed an illegal fraud foreclosure six months later conspiring with criminal acts of Organized Fraud where property is valued at more than $50,000. SEE Exhibit E

7. We have administrative orders from 2008 through 2011, showing Chief Judge Joe Brown never appointed Valarie Manno Churr over our case that was already closed. See Exhibit F

8. We have proof that Judge Valarie Manno Churr never entered and signed the orders in this case. See gods2.com Video #1

9. We have proof that the evidence was presented to Judge Valarie Manno Churr and once she reviewed the evidence, she recused herself from our case. See Exhibit G

10. We have proof within the order recusing Judge Valarie Manno Churr, where Judge Valarie Manno Churr signed and dated the order and her signature is different from the signatures rendered on order of dismissal with prejudice and dismissal without prejudice. SEE Exhibits B, C, G

11. We have proof that Plaintiffs lawyers took and forged our dismissal with prejudice that Judge Sarah Zabel had us to prepare where we personally witnessed her sign our order in her chambers, and the judge signed a duplicate copy for us to keep as a receipt and she had the bailiff to put it on the docket and we have the docket showing that it was placed on the docket April 7th, 2009. We have three witness affidavits to prove this took place. SEE Exhibit I

12. We have proof of the original order Dismissing our case with prejudice in 2009. Exhibit A

13. The ultimate proof of fraud will be evidence of the fonts used to draft our document in the motion to dismiss with prejudice. The fonts the Plaintiffs attorneys used to duplicate the dismissal with prejudice by taking Judge Sarah Zabel name off and placing Judge Valarie Manno Churr signature on the forged fraudulent dismissal with prejudice. The printed name of Judge Sarah Zabel name was also taken off and Plaintiffs attorney used a stamped and stamped to the side of the signature of Valarie Manno Churr. Which is in violation of Florida Statute Chapter 695.26 (1)(c) stating the name is to be printed directly under the signature.

14. We have proof that there was never an original complaint filed with the original allonge, note, mortgage and assignment filed along with the certification as required by Florida Statute Chapter 702.015 (3) & (4). SEE Exhibit

15. We have proof that Judge Valarie Manno Churr obtained financial benefit from GMAC the servicer of US Bank for $995,000.00, which creates a conflict of interest. This proves motive and conspiracy as to the involvement with our case. SEE Exhibit J

16. We have a recorded Virtual Zoom hearing as evidence to Judge Valarie Manno Churr involvement. See the USB evidence submitted. Will be provided Monday. Saved on godsz.com

17. We were defrauded by the mortgage company by making payments to Axiom Bank two months after they foreclosed, whereas proving they had no jurisdiction to foreclose our property. And we were never given notice of foreclosure. SEE Exhibit k

18. We have proof that the 2007 case is the exact same case as the 2010 case or an extension of the 2007 case up until this date as proof from Plaintiffs Attorneys memorandum of law. SEE Exhibit L

19. All departments, agencies, and Sheriff Office are given a demand within this affidavit to cease and desist while operating under color of law to execute any writ of possession, any orders for foreclosure, any orders for eviction due to deprivation of rights, conspiracy against rights, crimes against humanity, violation of oaths of office, dereliction of duty, misprision of felony, misprision and treason, organized fraud, forgery and conspiracy all under R.I.C.O.

## Oath

**I DECLARE UNDER PENALTY OF PERJURY,** that all the facts stated herein are true and correct to the best of my knowledge and ability. And that the facts stated herein were made of my own accord. Executed this 14th day of June 2024.

Respectfully submitted,

Mark Wells & Maurice Symonette

Address

Email

Phone number

CC:file/MS & MM



Cynthia Sanders-Bey & Farrand Clarke - El, sui juris
In full life, in propria persona
Authorized representative, ex rel.
CYNTHIA SANDERS & FARRAND CLARKE;
All Rights Reserved.
C/O 13900 N.W. 14th Avenue
Miami, Fl. 33167

**Maghrib al Aqsa**
**Northwest-West Amexem**

Duly subscribed and affirmed on this 12th day of June 1444 M.C.Y.
[C.C.Y. 2024], before me, a Wazir [Notary Public] for the Moorish National
Republic Federal Government.

AS WITNESS my hand and official
seal:

Signature: _____

Farrand Clarke – El
verified identification

CC: file Cynthia Sanders-Bey

CC: file / MS & M

Homeland Security Investigation
11226 NW 20th Street
Miami, Fl. 33172
Certified Receipt:

Federal Bureau of Investigation
2030 SW 145th Avenue
Miramar, Fl. 33027
Certified Receipt:

email.com



US Attorney General Merrick B. *Garland*,
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
openjustice@doj.ca.gov
Certified Receipt:

Fraud Enforcement and Recovery Act

Florida Attorney General Ashley Moody,
Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, FL 32399-1050
**citizenservices@myfloridalegal.com**
Certified Receipt :

State Wide Prosecutor Nicolas B. Cox
3507 E Frontage Rd. Ste 325
Tampa, Florida 33607-1795
Certified Mail Receipt:

Miami-Dade County Office of the Inspector General
601 NW 1st Court 22nd Floor
Miami, Florida 33136
Certified Receipt:

Office of Miami Dade County State Attorney:
Katherine Fernandez Rundle
*1350 NW 12th Ave*
*Miami, FL 33136-2102.*
Certified Receipt:
katherinefernandezrundle@miamisao.com

Nushin Sayfie & Patricia Gladson
175 N.W. 1st Avenue Room 3045
Miami, Florida 33128
Certified Receipt:



Robertson, Anschutz, Schneid, Crane & Partners, PLLC
Counsel for Plaintiff
6409 Congress Ave., Suite 100
Boca Raton, Fl 33487
Service Email: FLmail@raslg.com
Certified Receipt: 9589 0710 5270 0330 4626 74

/s/ Tracy Starasoler
Tracy Starasoler, Esq.,
Florida Bar No. 0766046
Email: tstarasoler@raslg.com

/S/ Ivy Taub
Ivy Taub, Esquire
Florida Bar No. 47817
Email: itaub@raslg.com

Miami Shores, Fl...
Certified Mail P...

Chief Justice John Roberts
1 First Street North East
Washington D.C. 20543
Certified Receipt:

Antonio Guterres United Nation
C/O 405 East Forty Second Street
New York, New York 10017
Certified Receipt:

Governor Ron DeSantis
400 S Monroe Street
Tallahassee, Florida 32399
Certified Receipt:



... ~~~. Duane R. Ivai.          3 Army

.. . . .....

.... ~.C. 20310-2800

President Joe Biden
1600 Pennsylvania Avenue NW
Washington D.C. 20500
Certified Receipt: 9589 0710 5270 0330 4627 04



WILMER PEROTTE
Commission # HH 28247
Expires May 15, 2001

06/13/2024



19

Exh. A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2007-12407-cu

US Bank N.A.
Plaintiff(s)

VS.

Leroy Williams
Defendant(s)

## ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution.
Served on April 11 2008. The court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11 2008. (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly,
IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami dade county, Florida this 31th day of
March, 2008

SARAH L ZABEL
Circuit Court Judge



EXHIBIT B

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 2007-12407-ca1

US Bank ,N.A.
Plaintiff(s)

Vs.

Leroy Williams
Defendant(s)

April 1,2010

### ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11,2008. The court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11,2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly,
IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of
March , 2010.

APR 06 20??        APR 06 2010

CIRCUIT COURT JUDGE

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE



A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Bk 27244 Pg 4193 CFN 20100237159 04/09/2010 12:47:17 Pg 1 of 1 Mia Dade Co ...

3
ORDR

Exh. C pg-1

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,
Plaintiff,

CASE NO.        2007-12407-CA
vs.                    DIVISION    32

SPACE FOR RECORDING ONLY F.S.1450

LEROY WILLIAMS; MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION; CITY
OF NORTH MIAMI;
Defendant(s).

## FINAL ORDER DISMISSING CASE, CANCELING FORECLOSURE SALE, CANCELING NOTICE OF LIS PENDENS, AND SETTING ASIDE FINAL SUMMARY JUDGMENT AND SUBSTITUTING PHOTOSTATIC COPIES

THIS CAUSE having come on before the Court, ex parte, pursuant to the Motion filed by the Plaintiff, pursuant to Section 702.07 Florida Statutes (2005), and the Court being otherwise fully advised in the premises, it is,

ORDERED AND ADJUDGED as follows:

1.        The case be and the same hereby is dismissed, but without prejudice to the future rights of the Plaintiff to bring an action to foreclose the mortgage which is the subject matter of the instant cause.

2.        All Counts of the Complaint against Defendants: LEROY WILLIAMS; MARK WELLS; FRANKLIN CREDIT MANAGEMENT CORPORATION; CITY OF NORTH MIAMI; are hereby dismissed.

3.        Any scheduled foreclosure sale is canceled.

FILE_NUMBER: F07012148



Serial: 13666522
DOC_ID: M010502







Exh. c pg. 2

4.    The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE

County, Florida, regarding the below-described property:

LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO
THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF
THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

be and same hereby is canceled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby

directed to record this Order to reflect same.

5.    The Final Summary Judgment heretofore entered on August 09, 2007, be and the same hereby is set

aside and shall be of no further force or effect.

6.    The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and

photostatic copies shall be substituted in their place.

DONE AND ORDERED in Chambers in MIAMI-DADE County, Florida, this _____ day of

_____, 2010.

**JUN 2 3 2010**



VALERIE R. MANNO SCHURR
Circuit Court Judge

Copies furnished to:
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
All parties on the attached service list.
F07012144 – M010502
GMAC-CONV–obiven

**VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE**



ExhCpg 3

Service List

LEROY WILLIAMS
15020 South River Drive
Miami, FL 33167

FRANKLIN CREDIT MANAGEMENT CORPORATION
C/o Corporation Service Company
1201 Hays St. Suite 105
Tallahassee, FL 32301-2525

CITY OF NORTH MIAMI
c/o V. Lynn Whitfield, Esq.
776 NE 125th Street
North Miami, FL 33161

MARK WELLS
15020 South River Drive
Miami, FL 33167

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the
original filed in this office _____ 11/30 ___ AD 20__ 11
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk _____

Exh. D.
89.1

# The Chief Clerk says there's no order from adminstrative judge or Chief Judge For Valerie Manno Shurr on the 2010 Case as Seen on the 2010 Docket. Click Red Button below to listen



Exh. Dr.

The Chief Clerk says there's no order from adminstrative Judge or Chief Judge For Valerie Manno Sburr on the 2010 Case as seen on the 2010 Docket. Click Red Button below to listen



# The Chief Clerk says there's no order from adminstrative judge or Chief Judge For Valerie Manno Shurr on the 2010 Case as seen on the 2010 Docket. Click Red Button below to listen



# The Chief Clerk says there's no order from adminstrative Judge or Chief Judge For Valerie Manno Shurr on the 2010 Case as seen on the 2010 Docket. Click Red Button below to listen



Filing # 142403620 E-Filed 01/21/2022 11:32:41 AM

Exhibit G

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-010826-CA-01
SECTION: CA25
JUDGE: Valerie R. Manno Schurr

MAURICE SYMONETTE

Plaintiff(s)

vs.

U.S. BANK NATIONAL ASSOCIATION (TR) et al

Defendant(s)

_____/

## ORDER OF RECUSAL

**THIS CAUSE**, came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED**

1. That the undersigned Circuit Court Judge hereby recuses herself from further consideration of this case.
2. This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>21st day of January, 2022</u>.

2021-010825-CA-01 01-21-2022 11:24 AM

Hon. Valerie R. Manno Schurr

**CIRCUIT COURT JUDGE**
Electronically Signed

Case No: 2021-010826-CA-01

Page 1 of 2

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Erin Mae Rose Quinn, kmiller@quinnlegal.com
Erin Mae Rose Quinn, eservice@quinnlegal.com
Erin Mae Rose Quinn, equinn@quinnlegal.com
Jessica F. Watts, eservice@quinnlegal.com
Jessica F. Watts, kmiller@quinnlegal.com
Jessica Faith Watts, jwatts@bowenquinn.com
Jessica Faith Watts, eservice@bowenquinn.com
Michael Esposito, MEsposito@BlankRome.com
Michael Esposito, BRFLeservice@BlankRome.com
Michael R Esposito, Michael.Esposito@BlankRome.com
Michael R Esposito, BRFLeservice@blankrome.com
Nicole Topper, NTopper@BlankRome.com
Nicole Topper, BRFLeservice@blankrome.com
maurice symonette, BigBOSS@Clerk.com
maurice symonette, BIGBOSS1043@yahoo.com
maurice symonette, boss1@clerk.com

**Physically Served:**



**IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
· CIVIL ACTION**

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005AHL3,　　10‑61928 CA 05
　　　　Plaintiff,

CASE NO.
vs.　　　　　　　　　　　　　　　　　　　　DIVISION

LEROY WILLIAMS, THE UNKNOWN SPOUSE OF LEROY WILLIAMS, JAMES LITTLEJOHN A/K/A JAMES L. JOLIN, HOKE WILLIAMS; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FRANKLIN CREDIT TRUST SERIES I; WELLS FARGO BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO WACHOVIA BANK, NATIONAL ASSOCIATION; MIAMI-DADE COUNTY; TENANT #1, TENANT #2, TENANT #3 and TENANT #4 the names being fictitious to account for parties in possession,
　　　　Defendant(s).



## MORTGAGE FORECLOSURE COMPLAINT

Plaintiff, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005AHL3, sues Defendants, LEROY WILLIAMS, THE UNKNOWN SPOUSE OF LEROY WILLIAMS, JAMES LITTLEJOHN A/K/A JAMES L. JOLIN, HOKE WILLIAMS; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FRANKLIN CREDIT TRUST SERIES I; WELLS FARGO BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO WACHOVIA BANK, NATIONAL ASSOCIATION; MIAMI-DADE COUNTY; TENANT #1, TENANT #2, TENANT #3 and TENANT #4 the names being fictitious to account for parties in possession, and alleges:

## COUNT I - MORTGAGE FORECLOSURE

1.　　This is an in rem action to foreclose a mortgage on real property located and situated in MIAMI-DADE County, Florida.

2.　　This firm has complied with the notice requirement of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, as amended. The Notice(s) previously mailed by the firm is attached hereto and incorporated herein as an Exhibit.

3.　　On June 30, 2005, there was executed and delivered a Promissory Note ("Mortgage Note") and a Mortgage ("Mortgage") securing the payment of the Mortgage Note. The Mortgage was recorded on July 29, 2005, Official Records Book 23623 at Page 3231, of the Public Records of MIAMI-DADE County, Florida. (All subsequent

recording references are to the public records of MIAMI-DADE County, Florida) and mortgaged the real and personal property ("Property") described therein, then owned by and in possession of the Mortgagor(s). Copies of the original Mortgage Note and Mortgage are attached hereto and incorporated herein as an Exhibit.

4. Mortgagee shown on the Mortgage attached as an exhibit is the original Mortgagee. Plaintiff is now entitled to enforce Mortgage and Mortgage Note pursuant to Florida Statutes § 673.3011.

5. The Property is now owned of record by Defendant(s), LEROY WILLIAMS, JAMES LITTLEJOHN A/K/A JAMES L. JOLIN, and HOKE WILLIAMS.

6. The Mortgage Note and Mortgage are in default. The required installment payment of January 1, 2007, was not paid, and no subsequent payments have been made. The Mortgage is contractually due for the January 1, 2007, payment. The last payment received was applied to the December 1, 2006, installment, and no subsequent payments have been applied to the loan.

7. Plaintiff declares the full amount payable under the Mortgage Note and Mortgage to be now due.

8. Plaintiff must be paid $448,000.00 in principal on the Mortgage Note and Mortgage, together with interest from December 1, 2006, late charges, and all costs of collection including title search expenses for ascertaining necessary parties to this action and reasonable attorney's fees.

9. All conditions precedent to the acceleration of the Mortgage Note and foreclosure of the Mortgage have been performed or have occurred.

10. Plaintiff has retained the law firm of Florida Default Law Group, P.L., in this action and is obligated to pay it a reasonable fee for its services in bringing this action as well as all costs of collection.

11. The interests of each Defendant are subject, subordinate, and inferior to the right, title, interest, and lien of Plaintiff's Mortgage with the exception of any special assessments that are superior pursuant to Florida Statutes §159 (2006) and Florida Statutes §170.09 (2006).

12. THE UNKNOWN SPOUSE OF LEROY WILLIAMS may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of homestead rights, possession, or any right of redemption, or may otherwise claim an interest in the Property.

13. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FRANKLIN CREDIT TRUST SERIES I may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of a Mortgage recorded in Official Records Book 23623, Page 3251; an Assignment of Mortgage recorded in Official Records Book 25259, Page 4220; an Assignment of Mortgage recorded in Official Records Book 26765, Page 4470, or may otherwise claim an interest in the Property.

14. WELLS FARGO BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO WACHOVIA BANK, NATIONAL ASSOCIATION may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of a Home Equity Line of Credit Mortgage recorded in Official Records Book 26095, Page 4882, or may otherwise claim an interest in the Property.

15. MIAMI-DADE COUNTY may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of a Code Enforcement Lien recorded in Official Records Book 27018, Page 3267, a Code

Enforcement Lien recorded in Official Records Book 26866, Page 3536: a Code Enforcement Lien recorded in Official Records Book 26371, Page 4436: a Code Enforcement Lien recorded in Official Records Book 25988, Page 2508; a Code Enforcement Lien recorded in Official Records Book 25813, Page 2466, or may otherwise claim an interest in the Property.

16.     TENANT #1, TENANT #2, TENANT #3 and TENANT #4, the names being fictitious to account for parties in possession may claim some interest in the Property that is the subject of this foreclosure action by virtue of an unrecorded lease or purchase option, by virtue of possession, or may otherwise claim an interest in the Property. The names of these Defendants are unknown to the Plaintiff.

WHEREFORE, Plaintiff requests that the Court ascertain the amount due Plaintiff for principal and interest on the Mortgage Note and Mortgage and for late charges, abstracting, taxes, expenses and costs, including attorney's fees, plus interest thereon; that if the sums due Plaintiff under the Mortgage Note and Mortgage are not paid immediately, the Court foreclose the Mortgage and the Clerk of the Court sell the Property securing the indebtedness to satisfy Plaintiff's mortgage lien in accordance with the provisions of Florida Statutes §45.031 (2006); that the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendant named herein or hereafter made a Defendant be forever barred and foreclosed; that the Court appoint a receiver of the Property and of the rents, issues, income and profits thereof, or in the alternative, order sequestration of rents, issues, income and profits pursuant to Florida Statutes §697.07 (2006); and that the Court retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper, including the issuance of a writ of possession and the entry of a deficiency decree, when and if such deficiency decree shall appear proper, if borrower(s) has not been discharged in bankruptcy.

## COUNT II – REFORMATION - Mortgage

17.     This is an action to reform a Mortgage, which has been recorded in the Public Records of MIAMI-DADE County, Florida. This is an equitable action with no adequate remedy at law.

18.     At all times material to this cause, LEROY WILLIAMS, A SINGLE MAN owned real property in MIAMI-DADE County, Florida, described as follows:

> LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

This is evidenced by the true and correct copy of the Warranty Deed in the Official Records Book 23623 at Page 3230 attached hereto as an Exhibit.

19.     On June 30, 2005, LEROY WILLIAMS, AN UNMARRIED MAN executed and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR AXIOM FINANCIAL SERVICES a Mortgage that was recorded on July 29, 2005 in Official Records Book 23623, Page 3231 of the Public Records of MIAMI-DADE County, Florida. A true and correct copy of the Mortgage is attached hereto as an Exhibit.

Exh. I Pg. 4

20.     Inadvertently, and contrary to the clear intentions of the parties to the Mortgage, a scrivener's error resulted from mutual mistake. Consequently, the legal description contained the following underlined and highlighted error:

> LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF , AS RECORDED IN PLAT BOOK 44, PAGE 45, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

**PAGE 45-SHOULD BE PAGE 46**

21.     Based on these errors, the document does not accurately reflect the intentions of the parties to the Mortgage.

22.     Equity requires that the Court reform the legal description to conform with the first legal description referenced in this Count.

23.     The reformation sought will not prejudice any parties to this action.

WHEREFORE, the Plaintiff requests that the Court reform the legal description in the Mortgage to correct the scrivener's error and to reflect the true intentions of the parties.

Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida  33622-5018
(813)  251-4766

By: _____
Robert Schneider
Florida Bar No. 52854
David M. Borrego
Florida Bar No. 36844
Ronald E. Poreira
Florida Bar No. 597872

GMAC-CONV-R-UNASSIGNED



Exh. D pg. 1

**FJUD**

U.S. Bank, National Association, as Trustee for
RASC 2005AHL3

Plaintiff,

vs.

Leroy Williams; Unknown Spouse of Leroy
Williams; James Littlejohn a/k/a James L. Jolin,
James; Unknown Spouse of James Littlejohn AKA
James L. Jolin; Hoke Williams; Unknown Spouse of
Hoke Williams; Mack Wells; Unknown Spouse of
Mack Wells; Curtis McNeil; Unknown Spouse of
Curtis McNeil; Symonette Limited Partnership;
Deutsche Bank National Trust Company, as Trustee
for Franklin Credit Trust Series I; Miami-Dade
County, Florida; State of Florida, Department of
Revenue; Unifund CCR Partners, G.P.; Suntrust
Bank; City of North Miami, Florida and Tenant #1

Defendants.

_____/

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI
DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

Case No. 2010-61928-CA-01

FILED FOR RECORD
2017 DEC 19 AM 11:37

### FINAL JUDGMENT OF FORECLOSURE

**THIS ACTION** was heard before the Court on Plaintiff's Final Judgment on November 29, 2017 on. On the evidence presented, **IT IS ORDERED AND ADJUDGED** that Plaintiff's Final Judgment is **GRANTED** against all Defendants listed by name: Leroy Williams; Unknown Spouse of Leroy Williams; James Littlejohn a/k/a James L. Jolin, James; Unknown Spouse of James Littlejohn AKA James L. Jolin; Hoke Williams; Unknown Spouse of Hoke Williams; Mack Wells; Unknown Spouse of Mack Wells; Curtis McNeil; Unknown Spouse of Curtis McNeil; Symonette Limited Partnership; Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust Series I; Miami-Dade County, Florida; State of Florida, Department of Revenue; Unifund CCR Partners, G.P.; Suntrust Bank; City of North Miami, Florida.

1.    **Amounts Due and Owing.** Plaintiff is due:

Principal due on the note secured by the mortgage foreclosed.          $448,000.00
Interest good thru 11/29/17                                                              $307,313.74
Late Charges                                                                                        $137.20

Case No. 2010-61928-CA-01                          1                          File # 13-F02868

*Exh. D pg. 2*

| | |
|---|---:|
| Prior Servicer Escrow Advance | $160,443.94 |
| Taxes 2013 | $6,909.19 |
| Taxes 2014 | $6,901.04 |
| Taxes 2015 | $7,488.14 |
| Taxes 2016 | $7,534.96 |
| Flood Insurance 2014 | $2,301.75 |
| Flood Insurance 2015 | $6,085.68 |
| Flood Insurance 2016 | $6,021.27 |
| Flood Insurance 2017 | $1,500.00 |
| Hazard Insurance 2014 | $6,352.83 |
| Hazard Insurance 2015 | $6,146.00 |
| Hazard Insurance 2016 | $6,262.00 |
| Hazard Insurance 2017 | $2,197.36 |
| | |
| Attorney's Fees Total | $4,689.00 |
| **Court Costs, Now Taxed:** | |
| Expert Affidavit | $14.00 |
| Service of Process | $1,935.00 |
| Publication, Notice of Action | $230.00 |
| **Additional Costs:** | |
| BPO | $1,302.00 |
| Property Inspection | $1,172.25 |
| Maintenance | $340.00 |
| **GRAND TOTAL** | **$991,297.35** |

2.    **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest in accordance with Section 55.03, Florida Statues.

3.    **Lien on Property.** Plaintiff, whose address is 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33416, holds a lien for the grand total sum superior to all claims of estates of the defendant(s), on the following described property in Miami Dade County, Florida:

LOT 105, BISCAYNE GARDENS SECTION "F" PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Property address: 15020 South River Drive, Miami, FL 33167

4.    **Sale of property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on ___JAN 3 0 2018___, 20___, at 9:00 A.M. to the highest bidder for cash after having first given notice as required by Section 45.031,

Case No. 2010-61928-CA-01                    2                    File # 13-F02868

Exh. Dpg

Florida Statutes. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

5. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. **Right of Possession.** Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the Protecting Tenants at Foreclosure Act of 2009, which was extended until 12/31/14 by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

8. **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

9. **Attorney Fees.** The Court finds, based upon the affidavits presented and upon inquiry of counsel for the plaintiff, that 19.8 hours and a $2,380.00 flat fee were reasonably expended by the plaintiff's counsel and that an hourly rate of $85.00-$215.00 and a flat fee of $2,380.00 is appropriate. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 S.2d 1145 (Fla.1985).

10. The court finds that the legal description contained in the subject Mortgage recorded in Official Records Book 23623, at Page 3231, of the Public Records of Miami-Dade County, Florida, is incorrect. Said Mortgage is hereby reformed to reflect the correct legal description as follows:

LOT 105, BISCAYNE GARDENS SECTION "F" PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

11. The Court finds that Plaintiff is entitled to an equitable lien against Defendant, James Littlejohn AKA James L. Jolin, Hoke Williams, Mack Wells, Curtis McNeil, Symonette Limited Partnership's interest in the subject property, superior to the interest of the Defendants.



Exh. D pg 6

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

DONE AND ORDERED in Chambers in Miami Dade County, Florida, this _____ day of _____, 2017.

DEC 19 2017

_____
Circuit Judge

John Schlesinger
Circuit Court Judge

Plaintiff shall serve all parties named on the service list and "occupant" at property address

### Service List

Willnae LaCroix, Esq,
Attorney for Plaintiff
Brock & Scott, PLLC
1501 NW 49th Street, Suite 200
Fort Lauderdale, FL 33309

Miami-Dade County, Florida
c/o Altanese Phenelus, Esq.
111 NW 1st Street
Miami, FL 33128
yvaldes@miamidade.gov

City of North Miami (City)
Jennifer L. Warren
776 N.E 125th Street
North Miami, FL 33161
cityattorney@northmiamifl.gov

Hoke Williams
L/K/A 15020 South River Drive
Miami, FL 33167

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION
NUMBER _____ 03
THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.     John Schlesinger
Judge's Initials ___ Circuit Court Judge



Case No. 2010-61928-CA-01                    4                    File # 13-F02868

Exh.D pg 5

Unifund CCR Partners, G.P.
c/o CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust Series I
c/o Legal Department
1761 E. St. Andrew Place
Santa Ana, CA 92705

Unknown Spouse of Hoke Williams
15020 South River Drive
Miami, FL 33167

Unknown Spouse of James Littlejohn AKA James L. Jolin
8152 NW 15th Manor, Apt FC2R
Plantation, FL 33322

Littlejohn a/k/a James L. Jolin, James
L/K/A 15020 South River Drive
Miami, FL 33167

Suntrust Bank
c/o Alisha Smith, R.A.
40 Technology Parkway South, Suite 300
Norcross, GA 30092

State of Florida, Department of Revenue
C/o Executive Director, a registered agent or any other person authorized to accept service of
proccess
2450 Shumard Oak Boulevard
Tallahassee, FL 32399

Leroy Williams
8152 NW 15th Manor, Apt. FC2R
Plantation, FL 33322



Unknown Spouse of Mack Wells
15020 South River Drive
Miami, FL 33167

Exh. D pg.6

The Unknown Spouse of Leroy Williams
L/K/A 15020 South River Drive
Miami, FL 33167

The Unknown Spouse of Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Mack Wells
L/K/A 15020 South River Drive
Miami, FL 33167

Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Symonette Limited Partnership
L/K/A 15020 South River Drive
Miami, FL 33167



Exh. E pg. 5

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA
CIVIL ACTION

US BANK, N.A.,

    Plaintiff,

                CASE NO.    2007-12407-CA
vs.                DIVISION    32



FILED

APR 0 3 2014

CLERK CIRCUIT & COUNTY COURTS

SPACE FOR RECORDING ONLY F.S.§695.26

LEROY WILLIAMS; MARK WELLS; FRANKLIN
CREDIT MANAGEMENT CORPORATION; CITY
OF NORTH MIAMI

    Defendant(s).

_____/

## FINAL JUDGMENT OF FORECLOSURE
(Pursuant to Administrative Order No. 06-02)

THIS ACTION was heard before the Court on Plaintiff's Motion for Summary Final Judgment on August 09,

2007. Based on the evidence presented and being otherwise fully informed in the premises,

    IT IS ADJUDGED that:

1.    The Plaintiff's Motion for Summary Judgment is GRANTED. Service of process has been duly and

regularly obtained over Defendants: LEROY WILLIAMS; MARK WELLS; FRANKLIN CREDIT MANAGEMENT

CORPORATION; CITY OF NORTH MIAMI; .

2.    There is due and owing to the Plaintiff the following:

FILE_NUMBER: F07012148



DOC_ID: M002408



Exh. E pg2

PRINCIPAL DUE ON THE NOTE SECURED B
THE MORTGAGE FORECLOSURED:

INTEREST ON THE NOTE AND MORTGAGE
FROM 01/01/07 TO 07/31/07
PER DIEM INTEREST AT 6.125% FROM 07/31
TO 08/09/07

PRE-ACCELERATED LATE CHARGES
THROUGH April 19, 2007
PROPERTY INSPECTIONS                              51.75
TAXES                                        15,681.40
INSURANCE                                     6,650.70
NSF                                              20.00
TITLE SEARCH EXPENSES                           175.00
TITLE EXAMINATION FEE                           150.00
FILING FEE                                      256.00
INVESTIGATION/SERVICE OF PROCESS                340.00
RECORDING FEE                                     6.00
ATTORNEY'S FEE                                1,200.00

GRAND TOTAL                                  $491,500.11

3.      The total sum referenced in paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4.      Plaintiff, whose address is c/o Echevarria, Codilis & Stawiarski, 9119 Corporate Lake Drive, Suite 300, Tampa, Florida 33634, holds a lien for the total sum specified in paragraph 2 herein. The lien of the Plaintiff is superior in dignity to any right, title, interest, or claim of the Defendants and all persons, corporations, and other entities claiming by, though, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116. The plaintiff's lien encumbers the subject property located in DADE County, Florida and described as:

LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Property Address: 15020 South River Drive, Miami, FL 33167

5.      If the total sum with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this Judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on SEPTEMBER 14, 2007, at 11:00AM, to the highest bidder for cash, except as prescribed in

US BANK, N.A. vs. LEROY WILLIAMS, ET AL
CASE NO. 2007-12407-CA
Page 2

Exh. Epg 5

aragraph 6, at 140 WEST FLAGLER STREET, SUITE 908, MIAMI, FLORIDA, DADE, Florida after having first given notice as required by Section 45.031, Florida Statutes. The Clerk shall not conduct the sale in the absence of the plaintiff or its representative.

6. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Judgment, or such part of it, as is necessary to pay the bid in full.

7. If Plaintiff incurs additional expenses subsequent to the entry of this Final Judgment but prior to the sale date specified above, Plaintiff may, by written motion served on all parties, seek to amend this final judgment to include said additional expenses.

8. On filing of the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to the Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 3 from this date to the date of the sale; and by retaining any remaining amount pending the further Order of this Court.

9. On filing of the Certificate of Title, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.

10. On filing of the Certificate of Sale, Defendant(s) right of redemption as prescribed by Florida Statutes, Section 45.0315 shall be terminated.

11. Pursuant to Florida Statutes, Section 45.031:

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO

US BANK, N.A. vs. LEROY WILLIAMS, ET AL
CASE NO. 2007-12407-CA
Page 3

Exh. E pg. 4

ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, DADE COUNTY, 73 W. Flagler St. Room 135, Miami, FL 33130, PHONE: 305-375-5943, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE, IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT Florida Immigrant Advocacy Center - Miami Office (305)573-1106, Guardianship Program for Dade County - Florida (305)592-7642, Legal Aid Society of Dade County Bar Association - (305)579-5733, Legal Services of Greater Miami, Inc - Caribbean Boulevard Office (305)232-9680, Legal Services of Greater Miami, Inc - Main Office (305)576-0080, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT Florida Immigrant Advocacy Center - Miami Office (305)573-1106, Guardianship Program for Dade County - Florida (305)592-7642, Legal Aid Society of Dade County Bar Association - (305)579-5733, Legal Services of Greater Miami, Inc - Caribbean Boulevard Office (305)232-9680, Legal Services of Greater Miami, Inc - Main Office (305)576-0080, FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

12.    If Plaintiff is the purchaser, the bid may be assigned without further Order of this Court.

13.    The Court retains jurisdiction of this action to enter further Orders that are proper including, without limitation, writs of possession and deficiency judgments.

14.    The Court finds, based upon Section 702.065(2)(2006), Florida Statutes, the affidavits filed herein, inquiry of counsel for Plaintiff, and upon consideration of the legal services rendered, the complexity of the foreclosure action, the amount of time and labor reasonably expended by lawyers in the community in prosecuting routine mortgage foreclosure actions, Echevarria, Codilis & Stawiarski's flat fee agreement with its client and Florida law, that the fee sought by Echevarria, Codilis & Stawiarski, is reasonable and awards a fee of One thousand, Two hundred and 00/100 Dollars ($1,200.00). For all legal services performed in this uncontested residential foreclosure, Echevarria, Codilis & Stawiarski has agreed to charge, and this client has agreed to pay, a flat rate of One thousand, Two hundred and 00/100 Dollars ($1,200.00). In the event the matter becomes contested, Echevarria, Codilis & Stawiarski has agreed to charge, and its client has agreed to pay, an hourly fee up to $175.00 per hour for services related to the contested issues. In no event does Echevarria, Codilis & Stawiarski seek to recover attorney's fees greater than the amount billed to and paid by its client.

US BANK, N.A. vs. LEROY WILLIAMS, ET AL
CASE NO. 2007-12407-CA
Page 4

*Exh. E pg 5*

DONE AND ORDERED at DADE County, Florida, on this __9__ day of __August__, 2007.

_____
Circuit Judge

**CONFORMED**

AUG 09 2007

Sarah I. Zabel
Circuit Judge

Copies furnished to all parties:
 Echevarria, Codilis & Stawiarski
 P.O. Box 25018
 Tampa, Florida 33622-5018
 All Parties on the attached Service List

F07012148, Case No. 2007-12407-CA, FIDHOMECOMIN-CONV-B-jrandle





Loan No:

Mortgagee: LEROY WILLIAMS

Address: 15020 SOUTH RIVER DRIVE
MIAMI, FL 33167

Loan Amount: $ 448,000.00

## ALLONGE TO NOTE

PAY TO THE ORDER OF:

**RESIDENTIAL FUNDING CORPORATION**

WITHOUT RECOURSE

Assistant Secretary
Axiom Financial Services

PAY TO THE ORDER OF
U.S. Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

By: Judy Faber, Vice President

WILLIAMS
Page 1 of 2

Exh. F

Exh. H

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| DIVISION | | | CASE NUMBER |
|---|---|---|---|
| ☑ CIVIL | | EXHIBIT LIST | 10-61928-CA 05 |
| ☐ CRIMINAL | | | |
| ☐ OTHER | | | |

CLERK, CIRCUIT & COUNTY CTS
MIAMI-DADE COUNTY, FLA.
CIVIL DIVISION

2017 NOV 30 PM 2:16

CLOCK IN

FILED FOR RECORD

| PLAINTIFF(S)/PETITIONER | VS. DEFENDANT(S)/RESPONDENT |
|---|---|
| U.S. Bank | Leroy Williams |
| Willnae La Croix | Maurice Symonette – Pro Se |

IN RE: Non-Jury Trial (Foreclosure)

JUDGE John Schlesinger          REPORTER Mya Alvena          DATE NOV 29 2017

| Description of Exhibits | PLT/PET ID | PLT/PET EX | DEF/RES ID | DEF/RES EX |
|---|---|---|---|---|
| Limited Power of Attorney | | 1 | | |
| Transfer Letter | | 2 | | |
| Original Note | | 3 | | |
| Copy of Mortgage | | 4 | | |
| Assignment of Mortgage | | 5 | | |
| Default Letter | | 6 | | |
| Transaction History | | 7 | | |
| Pooling and Servicing Agreement | | 8 Comp | | |
| Affidavit of Debt | | 9 | | |
| | | | | |
| Clerk Notes: All Exhibits scanned & retained by the Clerk | | | | |

| | | | | |
|---|---|---|---|---|

James Kaishas
COURT CLERK                    SUPERVISOR

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Exh. I

* For Internal USE ONLY; NOT a Transaction History *
* For Internal USE ONLY, NOT a Transaction History *

TRN497CR-02   FAKE   HOMECOMINGS FINANCIAL
MPRICE   Homecomings   DETAIL TRANSACTION HISTORY    5/01/07
Money Default .    PAGE: 1

| LOAN# 3937 | INV# 413 | POOL# 0200511 | NEW LN# 5905 | NEXT DUE 1/01/07 | INTEREST RATE 6.125 | PRIN.BAL 448,000.00 |
|---|---|---|---|---|---|---|
| BORR1 Leroy Williams | | TYPE: 03-00 CONVENTION | STATUS R TOT.DELQ 14,193.29 | | SUSP-2358 .00 | ESC.BAL .00 |
| BORR2 | | MSGS: 20 40 | OPMT D00004 | P&I 9,146.68 | SUSP-SUBS .00 | ESC.ADV 22,332.10 |
| PROP: 15020 South River Drive | | MAIL: PO BOX 222692 | | | SUSP-HAS .00 | TOT.PMT 3,401.57 |
| | | | | SRVFEES .03750 | SUSP-FOR .00 | P&I 2,286.67 |
| Miami FL 32167 | | Hollywood FL 330222692 | | YDIPF .00000 | SUSP-MIS .00 | ESC.PMT 1,114.90 |
| | | | | INT PD TO 12/01/06 | P&I SHORT .00 | CORP AD .00 |

| ---TRANSACTION--- | | | NEXT DUE | -AFTER TRANS.BALANCES- | | TOTAL AMOUNT | ---APPLIED--- | | | | MISC.PMTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| NBR . DATE | CODE | -----DESCRIPTION------ | | PRINCIPAL | ESCROW | | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CO | &SRV.FEES |
| 10 10/27/05 | 8102 | LOAN TRANSFER | 11/05 | 448000.00 | .00 | 448000.00- | 448000.00- | .00 | .00 | .00 | |
| | S/F | REF# | | | | | | | | | |
| 11 10/31/05 | 3199 | OLD INV 943/0200511 | 11/05 | .00 | .00 | 448000.00 | 448000.00 | .00 | .00 | .00 | |
| | | | | Eff Dt: 10/31/2005 | | Batch: MASSXFER | | | | | |
| | S/F TR | REF# | | | | | | | | | |
| 12 10/31/05 | 8199 | NEW INV 413/0200511 | 11/05 | 448000.00 | .00 | 448000.00- | 448000.00- | .00 | .00 | .00 | |
| | S/F TR | REF# | | | | | | | | | |
| 13 11/16/05 | 1499 | Late Charge | 11/05 | 448000.00 | .00 | 114.33 | .00 | .00 | .00 | .00 | 114.33 01 |
| | S/F | REF# | | | | | | | | | |
| 14 11/16/05 | 2664 | NON CASH FEE ADJ | 11/05 | 448000.00 | .00 | 114.33- | .00 | .00 | .00 | .00 | 114.33-01 |
| | S/F WC | REF# | | | | | | | | | |
| 15 11/28/05 | 1325 | PMT-MISC SUSP | 11/05 | 448000.00 | .00 | 2286.67 | .00 | .00 | .00 | 2286.67 PP | |
| | S/F CX | REF# | | | | | | | | | |
| 16 11/28/05 | 2625 | MISC ADJ | 11/05 | 448000.00 | .00 | 2286.67- | .00 | .00 | .00 | 2286.67-PP | |
| | S/F CX | REF# | | | | | | | | | |
| 17 11/28/05 | 02 | PAYMENT | 12/05 | 448000.00 | .00 | 2286.67 | .00 | 2286.67 | .00 | .00 | 140.00 11 |
| Days since last Paymt on: 10/31/2005 | 28 | Eff Dt: 11/28/2005 | | Batch: 1128SUS2 | | IPT Dt: 11/01/05 | | | | | |
| | S/F CX | REF# | | | | | | | | | |
| 18 12/06/05 | 1499 | Speed Draft Fee | 12/05 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| | S/F | REF# | | | | | | | | | |
| 19 12/06/05 | 02 | PAYMENT | 1/06 | 448000.00 | .00 | 2286.67 | .00 | 2286.67 | .00 | .00 | 140.00 11 |
| Days since last Paymt on: 11/28/2005 | 8 | Eff Dt: 12/06/2005 | | Batch: 1206ACHS | | IPT Dt: 12/01/05 | | | | | |
| | S/F BA | REF# | | | | | | | | | |
| 20 12/06/05 | 1407 | Speed Draft Fee | 1/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| | S/F C | REF# | | | | | | | | | |
| 21 1/05/06 | 1499 | Speed Draft Fee | 1/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| | S/F | REF# | | | | | | | | | |
| 22 1/05/06 | 02 | PAYMENT | 2/06 | 448000.00 | .00 | 2286.67 | .00 | 2286.67 | .00 | .00 | 140.00 11 |
| Days since last Paymt on: 12/06/2005 | 30 | Eff Dt: 01/05/2006 | | Batch: 0105ACHS | | IPT Dt: 1/01/06 | | | | | |
| | S/F BA | REF# | | | | | | | | | |
| 23 1/05/06 | 1407 | Speed Draft Fee | 2/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| | S/F C | REF# | | | | | | | | | |
| 24 2/13/06 | 1499 | Speed Draft Fee | 2/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| | S/F | REF# | | | | | | | | | |
| 25 2/13/06 | 02 | PAYMENT | 3/06 | 448000.00 | .00 | 2286.67 | .00 | 2286.67 | .00 | .00 | 140.00 11 |
| Days since last Paymt on: 01/05/2006 | 37 | Eff Dt: 02/11/2006 | | Batch: 0213ACHS | | IPT Dt: 2/01/06 | | | | | |
| | S/F BA | REF# | | | | | | | | | |
| 26 2/12/06 | 1407 | Speed Draft Fee | 3/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| Effective date: 2/11/06 | | | | | | | | | | | |
| | S/F C | REF# | | | | | | | | | |
| 27 3/07/06 | 1499 | Speed Draft Fee | 3/06 | 448000.00 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

EX (7)

Filed 11-29 A.D. 2011

Case No. 10-61928-C905

HARVEY RUVIN
Clerk Circuit Court

**Exh.36 pg.1**

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

**WESTERN UNION**
**PAYMENT SERVICES**

Dec. 1, 2006

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

PAYMENT DESCRIPTION

| | |
|---|---|
| Bank: | WACHOVIA BANK, NA |
| Bank Account Number: | ******0274 |
| Date of Transaction: | Nov.30, 2006 |
| Payable To: | AXIOM FINANCIAL SERVICES |
| Amount of Payment: | $2286.67 |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:45 A.M. Nov. 30,2006, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Important Information
Don't give out your bank account information over the phone unless you know the company and understand why the information is necessary.
This is not a bill. Do not mail. payment.
Retain this letter for your records.



**Exh.36 pg.2**

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

**WESTERN UNION**
**PAYMENT SERVICES**

Jan. 1, 2006

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

PAYMENT DESCRIPTION

| | |
|---|---|
| Bank: | WA |
| Bank Account Number: | *** |
| Date of Transaction: | Dec. |
| Payable To: | AXIOM FINANCIAL SERVICES |
| Amount of Payment: | $2286.67 |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:40 A.M. Dec. 31,2006,we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867



Important Information
Don't give out your bank account information over the phone unless you know the company and understand why the information is nessary
This is not a bill. Do not mail payment.
Retain this letter for your records.

**Exh.36 pg.3**



**AXIOM FINANCIAL SERVICES**
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867

Feb. 1, 2007

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

Bank:                        WACHOVIA BANK, NA
Bank Account Number:         *****6*0274
Date of Transaction:         Jan.31, 2007

Payable To:                  AXIOM FINANCIAL SERVICES
Amount of Payment:           $2286.67

Customer Reference:          0001920274

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:00 A.M. Jan. 31,2007, we
have initiated an automated clearing house (ACH) debit to withdraw the amount described
above from your specified bank account to make the payment that you requested. Included in
the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please
contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867



Important Information
Don't give out your bank account information over the phone unless you know the company and understand why the information is necesary.
This is not a bill. Do not mail payment.
Retain this letter for your records.

**Exh.36 pg.4**

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867



WESTERN UNION
PAYMENT SERVICES

Feb. 1, 2007

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

Bank:                        WACHOVIA BANK, NA
Bank Account Number:         ******0274
Date of Transaction:         Jan. 31, 2007

Payable To:                  AXIOM FINANCIAL SERVICES
Amount of Payment:           $2286.67

Customer Reference:          0001920274

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 9:00 A.M. Jan. 31, 2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD. SUITE 350
AUSTIN TX 78759-5867

Important information
Don't give out your bank account information over the phone unless you know the company and understand why the information is necessary.
This is not a bill. Do not mail payment.
Retain this letter for your records.

**Exh.36 pg.5**

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-5867



**WESTERN UNION**
**PAYMENT SERVICES**

Mar. 1, 2007

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

PAYMENT DESCRIPTION

Bank:                          WACHOVIA BANK, NA
Bank Account Number:           ******0274
Date of Transaction:           Feb.28, 2007

Payable To:                    AXIOM FINANCIAL SERVICES
Amount of Payment:             $2286.67

Customer Reference:            0001920274

Dear LEROY WILLIAMS.

Based on your authorization during our telephone conversation on ?????? ?????, we have initiated an automated clearing house (ACH) debit transaction in the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that was also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188.832.7900
Thank you for your business

AXIOM FINANCIAL SERVICES
10900 STONE LAKE BLVD SUITE 350
AUSTIN TX 78759-586?


Don't give out your bank account information over the phone unless ????????
This is not a bill. Do not mail your dues in
Return this ????? for ????????



**Exh.36 pg.6**

Axiom Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867

**WESTERN UNION**
**PAYMENT SERVICES**

April 1, 2007

LEROY   WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI, FL 33167

**PAYMENT DESCRIPTION**

| | |
|---|---|
| Bank: | WACHOVIA BANK, NA |
| Bank Account Number: | ******0274 |
| Date of Transaction: | March 30, 2007 |
| Payable To: | Axion Financial Services |
| Amount of Payment: | $2286.67 |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 11:51 A.M., March 30, 2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

Axiom Financial Services
10900 Stone Lake Blvd.Suite 350
Austin Tx 78759-5867



Important information
Don't give out your bank account information over the phone unless you know the company and understand why the information is necessary.

This is not a bill. Do not mail payment.
Retain this letter for your records.

004730A0116730

**Exh.36 pg.7**

Axiom Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867



**WESTERN UNION**

**PAYMENT SERVICES**

May 1, 2007

LEROY   WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

**PAYMENT DESCRIPTION**

Bank:                           WACHOVIA BANK, NA
Bank Account Number:            ******0274
Date of Transaction:            April 30, 2007

Payable To:                     Axion Financial Services
Amount of Payment:              $2286.67

Customer Reference:             0001920274

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 10:00 A.M., April 30,2007, we have initiated an automated clearing house (ACH) debit to withdraw the amount described above from your specified bank account to make the payment that you requested. Included in the payment amount is the $8.00 'service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please contact Collection Department, at 188-832-7990.
Thank you for your business.

Axiom Financial Services
10900 Stone Lake Blvd.Suite 350
Austin Tx 78759-5867



Important information
Don't give out your bank account information over the phone unless you know the company and understand why the information is nessary

This is not a bill. Do not mail. payment.
Retain this letter for your records.

004730A0116730

**Exh.36 pg.8**

Axidm Financial Services
10900 Stone lake Blvd Suite 350
Austin Tx 78759-5867



**WESTERN UNION**
**PAYMENT SERVICES**

June 1, 2007

LEROY   WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI FL 33167

PAYMENT DESCRIPTION

| | |
|---|---|
| Bank: | WACHOVIA BANK, NA |
| Bank Account Number: | ******0274 |
| Date of Transaction: | May 30, 2007 |
| | |
| Payable To: | Axion Financial Services |
| Amount of Payment: | $2286.67 |
| | |
| Customer Reference: | 0001920274 |

Dear LEROY WILLIAMS:

Based on your authorization during our telephone conversation at 10:38 A.M., May 30,2007, we
have initiated an automated clearing house (ACH) debit to withdraw the amount described
above from your specified bank account to make the payment that you requested. Included in
the payment amount is the $8.00 service fee that you also authorized.

If you have questions, or wish to make corrections to the information listed above, please
contact Collection Department, at 188-832-7990.
Thank you for your business.

Axiom Financial Services
10900 Stone Lake Blvd.Suite 350
Austin Tx 78759-5867



Important Information
Don't give out your bank account information over the phone unless you know the company and understand why the
information  is nessary

This is not a bill. Do not mail. payment.
Retain this letter for your records.

004730A0116730 .

Filing # 65341895 E-Filed 12/13/2017 01:30:51 PM



CURTIS HERBERT
ADMITTED IN FLORIDA

JESSICA J.FAGEN
ADMITTED IN FLORIDA

**BROCK & SCOTT**
PLLC

1501 NW 49th STREET, SUITE 200
FT. LAUDERDALE, FL 33309
954.618.6955
FAX. 954.618.6953

THOMAS E. BROCK
ADMITTED IN NORTH CAROLINA

GREGORY A. SCOTT
ADMITTED IN NORTH CAROLINA

JAMES P. BONNER
ADMITTED IN NORTH CAROLINA

December 12, 2017

The Honorable John Schlesinger
Miami-Dade County Courthouse

Re: U.S. Bank, National Association. as Trustee for RASC 2005AHL3 v. Hoke Williams.

Case No.: 2010-61928-CA-01
File No.: 13-F02868

The Honorable Judge Schlesinger:

Pursuant to your Honor's instructions from the Non-Jury Trial that took place on November 29, 2017, enclosed please find a copy of Plaintiff's Trial Memorandum.

Thank you for your time, consideration and cooperation in this matter.

Respectfully,

Willnae LaCroix, Esq.
FLCourtDocs@brockandscott.com
(954) 618-6955 x6151

Enclosures

CHARLOTTE, NC 704.643.6002 FAX 704.369.0760 • RALEIGH, NC 919.872.5466 FAX 919.872.5467 • WILMINGTON, NC 910.452.4520 FAX 910.452.7766
WINSTON-SALEM, NC 336.354.1200 FAX 336.354.1206 • COLUMBIA, SC 803.454.3540 FAX 803.454.3541 • FRANKLIN, TN 615.771.5143 FAX 615.771.5895

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

U.S. Bank, National Association, as Trustee for
RASC 2005AHL3,

GENERAL JURISDICTION DIVISION

Case No. 2010-61928-CA-01

Plaintiff,

vs.

Leroy Williams; The Unknown Spouse of Leroy
Williams; Littlejohn a/k/a James L. Jolin, James;
Unknown Spouse of James Littlejohn AKA James L.
Jolin; Hoke Williams; Unknown Spouse of Hoke
Williams; Mack Wells; Unknown Spouse of Mack
Wells; Curtis McNeil; The Unknown Spouse of
Curtis McNeil; Symonette Limited Partnership;
Deutsche Bank National Trust Company, as Trustee
for Franklin Credit Trust Series I; Miami-Dade
County, Florida; State of Florida, Department of
Revenue; Unifund CCR Partners, G.P.; Suntrust
Bank; City of North Miami (City);

Defendants.
_____/

## PLAINTIFF'S TRIAL MEMORANDUM

Plaintiff, U.S. Bank, National Association, as Trustee for RASC 2005AHL3, by and through the
undersigned counsel, hereby files its Trial Memorandum, pursuant to this Court's Trial Order
dated November 29, 2017 and further states as follows:

**Whether Plaintiff's Prior Foreclosure Case No. 2007-12407-CA-01 was Dismissed
with Prejudice, And Whether there contained an Order Precluding Plaintiff from re-filing
a Foreclosure Action on the subject Note and Mortgage.**

1. Plaintiff's filed this current Foreclosure action on December 06, 2010 on the subject Note
   and Mortgage.

2. On said action, all Defendants were properly served.

3. At the Trial that occurred on November 29, 2017, Defendants, brought forth an allegation
   that the Court on a prior foreclosure action, case No. 2007-12407-CA-01, entered an
   Order Dismissing the Foreclosure Action with Prejudice and precluding Plaintiff from
   filing any other action on the subject Note and Mortgage.

4. Defendants allegation is without merit. Defendants are correct, in that there was a previous foreclosure action filed on April 26, 2007, case No. 2007-12407-CA-01. However, Defendants are incorrect in their allegations that an Order was entered precluding Plaintiff from instituting further Foreclosure action on the subject Note and Mortgage.

5. In respect to Case No. 2007-12407-CA-01, on August 9, 2007, this Court entered Final Judgment in Plaintiff's favor. The sale of the property was scheduled to occur on September 14, 2007. Attached hereto as Exhibit "A" the Final Judgment.

6. The Original Note and Mortgage was filed on August 13, 2007.

7. Subsequent to the entry of the Final Judgment of Foreclosure, a Motion was filed on September 12, 2007, to Cancel the Foreclosure sale that was scheduled for September 17, 2007. An Order was entered on September 17, 2007, canceling the Foreclosure Sale. Attached hereto as Exhibit "B", Order Canceling Sale.

8. After the cancelation of the Foreclosure Sale, Defendant, Mack Wells on August 15, 2008 filed a Motion to Dismiss the action due to Lack of Prosecution. The Court Docket reflects that on September 9, 2008, a Notice was filed by Plaintiff responding to Defendant, Mack Wells Motion to Dismiss for Lack of Prosecution.

9. Nevertheless, on April 07, 2010, this Court entered an Order Dismissing Case No. 2007-12407-CA-01, With Prejudice for Lack of Prosecution. Attached hereto as Exhibit "C" Order Dismissing Case for Lack of Prosecution.

10. The Dismissal that was entered on April 07, 2010, on Case No. 2007-12407-CA-01 was only due to Lack of Prosecution.

11. On June 20, 2010, Plaintiff's counsel the time, filed a Motion to Dismiss the Case, Cancel Foreclosure Sale, Cancel Notice of Lis Pendens, And Setting Aside Final Summary Judgment. On June 25, 2010, this Court entered an Order Granting the Dismissal of the Case. The Order further states that Plaintiff's Action was dismissed Without Prejudice and that Plaintiff retain future rights to bring an action to foreclose the mortgage, which is the subject of the instant action. Attached hereto as Exhibit "D", Order of Dismissal Dated June 25, 2010.

12. On October 14, 2010, a Motion was filed to Vacate the Last Order of Dismissal, entered on June 25, 2010 and retained the initial Dismissal Order entered on April 07, 2010. On

November 4, 2010, the Clerk's docket indicates, "No Further Judicial Action", was needed, as such the Dismissal Order that was entered on June 25, 2010 that dismissed Case No. 2007-12407-CA-01 Without Prejudice and retains, Plaintiff's right to seek further foreclosure action on the same Note and Mortgage remained in effect.

13. The Dismissal with Prejudice Order that was entered on April 4, 2010 that Defendants keep referring too, was no longer in effect, once the Court entered the June 25, 2010 Dismissal Order. That Order took precedent and no other Order of Dismissal is in place for Case No. 2007-12407-CA-01.

14. Defendants, allegation that an Order was entered barring Plaintiff from filing further actions on the same Note and Mortgage because Plaintiff failed to comply with a Request by the Court for Plaintiff to file the Note and Mortgage, is incorrect. It is clear that Defendants misinterpreted what occurred in the prior matter. There exist no Dismissal Order that precludes Plaintiff from filing a new action on the subject Note and Mortgage,

15. Plaintiff properly filed this instant action, as such Defendants allegation has no merits and nothing precludes Plaintiff from proceeding with this subject Foreclosure action.

**Whether Plaintiff's Current Action is Barred by Statute of Limitation:**

Defendants allege that Plaintiff's current Foreclosure action is barred by the five (5) year statute of limitation. Defendants allegation is misinterpreting. Defendants allegation is based on a dismissal of a prior action to foreclose the subject Mortgage Loan, Case No. 2007-12407-CA-01, in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "Prior Foreclosure Action"). While, Defendants are correct that the prior action was dismissed. The prior action was dismissed without prejudice. Furthermore, the Dismissal Order entered on June 25, 2010, in Case No. 2007-12407-CA-01, not only retained Plaintiff's future rights to foreclose on the same Note and Mortgage, Plaintiff also filed this current action well within the (5) year time-frame of both the default of the loan contract which was January 1, 2007 and the

dismissal of the prior action, which was on June 25, 2010. Plaintiff's current Foreclosure action was filed on June 25, 2010.

Defendants allegations incorrectly states that Plaintiff's current foreclosure action is barred.

In *Bartram v. U.S. Bank, NA, 211* So. 3d 1009, 1019 (Fla. 2016), reh'g *denied sub nom. Bartram v. U.S. Bank Nat'l Ass 'n, 42* Fla. L. Weekly S326 (Fla. Mar. 16, 2017), the Florida Supreme Court decided the effect of attempted—but not completed—acceleration.[2] A mortgage is an installment contract, and *Bartram held* that a new cause of action accrues with each default on an installment as it comes due. *Bartram, 211* So. 3d at 1019; *see also Singleton v. Grammar Assocs., 882* So. 2d 1004, 1008 (Fla. 2004); Isaacs v. *Deutsch, 80* So. 2d 657 (Fla. 1955). Because Florida has a five-year limitation on the right to seek foreclosure, each missed payment commences a new, five-year period in which the lender may seek to foreclose based on that default.

The borrower in *Bartram argued* that because the lender attempted to accelerate the borrower's loan in the first foreclosure action, all the borrower's future installment obligations collapsed into one, presently due lump sum. Therefore, the borrower argued, the five-year statute of limitations accrued on all the payments at that time, and the lender lost its ability to foreclose after five years. The critical issue in *Bartram, thus*, was whether the attempted acceleration changed the continuing installment obligation to a one-time lump sum obligation.

The *Bartram Court* decided that the attempted—but uncompleted—acceleration in the first action does not change the installment nature of a borrower's obligation. *See, e.g., Bartram, 211* So. 3d at 1022 ("Therefore, the Bank's *attempted* prior acceleration in a foreclosure action that was involuntarily dismissed did not trigger the statute of limitations to bar future foreclosure actions based on separate defaults.") (emphasis added); *see also Singleton, 882* So. 2d at 1006 (rejecting "the view that an election to accelerate puts all future installment payments in issue....", as held by *Staler v. Cherry Hill Developers, Inc., 150* So. 2d 468 (Fla. 2d DCA 1963)); Olympia *Mortgage Corp. v. Pugh, 774* So. 2d 863, 866 (Fla. 4th DCA 2000) ("We disagree that the election to accelerate placed future installments at issue."). Accordingly, it is settled law that borrowers continue to owe monthly payments even after an attempted but incomplete acceleration, and that each monthly default gives rise to a new accrual date for the five-year statute of limitations for foreclosure.

Accordingly, the statute of limitations does not bar this action or any amounts sought in this action, all of which became due within five years of the filing of the Complaint. Thus, Defendants allegation fails and Plaintiff is entitled to proceed with the subject action.

## Whether Plaintiff Had Standing:

Defendants at Trial argued that Plaintiff lacked Standing to pursue this action, due to an Assignment of Mortgage. If this Court recalls, Plaintiff presented evidence, such as the Original Note containing a specific endorsement to Plaintiff, Plaintiff's MLS report, The Pooling and Servicing's agreement, as well as testimony by Plaintiff's witness that Plaintiff was in possession of the specifically endorsed Original Note, prior to the filing of the subject foreclosure action. The evidence and testimony presented were admitted without objection. Plaintiff at Trial, ask the Court to take Judicial Notice of the Recorded Assignment of Mortgage, but those documents were not Plaintiff's reliance to establish standing.

"In its broadest sense, standing is no more than having, or representing one who has, 'a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" *Kumar Corp. Nopal Lines, Ltd.* 462 So.2d 1178, 1182 (Fla. 3rd DCA 1985) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 731 (1972)). In a mortgage foreclosure context, "standing is broader than just actual ownership of the beneficial interest in the note." *Mortgage Electronic Registration Systems, Inc. v. Azize*, 965 So.2d 151, 153 (Fla. 2nd DCA 2007).

Florida courts and statutes have long provided for the holder of the note as having standing to seek enforcement of the note. (See generally: *Mortgage Electronic Registration Systems, Inc. v. Azize*, 965 So.2d 151 (Fla. 2nd DCA 2007); *Riggs v. Aurora Loan Services, LLC*, 36 So.3d 932 (Fla. 4th DCA 2010); Section 673.2011, 673.2051(2), 673.3011 and 671.201(21)(a), Fla.Stat.)

The Florida Supreme Court has long recognized that:

"An action on a bill or note payable to bearer, or endorsed in blank, may be maintained in the name of the nominal holder who is not the owner by the owner's consent; and *that possession by such nominal holder is prima facie sufficient evidence of his right to sue, and cannot be rebutted by proof that he has no beneficial interest, or by anything else but proof of mala fides.*" (emphasis added) McCallum v. Driggs, 35 Fla. 277, 17 So. 407 (Fla. 1895)

Courts have recently and consistently held: "[t]he party that holds the note and mortgage in question has standing to bring and maintain a foreclosure action." *Deutsche Bank Nat'l Trust Co. v. Lippi*, 78 So.3d 81, 84 (Fla. 5th DCA 2012); The Florida Supreme Court has long recognized that:

an action on a bill or note payable to bearer, or endorsed in blank, may be maintained in the name of the nominal holder who is not the owner by the owner's consent; and that possession by such nominal holder is *prima facie* sufficient evidence of his right to sue, and cannot be rebutted by proof that he has no beneficial interest, or by anything else but proof of *mala fides*.

*City of Lakeland v. Select Tenures, Inc.,* 176 So. 274, 276-77 (Fla. 1937).

Plaintiff is a holder of the note by virtue of possession. Fla. Stat. § 671.201(21)(a) defines 'holder' as 'The person in possession of a negotiable instrument that is *payable* either *to bearer* or to an identified person that is the person in possession.' Fla. Stat. § 671.201(21)(a) (emphasis added). As a holder of the note, Plaintiff is entitled to enforce it. Fla. Stat. § 673.3011 defines a 'person entitled to enforce' an instrument as '(1) The holder of the instrument.

Since Plaintiff is in possession of the note, it is a holder and is entitled to enforce the note under the Uniform Commercial Code and *City of Lakeland*, above, 176 So. at 276-77.

Finally, it is indisputable in Florida that 'the mortgage follows the note'. *First National Bank of Quincy v. Guyton*, 72 So. 460 (Fla. 1916); *Johns v. Gillian*, 184 So. 140 (Fla. 1938).

An assignment of mortgage is not required pursuant to the Florida Supreme Court ruling in the controlling authority on this issue in the case of *J.J. Johns v. Sam Gillian*, 134 Fla. 575 (Fla. 1938), "[even] if the note ... secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it.... "See also, *WM Specialty Mortgage, LLC v. Salomon*, 874 So. 2d 680 (Fla. 4th DCA 2004) (upholding a retrospective Assignment of Mortgage which recited that the assignment took place previous to the Assignment document being signed and notarized). Consequently, Defendants allegation as to standing should be stricken and Defendants request for a Directed Verdict should be appropriately denied.

Lastly, Plaintiff introduced into evidence, which was admitted without objection, the Payment History associated with the subject loan. A payment history showing payments received or non-received, is sufficient, to establish that the Plaintiff has the right to enforce the Note and Mortgage. *Peuguero v. Bank of America*, 169 So. 3d 1198 (4th DCA 2015) (The loan payment history admitted into evidence, reflects taxes and other fees associated with the mortgage property in the time prior to the filing of the original complaint is a "...noteworthy factor in

determining standing, as financial institutions are not known to incur expenses on behalf of properties for which they do not hold an interest.")

Further, reasonings, Defendants, request for directed verdict should be denied and Plaintiff's request for entry of Final Judgment in Plaintiff's favor should be granted.

## CONCLUSION:

Plaintiff is entitled to entry of final judgment of foreclosure because it has demonstrated that there was no prior dismissal that barred Plaintiff from filing and proceeding with the subject foreclosure action. Further, Plaintiff has demonstrated its standing as the Holder of the Note, and even as a Non-Holder with the rights to enforce the Note. Plaintiff's position is supported by the evidence that was admitted into evidence at Trial, including the Original Note, Original Mortgage, MLS, Pooling and Servicing, Breach Letter, Payment History, and Judgment Figures, and the corroborated competent testimony of the witness given at trial.

I HEREBY CERTIFY that a true and correct copy hereof was served electronically or via U.S. Mail on ___December 13___, 2017, to all persons shown on the following service list.

Respectfully submitted,

BROCK & SCOTT, PLLC
Attorney for Plaintiff
1501 N.W. 49th Street, Suite 200
Ft. Lauderdale, FL 33309
Phone: (954) 618-6955, ext. 6151
Fax: (954) 618-6954
FLCourtDocs@brockandscott.com



By _____
    Willnae LaCroix, Esq.
    Florida Bar No. 54872

## SERVICE LIST

The following persons were served by e-mail:

Miami-Dade County, Florida
c/o Altanese Phenelus, Esq.
111 NW 1st Street
Miami, FL 33128
yvaldes@miamidade.gov

City of North Miami (City)
Jennifer L. Warren
776 N.E 125th Street
North Miami, FL 33161
cityattorney@northmiamifl.gov

The following persons were served by U.S. mail:

Hoke Williams
L/K/A 15020 South River Drive
Miami, FL 33167

Unifund CCR Partners, G.P.
c/o CT Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Deutsche Bank National Trust Company, as Trustee for Franklin Credit Trust Series I
c/o Legal Department
1761 E. St. Andrew Place
Santa Ana, CA 92705

Unknown Spouse of Hoke Williams
15020 South River Drive
Miami, FL 33167

Unknown Spouse of James Littlejohn AKA James L. Jolin
8152 NW 15th Manor, Apt FC2R
Plantation, FL 33322

Littlejohn a/k/a James L. Jolin, James
L/K/A 15020 South River Drive
Miami, FL 33167



Suntrust Bank
c/o Alisha Smith, R.A.
40 Technology Parkway South, Suite 300
Norcross, GA 30092

State of Florida, Department of Revenue
C/o Executive Director, a registered agent or any other person authorized to accept service of
proccess
2450 Shumard Oak Boulevard
Tallahassee, FL 32399

Leroy Williams
8152 NW 15th Manor, Apt. FC2R
Plantation, FL 33322

Unknown Spouse of Mack Wells
15020 South River Drive
Miami, FL 33167

The Unknown Spouse of Leroy Williams
L/K/A 15020 South River Drive
Miami, FL 33167

The Unknown Spouse of Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Mack Wells
L/K/A 15020 South River Drive
Miami, FL 33167

Curtis McNeil
L/K/A 15020 South River Drive
Miami, FL 33167

Symonette Limited Partnership
L/K/A 15020 South River Drive
Miami, FL 33167



EXHIBIT E



DOCKET #1

**Miami-Dade County Clerk - Civil / Probate Justice System - Docket Information**

🛒 0 Item(s) In Basket        Home    Online Services    About us    Contact us

# HARVEY RUVIN
## CLERK of the COURTS
### MIAMI-DADE COUNTY, FLORIDA

## Civil / Probate Justice System - Docket Information

BACK TO SEARCH RESULTS          ALL PARTIES          START A NEW SEARCH

**US BANK (NA) vs WILLIAMS, LEROY**

Click on BOOK/PAGE of a particular docket to see the image if it is available

Case Number (LOCAL): 2007-12407-CA-01        Dockets Retrieved: 48        Filing Date: 04/26/2007
Case Number (STATE): 13-2007-CA-012407-0000-01                              Judicial Section: 32

| Date | Book/Page | Docket Entry | Comments |
|------|-----------|--------------|----------|
| 04/07/2011 | | LETTER OF CORRESPONDENCE | FROM MACK L WELLS |
| 11/04/2010 | | NO FURTHER JUDICIAL ACTION | ORDER FILED IN CASE # 00-8186 CA01 AND IN SHARE DRIVE |
| 10/14/2010 | | MOTION: | TO VACATE LAST ORDER & RETAIN ORIG. ORDER |
| 09/28/2010 | | MOTION TO VACATE DISMISSAL | |
| 08/06/2010 | | TEXT | RETD ORIGINAL NOTE AND MORTGAGE. |
| 06/25/2010 | 27343 / 949 Pages 3 | COURT ORDER | BK:27343 PG:0949 VACATING, DISMISSING,CXL SALE,RELEASE LIS PENDENS, ETC.. |
| 06/20/2010 | | MOTION: | ATY:00071675 R: 5058 TO DISMISS CASE,CANCEL FORECLOSURE SALE,ETC. |
| 05/18/2010 | | FINAL DISPOSITION DOCUMENT | |
| 04/07/2010 | 27244 / 4193 Pages 1 | COURT ORDER | BK:27244 PG:4193 OF DISMISSAL |
| 04/07/2009 | Judge Zabel Dismissal with Prejudice | TEXT | DISMISS FOR LACK OF PROSECUTION WITH PREJUDICE |
| 09/09/2008 | | OBJECTION: | TO WRITTEN DISCOVERY,MTN TO STRIKE OR,..ETC |
| 09/09/2008 | | NOTICE: | THAT PLTFF HAS RESPONDED TO DEFENDANT,..ETC |
| 08/15/2008 | | LETTER OF CORRESPONDENCE | FROM MACK WELLS TO DISMISS FR LACK OF PROSECUTION |
| 08/15/2008 | | LETTER OF CORRESPONDENCE | FROM MACK WELLS TO DISMISS FOR LACK OF PROSECUTION |
| 09/17/2007 | 25944 / 542 Pages 2 | COURT ORDER | BK:25944 PG:0542 CANCELING FORECLOSURE SALE |
| 09/14/2007 | | PROOF OF PUBLICATION | PUB DATE : |
| 09/14/2007 | | PROOF OF PUBLICATION | PUB DATE :08/31/200 |
| 09/12/2007 | | MOTION: | TO CANCEL FORECLOSURE SALE |
| 09/10/2007 | | MOTION: | ATY:88888888 R: 145184 SET ASIDE FJUD AND RECONSIDER STAY |

Exh.6 — Exh. C2

3/7/2014

Miami-Dade County Clerk - Civil / Probate Justice System - Docket Information

| Date | Book/Page | Type | Description |
|---|---|---|---|
| 09/10/2007 | | TEXT | $50 FEE PD/RCPT 45184 |
| 08/30/2007 | | NOTICE OF SALE | |
| 08/24/2007 | | TEXT | WRITTEN REQUEST, DISPUT VALIDITY OF ALLEGED LOAN |
| 08/14/2007 | | CERTIFICATE OF MAILING FINAL JUDGMENT | |
| 08/13/2007 | | NOTICE OF FILING | ORIGINAL MORTGAGE AND ORIGINAL NOTE |
| 08/13/2007 | | NOTICE OF FILING | AFFIDAVIT OF AMOUNTS DUE AND OWING |
| 08/13/2007 | | TEXT | FINAL DISPOSITION FORM |
| 08/13/2007 | | TEXT | SALE DATE 09-14-2007 |
| 08/09/2007 | 25872 / 4163 Pages 8 | FINAL JUDGMENT | J $ 491500.11 BK:25872 PG:4163 DN01 DN02 DN03 DN04 |
| 07/26/2007 | | DEFAULT | DN03 |
| 07/26/2007 | | NOTICE OF DEFAULT NOT ENTERED | DN01 DN02 E |
| 07/19/2007 | | NOTICE OF HEARING | MOTIONS 08/09/2007 10:00 AM |
| 07/19/2007 | | MOTION FOR DEFAULT | |
| 07/19/2007 | | MOTION FOR SUMMARY JUDGMENT | |
| 07/19/2007 | | NON-MILITARY AFFIDAVIT | |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1552 P 05/23/2007 DN02 |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1552 P 05/12/2007 DN01 |
| 06/12/2007 | | TEXT | SUMMONS RTD NON-SERVED UNK SPOUSE OF WILLIAMS |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 118 P 05/02/2007 DN03 |
| 06/12/2007 | | TEXT | SERVICE RTD SERVED TENANT |
| 06/12/2007 | | TEXT | SERVICE RTD SERVED TENANT |
| 06/12/2007 | | SERVICE RETURNED | BADGE # 1300 P 05/01/2007 DN04 |
| 06/06/2007 | | TEXT | OPPOS.TO PLNFS MORT.FORECLOSURE COMPLT ETC. |
| 06/06/2007 | | TEXT | WRITTEN REQU.FORMAL PROTEST.&DISPUTE ETC. |
| 05/23/2007 | | ANSWER | ATTORNEY:00314021 DN04 |
| 04/30/2007 | 25576 / 1873 Pages 1 | LIS PENDENS | BK:25576 PG:1873 |
| 04/26/2007 | | COMPLAINT | |
| 04/26/2007 | | CIVIL COVER | |
| 04/26/2007 | | SUMMONS ISSUED | DN01 DN02 DN03 DN04 |

BACK TO SEARCH RESULTS                    ALL PARTIES                    START A NEW SEARCH



S0142977

Case 1:23-cv-22848-JEM Document 1-2 Entered on FLSD Docket 07/31/2023 Page 52 of 300

Exh. G.

CFN 2012R0182835
OR Bk 28033 Ps 1695! (1ps)
RECORDED 03/13/2012 16:05:04
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

## CORRECTIVE ASSIGNMENT OF MORTGAGE

SPACE FOR RECORDING ONLY F.S. 695.26

MERS phone number: 1-888-679-6377
MIN: 100176105062733202

FOR VALUE RECEIVED, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AXIOM FINANCIAL SERVICES, ("Assignor") whose address is P.O. Box 2026, Flint, MI 48501; assigned, transferred and conveyed to; U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005AHL3, ("Assignee") whose address is 1100 Virginia Drive, Fort Washington, PA 19034, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated June 30, 2005, and recorded July 29, 2005, in Official Records Book 23623, at Page 3231, of the public records of MIAMI-DADE County, Florida, encumbering the following-described real property:

LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

as the same may have been amended from time to time.

The purpose of this Corrective Assignment of Mortgage is to correct the Assignment of Mortgage recorded on 11/20/2008 at 09:41:11 in 2008R0951616, of the official records of Miami-Dade County, Florida, by Harvey Ruvin, Clerk of Court.

* Changed to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AXIOM FINANCIAL SERVICES is MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR HOMECOMINGS FINANCIAL LLC is not a valid entity

MORTGAGOR(S): LEROY WILLIAMS

IN WITNESS WHEREOF, Assignor has executed and delivered this instrument on _____, 2012.

By: _____
Print Name: Jacqueline Keeley
Title: Vice President

STATE OF Pennsylvania
COUNTY OF Montgomery

The foregoing instrument was acknowledged before me this 14 day of Feb 2012 by Jacqueline Keeley, for and on behalf of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS NOMINEE FOR AXIOM FINANCIAL SERVICES who is personally known to me.

Notary Public:
My commission expires: 1/28/2015

Recording requested by, prepared under the supervision of and return to:
Ken Porter
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
F10051160-GMAC MORTGAGE, LLC.

[INSERTDOC "M900105.rtf" KEEP_FONT]

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINE MORALES, Notary Public
Abington Twp., Montgomery County
My Commission Expires January 28, 2015

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original filed in this office 11/30 AD 20 21
HARVEY RUVIN, Clerk of Circuit and County Courts
Deputy Clerk _____

FLORENCE PIERRE-SIMEON #217855

F10051160

Book28033/Page1695    CFN#20120182835    Page 1 of 1



CFN 2008R0941616
OR Bk 26657 Ps 3526; (1ps)
RECORDED 11/20/2008 09:41:11
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

## ASSIGNMENT OF MORTGAGE

SPACE FOR RECORDING ONLY F.S.489.324

FOR VALUE RECEIVED, on or before April 19, 2007, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC, ("Assignor") whose address is _____ assigned, transferred and conveyed to: U.S. BANK N.A., ("Assignee") whose address is 1100 Virginia Drive, , Fort Washington, PA 19034, its successors and/or assigns, all of the right, title, and interest of Assignor in and to that certain Mortgage (the "Mortgage") dated June 30, 2005 and recorded July 29, 2005 in Official Records Book 23626 at Page 3231 of the public records of MIAMI-DADE County, Florida, encumbering the following-described real property:

LOT 105, BISCAYNE GARDENS SECTION F PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

as the same may have been amended from time to time; together with the Note and indebtedness secured thereby.

MORTGAGOR(S): LEROY WILLIAMS

IN WITNESS WHEREOF, Assignor has executed and delivered this instrument on October 24, 2008.

Witness
Typed Name   Peggy Hong

Witness
Typed Name   Laurie Kilroy

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC

By: _____
Typed Name:   SHIRLEY EADS
Title:   VICE PRESIDENT

Attest:
Typed Name:   Jeffrey Stephan
Title:   Assistant Secretary

(Affix Corporate Seal)

STATE OF   Pennsylvania
COUNTY OF   Montgomery

BEFORE ME, the undersigned, personally appeared   SHIRLEY EADS and   Jeffrey Stephan   as   Vice President   and   Assistant Secretary respectively, and known to me to be the persons that executed the foregoing instrument, and acknowledged that they executed the foregoing as its duly authorized officers and that such execution was done as the free act and deed of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC this   21st day of   October   , 2008.

Notary Public:
My commission expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Susan Turner, Notary Public
Horsham Twp., Montgomery County
My Commission Expires Nov. 9, 2011
Member, Pennsylvania Association of Notaries

Recording requested by, prepared by and return to:
Ralph McGrady
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida 33622-5018
F07012148-GMAC MORTGAGE, LLC- 7449183937



FILE_NUMBER: F07012148

DOC_ID: M001100

## *F07012148*

## *M001100*

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office November 19   AD 20   21
HARVEY RUVIN, CLERK of Circuit and County Courts.

Deputy Clerk   /s/ Wilfred Clark e323263
28469871



Case 1:23-cv-22640-JEM Document 1-2 Entered on FLSD Docket 07/31/2023 Page 81 of 114

# FORM 6 FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTERESTS 2008

**FOR OFFICE USE ONLY:**

**COMMISSION ON ETHICS DATE RECEIVED**

JUN 2 6 2009

AUTO 3-DIGIT 331 T2 P3
Hon Valerie R. Manno Schurr
Circuit Judge
Judicial Circuit (11Th)
Elected Constitutional Officer
Dade County Courthouse Rm 1105
73 W Flagler St
Miami, FL 33130-1731

ID Code

**PROCESSED**

ID No 210380

Conf. Code

P. Req. Code

Manno Schurr , Valerie R.

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

## PART A — NET WORTH

Please enter the value of your net worth as of December 31, 2008, or a more current date. [Note: Net worth is not calculated by subtracting your reported liabilities from your reported assets, so please see the instructions on page 3.]

My net worth as of December 31, 2008 was $ 2,860,357.00

## PART B — ASSETS

**HOUSEHOLD GOODS AND PERSONAL EFFECTS:**

Household goods and personal effects may be reported in a lump sum if their aggregate value exceeds $1,000. This category includes any of the following, if not held for investment purposes: jewelry; collections of stamps, guns, and numismatic items; art objects; household equipment and furnishings; clothing; other household items; and vehicles for personal use.

The aggregate value of my household goods and personal effects (described above) is $ 150,000.00

**ASSETS INDIVIDUALLY VALUED AT OVER $1,000:**

| DESCRIPTION OF ASSET (specific description is required - see instructions p.4) | VALUE OF ASSET |
|---|---|
| Home located in Miami-Dade (Former Residence) | 700,000.00 |
| Home located in Miami-Dade (Residence) | 2,400,000.00 |
| Vail Colorado Condominium / Eagle County Colorado | $ 300,000.00 |
| Bank Accounts, Stocks Bonds / Pension Accounts | $ 600,000.00 |
| Mercedes Benz 390 mL | $ 25,000.00 |

## PART C — LIABILITIES

**LIABILITIES IN EXCESS OF $1,000:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| GMAC Mortgage (Former Residence) P.O. Box 900 719, Louisville, Ky. | 91,438.00 |
| GMAC Mortgage (Residence) (1st & 2nd Mortgages) P.O. Box 4622, Waterloo, SA | 995,000.00 |
| Wells Fargo Home Mortgage (Vail Property) PO Box 650769, Dallas, Tx | 120,000.00 |
| Huntington National Bank (Mercedes) P.O. Box 182579, Columbus, Ohio 43218-2579 | 9,205.00 |

**JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE:**

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| None | |

CE FORM 6 - EFF. 1/2009 (Continued on reverse side) PAGE 1