*24 hour Notice*

# UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _MM_ D.C.

JUN 28 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

*TODAY They Evict us AT 7:pm Sir while we ARE in the NOTICE OF Removal STAY CAll mack Wells 786859-9421*

Mack Wells & Maurice Symonette,
Plaintiff/Counter-Defendant

V.

Case No.; 23-cv-22640-JEM

U.S. BANK NATIONAL ASSOCIATION,
Defendant/Counter-Plaintiff,

*Please Help!! says Julio Martinez Cripple Elders Live ther & vets.*

## MOTION FOR EMERGENCY HEARING TO STOP 24HR EVICTION NOTICE WHILE WHERE IN THE STAY

We filed a Federal Notice of Removal July 14th 2023 in Ft. Lauderdale under case# 23-cv-61345 Filed and labeled Maurice Symonette and Mack Wells Notice of Removal Exh.1A and 1B with the receipt saying that this Case is in the Wrong Venue in Ft. Lauderdale and will be sent to Dade County with the new Case# 23-cv-22640-JEM 28 U.S. Code SS 1446 and 1441 says only Defendants can Remove a State Court Case to Federal Court so when we filed in the wrong venue by mistake and they sent our case to Dade county where the Case Originated which was the right Division under Case# 23-cv-22640-JEM wherein Judge Martinez asked us to prove why we had Jurisdiction, filed on the Docket August 3rd, 2023. August 7th, 2023 we filed our Jurisdictional Memorandum, on 11/08/23 Defendant U.S. Bank began to respond to our Notice of Removal and Complaint and until this day we have been in Federal Removal and they have not answered but during the interim Judge Carlos Lopez tried to sell the house while we had a Notice of Removal and then he stopped the Sale of the House after we Pointed out to him the Notice of Removal and then we noticed that US BANK was continuing the Foreclosure because they snuck a Fake Forged Remand Order by us that had the a signature that's obviously not Judge Jose E. Martinez's

signature see Exh. 5. As compared to his signature on our new Case# 23-cv-22640-JEM wherein Judge

Martinez asked us to prove Federal Jurisdiction so therefore we demand to see the Original filings with

the Original Signatures on Case#23-cv-22640 and Case#23-cv-22848, because we believe that some

other filings are Forged and not Original. see Judge Martineze's signature, Exh. 6. And three other cases

of Judge Martinez's signature. Martin V. Ogwyn, Exh. 7., Smith Jr. v City of Miami, Exh. 8-1 and 8-2 and

the United States of America V. Davis, Exh. 9-1. All of these Signatures are the same showing the

incursive J going slightly towards the left with a half a circle J with an Apostrophe at the top at the end of

Jose' the middle initial E is leaning towards the right with the end of the E at the bottom going up with a

period the line on the M slants towards the right and then back towards the left with a hook at the end

with the A, R, T and with a incursive Z, the J is a circular pyramid very wide pointing towards the left, the

middle initial E doesn't look at all like the Middle initial E on the other true signatures, Exh .6. and it has

no period and the (mart) has the A with no R like the original, Exh. 6. with the rest of the alphabets

leaning towards the right. And the alphabet T does not have a straight line slanted down like the rest of

the Ts on his correct signatures, the fake T has a hook on the left the original does not have the hook

and does not have the incursive E or the long Z at the end of his name so therefore this is not Judge

Martinez's signature and a fake Order. like Judge Valerie Manno Schurr said in her hearing with us that

she did not sign that  Order and whispered to the Attorneys asking in a whisper "Why did you sign those

Orders for, me I did not tell you to sign that Order" and I asked her what did you say and she said "hello"

"OH, nothing" she said *HELLO* because she didn't realize that we could hear her mistakenly unmuted MIC,

see: Gods2.com video #1.  This shows their Collusion. Then I told her about the ORDER she so called

signed and she said I did not sign those that was (Judge) Veronica Diaz, Gods2.com, and then I showed

her the Orders with her Forged signature, Exh. 10 and 11. and she was shocked and I showed her her

own FORM 6 Affidavit for the State of Florida that showed that she had a terrible Conflict of interest

because of the fact that she made 995,000 + 440,000 and over time she made 11, Million from GMAC,

Exh. 12. the Servicer for U.S. Bank, Exh. 13. and the next day she Recused herself, Exh. 15. and **REVERTED** the Case back to being Dismissed with Prejudice, Exh. 17. And according to Florida Rule 2.160 (H-J) the original Order of our true Judge Sarah Zabel, Exh. 17. and three Affidavits of witnesses that saw Judge Zabel sign the Dismissal with Prejudice dated 04/06/09, Exh. 14. 1-2-3 put on the Docket 04/07/09, Exh. 18. and she signed our copy as a receipt for us, Exh.17. And so we know that the US BANK Lawyers Forged Judge Valerie Manno Schurr's Order, Exh. 20. And I know that Judge Jose E. Martinez signature be on that Remand Order dated 08/23/2023 when he knew I filed a corrected Amended Notice of Removal and Complaint under the Case# 23-cv-22640-JEM dated 07/14/23 that came from the confusion of us filing the Notice of Removal in the wrong Division Ft. Lauderdale that they transferred to Dade Cunty Federal Division the same Day wherein Judge Martinez asked us to show why the Federal Courts had Jurisdiction to Remove this Case to Federal Court as seen in case# 23-cv-22640-JEM Dated 08/03/23  we showed our Jurisdiction 08/07/23 and we filed our Amended Complaint listed 08/01/23 which also had the Amended Notice of Removal written June 29th, as seen bove the signatures of the Document attached to the Amended Complaint Exh 18. 1 and 2. but Fraudulently did not show on the Federal Docket Dated, 08/02/23, because of the Powerful Federal Jurisdictions in it, but said and mentioned because we did File it, 08/07/23 Docket, taken out of the Docket and used by U.S. BANK LAWYERS FRAUDULENTLY to do a FED. NOTICE OF REMOVAL Filed by U.S. BANK N.A. in Violation of 28 USC 1446 (b)(1) which only allows Defendants to File. Which U.S. BANK as the Plaintiff cannot do a Notice of Removal because they choose the County Venue and they used SYMONETTE and WELL's signature to File for U.S. BANK N.A. as seen on the 23-CV-22848-JEM FAKE CASE number one on that Docket. The Law says a person can't sign for a Corporation, Walacoerage v. Excell. but U.S. BANK LAWYERS USD our signatures to file for U.S. BANK N.A. Evan though SYMONETTE nor WELL's filed or opened that 23-CV-22848-JEM Fraudulent Case 07/31/23 U.S. BANK did this by taking the Document filing dated July 31st of the NOTICE of Filing  our Notice of Removal, Exh. 20. They took this and started a

whole new Case without our Permission. And that's why we had to file our notice of compliance for the Notice of Removal and Complaint 10/12/23, and then we had to file our Notice of Removal in County Court Case# 1010-61928-CAO1, 10/13/23, 10/14/23 and 10/15/23 and the Clerks tried to keep our filings off the Docket even though we E Filed the Notice of Removal but it would not show on the **DADE DOCKET** several times, Exh. 19. and we gave it to the Clerk at the Clerk's Counter on Camera and gave it to Judge Carlos Lopez direct as admitted by the HEAD CLERK after we showed her the video proof then they put the Notice of Removal Filings on the DADE DOCKT Case # 2010-61928-CAO1 Dated and seen on Docket Oct. 13th ,14th, and 15th, before the Oct. 16th Sales Date but they allowed the Sale to go anyway in Violation Federal Stay Law 28 U.S. CODE SS 1446 (d) on video gods2.com 1G-18. and 19. in the County Case# 1010-61928-CAO1 and they did the Sale anyway in Violation of 28 US CODE SS 1446(d). US BANK knew were in the NOTICE OF REMOVAL Court because US BANK did a Notice of Appearance to our Notice of Removal as seen on the Federal Docket Case #23-CV-22640-JEM Dated 08/07/2023, 10/12/2023 and 11/08/2023 that's LINES 8, 9 and 10. And as seen in the County Case# 1010-61928-CAO1 and as seen on Docket Oct. 13th ,14th, and 15th, before the Oct. 16th Sales Date. We objected to the Sale and Judge Carlos Lopez immediately stopped being the Judge and Judge Spencer Eig became the Judge and we pointed out to him that this case has already been Removed to Federal Court and its still in Federal Court and Judge Eig Went against 28 U.S. Code SS 1446 (d) and went against the 3rd DCA Appellate Court Garcia V. Deutsche Bank Nat'l Trust Co., of the which says once a Notice of Removal is Filed all State actions stops which is totally binding on Judge Spencer Eig of the 11th Judicial Circuit Court from the Federal Courts and the 3rd DCA Appellate Court

# NOW TO SHOW THE FORGERY AND FRAUD TO ILLEGALLY STEAL VETERANS AND CRIPPLE BLACK PEOPLE'S PROPERTY

We filed a Notice of Removal July 17th in Ft. Lauderdale Case# 23-cv-61345 Exh. 1. With the receipt on the comments line with the Case# 23-cv-61345 Wells Et Al V. U.S Bank National Association Et al wherein we paid the $402 cash as required and **very important to notice** that the Case# on the receipt on Case# 23-cv-61345 has the Case# of the transferred Case# 23-cv-22640 because the case was transferred to the Miami Division but the point is the Document# is written at the very top of all the of all the Documents on a Federal Docket but this receipt on all Federal Dockets! Exh. 4 but for this strange Case that now mysteriously shows up Docket text filed 07/14/23 it says Clerks Notice to filer reference Case administratively closed. Wrong venue selected by filing Case has been renumbered to the new Case# 23-cv-22640 no further entries will be made on this case entered 07/14/23 Exh. 3. A, B, and C. but it was the wrong Division and was transferred the same day to the Correct Division in Dade-County Federal Court with the case# 23-cv-61345

I want you to take notice that the remand for July 31st has a forged signature from the wrong case# that never existed because they immediately put it in the Miami-Dade Federal Court which was the correct division and not only was the signature on the remand forged but the signature for the clerk on the certified stamp was forged too. The whole case for Case# 23-CV-22848 is totally Fraudulent, the Case# that was actually filed and paid for by us was Case# 23-CV-61345 and that Case was immediately moved to Miami under Case #23-CV-22640 the other Case# 23-cv-22848 that was Supposedly Remanded has file date of July 31st but only case we filed was on July 14. Also the Order of Remand that was put on that case didn't make any Sense it said that US Bank filed a Notice of Removal that was found in the State Court on July 31st did not have my signature on it and it had the wrong Case#23-cv-22848 on it my Case# is 23-cv-22640 and the Case#23-cv-22848 on that one is from U.S. Bank filing a fake receipt when I filed it it had the correct case# on it but the Clerk and the Lawyers changed it just like they did Valerie Manno Schurr. It has the same Fonts for Aug 11 2008 labels For Sara Zabel's

Dismissal with Prejudice. And Valerie Manno Schurr said she did not sign it and according to Fl. Stat.695.26(a)

It says a printed name must be under the Signature according to Fannie Mae rule B8-3-04 and their literally using our same fonts so that the Notice of Removal is literally not the one that we filed in Federal Court ours ended in 640 theirs ended in 848 and then they Remanded it by signing the Signature.

So that they Could continue the fake Foreclosure that they were doing unbeknownst to us because we were working on the Federal Case#23-cv-22640 but when we caught on was when we found out they still had a Sale for the house so we had to go get our notice of removal papers.

 

      (5)   . This State Court is precluded by federal law, based on the application of the automatic stay Federal code 28 U.S. SS 1446 (D), from allowing the sale to proceed forward in this instance. This Court has no discretion in this matter when it comes to the removal statute and its effect on the jurisdiction of this Court.

  The Third District, whose decisions are utterly binding on this Court stated, in *Garcia v. Deutsche Bank Nat'l Trust Co.*, 259 So. 3d 201, 202 (Fla. 3DCA 2018), that "State court jurisdiction ceases upon removal of a case to federal court and ***any pre-remand proceedings occurring in the state court after the case has been removed are void***"

(citing *Musa v. Wells Fargo Del. Tr. Co.*, 181 So. 3d 1275, 1277 (Fla. 1st DCA 2015)) [emphasis added]. But it does not end there. Even more telling as to the effect of a

on a court's jurisdiction is what the Third District stated following that which was

"[i]n a detailed review of the law in this area, the First District concluded that even an

***improper removal to federal court, or a removal for improper motives, will not***

***preserve state court jurisdiction.***" *Id.* at 1280-84; see also *Cole v. Wells Fargo Bank Nat'l Ass'n*, 201 So. 3d 749, 750 (Fla. 5th DCA 2016).

Even the Federal Eleventh Circuit Court of Appeals took this position in the seminal case *Maseda v. Honda Motor Co.*, 861 F. 2d 1248 (11th Cir. 1988)("Since *Steamship Co. v. Tugman*, 106 U.S. 118, 1S. Ct. 58, 27 L. Ed. 87 (1882) was decided, the removal statute 28 U.S.C. § 1446 was amended. Under the amendment, the filing of a removal petition terminates the state court's jurisdiction until the case is remanded, ***even in a case improperly removed***" (citing *Lowe v. Jacobs*, 243 F.2d 432, 433 (5th Cir.))[emphasis added].

More damaging to this matter is the fact that this Court has proceeding in this matter while this Court lacked subject matter jurisdiction upon the filing of the Notice on Oct. 13, 2023. There is even an argument that the Court did not have jurisdiction under the second filed removal under case 23-CV-22640-JEM since the filing of that case. A careful examination of that case's docket in the federal court clearly shows that the matter has not been dismissed or otherwise remanded. The docket clearly reflects that entry #4 shows the notice of removal filed in this Court is the same one filed in that court's records. The notice of removal, which should have been filed in this action, was mistakenly filed in that court instead. Under the removal statute, the removal is not effective until filed in the state court action. Granted, the notice was not filed here when the action was filed in federal court. But the federal law is clear, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the

notice with the clerk of such State court, *which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.*" 28 U.S.C. §1446(d). In this case, the filing of the notice of removal on Oct. 13, 2023 instituted the automatic stay, based on removal, under case number 23-CV-22640-JEM in federal court.

Dear Magistrate Eduardo Sanchez I'm writing this letter to you to let you know of my serious concerns as to how personal the taking my Case of Notice of Removal in Federal Case 23-cv-22640-JEM because you know the Federal Code 28 U.S.C SS 1446(d) says that once a Notice of Removal is Filed the State Court must Suspend all actions until the case is Remanded yet they Violate that Federal Code tried to keep it off the Record so that they can Foreclose and even after admitting it onto the Record they did not suspend all actions as required by Federal Code  and continue with the Foreclosure anyway and when I do a Motion to the Good Judge Jose E. Martinez to void the Sale you as the Magistrate of which I Objected to having as is my right to Consent or not to Consent to a Magistrate in my Case of which I did not Consent in Federal Rule 636 and you also have a horrific Conflict of Interest according to your Financial and were punished Conflict of Interest which shows you made $250,000 from U.S. Bank plus $15,000 from 6 other Affiliates from U.S. Bank which is a Conflict of Interest of which 131 judges were caught with conflicts of interest google NY times and several Attorney's and Clerks were caught the Law says a Judge has 30 days to answer a Recusal or he is automatically Recused and his Orders are Reverted back to the Original So Magistrate Sanchez you have already been operating without my Consent which they are trying to use against me in county court in violation of Federal rule 636 . we also have a

problem of Judge Jose Martinez's signature being Forged and we have the problem of a Notice of Removal that we did not file being Remanded and you have already stated that you don't believe that we could win this case on the merits and have suggested that we should not be afforded the protections of the Federal Stay and required by 28 U.S.C SS 1446(d) and your allowing U.S. Bank to take away the Jurisdiction of the Federal Court of my Notice of Removal with a Case like ours that's full of Federal Jurisdiction and open Fraud with absolute proof that we were making the payments, Case was dismissed with Prejudice by Judge Sara Zabel everything after that was without Jurisdiction and Fraud suddenly a new judge a year later dismissed the Case without Prejudice so that Judge John Schlesinger could start a new case in 2010 also without Jurisdiction because they had no allonge because it was not signed by a president, Viced President, or Executive Officer according to Fl. Stat 692.101 and 692.01 (3)(4) and the wrong Bank assigning the Note and all 8 of the Judges that were on this Case had a horrific Conflict of Interest and 4 of them Recused themselves forcing me to file a Notice of Removal to reveal their Fraudulent Scheme to take our house because the developers wanted it because its on an Acre and a half and on the water and so you are allowing them to break every rule and law to steal our home and one of the reasons is because you have a horrific Conflict of Interest with U.S. Bank when you made $250,0000 from U.S. Bank, GMAC and its Affiliates. These Lawyers have broken all of these Federal Rules and Laws along with the Clerks of the Court to Forge Judges Names on a Fannie Mae loan which in its self makes this Case Federal, After I filed my Color of Law Federal Criminal Complaint against the Banks for intimidating witnesses, intimidating victims, intimidating the elderly 65 and older intimidating the

Crippled. like judge Spencer Eig did the next day after he found out that we filed Criminal Charges against him in the state of Attorney's office, the inspector General's office, public Corruption, we got a Complaint number from the Mayor's office a police report Criminal Complaint Case #PD240614188594,

we are checking with Hand writing experts on Judge Jose Martinezs hand writing and we even have to check Magistrate Sanchez's signature with our hand writing expert because it looks so familiar to Judge Martinez's Forged Handwriting so therefore we don't want you on our Case and our Emergency hearing to stop the 24hr eviction from these lawbreakers we are very upset with you and are crying out to the world to stop what you judges Lawyers and Clerks are doing to break our hearts and destroy us Luke 11:47-55 please we beg you in the Color of Law get off of our Case . As we are doing a Writ of Replevin in the County Court wherein we get to finally have a hearing in front of the Judges to actually force them to come and show proof of everything and have the world in the Court room to show the shame that's going on will be Subpoenaing you as a Magistrate and others for perceived corruption.

      **I DECLARE UNDER PENALTY OF PERJURY,** that all the facts stated herein are true and correct to the best of my knowledge and ability. And that the facts stated herein were made of my own accord, Executed this 14th day of June 2024.

MACK WELLS
15020 S. RIVER DR.
MIAMI FL. 33167

MAURICE SYMONETTE
15020 S. RIVER DR
MIAMI FL. 33167

Query     Reports     Utilities     Help     Log Out                    CLOSED

# U.S. District Court
## Southern District of Florida (Ft Lauderdale)
## CIVIL DOCKET FOR CASE #: 0:23-cv-61345

Wells et al v. U.S. Bank, National Association et al
Assigned to:
Cause: 42:1981 Federal Question

Date Filed: 07/14/2023
Date Terminated: 07/14/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**
Mack Wells

represented by **Mack Wells**
15020 S. River Dr.
Miami, FL 33167
PRO SE

**Plaintiff**
Maurice Symonette

represented by **Maurice Symonette**
15020 S. River Dr.
Miami, FL 33167
PRO SE

**Defendant**
U.S. Bank, National Association

**Defendant**
Wayne Kimbensen Trustee

**Defendant**

**Defendant**

**Defendant**

Exh ID 92

**Defendant**

Veronica Diaz
*Judge*

**Defendant**

Samantha Cohein
*Judge*

**Defendant**

Vivianne Del Rio

**Defendant**

Brownwyn C. Miller
*Appellate Judge*

**Defendant**

Kevin Michael Emas
*Appellate Judge*

**Defendant**

Edwin Scales
*Appellate Judge*

**Defendant**

Federal Except Florida Power and Light

**Defendant**

Dade County Clerk of the Courts

**Defendant**

Harvey Ruvin
*Department of Records and Docket*

**Defendant**

Rene Garcia
*Commissioner*

**Defendant**

Carlos Lopez
*Judge*

**Defendant**

Jennifer Bailey
*Admin Judge*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| | | |

| 07/14/2023 | 1 | COMPLAINT against All Defendants, filing fees $402.00, filed by Maurice Symonette, Mack Wells. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibits, Part 1, # 3 Exhibit, Part 2, # 4 Exhibits Part 3)(scn) (Entered: 07/14/2023) |
| 07/14/2023 | 2 | Clerk's Notice to Filer re: Electronic Case, Case administratively closed. *Wrong Venue selected by Filer. CASE HAS BEEN RENUMBERED, the new case number is 1:23cv22640. Pro Se Filer informed Clerk the case is a Fort Lauderdale division case. Miami Dade is marked on civil cover sheet. No further entries will be made on this case. (scn) (Entered: 07/14/2023) |

## PACER Service Center

### Transaction Receipt

05/28/2024 09:49:14

| PACER Login: | joshac8080 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 0:21-cv-61405 |
| Billable Pages: | 2 | Cost: | 0.20 |



# U.S. District Court

## Florida Southern - Fort Lauderdale

Receipt Date: Jul 14, 2023 4:16PM

Maurice Symonette

Cashier ID: #EB

Rcpt. No: 17100

Trans. Date: Jul 14, 2023 4:16PM

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 402.00 | 402.00 |

| CD | Tender | | | | Amt |
|----|--------|---|---|---|-----|
| CA | Cash | | | | $402.00 |

| | | |
|---|---|---|
| Total Due Prior to Payment: | $402.00 |
| Total Tendered: | $402.00 |
| Total Cash Received: | $402.00 |
| Cash Change Amount: | $0.00 |

Comments: Filing fees for new case 23-CV-61345 Wells et al v. U.S. Bank, National Association et al

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

Exh.5 Pg.1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-22848-CIV-MARTINEZ

MACK WELLS and MAURICE
SYMONETTE,

       Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
et al.,

       Defendants.

_____/

## ORDER REMANDING CASE

    **THIS MATTER** came before this Court on a *sua sponte* review of the record. It appears on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Notice of Removal, (ECF No. 1), that this Court lacks subject matter jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). This Court, therefore, remands this case.

    A civil action may be removed from a state court to federal court if the federal court can exercise federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Blab T.V., Inc. v. Comcast Cable Communs., Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). Diversity jurisdiction exists if (1) the parties are "citizens of different States," and (2) "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Exh-5 pg 2

Granting Defendants' Motion to Dismiss 1–2, *Symonette v. Aurora Loan Servs., LLC*, No. 13-CV-23142-HUCK (S.D. Fla. July 1, 2014), ECF No. 25; Order of Dismissal 1–2, *Ward v. JP Morgan Chase Bank*, No. 13-cv-60834 (S.D. Fla. Apr. 11, 2013), ECF No. 5 (dismissing Mr. Symonette's complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. This case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23 day of August, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*

Exh. 6 pg 1

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-22640-CIV-MARTINEZ

MACK WELLS and MAURICE
SYMONETTE.

          Plaintiffs.

v.

U.S. BANK NATIONAL ASSOCIATION.
et al.,

          Defendants.

_____

## ORDER REQUIRING BRIEFING CONCERNING THIS COURT'S JURISDICTION

**THIS MATTER** came before this Court on a *sua sponte* review of the record. It appears

on the face of Plaintiffs Mack Wells and Maurice Symonette's *pro se* Amended Complaint to Quiet

Title and Fannie Mae Quite [sic] Title Constructive Fraud with No Need [sic] to Prove Intent

(Axiomatic) and Violations of Federal and State Laws and Rules to Take property [sic] Because

the [sic] Banks Paid Officials for it and Complaint for FL. Rule 9.430 to Add Claim for Punitive

Damages (the "Amended Complaint"), (ECF No. 6). that this Court lacks subject matter

jurisdiction over this case under the *Younger* abstention doctrine. *Rooker-Feldman* doctrine, or

both. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("[A] federal court

is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.")

This Court, therefore, orders Plaintiff to provide this Court with a memorandum concerning its

_____

    Generally. *pro se* complaints are held to a less stringent standard than formal pleadings drafted by
lawyers. See *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But the lower pleading
standard does not permit a court to "serve as de facto counsel for a party, or . . . rewrite an otherwise
deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369
(11th Cir. 1998).

subject matter jurisdiction as outlined in this Order. This Court also provides the following brief overview:

"Federal courts are courts of limited subject matter jurisdiction." *Thermoset Corp. v. Building Mats. Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). This Court may only hear a case if it has "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Id.* If, at any time, this Court determines that it lacks subject matter jurisdiction, it "must dismiss the case." Fed. R. Civ. P. 12(h)(3). This Court's jurisdiction is further limited by the *Rooker-Feldman* doctrine, which places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

Under the *Younger* abstention doctrine, "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." 31 *Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Under *Younger*, this Court should abstain from hearing an issue where (1) the proceedings "constitute an ongoing state judicial proceeding[;]" (2) "the proceedings implicate important state interests;" and (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (quoting *Middlesex Cnty.*, 457 U.S. at 432.

The *Rooker-Feldman* doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine precludes district courts "from exercising appellate jurisdiction over final state

court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009). Specifically, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The task of reviewing a state court final judgment is "reserved for state appellate courts, or as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). "The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment . . . or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale*, 558 F.3d at 1260.

Here, the Amended Complaint is a 123-page document that stems from a post-judgment state court case (identified in the 279-page exhibit attached to the Amended Complaint) bearing case number 2007-012407-CA-01 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Case"). (*See, e.g.*, Am. Compl. Ex. 1, ECF No. 1-12 at 1.) The State Court Case concerns the foreclosure of real property in Miami, Florida, located at 15020 S. River Dr., Miami, FL 33167 (the "Property"). (*See id.* at 7.) From what this Court was able to discern by the incoherent and rambling allegations in the Amended Complaint, each Defendant was—as Plaintiffs allege—involved in some way in an elaborate scheme to defraud Plaintiffs or otherwise wrongfully take the Property from Plaintiffs through the State Court Case.

Therefore, after perusing the Amended Complaint and its attachment, it appears this Court does not have jurisdiction over this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both because any form of relief this Court could grant Plaintiffs would require thi

*Exh 6 P4*

Court to (1) disturb an ongoing state court proceeding—in which Plaintiffs are afforded an adequate opportunity to raise their constitutional challenges— involving the foreclosure of real property, which implicates an important state interest, *Williams v. Am. Home Mortg. Servs., Inc.,* No. 13-23240-CIV-ZLOCH, 2013 WL 1238472, at *2-3 (S.D. Fla. Nov. 20, 2013); (2) make a finding that the foreclosure action at issue was incorrectly decided, *see Carole,* 558 F.3d at 1269; or (3) both.

This Court notes that this is not the first time Mr. Wells or Mr. Symonette have attempted to seek a federal court's review of a foreclosure action in Florida state court. *See, e.g., Williams,* 2013 WL 1238472, at *1 (S.D. Fla. Nov. 20, 2013) (recommending that Mr. Symonette's complaint seeking a stay of a foreclosure action be dismissed under *Younger* abstention doctrine); Order 2, *Symonette v. Deutsche Bank Nat'l Tr. Co.,* No. 19-cv-62132-MOORE (S.D. Fla. Aug. 27, 2019) (dismissing Mr. Symonette's complaint challenging foreclosure action under *Rooker-Feldman* doctrine); Order Dismissing Case 1-2, *McNeal v. U.S. Bank Nat'l Ass'n,* No. 19-22503-CIV (S.D. Fla. July 2, 2019), ECF No. 8 (dismissing Mr. Symonette's complaint seeking review of a foreclosure action as an impermissible shotgun pleading and under *Rooker-Feldman* doctrine); Order 2-3, *Symonette v. Indy Mac Bank,* No. 18-23615-CIV-ALTONAGA (S.D. Fla. Sept. 9, 2018), ECF No. 4 (dismissing Mr. Wells and Mr. Symonette's complaint challenging a foreclosure action as a rambling shotgun pleading); Order Dismissing Case 1-2, *Marin v. Wash. Mutual Bank F.A.,* No. 17-22478-CIV-MORENO (S.D. Fla. Aug. 14, 2017), ECF No. 8 (dismissing Mr. Symonette's complaint challenging a foreclosure action under *Rooker-Feldman* doctrine); Order Granting Defendants' Motion to Dismiss 1-2, *Symonette v. Aurora Loan Servs., LLC,* No. 13-CV-23142-HUCK (S.D. Fla. July 1, 2014), ECF No. 25; Order of Dismissal 1-2, *Ward v. JP Morgan Chase Bank,* No. 13-cv-60834 (S.D. Fla. Apr. 11, 2013), ECF No. 5 (dismissing Mr. Symonette's

Case 1:23-cv-22640-JEM Document 7 Entered on FLSD Docket 08/03/2023 Page 5 of 53

Ex. 6 Pg 5

complaint seeking an injunction of a pending foreclosure action under *Younger* abstention doctrine). This Court also notes that Mr. Wells and Mr. Symonette have attempted to seek federal review over the State Court Case via a separate removal action, which is also before this Court. *See generally* Notice of Removal, *U.S. Bank Nat'l Ass'n v. Wells*, No. 23-22848-CIV-MARTINEZ (S.D. Fla. July 31, 2023), ECF No. 1. This Court will address that action by separate appropriate order. Accordingly, it is **ORDERED AND ADJUDGED** that:

1.  **On or before Monday, August 7, 2023, at 1:00 p.m.**, Plaintiffs **SHALL** file with the Clerk of this Court a memorandum of no more than ten pages that addresses why this Court should not dismiss this case under the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, or both. The memorandum must be type in 12 pt. Times New Roman font, double spaced, and have one-inch margins. The memorandum must bear **Case Number: 23-22640-CIV-MARTINEZ**, so that it is filed in this action.

2.  Plaintiffs' failure to comply with this Order will result in **appropriate sanctions, including dismissal of this case without prejudice, without further warning.**

3.  The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only pending this Court's determination concerning its subject matter jurisdiction. This administrative closure will not affect the Parties' substantive rights; rather, it is an administrative tool routinely used by this Court according to its inherent authority to manage its docket.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of August, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT COURT

Copies provided to:
Mack Wells, *pro se*
Maurice Symonette, *pro se*

5

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-20873-CIV-MARTINEZ/OTAZO-REYES

AMANDA MARTIN,

Plaintiff,

v.

JOBY DAVID OGWYN,

Defendant.

_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning Tuesday, January 19, 2021 at 9:30 a.m., before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on January 14, 2021 at 1:30 p.m. at the same location.

**IT IS ORDERED AND ADJUDGED** as follows:

1.    No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2.    Every motion filed in this case shall be accompanied by one proposed original order _granting_ the motion. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface.

### Pretrial Stipulations and Jury Instructions

3.    Counsel and all _pro se_ litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for voir dire examination. The Court will not accept unilateral pretrial stipulations and will _sua sponte_

expeditious resolution of this cause.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of April, 2020.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-24150-CIV-MARTINEZ

SAMUEL LEE SMITH JR.,

     Plaintiff,

v.

CITY OF MIAMI and ERIC MARTI,

     Defendants.

_____/

### ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Trial is scheduled to commence during the two-week period beginning **Monday, February 24, 2025, at 9:30 a.m.**, before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **Thursday, February 20, 2025, at 1:30 p.m.**, at the same location.

It is **ORDERED AND ADJUDGED** as follows:

### General Procedures

1. No pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2. Every motion filed in this case shall be accompanied by a proposed order granting the motion. The proposed order shall be filed as an exhibit to the motion and e-mailed to martinez@flsd.uscourts.gov in Word format.

3. The parties have a continuing duty to ensure the Clerk of the Court is provided with the up-to-date contact information.

4. If this case is settled, the parties are directed to immediately inform the Court at [illegible] and file a notice of settlement.

| 1-10-2025 | All pretrial motions and memoranda of law must be filed. Each party is limited to filing a single motion *in limine*, which may not, without leave of Court, exceed the 20-page limit allowed by the Rules. |
| 1-27-2025 | Joint Pretrial Stipulation must be filed. |
| 2-18-2025 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
| 2-19-2025 | Proposed *voir dire* questions must be filed. |

**Failure to comply with this or any order of this Court, the Local Rules, or any other applicable rule may result in sanctions, including dismissal without prejudice or the entry of a default, without further notice.**

It is the duty of all counsel and *pro se* litigants to enforce the timetable set forth here to ensure an expeditious resolution of this matter.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of February, 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Sanchez
All Counsel of Record

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 24-CR-20051-MARTINEZ

UNITED STATES OF AMERICA

ALFRED LENORIS DAVIS,

Defendant.
_____

ORDER SETTING CRIMINAL TRIAL DATE
AND PRETRIAL SCHEDULE[1]

Trial is scheduled to commence during the two-week period beginning Monday, March 25, 2024, at 8:30 a.m., before Jose E. Martinez, United States District Judge, 400 N. Miami Ave., Courtroom 10-1 Miami, Florida. Calendar Call will be held on Thursday, March 21, 2024 at 1:30 p.m. at the same location. Defendants are not required to appear for Calendar Call.

IT IS ORDERED AND ADJUDGED as follows:

1.   Every motion filed in this case shall be accompanied by one proposed original order granting the motion. The order shall contain the up-to-date service list (names and addresses) of all attorneys in the case.

2.   All motions filed SHALL BE accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the objections raised in the motion, as required by Local Rule 88.9A.

3.   In cases to be tried before a jury, JOINT proposed jury instructions and verdict form must be submitted at least ONE WEEK prior to the Calendar Call. In preparing these proposed jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for

Exh. 9-119 2

desire of the Court that all Garcia hearings be conducted as close to the time of arraignment as possible.

8.       Counsel are **DIRECTED** to:

    a.       **IMMEDIATELY**, upon receipt of this Order, certify with the Court's Courtroom Deputy the necessity of an interpreter for the Defendant(s); and

    b.       At least twenty-four (24) hours prior to any hearing or trial, notify the Court, if an interpreter is required, including the stage of the trial at which an interpreter will be necessary.

9.       If defense counsel foresees that a sentencing hearing will take more than thirty (30) minutes, the Court's Courtroom Deputy should be advised no later than five (5) days prior to the hearing.

10.       Failure to comply with this or any Order of this Court, the Local Rules, or any other applicable rule SHALL result in sanctions or other appropriate actions. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

**DONE AND ORDERED** at Chambers in Miami, Florida, this 16th day of February 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge
All Counsel of Record

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2007-12497-ca1

April 1,2010

US Bank ,N.A.
    Plaintiff(s)

Vs.

Leroy Williams
    Defendant(s)

ORDER OF DISMISSAL WITH PREJUDICE

This action was heard on the defendants motion to dismiss for lack of prosecution
Served on April 11,2008. The court finds that (1) notice prescribed by rule 1.40 (e)
Was served on April 11,2008; (2) their was no record activity for the year preceding
Service of the foregoing notice; (3) no stay has been issued or approved by the court
And (4) no party has shown good cause why this action should remain pending.
Accordingly,
IT IS ORDERED That this action is Dismissed for lack of Prosecution with Prejudice
DONE AND ORDERED in chambers, at Miami, dade county, Florida this 31th day of
March , 2010.

APR 06 201_        APR 06 2010

CIRCUIT COURT JUDGE

VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Bk 27244 Pg 4193 CFN 20100237159 04/09/2010 12:47:17 Pg 1 of 1 Mia-Dade Cty, FL



# FORM 6    FULL AND PUBLIC DISCLOSURE OF FINANCIAL INTERESTS    2008

COMMISSION ON ETHICS
DATE RECEIVED

PROCESSED

ID No.    210360

Merino Schurr, Valerie R

CHECK IF THIS IS A FILING BY A CANDIDATE ☐

## PART A — NET WORTH

Net worth as of December 31, 2008    $2,860,357.00

## PART B — ASSETS

HOUSEHOLD GOODS AND PERSONAL EFFECTS

The aggregate value of my household goods and personal effects (described above) is $150,000.00

ASSETS INDIVIDUALLY VALUED AT OVER $1,000

| DESCRIPTION OF ASSET | VALUE OF ASSET |
|---|---|
| Home located in Miami-Dade (Primary Residence) | 700,000.00 |
| Home located in Miami-Dade (Rental) | 2,900,000.00 |
| Vail Colorado Timeshare / Eagle Vail Colorado | 300,000.00 |
| Bank Accts. Stocks Funds / Pension Accounts | 100,000.00 |
| _____ 2007 — 350 mL | 25,000.00 |

## PART C — LIABILITIES

LIABILITIES IN EXCESS OF $1,000

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| GMAC Mortgage (Rental balance) P.O.B. 2400119 Louisville Ky | 91,438.00 |
| GMAC Mortgage (1st & 2nd Mortgage) P.O. Box 4622 Waterloo | 993,000.00 |
| Wells Fargo Home Mortgage (Vail Property) P.O. Box 50713 Dallas Tx | 189,000.00 |
| Huntington National Bank (Vail debt) Columbus Ohio 43219-7915  P.O. Box 182519 | 9,205.00 |

JOINT AND SEVERAL LIABILITIES NOT REPORTED ABOVE

| NAME AND ADDRESS OF CREDITOR | AMOUNT OF LIABILITY |
|---|---|
| | |
| | |
| | |

PAGE 1

FLORIDA DEFAULT LAW GROUP, P.L.
ATTORNEYS AT LAW
9119 CORPORATE LAKE DRIVE
3rd FLOOR
TAMPA, FLORIDA 33634

Telephone (813) 251-4766
Telefax (813) 251-1541

Please reply to:
Post Office Box 25018
Tampa, FL 33622-5018

July 20, 2010

LEROY WILLIAMS
15020 SOUTH RIVER DRIVE
MIAMI, FL 33167

Re

Loan Number
Mortgage Servicer       GMAC MORTGAGE, LLC
Creditor to whom        U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR
the debt is owed        RASC 2005AHL1
Property Address        15020 SOUTH RIVER DRIVE, MIAMI, FL  33167
Our File No             F10053160

Dear Borrower

The law firm of Florida Default Law Group, P.L. (hereinafter referred to as "law firm") has been retained to
represent U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005AHL1 with regards to its
interests in the promissory Note and Mortgage executed by LEROY WILLIAMS on June 30, 2005.  Pursuant to
the terms of the promissory Note and Mortgage our client has accelerated all sums due and owing, which means
that the entire principal balance and all other sums recoverable under the terms of the promissory Note and
mortgage are now due.

As of the date of this letter, the amount owed to our client is $661,289.01 which includes the unpaid
principal balance, accrued interest through today, late charges, and other default-related costs recoverable under the
terms of the promissory Note and mortgage.   Additional interest will accrue after the date of this letter.

This correspondence is being sent to comply with the Fair Debt Collection Practices Act and should not be
construed as a waiver of our client's right to make advances and incur fees and expenses after the date of this letter
which are recoverable pursuant to the terms of the promissory Note and Mortgage.  Therefore, if you wish to receive
a written reinstatement amount or the amount to pay off your loan through a specific date, please contact this law firm
directly at the following telephone number (813) 251-4766 ext. 1000.

Unless you notify this law firm within thirty (30) days after your receipt of this letter that the validity of
this debt, or any portion thereof, is disputed, this law firm will assume that the debt is valid.  If you do notify this
law firm in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed,

(illegible barcodes and stamps)



Exh - 13 P2

4.      The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE

County, Florida, regarding the below described property

LOT 108, BISCAYNE GARDENS SEC THREE PART 1, ACCORDING TO
THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 45, PAGE 46, OF
THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA

be and same hereby is canceled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby

directed to record this Order to reflect same

5.      The Final Summary Judgment heretofore entered on August 6th, 2007, be and the same hereby is set

aside and shall be of no further force or effect

6.      The Plaintiff requests that the original Note and Mortgage be returned to the Plaintiff and

photostatic copies shall be substituted in their place

DONE AND ORDERED in Chambers in MIAMI-DADE County, Florida, this _____ day of

_____, 2010.

JUN 2 3 2010

VALERIE MANNO SCHURR
Circuit Court Judge



**VALERIE MANNO SCHURR
CIRCUIT COURT JUDGE**

Copies furnished to:
Florida Default Law Group, P.L.
P.O. Box 25018
Tampa, Florida  33622-5018
All parties on the attached service list.
F07012148 - M010502
GMAC CONV-shiver

Filing # 142403620 E-Filed 01/21/2022 11:32:41 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2021-010826-CA-01
SECTION: CA25
JUDGE: Valerie R. Manno Schurr

MAURICE SYMONETTE

Plaintiff(s)

vs.

U.S. BANK NATIONAL ASSOCIATION (TR) et al

Defendant(s)

_____

## ORDER OF RECUSAL

THIS CAUSE, came before the Court sua sponte, and the Court being fully advised in the premises, it is hereby:

## ORDERED AND ADJUDGED

1. That the undersigned Circuit Court Judge hereby recuses herself from further consideration of this case.

2. This case shall be reassigned to another section of the Circuit Civil Division in accordance with established procedures.

DONE and ORDERED in Chambers at Miami-Dade County, Florida on this 21st day of January, 2022.

2021-010826-CA-01 01-21-2022 11:34 AM

Hon. Valerie R. Manno Schurr

CIRCUIT COURT JUDGE
Electronically Signed

Case No: 2021-010826-CA-01

Page 1 of 2

*Exh. 18 pg. 1*

UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005-AHL3, OR U.S. BANK NA.<br><br>Plaintiffs,<br><br>v.<br><br>MACK WELLS and MAURICE SYMONETTE<br><br>Defendants. | N0.<br><br>MIAMI DADE COUNTY FLORIDA Eleventh Circuit District Court of Dade County Florida CASE NO:2010-61928-CA01<br><br>**NOTICE OF REMOVAL**<br>[28 USC 1441, 1332, 1446(a and d)]<br>[FLORIDA RULE OF JUDICIAL ADMINISTRATION .450]<br><br>15020 SOUTH RIVER DRIVEMIAMI DADE COUNTY FLORIDA 33167 |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO ALL PARTIES AND

THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 8 U.S.C. §§ 1331, 1132, 1441(a), 1442, and 1446,

DEFENDANTS MACK WELLS AND MAURICE SYMONETTE NOTICE OF REMOVAL

## INTRODUCTION

1. Plaintiff filed a Complaint in the Circuit Court of the Eleventh Circuit, State of Florda, on

December 6, 2010. (A true, complete and correct copy of the Plaintiff's Complaint is attached

hereto as Defendants' **Exh. 56**. The same case, with the same principal parties and

some of the same issues, is currently before this Court as Case No. **2010-61928-CA01**

-1-

WHEREFORE, WHEREFORE, MR. MACK WELLS AND MAURICE SYMONETTE, REMOVES THIS ACTION FROM THE ELEVENTH CIRCUIT COURT OF DADE COUNTY FLORIDA BEARING CIVIL CASE NO. 2010-61928-CA01 TO THIS COURT PURSUANT TO 28 U.S.C. §§ 1441, and 1446. Defendant, MACK WELLS AND MAURICE SYMONETTE, "Prayer for Relief". 13. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as a district or division embracing the place where the state CASE IS PROPERLY REMOVABLE TO FEDERAL COURT BECAUSE IT INVOLVES A CONTROVERSY BETWEEN CITIZENS OF DIFFERENT STATES AND AN AMOUNT IN CONTROVERSY THAT EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS. SEE U.S.C. §§ 1332, 1441, AND 1446. Venue is proper in division in accordance with 28 U.S.C. §2 respectfully requests that this Honorable Court exercise Jurisdiction over this matter. Dated: July 6th, 2023. Respectfully submitted. All Defendants have consented to and join in the removal of the State Court Action. The written consent and joinder of all other defendants is attached to this Notice. Ex. 42.

Dated: Miami, Florida
June 29th 23.

MACK WELLS
15020 S. RIVER DR.
MIAMI, FL 33167

MAURICE SYMONETTE
15020 S. RIVER DR.
MIAMI, FL 33167

-20





UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY, FLORIDA            )

US BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR RASC AHL3

        Plaintiff,                       )
                                COURT CASE NO:
                        )       2010- 61928-CA01
                        )       23-CV-22640-JEM

        v.                                )

MACK L. WELLS AND                         )
MAURICE SYMONETTE
        Defendant.                       )

                Clerk of the Circuit Court — Miami-Dade County
                Dade County Courthouse
                73 West Flagler Street
                Miami, Florida 33130

To:

        In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice

of Removal of the above-styled cause to the United States District Court for the Southern District of

Florida, Miami Division, a copy of which is attached hereto.

Dated this 31st day of JULY 2023.

                              Respectfully submitted,

                              *Mack Wells*

                              MACK WELLS
                              15020 S. RIVER DR.
                              MIAMI FL. 33167

                              MAURICE SYMONETTE
                              15020 S. RIVER DR.
                              MIAMI FL. 33167

Exh. [?]

EIN #2040
05.27.2024
1:00 pm

This is an Emergency
Because U.S. BANK
IS TRYING TO
Foreclose ON US!

**BROCK & SCOTT**
PLLC

[address line, illegible]

May 21, 2024

## NOTICE TO ALL OCCUPANTS PURSUANT TO THE PROTECTING TENANTS AT FORECLOSURE ACT

Any and All Occupants Residing at
15920 South River Drive
Miami, FL 33167

Re:   U.S. Bank, National Association, as Trustee for RASC 2005AHL3 vs. LEROY WILLIAMS; Hoke
      Williams; Mack Wells; Unknown Spouse of Mack Wells; Unknown CCR Partners, G.P.; U.S.
      Williams AKA James L. John; Unknown Spouse of Hoke Williams; The Unknown Spouse of Leroy
      Bank, National Association, as Trustee for RASC 2005AHL3; The Unknown Spouse of Curtis McNeil;
      Williams; The Unknown Spouse of Curtis McNeil; Synovus Limited Partnership; State of
      Florida Department of Revenue; Suntrust Bank; Miami Dade County, Florida; Curtis McNeil;
      Littlejohn a/k/a James L. John, James; Deutsche Bank National Trust Company, as Trustee for
      Franklin Credit Trust Series I; City of North Miami (City)
      Case Number:       2018-41925-CA-01
      Our File Number:    13-F02865
      Property Address:   15920 South River Drive, Miami, FL 33167, (the "Property")

Dear Occupant(s):

Brock & Scott, PLLC (the "Firm") represents U.S. Bank, National Association as Trustee for RASC
2005AHL3 who was the successful purchaser of the above-referenced Property at a foreclosure sale held
on October 10, 2023.

We are writing you, as the occupant(s) of the Property, pursuant the Protecting Tenants at Foreclosure Act
of 2009, Pub. L. 111-22, 123 Stat. 1660 (the "Act") in order to: (i) determine if you are a "bona fide
tenant" under the Act; (ii) determine if you are a tenant under a lease for the Property, and if so, if that
lease is a "bona fide lease" under the Act; and, (iii) provide you with notice of rights you may have under
the Act if you are a "bona fide tenant" or a tenant under a "bona fide lease".

Notice is hereby provided as follows:

(1) Pursuant to the Act, notice is provided that if you are the mortgagor(s) of the Property, or the
spouse, child, parent of the mortgagor(s) of the Property, or, pursuant to the Act your lease or tenancy is
not "bona fide" within the meaning of Section 702(b)(2) and (3), and you are not a protected party under
Section 703, then you are not entitled to any of the protections set forth in the Act. In the circumstances
described in this paragraph, you must vacate the Property and surrender possession of the same to U.S.
Bank, National Association, as Trustee for RASC 2005AHL3 within ten (10) days from the date of this

Page 1 of 4

Exh. LL



# JUAN FERNANDEZ-BARQUIN, ESQ.
## CLERK OF THE COURT AND COMPTROLLER
### MIAMI-DADE COUNTY

Contact Us    My Account 

## CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

U.S. BANK (NA) VS WILLIAMS, LEROY

Local Case Number: 2010-061976 CA 01          Filing Date: 12/06/2010

State Case Number: 132010CA061976000001       Judicial Section: CA11 - Downtown Miami - Judge Eig, Spencer

Consolidated Case No.: N/A                     Court Location: 73 West Flagler Street, Miami FL 33130

Case Status: RECLOSED                          Case Type: RPMF - Non-Homestead ($250,000 or more)

Total Of Related Cases: 0

Related Cases

Total Of Parties: 17

Parties

Total Of Hearings: 22

Hearing Details

Total Of Dockets: 658

Dockets

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| 464 | 05/28/2024 | | Receipt | Event | RECEIPT#:3130919 AMT PAID:$50.00 NAME:KELLEY, JUSTIN JAMES 2001 NW 64TH STREET, SUITE 130 FT-LAUDERDALE FL 33309-1855 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3117-REOPEN CASE FEE 1 $50.00 $50.00 TENDER TYPE:EFILINGS TENDER AMT:$50.00 RECEIPT DATE:05/28/2024 REGISTER#:313 CASHIER:EFILINGUSER |
| 463 | 05/24/2024 | | Returned Mail | Event | U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RASC 2005 |
| 462 | 05/23/2024 | | Motion for Writ of Possession | Event | AND FOR ORDER DIRECTING SHERIFF TO PROCEED EXECUTION OF WRIT OF POSSESSION ABSENT FURTHER ORDER FROM THIS COURT |
| 461 | 05/21/2024 | | Non-Military Affidavit | Event | |
| 460 | 05/16/2024 | | Motion | Event | EMERGENCY MOTION TO VOID FORECLOSURE SALE |
| 459 | 05/09/2024 | | Response to Motion | Event | |
| 458 | 05/09/2024 | | Notice of Hearing | Event | MAY 16, 2024, AT 2:30-3PM |
| 457 | 05/09/2024 | | Motion | Event | TO REJECT DOING ZOOM HEARING |
| 456 | 05/07/2024 | | Notice of Filing | Event | SUPPLEMENTARY FRONT PAGE OF THE PLAINTIFF MOTION TO DISMISS THE DEFENDANTS MOTION TO DISMISS |

# FINAL NOTICE OF EVICTION

Case No. 2010-61928-CA-01

15020 South River Drive, Miami, FL 33167

A writ of possession has been issued requiring that all persons be removed from these premises. Florida Statutes provide that this final 24 hour notice of eviction be posted. If these premises are not vacated, the chief Services officer of the Miami-Dade Police Department is required to remove all persons from the premises.

Serv: T. Allen    I.D.# 9336    Date 6/27/24

**MIAMI-DADE POLICE DEPARTMENT**
**COURT SERVICES BUREAU**
**(305) 375-5100**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

U.S. Bank, National Association, as Trustee
for RASC 2005AHL3,

GENERAL JURISDICTION DIVISION

Case No.  2010-61928-CA-01

Plaintiff,

vs.

LEROY WILLIAMS, et. al.,

Defendants.

SERVED
DATE 6/27/24
TIME 1:05pm
BY T. Allen
BADGE #
MIAMI-DADE POLICE DEPARTMENT
OFFICE OF THE
METROPOLITAN SHERIFF
COURT SERVICES BUREAU
MIAMI-DADE COUNTY, FLORIDA

## WRIT OF POSSESSION

THE STATE OF FLORIDA

To the Sheriff of Miami-Dade County, Florida

YOU ARE COMMANDED to remove all persons from the following described property in Miami-Dade County, Florida:

LOT 105, BISCAYNE GARDENS SECTION "F" PART 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 44, PAGE 46, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

A/K/A:  15020 South River Drive, Miami, FL 33167,

and to put U.S. Bank, National Association, as Trustee for RASC 2005AHL3 in possession of it after 24 hours' notice conspicuously posted on the premises.

Dated on this _____ day of JUN 2 4 2024 , 20___.

As Clerk of Court

By: __Priscilla Hamilton__
     As Deputy Clerk

Filed By:
Brock & Scott, PLLC
2001 NW 64th St, Suite 130
Ft. Lauderdale, FL 33309

For Scheduling Contact:
Evictions Dept.
Telephone: (877) 302-4140
File Number: 13-F02868