UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-22640-CIV-MARTINEZ-SANCHEZ

MACK WELLS and MAURICE
SYMONETTE,

    Plaintiffs,

v.

U.S. BANK, NATIONAL ASSOCIATION,
*et al.*,

    Defendant.
_____/

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

    **THIS MATTER** was referred to the Honorable Eduardo I. Sanchez, United States Magistrate Judge, for a ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation ("R&R") on all dispositive matters, including any pending motion. (ECF No. 38.) Judge Sanchez entered an R&R, (ECF No. 55), on Plaintiffs' three pending emergency motions: (1) Emergency Motion to Void Foreclosure Sale in Violation for Sanctions Against U.S. Bank for Violating Federal Stay and Willful Contempt in Violation of 28 U.S. Code SS 1446 (d) and to Void Sale Because of Forgery and Fraud, (ECF No. 46); (2) Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, (ECF No. 53); and (3) Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, (ECF No. 54), (collectively, the "Renewed Emergency Motions").

    This Court has a duty to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, having conducted a *de novo* review of the record and

1

issues presented in Plaintiffs' Objections, (ECF No. 57), agrees with Judge Sanchez that (1) Plaintiffs have failed to establish that emergency relief is warranted; and (2) Plaintiffs have failed to establish that they are entitled to the relief they seek or that there is any likelihood that they could establish such entitlement to relief in the future.

Specifically, the foreclosure sale to which Plaintiffs' Renewed Emergency Motions are directed took place on October 16, 2023, and the resulting certificate of sale was issued on October 19, 2023, more than eight months ago. *See, e.g.*, (ECF No. 46 at 1, 34 (Exh. 27), 45-48); (ECF No. 53 at 4); (ECF No. 54 at 4.) (ECF No. 55.) Further, Plaintiffs have failed to show that they will be unable to find alternate housing or that their potential injuries could not be compensated by monetary damages. Turning to the merits, Plaintiffs argue that the foreclosure sale authorized by the state court was improper, as it was divested of jurisdiction to authorize and conduct a foreclosure sale due to Plaintiffs' removal of a state court action to federal court. As thoroughly explained by Judge Sanchez, (ECF No. 55), this assertion is incorrect and is "based on a misunderstanding of the procedural posture of their federal cases and the impact of their removal notices and Judge Martinez's remand order on the state court's jurisdiction." On August 23, 2023, this Court entered an order remanding the removed case (Case No. 23-22848-CIV-MARTINEZ) back to state court for lack of subject matter jurisdiction. (ECF No. 4), *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23- 22848-CIV-MARTINEZ.[1] Therefore, the state court had jurisdiction over Case No. 2010-61928-CA01 when it authorized the foreclosure sale in October 2023, and Plaintiffs' sole basis for the relief sought is inapposite. Accordingly, Plaintiffs' Objections to Judge Sanchez's R&R, (ECF No. 57), are **OVERRULED**.

After careful consideration, it is hereby **ORDERED AND ADJUDGED** that:

---

[1] Although already addressed by Judge Sanchez, (ECF No. 55), this Court reiterates that there is nothing forged or fraudulent about its August 23, 2023 Order Remanding Case in *U.S. Bank, National Association, et al. v. Mack Wells and Maurice Symonette*, Case No. 23- 22848-CIV-MARTINEZ.

1. United States Magistrate Judge Sanchez's Report and Recommendation, (ECF No. 55), is **AFFIRMED AND ADOPTED**.

2. Plaintiffs' three pending emergency motions: (1) Emergency Motion to Void Foreclosure Sale in Violation for Sanctions Against U.S. Bank for Violating Federal Stay and Willful Contempt in Violation of 28 U.S. Code SS 1446 (d) and to Void Sale Because of Forgery and Fraud, (ECF No. 46); (2) Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, (ECF No. 53); and (3) Emergency Motion for to Void Sale for Violation of Notice of Removal Stay Using Forgery and Fraud, (ECF No. 54), are **DENIED**.

3. Plaintiffs' continued failure to comply with this Court's Local Rules, Court Orders, and Federal Rules of Civil Procedure as well as the repeated filing of the same or substantially similar meritless motions may result in the imposition of sanctions.[2] S.D. Fla. L.R. 7.1(d); *Lustig v. Stone*, No. 15-20150-CIV, 2020 WL 3469719, at *10 (S.D. Fla. June 25, 2020); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981) ("The United States Courts are not powerless to protect the public, including litigants . . . from the depredations of those . . . who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.").

**DONE AND ORDERED** in Chambers at Miami, Florida, this __1__ day of July, 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copied provided to:
Magistrate Judge Sanchez
All Counsel of Record

---

[2] The Court is mindful that Plaintiffs are proceeding *pro se* in this matter. However, "[t]hough we liberally construe pleadings from *pro se* litigants, that a litigant opts to represent themselves *pro se* does not excuse their noncompliance with procedural rules." *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)).