**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-CV-22640-MARTINEZ-SANCHEZ**

MACK WELLS and
MAURICE SYMONETTE,

     Plaintiffs,

  v.

U.S. BANK, et al.,

     Defendants.

_____ /

### RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION AND AFFIDAVIT FOR RELIEF, RECUSAL, AND VACATION OF ORDERS [ECF No. 73]

There is no valid basis, under the relevant law and facts, for the Honorable Jose E. Martinez ("Judge Martinez"), United States District Judge for the Southern District of Florida, to recuse himself from this proceeding. Not only do Plaintiffs misstate the proper legal standard governing federal judicial recusals, but they offer no reasonable basis to question Judge Martinez's impartiality. As such, Defendant Juan Fernandez-Barquin, Clerk of the Court of the Eleventh Judicial Circuit and Comptroller of Miami-Dade County, Florida ("Defendant Clerk"),[1] by and through his undersigned counsel, hereby files this Response in Opposition to Plaintiffs' Motion and Affidavit for Relief, Recusal, and Vacation of Orders, [ECF No. 73] (the "Motion").

### ARGUMENT

As an initial matter, "the recusal of a federal judge is not governed by [Florida statutes] or by a State Court Rule dealing with the recusal of a judicial officer." *In re Clark*, 289 B.R. 193, 196

---

[1] Defendant Clerk is the successor to the late Harvey Ruvin.

(M.D. Fla. 2002). Rather, the applicable statutes for recusal of a federal judge are 28 U.S.C. §§ 144 and 455. *Id; see also Johnson v. Wilbur*, 375 F. App'x 960, 964 (11th Cir. 2010) ("Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455.").

Pursuant to 28 U.S.C. § 144, a party seeking recusal must "file an affidavit demonstrating personal bias or prejudice on the part of the district judge against that party or in favor of an adverse party." *Gould v. Fla. Atl. Univ. Bd. of Trustees*, No. 10-81210-CIV, 2011 WL 13227928, at *1 (S.D. Fla. Oct. 25, 2011). "Once the affidavit is filed, the judge must determine whether the affidavit was timely, whether it was accompanied by the necessary certificate of counsel, and whether the affidavit satisfies the terms of the statute." *Id.* In addition to these procedural requirements, "it is the duty of the judge against whom a § 144 affidavit is filed to review the legal sufficiency of the facts alleged therein." *Id.* at *2. To warrant disqualification, the statements in the affidavit "must be such 'that [they] would convince a reasonable person that bias actually exists.'" *Id.* "The alleged facts must be material and stated with particularity and show that the bias is personal, as opposed to judicial, in nature. … More than mere conclusions is required. Facts including time, place, persons, and circumstances must be set forth." *Id.* (internal citations and quotation marks omitted).

Furthermore, under 28 U.S.C. § 455, "a district judge must recuse himself 'in any proceeding in which his impartiality might reasonably be questioned.'" *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (quoting 28 U.S.C. § 455(a)). The standard "under § 455 … is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Id.* (quoting *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000), *cert. denied*, 531 U.S. 1191 (2001)). Pertinent here, a judge shall disqualify himself when "[h]e knows that he … has a financial interest in the subject matter in controversy

or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]" 28 U.S.C. § 455(b)(4).

"It is fundamental … that judges are presumed to be impartial, and that a party seeking the recusal of a judge bears the burden of proving the judge's bias." *In re Fundamental Long Term Care, Inc.*, 602 B.R. 363, 369 (Bankr. M.D. Fla. 2019). "[T]o prevent parties from … manipulating the system for strategic reasons," a judge's impartiality must "*reasonably* be questioned" in order for the judge to recuse. *Carter v. W. Pub. Co.*, No. 99-11959-EE, 1999 WL 994997, at *2 (11th Cir. Nov. 1, 1999). Otherwise, "litigants would be encouraged to advance speculative and ethereal arguments for recusal and thus arrogate to themselves a veto power over the assignment of judges." *Id.* (quoting *Thomas v. Trustees for Columbia Univ.*, 30 F. Supp. 2d 430, 431 (S.D.N.Y. 1998)).[2] Thus, in ruling on a motion to recuse under § 455, a judge has an obligation "not to recuse when there is no occasion for him to do so" such as where the motion for recusal is based on "unsupported, irrational, or highly tenuous speculation." *Id.*

Here, recusal is not warranted under § 144 nor § 445, as no reasonable observer could question the impartiality of Judge Martinez in this action for the reasons set forth in the Motion. Plaintiffs' sole basis for recusal in this case rests on Judge Martinez's Financial Disclosure Report

---

[2] It is worth noting that Plaintiffs have filed this same Motion (albeit with a few edits to correspond to each different judge) several times in this action and the underlying state court proceeding. *See* Motion for Recusal, ECF No. 56 (moving for recusal of the Honorable Eduardo I. Sanchez, United States Magistrate Judge for the Southern District of Florida); Motion for Recusal, *Symonette v. U.S. Bank Nat'l Assoc.*, No. 2021-010826-CA-01, ECF No. 21 (moving for recusal of the Honorable Judge Beatrice Butchko, Circuit Court Judge of Florida); Motion for Recusal, *Symonette v. U.S. Bank Nat'l Assoc.*, No. 2021-010826-CA-01, ECF No. 228 (moving for recusal of the Honorable Jose M. Rodriguez, Circuit Court Judge of Florida). The repeated filing of these meritless motions for recusal not only suggests that Plaintiffs are manipulating the system of recusal, but in doing so, they are continuing to delay the resolution of this sixteen-year-long litigation.

dated May 9, 2022. *See* Motion, Exhibit D. On lines 3 and 4 of the Disclosure Report, Judge Martinez indicates that he has two interest-bearing checking accounts at Iberia Bank. *Id.* Plaintiffs plainly misconstrue this information and argue that recusal is warranted because Judge Martinez has a financial interest in the outcome of the litigation:

> Judge Jose E. Martinez must Recuse himself for an open obvious Conflict of Interest because he's doing business with US Bank and helping them to make money so that he can make money by foreclosing and taking (stealing) our property while acting as the Judge on the case on our property, not on case's Merits but for them to make him and them money Illegally. Here's proof: In his <u>Form 6</u>, from Tallahassee called <u>FINANCIAL DISCLOSURE REPORT, for 2021</u> Says on page 4 lines 3 and 4, that he made $250,000 with Iberia Bank, Exh. D. Which is First Horizon Bank, First Horizon Bank is Suntrust Bank which is U.S. Bancorp/ US. Bank, Exh. E. Judge Jose E. Martinez is Doing Business U.S. BANK, US BANCORP, WACHOVIA, WELLS FARGO, WHICH IS ALL U.S. BANK.

> * * *

> As previously displayed by his Dismissal Order, due to cited improper financial conflicts of interest, Judge Jose E. Martinez was incapable of impartially and without animus against Pro-Se Plaintiff or to exercise unbiased judicial duties required for due process justice in this case.

> Judge Jose E. Martinez has creditor loan history and business with Plaintiff U.S.BANK MERS and JPMorgan that caused preferential Quid Pro *Quo* treatment by her sua sponte review and <u>Final Judgment Order.</u> Judge Jose E. Martinez has significant exposed investor financial interests in the subject matter in controversy and with Plaintiff U.S. Bank that will be substantially negatively affected by the outcome of that proceedings when the Defendant "ultimately prevails and promotes in paid for adds in the media. Because people can't win when the Judge is on the side of the Banksters to steal property and money off their Prey!

*Id.* at 2, 5.

Even if it were true that Iberia Bank is U.S. Bank, as Plaintiffs suggest, "[a] Judge's ownership of a bank account does not call for recusal when the bank is a litigant in a case." *Harris v. Corrections Corp. of Am.*, No. 00-cv-1297, 2022 WL 19039609, at *1 (M.D. Fla. Feb. 24, 2022); *see also* Committee on Codes of Conduct Advisory Opinion No. 94 ("Maintaining a bank account does not require a judge to recuse from cases in which the bank is a party, nor does owing money

to a bank require recusal, absent special circumstances such as unusually favorable terms or a default."). In addition, the fact that the Iberia Bank accounts are interest-bearing does not trigger any obligation to recuse, as the outcome of this case has no impact whatsoever on the interest earned in these accounts. *See Silvin v. GEICO Gen. Ins. Co.*, No. 11-CV-24128, 2012 WL 1535705, at *2 (S.D. Fla. Apr. 30, 2012) ("[R]ecusal is mandatory 'only if the outcome of the proceeding could substantially affect the value of the judge's interest in the company.'").

Plaintiffs have thus provided no basis to find that Judge Martinez has a financial interest in this proceeding nor that there is any reason to question his impartiality. *See Gas Utilities Co. of Alabama, Inc. v. S. Nat. Gas. Co.*, 996 F.2d 282, 283 (11th Cir. 1993) ("[A] remote, contingent, and speculative interest is not a financial interest within the meaning of the recusal statute … nor does it create a situation in which a judge's impartiality might reasonably be questioned."); *In re Hussey*, 391 B.R. 911, 921 (Bankr. S.D. Fla. 2008) ("Rumor, suspicion, or innuendo are simply insufficient to support a judge's recusal."). Because recusal is not warranted, neither is the vacation of any previously entered orders. *See In re Martin-Trigona*, 138 B.R. 127 (Bankr. S.D. Fla. 1992) (denying motion to recuse and motion to vacate).

**CONCLUSION**

Plaintiffs have provided only speculative and meritless arguments for recusal of Judge Martinez and thus have plainly failed to overcome the presumption of his impartiality. Both the relevant law and facts make clear that mere ownership of Iberia Bank accounts does not warrant recusal. Plaintiffs' persistent filings of motions for recusal on this very same basis suggest a clear intention to disqualify any judge assigned to this case with a bank account at any institution, which is entirely frivolous.  Because there is no basis for recusal, this Court has an obligation not to recuse itself from this case and should deny Plaintiffs' Motion.

#506330818_v1

Dated: July 29, 2024

Respectfully submitted,
HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
Tel. 305.374.8500
Fax: 305.789.7799

By: */s/Jose A. Casal* _____
Jose A. Casal (FBN 767522)
Email: jose.casal@hklaw.com
Secondary email: josie.vila@hklaw.com

*Attorneys for Defendant Juan Fernandez-Barquin, Clerk of the Court of the Eleventh Judicial Circuit and Comptroller of Miami-Dade County, Florida*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served on this date on all counsel of record or pro se parties identified below in the manner specified:

Maurice Symonette
Mack Wells
15020 S. River Drive
Miami, FL 33167
*Via U.S. Mail*

By:/s/ Jose A. Casal _____
Jose A. Casal

#506330818_v1