UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:24-cv-22413-JEM
(Consolidated with Case No. 1:23-cv-22640-JEM)

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR RESIDENTIAL ASSET
SECURITIES CORPORATION, HOME
EQUITY MORTGAGE ASSET-BACKED
PASS-THROUGH CERTIFICATES, SERIES
2005-AHL3,

   Plaintiff,

v.

MACK WELLS and MAURICE SYMONETTE,

   Defendants.

_____/

## U.S. BANK'S REQUEST FOR JUDICIAL NOTICE
## IN SUPPORT OF MOTION TO REMAND AND FOR INJUNCTION

U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation,

Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3, by and

through its undersigned counsel and pursuant to Rule 201 of the Federal Rules of Evidence,

hereby respectfully requests that the Court take judicial notice of the following adjudicative facts

and/or public records included within its separately filed Appendix in Support of Motion to

Remand and for Injunction.  As grounds therefor, U.S. Bank states as follows:

1.  Adjudicative facts are those which are relevant to a determination of the claims

presented in a case. *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204

(11th Cir. 2004); Fed. R. Evid. 201(a), (b).  Judicial notice is a means by which adjudicative

facts which are not open to serious dispute are established as true without the normal

requirement of proof by evidence.  *Id.*  Two categories of adjudicative facts which may be

subject to judicial notice are those facts that are "generally known within the territorial jurisdiction of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a). A court may also take judicial notice of public records. *See Ubuy Holdings, Inc. v. Gladstone*, 340 F.Supp.2d 1343, 1346-1347 (S.D. Fla. 2004).

2.      Courts have wide discretion to take judicial notice of facts, and judicial notice of adjudicative facts may be taken at any stage in a proceeding. *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004); Fed. R. Evid. 201(c), (d). This is particularly true for claims or defenses arising from filings in prior proceedings. *See, for example, SMK Assocs., LLC v. Lorali, Inc.*, No. 14-CV-61460-WILLIAMS, 2015 WL 11197776, at *3 fn3 (S.D. Fla. Jan. 21, 2015) (citing *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010)); *Lobo v. Celebrity Cruises, Inc.*, 704 F. 3d 882 (11th Cir. 2013); *Yoris v. Ober ex rel. Hillsborough Cnty.*, No. 8:08-cv-01202-17EAJ, 2009 WL 249975, at *4 (M.D. Fla. Jan. 30, 2009).

3.      It is also well recognized that a court may consider and take judicial notice of records of prior proceedings at the motion to dismiss stage. *See, e.g., U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811-812 (11th Cir. 2015) ("The court also took judicial notice of the complete list of documents in the defendants' unopposed motion for judicial notice, including five Miami Herald articles, two advertisements in the Miami Herald, the transcript of a hearing in another case involving a defendant clinic in state court, and the Special Master's Report in that case. None of these documents was improperly considered for the purposes of a Rule 12(b)(6) motion."); *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) ("Although this matter is before the court on a motion to dismiss, we may take judicial notice of

the court documents from the state eviction action."); *Horne v. Potter*, 392 Fed.Appx. 800, 802 (11th Cir. 2010) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment.  The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'").

4.      Moreover, a court may consider records which are referenced in the pleadings but not attached thereto.  *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005).

5.      The following adjudicative facts and/or public records are relevant to a determination of the claims presented in this case, generally known within the territorial jurisdiction of this court, can be accurately determined, and are not subject to reasonable dispute. Moreover, they concern a prior-filed case which has a preclusive effect on these proceedings and where the case and the filings therein are directly cited to and relied upon in Plaintiff's Amended Complaint.  Accordingly, judicial notice should be taken of the following:

a.  The docket of the proceeding before the 11th Judicial Circuit in and for Miami-Dade County, Florida, entitled *U.S. Bank (NA) v. Leroy Williams*, Case No. 2010-061928-CA-01 (the "Foreclosure Action").

b.  The motion for leave to file amended complaint and order granting it filed in the Foreclosure Action.

c.  The final judgment of foreclosure entered in the Foreclosure Action (the "Final Judgment").

d.  The mandate for the per curiam affirmance of the Final Judgment in the Foreclosure Action.

e.   The certificate of sale entered in the Foreclosure Action.

f.   The certificate of title entered in the Foreclosure Action.

g.   The order granting plaintiff's motion for writ of possession and writ of possession issued in the Foreclosure Action.

h.   The dockets for the appeals to the Third District Court of Appeal of the State of Florida of and related to the Foreclosure Action, including Case Nos. 3D2-18-2725, 3D2017-2804, SC2018-2075, 3D19-2405, 3D2020-0423, 3D2020-0424, 3D2020-0719, 3D2022-2141, 3D2023-1827, 3D2024-0960, 3D2024-0962.

i.   The docket of the proceeding before the U.S. District Court for the Southern District of Florida, entitled *U.S. Bank, National Association v. Wells, et al.*, Case No. 1:23-cv-22848 (the "Prior Removal Action").

j.   The Notice of Removal in the Prior Removal Action.

k.   The Order Remanding Case entered in the Prior Removal Action.

l.   The cases, pleadings, and resulting final orders entered in the cases included in the compiled federal action case list of federal cases filed or removed by Mack Wells and Maurice Symonette.

m.   The notices of publication entered in the Foreclosure Action.

Submitted May 15, 2025.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
200 East Broward Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600
*Co-Counsel for U.S. Bank National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-AHL3*

By:  */s/ Eve A. Cann*
        Eve A. Cann

Page **4** of **5**

Florida Bar No.: 0040808
ecann@bakerdonelson.com
Spencer D. Leach
Florida Bar No.: 110753
sleach@bakerdonelson.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2025, a true and correct copy of the foregoing was filed electronically and was sent by e-mail from the Florida Courts' E-Filing Portal system to those parties registered with it, and otherwise sent by U.S. Mail to those parties not registered, including:

Mack Wells
15020 S. River Drive
Miami, Florida 33187
*Pro se Plaintiff*

Maurice Symonette
15020 S. River Drive
Miami, Florida 33187
*Pro se Plaintiff*

Michael Roy Esposito, Esq.
**Blank Rome LLP**
100 S. Ashley Drive, Suite 600
Tampa, Florida 33602
Telephone: (813) 255-2324
Facsimile: (813) 433-5352
Michael.esposito@blankrome.com
BRFLeservice@blankrome.com
*Co-Counsel for Defendant U.S. Bank and Counsel for Defendant Mortgage Electronic Registration Systems, Inc.*

Jose Angel Casal, Esq.
**Holland & Knight**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 789-7713
Facsimile: (305) 789-7799
jose.casal@hklaw.com
josie.vila@hklaw.com
*Attorneys for Defendant Juan Fernandez-Barquin, Clerk of the Court of the Eleventh Judicial Circuit and Comptroller of Miami-Dade County, Florida*

Christopher Michael Sutter, Esq.
**Florida Office of the Attorney General**
110 SE 6th Street, 10th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 712-4600
Facsimile: (954) 527-3702
Christopher.Sutter@myfloridalegal.com
*Counsel for Defendants Judge Bronwyn Miller, Judge Edwin Scales, Judge Miguel de la O, Judge Valerie Manno Schurr, Judge Samantha Cohen, Judge Carlos Lopez, Judge Jennifer Bailey, and Judge Vivianne Del Rio*

/s/ Eve A. Cann
Eve A. Cann